IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMO DEVELOPMENT, LLC, AMO MANUFACTURING USA, LLC and AMO SALES AND SERVICE, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>ALCON LENSX, INC.,<br>ALCON VISION, LLC,<br>ALCON LABORATORIES, INC. and ALCON RESEARCH, LLC,<br><br>Defendants. | C.A. No. 20-842-CFC<br><br>**JURY TRIAL DEMANDED** |
| ALCON, INC., ALCON LENSX, INC., ALCON RESEARCH, LLC, and ALCON VISION, LLC,<br><br>Counterclaim-Plaintiffs,<br><br>v.<br><br>AMO DEVELOPMENT, LLC, AMO MANUFACTURING USA, LLC, AMO SALES AND SERVICE, INC., and JOHNSON & JOHNSON SURGICAL VISION, INC.,<br><br>Counterclaim-Defendants. | |

**ANSWER TO PLAINTIFFS' COUNTERCLAIMS FOR DECLARATORY <u>RELIEF</u>**

1

Defendants and Counterclaim-Plaintiffs Alcon, Inc., Alcon LenSx, Inc., Alcon Research, LLC, and Alcon Vision, LLC (collectively, "Alcon" or "Defendants") now demand a trial by jury on all issues so triable and answer the Counterclaims For Declaratory Relief of Plaintiffs and Counterclaim-Defendants AMO Development, LLC, AMO Manufacturing USA, LLC, AMO Sales and Service, Inc., and Johnson & Johnson Surgical Vision, Inc. (collectively, "AMO" or "Plaintiffs")  as follows:

## NATURE OF THE ACTION[1]

1.     Defendants admit that Plaintiffs have brought an action under the Declaratory Judgment Act and the patent laws of the United States, but deny that relief is proper.

## PARTIES

2.     Upon information and belief, admitted.

3.     Upon information and belief, admitted.

4.     Upon information and belief, admitted.

5.     Upon information and belief, admitted.

6.     Defendants admit that Alcon Inc. is a Swiss corporation.  Defendants

---

[1] The headings in the Counterclaims For Declaratory Relief are reproduced herein for the convenience of the reader.  To the extent such headings include or infer allegations, they are denied.

deny that Alcon Inc.'s principal place of business is Chemin de Blandonnet 8, 1214 Vernier, Geneva, Switzerland.

7.      Admitted.

8.      Admitted.

9.      Admitted.

## JURISDICTION AND VENUE

10.     Defendants admit that Plaintiffs have brought an action under the patent laws of the United States and the Declaratory Judgment Act, but deny that relief is proper.  Defendants admit that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

11.     Defendants admit that, for the purposes of this action only, Defendants are subject to personal jurisdiction by virtue of filing their counterclaims in this Court.

12.     Admitted.

## BACKGROUND

13.     Defendants admit that Alcon Inc., Alcon LenSx, Inc., Alcon Research, LLC, and Alcon Vision, LLC filed counterclaims against AMO Development, LLC, AMO Manufacturing USA, LLC, AMO Sales and Service, Inc., and Johnson & Johnson Surgical Vision, Inc. on October 30, 2020.  Defendants admit Alcon Inc. and Alcon LenSx, Inc. are the owners of the '356 patent and the

'925 patent, Alcon Research was the exclusive licensee of the '356 patent and the '925 patent, and Alcon Vision is the exclusive licensee of the '356 patent and the '925 patent.  Defendants admit that Alcon has the right to sue to recover damages for infringement of the '356 and '925 patents.

14.     Admitted.

15.     Admitted.

16.     Defendants admit that the '356 and '925 patents share Ferenc Raksi as a named inventor and that the '925 patent also names Ronald M. Kurtz and Peter Goldstein as inventors. Defendants admit that claim 1 of the '356 patent claims "[a] method of fragmenting lens tissue of an eye with a laser surgical system," comprising "scanning the pulsed laser with the optics module according to a curvature of the focal plane of the optics module to track the natural curvature of the lens," and that claim 1 of the '925 patent claims "[a] method of treating a crystalline lens of an eye with a laser," comprising "scanning a laser beam with an XY scanner of a laser delivery optics along a curved focal plane of the laser delivery optics to form a line of bubbles in each layer without adjusting a Z scanner."  Defendants deny the remaining allegations of paragraph 16.

17.     Defendants admit that during the prosecution of the '925 patent, the applicant sought to distinguish the prior art by pointing to the advantages of the invention disclosed in the '925 application.  Defendants admit that the examiner

allowed the '925 patent to issue because "[t]he closest prior art of Frey et al. (US 2007/0185475), Bille et al. (US 5,439,462), Bendett et al. (US 7,351, 241), and Bille (US 2003/0073983), fail to teach, suggest or render obvious: 'forming an incision in the surgical region on a layer-by-layer basis by scanning a laser beam with an XY scanner of a laser delivery optics along a curved focal plane of the laser delivery optics to form a line of bubbles in each layer without adjusting a Z scanner of the laser delivery optics at a scanning rate of the XY scanner,' in combination with the remaining limitations as recited in the independent claims" and "[t]he References disclosed the forming an incisions in the surgical region, but neither describes forming these incisions 'on a layer-by-layer basis by scanning a laser beam with an XY scanner of a laser delivery optics along a curved focal plane of the laser delivery optics to form a line of bubbles in each layer without adjusting a Z scanner of the laser delivery optics at a scanning rate of the XY scanner.'"  Defendants deny the remaining allegations of paragraph 17.

18.     Defendants admit that during prosecution of the '356 patent, applicant disclosed the Pre-Grant Publication for the '925 patent, US20090171327A1, in the Information Disclosure Statement.  Defendants admit that the examiner applied the Pre-Grant Publication for the '925 patent as 102(e) prior art.  Defendants admit that different examiners handled the Alcon '925 and '356 prosecutions.  Defendants admit that applicant stated that Fig. 5E of the '925 application does not disclose

scanning along a curved focal plane, but acknowledged that "[0032] does mention the curved focal plane of the laser."  Defendants admit that applicant stated that the '925 application does not "describe[] the other, equally relevant limitation of 'to track the natural curvature of the lens.'"  Defendants deny the remaining allegations of paragraph 18.

19.    Defendants admit that the '356 and '925 patents were prosecuted over the same time period by Gergely Zimanyi.  Defendants deny the remaining allegations of paragraph 19.

20.    Denied.

21.    Denied.

22.    Defendants admit that 37 C.F.R. § 11.18(b) requires that statements made to the Patent Office be true or "believed to be true."  Defendants admit that the Patent Office imposes "a duty of candor and good faith in dealing with the Office, which includes a duty to disclose to the Office all information known to that individual to be material to patentability."  Defendants admit that "information is material to patentability" if it "refutes, or is inconsistent with, a position the applicant takes in: (i) Opposing an argument of unpatentability relied on by the Office, or (ii) Asserting an argument of patentability."  Defendants deny that any individual involved in the prosecution of the '356 and '925 patents violated either the requirement under 37 C.F.R. § 11.18(b) or the duty of candor and good faith.

Defendants deny the remaining allegations of paragraph 22.

**Prosecution of the Alcon '356 and '925 Patents**

23.     Admitted.

24.     Admitted.

25.     Defendants admit Dr. Zimanyi was required to act in accordance with
37 C.F.R. § 1.56.  Defendants admit that 37 C.F.R. § 1.56 imposes a "duty of candor
and good faith in dealing" with the Patent Office, "which includes a duty to disclose
to the Office all information known to that individual to be material to patentability
as defined in this section."  Defendants admit 37 C.F.R. § 1.56 requires the disclosure
of information which "refutes, or is inconsistent with, a position the applicant takes
in: (i) Opposing an argument of unpatentability relied on by the Office, or (ii)
Asserting an argument of patentability." Defendants deny the remaining allegations
of paragraph 25.

26.     Defendants admit that the application for the '925 patent was filed on
December 23, 2008.  Defendants admit that independent claim 1, as originally filed,
recited "A method of treating a crystalline lens of an eye with a laser, the method
comprising: selecting a surgical region of the lens; applying laser pulses to form at
least one incision within the selected surgical region, wherein: an orientation of a
portion of the incision is one of an orientation intersecting fibers of the lens and an
orientation non-transverse to an axis of the eye; and the incision modifies a property

7

of the lens." Defendants admit that dependent claim 27, as originally filed, recited "The method of claim 1, comprising: forming the incision on a layer-by-layer basis, wherein one or more layers are at least partially formed along a curved focal plane of a laser delivery system." Defendants deny the remaining allegations of paragraph 26.

27.     Defendants admit that during the prosecution of the '925 patent, Dr. Zimanyi submitted a Response to Office Communication on June 23, 2014. Defendants admit that in this communication, claim 1 was amended to include "forming an incision in the surgical region on a layer-by-layer basis by scanning a laser beam with an XY scanner of a laser delivery optics along a curved focal plane of the laser delivery optics to form a line of bubbles in each layer without adjusting a Z scanner of the laser delivery optics at a scanning rate of the XY scanner." Defendants deny the remaining allegations of paragraph 27.

28.     Defendants admit that Dr. Zimanyi filed the application for the '356 patent on August 5, 2014. Defendants admit that the '356 application was assigned to a different examiner than the '925 application. Defendants admit that independent claim 1, as originally filed, recited "A method of fragmenting biological tissue with a laser surgical system, the method comprising: generating a pulsed laser beam with a pulsed laser; directing the laser beam with an optics module towards a target region in the biological tissue; and controlling the optics module by a system control

8

module to form a regular array of cells in the target region by creating layers of photodisrupted bubbles to generate cell boundaries, wherein the layers are curved." Defendants admit that dependent claim 2, as originally filed, recited "The method of claim 1, the creating layers comprising: creating curved layers to accommodate the natural curvature of the focal plane of the surgical system." Defendants deny the remaining allegations of paragraph 28.

29.     Defendants admit that in the prosecution of the '356 patent, Dr. Zimanyi submitted a Response to Office Action on January 27, 2015. Defendants admit that claim 1 was amended to recite, "A method of fragmenting lens tissue of an eye with a laser surgical system, the method comprising: generating a pulsed laser beam with a pulsed laser; directing the laser beam with an optics module towards a target region in the lens tissue; and controlling the optics module by a system control module to form a regular array of cells in the target region by creating layers of photodisrupted bubbles to generate cell boundaries, wherein the layers are curved." Defendants admit that claim 2 was amended to recite, "The method of claim 1, the creating layers comprising: creating curved layers to accommodate the natural curvature of the focal plane of the laser surgical system." Defendants deny the remaining allegations of paragraph 29.

30.     Defendants admit that as of January 2015, claim 1 of the '356 application recited, "A method of fragmenting lens tissue of an eye with a laser

surgical system, the method comprising: generating a pulsed laser beam with a pulsed laser; directing the laser beam with an optics module towards a target region in the lens tissue; and controlling the optics module by a system control module to form a regular array of cells in the target region by creating layers of photodisrupted bubbles to generate cell boundaries, wherein the layers are curved," and claim 2 recited, "The method of claim 1, the creating layers comprising: creating curved layers to accommodate the natural curvature of the focal plane of the laser surgical system."  Defendants admit that as of January 2015, claim 1 of the '925 application recited, "A method of treating a crystalline lens of an eye with a laser, the method comprising: selecting a surgical region of the lens; and forming an incision in the surgical region on a layer-by-layer basis by scanning a laser beam with an XY scanner of a laser delivery optics along a curved focal plane of the laser delivery optics to form a line of bubbles in each layer without adjusting a Z scanner of the laser delivery optics at a scanning rate of the XY scanner, wherein: an orientation of a portion of the incisions is one of an orientation intersecting fibers of the lens and an orientation non-transverse to an axis of the eye; and the incision has a spatial extent in a Z direction in the range of 0.5-10 mm, and in an X-Y plane in the range of 2-10 mm" and claim 27 recited, "The method of claim 1, comprising: forming the incision on a layer-by-layer basis, wherein one or more layers are at least partially formed along a curved focal plane of a laser delivery system."  Defendants deny the

remaining allegations of paragraph 30.

31.     Defendants admit that in the '356 prosecution, on March 12, 2015, the examiner rejected the then-pending claims as anticipated by the '925 application under 35 U.S.C. § 102(e).  Defendants admit that the examiner stated, "Regarding claim 2, Kurtz discloses all of the limitations set forth in claim 1, wherein the creating layers (figure 5E) comprises creating the curved layers (262-1) to accommodate a natural curvature of a focal plane of the laser surgical system (paragraph 0032). Regarding claim 3, Kurtz discloses all of the limitations set forth in claim 1, wherein the creating layers comprises creating the curved layers (paragraph 0032) to accommodate a natural curvature of a lens (figure 5E, 5E') of the eye."  Defendants deny the remaining allegations of paragraph 31.

32.     Defendants admit that on June 8, 2015, Zimanyi filed a terminal disclaimer to overcome a 35 USC 102(e) rejection and explained that "Applicant points out that (a) the assignee of the present application and the Kurtz reference is the same entity, Alcon LenSx. Furthermore, (b) the two applications have a common inventor, Ferenc Raksi. Therefore, Applicant attaches a terminal disclaimer under 37 CFR 1.131(a) to the present submission to overcome the instant rejection."  Defendants admit that claim 1 was amended to recite, "A method of fragmenting lens tissue of an eye with a laser surgical system, the method comprising: generating a pulsed laser beam with a pulsed laser; directing the laser beam with an optics

module towards a target region in the lens tissue; and controlling the optics module by a system control module to form a regular array of cells in the target region by creating layers of photodisrupted bubbles to generate cell boundaries, wherein the layers are created by scanning the pulsed laser according to the curvature of the focal plane to track the natural curvature of the lens."  Defendants admit Dr. Zimanyi submitted a Response to Final Action that states, "Applicant recognized that the photodisrupted layers cutting into the capsule of the lens poses a substantial risk and developed the solution of forming the layer with 'the natural curvature of the lens', as such curved layers will naturally reduce the recognized risk. This is a distinguishable and qualitative advantage over photodisruptive methods that are not even aware of this risk, like McArdle."  Defendants deny the remaining allegations of paragraph 32.

33.     Defendants admit that Dr. Zimanyi submitted a Response to Office Action on June 23, 2015, in the '925 prosecution.  Defendants admit that Dr. Zimanyi stated, "One of the important differences between claimed embodiments and Frey is that while Frey discusses embodiments with (1) 'shot patterns' that 'follow the shape of the lens', and (2) forming shot patterns in a 'layer-by-layer manner', Frey does not discuss anywhere that the shot pattern would follow the shape of the lens by forming individual shot-layers that would be curved. Further, Frey discusses neither the inventive insights, nor the technical know-how necessary

to form such curved shot-layers to follow the shape of the lens. Indeed, Frey's layer-by-layer embodiments clearly show flat shot-layers, not curved ones. The Office Action did not point to any express description in Frey where an individual shot-layer of the 'layer-by-layer patterns' would have been curved 'to follow the shape of the lens.'" Defendants deny the remaining allegations of paragraph 33.

34.     Defendants admit that in the Alcon '356 prosecution, Dr. Zimanyi submitted a Response to Office Action on October 30, 2015.  Defendants admit Dr. Zimanyi amended claim 1 to recite, "A method of fragmenting lens tissue of an eye with a laser surgical system, the method comprising: generating a pulsed laser beam with a pulsed laser; directing the laser beam with an optics module towards a target region in the lens tissue; and controlling the optics module by a system control module to form a regular array of cells in the target region by creating layers of photodisrupted bubbles to generate cell boundaries, wherein the layers are created by scanning the pulsed laser with the optics module according to a curvature of the focal plane of the optics module to track the natural curvature of the lens." Defendants admit that Dr. Zimanyi stated, "Applicant expresses appreciation to the Examiner for having clarified procedures relating to terminal disclaimers and 37 CFR § 1.132 declarations. In the present Response, Applicant does not rely on either of these to overcome the pending rejections and therefore there is no need to address or respond to these remarks."  Defendants admit Dr. Zimanyi stated, "The Office

Action points to FIG. 5E for the description that the 'layers are curved.' This action only demonstrates the dangers of paraphrasing a claim limitation. Applicant's claim is not directed to any 'curved layer'. Applicant's claim has two limitations, relevant for this discussion: (2.a) 'layers are created by scanning the pulsed laser according to the curvature of the focal plane' and (2.b) 'to track the natural curvature of the lens.' FIG. 5E of Kurtz does not describe either of these limitations."  Defendants admit Dr. Zimanyi stated, "Second, FIG. 5E's cylinders manifestly do not follow the natural curvature of the lens either: they have straight walls. Finally, while [0032] does mention the curved focal plane of the laser, neither that paragraph, nor any other paragraph described the other, equally relevant limitation of 'to track the natural curvature of the lens.'" Defendants deny the remaining allegations of paragraph 34.

35.     Defendants admit that in a Response to Office Action in the '925 prosecution, on January 19, 2016, Dr. Zimanyi stated, "In other words, embodiments of Applicant's laser delivery optics were designed with a focal plane, curved with a curvature that naturally tracks the curvature of the ophthalmic targets. Because of this design, Applicant's optics does not need electronic scanning control signals from detectors, such as from Bille's wavefront detector, and therefore Applicant's optics can scan much faster than a combination of the Frey and Bille systems" (emphasis in the original).  Defendants admit Dr. Zimanyi stated, "Frey does not discuss

anywhere that the shot pattern would follow the shape of the lens by forming individual shot-layers that would be curved. Further, Frey discusses neither the inventive insights, nor the technical know-how necessary to form such curved shot-layers to follow the shape of the lens. Indeed, Frey's layer-by-layer embodiments clearly show flat shot-layers, not curved ones. The Office Action did not point to any express description in Frey where an individual shot-layer of the 'layer-by-layer patterns' would have been curved 'to follow the shape of the lens.'" Defendants admit Dr. Zimanyi stated, "However, Frey never taught forming these curved incisions (a) along a curved focal plane of the laser delivery optics, and (b) without adjusting his Z scanner. These ideas require the recognition that forming curved incisions has a slowness problem, and that this problem can be solved by designing the optics with a curved focal plane that tracks the curvature of the ophthalmic targets. Such systems can create curved incisions much faster than systems without such a suitably curved focal plane." Defendants deny that these statements are contradictory. Defendants deny the remaining allegations of paragraph 35.

36.    Defendants admit that on May 3, 2016, the examiner handling the Alcon '356 prosecution allowed the pending claims of the Alcon '356 patent. Defendants admit that the examiner's reasons for allowance are accurately quoted. Defendants deny the remaining allegations of paragraph 36.

37.    Defendants admit that on May 20, 2016, the examiner handling the

15

'925 prosecution allowed the pending claims of the '925 patent. Defendants admit that the examiner's reasons for allowance are accurately quoted.  Defendants deny the remaining allegations of paragraph 37.

## Alcon Made Affirmative Misrepresentations to the Patent Office During Prosecution of the Alcon '356 Patent

38.   Denied.

39.   Denied.

40.   Denied.

41.   Denied.

## The Withheld Statements from Prosecution of the '925 Patent Were Highly Material to the Alcon '356 Patent

42.   Denied.

43.   Defendants admit the examiner rejected claims in the '356 prosecution as anticipated by the Pre-Grant Publication for the '925 patent, US20090171327A1.  Defendants deny the remaining allegations of paragraph 43.

44.   Denied.

45.   Denied.

## Alcon Made Affirmative Misrepresentations to the Patent Office During Prosecution of the '925 Patent

46.   Denied.

47.   Denied.

16

48.     Denied.

49.     Denied.

**The Withheld Statements from Prosecution of the Alcon '356 Patent Were Highly Material to the '925 Patent**

50.     Denied.

51.     Defendants admit the examiner rejected claims in the '925 prosecution over the prior art. Defendants deny the remaining allegations of paragraph 51.

52.     Denied.

53.     Denied.

**Zimanyi Acted with an Intent to Deceive**

54.     Denied.

55.     Defendants admit that Dr. Zimanyi entered an appearance in connection with the prosecution of the '925 patent application and the parent application of the '356 patent on August 3, 2011. Defendants admit Dr. Zimanyi was involved in the prosecution of the '356 and '925 patents during the same time period. Defendants admit the Pre-Grant Publication for the '925 patent is discussed in the prosecution of the '356 patent.   Defendants deny the remaining allegations of paragraph 55.

56.     Denied.

57.     Defendants admit that 37 C.F.R. § 11.18(b) states that "[b]y

presenting to the Office … any paper, the party presenting such paper, whether a practitioner or non-practitioner, is certifying that (1) All statements made therein of the party's own knowledge are true," or "all statements made therein on information and belief are believed to be true."  Defendants deny that Dr. Zimanyi made statements to the Patent Office with knowledge of their falsity and further deny the remaining allegations of paragraph 57.

58.    Denied.

59.    Defendant admit that the Alcon '356 and '925 patents were prosecuted by Dr. Zimanyi.  Defendants deny any intent to deceive and further deny the remaining allegations of paragraph 59.

60.    Defendants admit the '356 and '925 patents were being handled by different examiners. Defendants deny the remaining allegations of paragraph 60.

61.    Denied.

## COUNT XIX

### Declaratory Judgment of Unenforceability of the '925 Patent

62.    Defendants incorporate by reference their answers to paragraphs 1 through 61, as if fully set forth herein.

63.    Admitted.

64.    Admitted.

65.    Denied.

66.    Denied.

67.    Denied.

## COUNT XX

### Declaratory Judgment of Unenforceability of the Alcon '356 Patent

68.    Defendants incorporate by reference their answers to paragraphs 1 through 67, as if fully set forth herein.

69.    Admitted.

70.    Admitted.

71.    Denied.

72.    Denied.

73.    Denied.

## PRAYER FOR RELIEF

The Counterclaims for Declaratory Relief recite a prayer for relief for which no response is required. To the extent an answer is required, Defendants deny that Plaintiffs are entitled to any remedy or relief.

## JURY DEMAND

Defendants join Plaintiffs' request for a jury trial on all issues triable by jury.

## GENERAL DENIAL

Defendants deny all allegations in Plaintiffs' Counterclaims for Declaratory Relief not expressly admitted.

## **DEFENSES**

Without any admission as to the burden of proof, burden of persuasion, or the truth of any allegation in the Counterclaims for Declaratory Relief, Defendants rely upon the following defenses, whether pled as an affirmative defense or otherwise:

### **First Defense (Failure to State a Claim)**

The Counterclaims for Declaratory Relief fail to state a claim upon which relief can be granted.

### **Second Defense (No Exceptional Case)**

Defendants' actions in bringing this case do not give rise to an exceptional case in Plaintiffs' favor under 35 U.S.C. § 285.

## **ADDITIONAL DEFENSES**

Defendants reserve the right to assert any additional defenses that discovery may reveal.

Respectfully,

*/s/ John W. Shaw*
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com

OF COUNSEL:
Jeanne Heffernan
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800

*Attorneys for Defendants-Counterclaim
Plaintiffs Alcon, Inc., Alcon LenSx, Inc.,
Alcon Vision, LLC, Alcon Laboratories,
Inc. and Alcon Research LLC*

Gregg F. LoCascio, P.C.
Noah S. Frank
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 389-5000

Caroline Lourgos
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000

Kristen P.L. Reichenbach
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
(415) 439-1400

Dated: December 11, 2020