IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMO DEVELOPMENT, LLC, <br> AMO MANUFACTURING USA, LLC <br> and AMO SALES AND SERVICE, <br> INC., <br> <br> Plaintiffs, <br> <br> v. <br> <br> ALCON LENSX, INC., <br> ALCON VISION, LLC, <br> ALCON LABORATORIES, INC. and <br> ALCON RESEARCH, LLC, <br> <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | <br> <br> <br> <br> <br> <br> <br> C.A. No. 20-842 (CFC) <br> <br> REDACTED -- PUBLIC VERSION |
| ALCON INC., ALCON LENSX, INC., <br> ALCON RESEARCH, LLC, and <br> ALCON VISION, LLC, <br> <br> Defendants and <br> Counterclaim <br> Plaintiffs, <br> <br> v. <br> <br> AMO DEVELOPMENT, LLC, <br> AMO MANUFACTURING USA, <br> LLC, AMO SALES AND SERVICE, <br> INC. and JOHNSON & JOHNSON <br> SURGICAL VISION, INC., <br> <br> Plaintiffs and <br> Counterclaim <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | |

# JOINT MOTION TO REDACT PORTIONS OF THE MAY 13, 2021 PRELIMINARY INJUNCTION HEARING TRANSCRIPT

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
Anthony D. Raucci (#5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com
araucci@morrisnichols.com

*Attorneys for Plaintiffs and Counterclaim Defendants*

SHAW KELLER LLP
John W. Shaw (#3362)
Karen E. Keller (#4489)
Nathan R. Hoeschen (#6232)
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE  19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
nhoeschen@shawkeller.com

*Attorneys for Defendants and Counterclaim Plaintiffs*

Original Filing Date:  May 24, 2021
Redacted Filing Date:  June 1, 2021

## TABLE OF CONTENTS

P<small>AGE</small>

I. Legal Standard ...................................................................................................1

II. Disclosure of the Confidential Information Relating to the Parties'
FLACS Machines Will Put Them at a Competitive Disadvantage .................3

III. Conclusion ........................................................................................................4

## TABLE OF AUTHORITIES

P<small>AGE</small>

**C**<small>ASES</small>

*Delaware Display Grp. LLC v. LG Elecs. Inc.*,
    221 F. Supp. 3d 495 (D. Del. 2016)......................................................................................4

*In re Avandia*,
    924 F.3d at 672 ..................................................................................................................2, 3

*Kaleo, Inc. v. Adamis Pharms. Corp.*,
    C.A. No. 19-917-RGA, 2019 WL 11680196 (D. Del. July 16, 2019)......................................4

*Littlejohn v. BIC Corp.*,
    851 F.2d 673 (3d Cir. 1988)....................................................................................................2

*Miller v. Indiana Hosp.*,
    16 F.3d 549 (3d Cir. 1994)......................................................................................................2

*Mosaid Techs., Inc. v. LSI Corp.*,
    878 F. Supp. 2d 503 (D. Del. 2012)........................................................................................2

*Nixon v. Warner Commc'ns, Inc.*,
    435 U.S. 589 (1978)................................................................................................................2

*Publicker Indus., Inc. v. Cohen*,
    733 F.2d 1059 (3d Cir. 1984)..................................................................................................2

Plaintiffs and Counter-Defendants AMO Development, LLC, AMO Manufacturing USA, LLC, AMO Sales and Services, Inc., and Johnson & Johnson Surgical Vision, Inc. ("J&J Vision"), and Defendants and Counter-Plaintiffs Alcon Inc., Alcon LenSx, Inc., Alcon Research, LLC, and Alcon Vision, LLC ("Alcon"), respectfully jointly move for an order to redact certain portions of the transcript from the May 13, 2021 Preliminary Injunction Hearing (the "Hearing Transcript") held in this action. *See* Ex. A (Hr'g Tr. with proposed redactions indicated with yellow highlighting); *see also* Ex. B (Hr'g Tr. with proposed redactions applied). The proposed redactions are narrowly tailored to protect specific, sensitive business information relating to the parties' financial projections, equipment units, average procedures per unit, and revenue and profit margin analyses related to the parties' business operations in the femtosecond laser-assisted cataract surgery ("FLACS") market. Disclosure of these specific numbers would reveal nonpublic financial information to direct competitors, and thereby put the parties at a competitive disadvantage.

## I.   LEGAL STANDARD FOR A MOTION TO SEAL

Upon a motion by a party, the Court has the authority to redact or seal confidential or private information that might otherwise be disclosed to the public. When a party seeks to seal or redact information in judicial records, such as a hearing transcript, the moving party must contend with the general presumption of public

access to judicial materials. *Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019). While "the common law presumes that the public has a right of access to judicial materials," this presumption is "not absolute" and can be overcome if the party seeking protection of the information in question can show "that the interest in secrecy outweighs the presumption." *Id.* To do so, "[t]he movant must show 'that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure.'" *In re Avandia*, 924 F.3d at 672 (quoting *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)); *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1061 (3d Cir. 1984). Courts have found good cause to redact "business information that might harm a litigant's competitive standing." *Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3d Cir. 1988). Information for which disclosure can give rise to injury includes trade secrets, and confidential research, development, or commercial information. *Mosaid Techs., Inc. v. LSI Corp.*, 878 F. Supp. 2d 503, 508 (D. Del. 2012); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (recognizing exceptions to the common law right of access: "[C]ourts have refused to permit their files to serve…as sources of business information that might harm a litigant's competitive standing.").

## II. PUBLIC DISCLOSURE OF THE PARTIES' HIGHLY CONFIDENTIAL BUSINESS INFORMATION WILL PUT THEM AT A COMPETITIVE DISADVANTAGE

The presumption of public access to judicial materials is overcome here because the information the parties seek to seal is "the kind of information that courts will protect," "disclosure [of which] will work a clearly defined and serious injury to" J&J Vision's and Alcon's ability to compete in the FLACS market, which is only a decade old and still growing. *See In re Avandia*, 924 F.3d at 672.

J&J Vision specifically seeks to redact: (1) specific numbers of Catalys units, including units installed per year, units out of service, and units in inventory (Ex. A at 93, 119, 146, 264-265, 272, 312); (2) internal competitive estimates related to competitor installed units and relative market shares (Ex. A at 135-137, 139, 239, 247-249, 256); and (3) internal pricing, revenue, and profit margin numbers and analyses (Ex. A at 89, 90, 95, 99, 101, 103-104, 106, 127-130, 173-174, 217-219, 223-224, 327).  Similarly, Alcon seeks to redact (1) the amount of Alcon's proposed bond, which reflects Alcon's expected profits on LenSx (Ex. A at 187, 256), (2) the number of procedures per LenSx (Ex. A at 190), (3) Alcon's expected placements (Ex. A at 238, 239, 273–74, 315–16), and (4) the number of Alcon lost customers (Ex. A at 265–69).  These specific and discrete pieces of sensitive financial information would be valuable to J&J Vision's and Alcon's FLACS competitors as they provides insight into J&J Vision's and Alcon's nonpublic business strategy and

3

fiscal performance. Moreover, the general public has no need for or interest in this information. Thus, the competitive harm to J&J Vision and Alcon if this information was disclosed outweighs the common law presumption of public access. *See Kaleo, Inc. v. Adamis Pharms. Corp.*, C.A. No. 19-917-RGA, 2019 WL 11680196, at *2 (D. Del. July 16, 2019) (granting motion to redact confidential aspects of licensing negotiations and information that would provide insight into a party's business strategy); *Delaware Display Grp. LLC v. LG Elecs. Inc.*, 221 F. Supp. 3d 495, 497 (D. Del. 2016) (recognizing propriety of sealing "pricing terms" or "some other non-public financial information").

### III.   CONCLUSION

For the foregoing reasons, the parties respectfully request that the Court grant their Joint Motion to Redact Portions of the May 13, 2021 Preliminary Injunction Hearing Transcript, as identified in Exhibit A.

| | |
|---|---|
| | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| | */s/ Anthony D. Raucci* |
| | _____ |
| OF COUNSEL: | Jack B. Blumenfeld (#1014) |
| | Brian P. Egan (#6227) |
| Michael A. Morin | Anthony D. Raucci (#5948) |
| Matthew J. Moore | 1201 North Market Street |
| Sarang V. Damle | P.O. Box 1347 |
| Rachel Weiner Cohen | Wilmington, DE 19899 |
| Susan Y. Tull | (302) 658-9200 |
| Carolyn M. Homer | jblumenfeld@morrisnichols.com |
| Holly K. Victorson | began@morrisnichols.com |
| Ashley N. Finger | araucci@morrisnichols.com |
| LATHAM & WATKINS LLP | |
| 555 Eleventh Street, NW | *Attorneys for Plaintiffs and* |
| Suite 1000 | *Counterclaim Defendants* |
| Washington, DC 20004 | |
| (202) 637-2200 | |

Roger J. Chin
Joseph R. Wetzel
Kristine W. Hanson
Allison Harms
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 491-0600

S. Giri Pathmanaban
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
(650) 328-4600

5

|  |  |
|---|---|
| | SHAW KELLER LLP |
| | */s/ Nathan R. Hoeschen* |
| OF COUNSEL: | _____ |
| | John W. Shaw (#3362) |
| Jeanne M. Heffernan | Karen E. Keller (#4489) |
| Joshua L. Simmons | Nathan R. Hoeschen (#6232) |
| KIRKLAND & ELLIS LLP | I.M. Pei Building |
| 601 Lexington Avenue | 1105 North Market Street, 12th Floor |
| New York, NY 10022 | Wilmington, DE 19801 |
| (212) 446-4800 | (302) 298-0700 |
| | jshaw@shawkeller.com |
| | kkeller@shawkeller.com |
| | nhoeschen@shawkeller.com |
| Gregg LoCascio | |
| Noah S. Frank | *Attorneys for Defendants and* |
| Sean M. McEldowney | *Counterclaim Plaintiffs* |
| Hannah L. Bedard | |
| KIRKLAND & ELLIS LLP | |
| 1301 Pennsylvania Avenue, NW | |
| Washington, DC 20004 | |
| (202) 389-5000 | |
| | |
| Caroline Lourgos | |
| KIRKLAND & ELLIS LLP | |
| 300 North LaSalle | |
| Chicago, IL 60654 | |
| (312) 862-2000 | |
| | |
| Kristen P.L. Reichenbach | |
| KIRKLAND & ELLIS LLP | |
| 555 California Street | |
| San Francisco, CA 94104 | |
| (415) 439-1400 | |
| | |
| May 24, 2021 | |

6

## CERTIFICATION BY COUNSEL

I hereby certify that the foregoing motion complies with the type and number limitations set forth in the November 6, 2019 Standing Order. The total number of words, including introductions and footnotes, but excluding the cover page, table of contents, table of authorities, and signature page is 848, according to the word processing system used to compile the motion. The text of the motion is 14-point, Times New Roman.

*/s/ Anthony D. Raucci*

Anthony D. Raucci (#5948)