IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMO DEVELOPMENT, LLC, AMO MANUFACTURING USA, LLC and, AMO SALES AND SERVICE, INC., <br><br>        Plaintiffs, <br><br>        v. <br><br>ALCON VISION, LLC, ALCON LABORATORIES, INC., and ALCON RESEARCH, LLC, <br><br>        Defendants. | C.A. No. 20-842-CFC-JLH |
| ALCON INC., ALCON RESEARCH, LLC, and ALCON VISION, LLC, <br><br>        Defendants and <br>        Counterclaim <br>        Plaintiffs, <br><br>        v. <br><br>AMO DEVELOPMENT, LLC, AMO MANUFACTURING USA, LLC, AMO SALES AND SERVICE, INC. and JOHNSON & JOHNSON SURGICAL VISION, INC., <br><br>        Plaintiffs and <br>        Counterclaim <br>        Defendants. | |

**DEFENDANTS' OPENING BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT UNDER RULE 12(B)(6)**

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)

OF COUNSEL:                           SHAW KELLER LLP
Jeanne M. Heffernan                   I.M. Pei Building
KIRKLAND & ELLIS LLP                  1105 North Market Street, 12th Floor
601 Lexington Avenue                  Wilmington, DE 19801
New York, NY 10022                    (302) 298-0700
(212) 446-4800                        jshaw@shawkeller.com
                                      kkeller@shawkeller.com

Gregg F. LoCascio
Noah S. Frank                         *Attorneys for Alcon Inc.,*
KIRKLAND & ELLIS LLP                  *Alcon Vision, LLC,*
1301 Pennsylvania Avenue, N.W.        *Alcon Laboratories, Inc. and*
Washington, DC 20004                  *Alcon Research, LLC*
(202) 389-5000

Caroline Lourgos
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000

Kristen P.L. Reichenbach
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
(415) 439-1400

Dated: July 1, 2021

# TABLE OF CONTENTS

Page

I.  NATURE AND STAGE OF PROCEEDINGS ............................................... 1

II.  SUMMARY OF ARGUMENT ........................................................................ 2

III.  STATEMENT OF FACTS ............................................................................... 4

IV.  ARGUMENT ................................................................................................... 5

    A.  AMO Fails to State a Claim for Contributory Infringement ................. 5

        1.  AMO Fails to Sufficiently Allege That LenSx Has No
            Substantial Non-Infringing Uses ................................................ 6

        2.  AMO Fails to Identify Any Component of a Patented
            Machine ....................................................................................... 8

    B.  AMO Fails to State a Claim for Infringement under §271(f) ............. 10

    C.  AMO Fails to State a Claim for Willful Infringement ........................ 13

    D.  The Court Should Dismiss AMO's Claims with Prejudice ................. 16

V.  CONCLUSION .............................................................................................. 17

i

# TABLE OF AUTHORITIES

**Page(s)**

*Artrip v. Ball Corp.*,
No. 14-cv-14, 2017 WL 3669518, *8-9 (W.D. Va. 2017) ............................. 9, 12

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ......................................................................................... 2, 5

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ......................................................................................... 2, 5

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
681 F.3d 1323 (Fed. Cir. 2012) ............................................................................ 6

*In re Burlington Coat Factory Secs. Litig.*,
114 F.3d 1410 (3d Cir. 1997) .............................................................................. 7

*Chalumeau Power Sys. LLC v. Alcatel-Lucent*,
C.A.No. 11-1175-RGA, 2012 WL 6968938 (D. Del. July 18, 2012) ................ 16

*Confluent Surgical, Inc. v. Hyperbranch Med. Tech., Inc.*,
C.A.No. 17-688-LPS-CJB, 2017 WL 484264 (D. Del. Oct. 25,
2017) ...................................................................................................... 10, 11, 12

*Dynamic Data Techs., LLC v. Amlogic Holdings Ltd.*,
C.A.No. 19-1239-CFC, 2020 WL 4365809 (D. Del. July 30, 2020) ................. 13

*Genetech, Inc. v. Eli Lilly & Co.*,
C.A.No. 18-cv-1518-JLS, 2019 WL 4345788 (S.D. Cal. Sept. 12,
2018) ................................................................................................................... 15

*Groove Dig., Inc. v. King.com, Ltd.*,
C.A.No. 18-836-RGA, 2018 WL 6168615 (D. Del. Nov. 26, 2018) ................. 14

*Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*,
897 F.2d 508 (Fed. Cir. 1990) ............................................................................ 15

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
136 S. Ct. 1923 (2016) ....................................................................................... 13

*Hewlett–Packard Co. v. Bausch & Lomb Inc.*,
   909 F.2d 1464, 1469 (Fed. Cir. 1990) ................................................................. 9

*HSM Portfolio LLC v. Fujitsu Ltd.*,
   C.A.No. 11-770-RGA, 2014 WL 4468088 (D. Del. Sept. 9, 2014) ............... 9, 10

*Intellectual Ventures I LLC v. Symantec Corp.*,
   234 F. Supp. 3d 601, 612 (D. Del. 2017) .......................................................... 15

*Iron Oak Techs., LLC v. Dell, Inc.*,
   No. 17-cv-999-RP, 2018 WL 1631396 (W.D. Tex. Apr. 4, 2018)....................... 9

*Johns Hopkins Univ. v. CellPro, Inc.*,
   152 F.3d 1342 (Fed. Cir. 1998) ........................................................................ 11

*Krantz v. Prudential Invs. Fund Mgmt. LLC*,
   305 F.3d 140 (3d Cir. 2002) .............................................................................. 17

*Mich. Motor Techs. LLC v. Volkswagen Aktiengesellschraft*,
   472 F. Supp. 3d 377 (E.D. Mich. 2020) ............................................................ 16

*MIH Int'l LLC v. Banyan Health Care Prods. Inc.*,
   C.A.No. 13-1330-RGA, D.I. 26 (D. Del. May 28, 2014)................................... 10

*MONEC Holding AG v. Motorola Mobility, Inc.*,
   897 F. Supp. 2d 225 (D. Del. 2012)..................................................................... 5

*Nexeon Ltd. v. Eaglepicher Techs., LLC*,
   No. 15-955-RGA-MPT, 2016 WL 4045474 (D. Del. July 26, 2016) .................. 7

*NNCrystal US Corp. v. Nanosys, Inc.*,
   C.A.No. 19-1307-RGA, 2020 WL 616307 (D. Del. Feb. 10, 2020)................. 14

*Palmetto Pharmaceuticals LLC v. AstraZeneca Pharmaceuticals LP*,
   2012 WL 484907 (D.S.C. Jan 4, 2012) ............................................................... 8

*Philips v. ASUSTeK Comput. Inc.*,
   C.A.No. 15-1125-GMS, 2016 WL 6246763 (D. Del. Oct. 25, 2016)................. 7

*Pragmatus AV, LLC v. TangoMe, Inc.*,
   C.A.No. 11-1092-LPS, 2013 WL 571798 (D. Del. Feb. 13, 2013)..................... 6

*Princeton Dig. Image Corp. v. Ubisoft Ent'mt SA*,
  C.A.No. 13-335-LPS-CJB, 2016 WL 6594076 (D. Del. Nov. 4,
  2016) ........................................................................................................... 14, 16

*Ricoh Co. v. Quanta Comput. Inc.*,
  550 F.3d 1325 (Fed. Cir. 2008) ............................................................................ 6

*Signify N. Am. Corp. v. Axis Lighting Inc.*,
  19-cv-5516 (DLC), 2020 WL 1048927 (S.D.N.Y. Mar. 4, 2020)...................... 15

*Takeda Pharms. U.S.A., Inc. v. Mylan Pharms. Inc.*,
  C.A.No. 16-987-RGA, D.I. 63 (D. Del. Aug. 3, 2017) ......................................... 8

*TriDiNetworks Ltd. v. NXP-USA, Inc.*,
  C.A.No. 19-1062-CFC-CJB, 2020 WL 2514086 (D. Del. May 15,
  2020) ................................................................................................................... 12

*TriDiNetworks, Ltd. v. Signify N. Am. Corp.*,
  No. 19-1063-CFC-CJB, 2020 WL 2839224 (D. Del. June 1, 2020).................. 13

*TriPlay, Inc. v. WhatsApp Inc.*,
  C.A.No. 13-1703-LPS-CJB, 2018 WL 1479027 (D. Del. Mar. 27,
  2018) ................................................................................................................. 5, 8

*Valinge Innovation AB v. Halstead New England Corp.*,
  C.A.No. 16-1082-LPS-CJB, 2017 WL 5196379 (D. Del. Nov. 9,
  2017) ................................................................................................................. 6, 7

*Valmont Indus., Inc. v. Lindsay Corp.*,
  C.A.No. 15-042-LPS-CJB, 2018 WL 503255 (D. Del. Jan. 22,
  2018) ..................................................................................................................... 8

*Varian Med. Sys., Inc. v. Elekta AB*,
  C.A.No. 15-871-LPS, 2016 WL 3748772 (D. Del. July 12, 2016).................... 16

**Statutes**

35 U.S.C. §271(c) .............................................................................................*passim*

35 U.S.C. §271(f)..............................................................................................*passim*

35 U.S.C. §271(f)(1) ................................................................................ 3, 10, 11, 12

35 U.S.C. §271(f)(2) ........................................................................................... *passim*

35 U.S.C. §284 ....................................................................................................... 13

**Rules**

Del. Ct. Ch. R. 15(aaa) .......................................................................................... 17

Fed. R. Civ. P. 12(b)(6) ............................................................................... 1, 5, 7, 17

## I.     NATURE AND STAGE OF PROCEEDINGS

Plaintiffs (collectively, "AMO") filed this suit against Defendants (collectively, "Alcon"), asserting that Alcon infringes sixteen patents directed to certain systems and methods for cataract surgery.  Second Amended Complaint (D.I. 141) ("SAC") ¶¶1, 14-29.

Alcon is the global leader in eye care and has developed numerous pioneering technologies, ranging from non-surgical products such as contact lenses to surgical offerings such as cataract and retinal surgery systems and intraocular lenses.  One of Alcon's innovative systems is LenSx—the first FDA-approved femtosecond laser assisted cataract surgery ("FLACS") system.  LenSx is also indicated for use in patients undergoing non-cataract surgeries such as LASIK.  LenSx is the only FLACS system to use a SoftFit Patient Interface ("PI") accessory, which is a soft contact lens that fits between the patient's eye and the LenSx, stabilizing the eye during surgery and increasing the precision of the laser.  AMO has struggled to compete with Alcon in this field, and filed this suit to impede Alcon's success in the market.

Alcon notified AMO of the deficiencies in its original complaint (D.I. 1), and AMO failed to cure those defects in both its First Amended Complaint ("FAC") and its SAC. Ex. A. Pursuant to Fed. R. Civ. P. 12(b)(6), Alcon moves to dismiss with prejudice AMO's claims in its SAC for indirect infringement, infringement under

1

§271(f), and willful infringement.

## II.     SUMMARY OF ARGUMENT

In a scatter-shot attempt to invoke every infringement theory contemplated by the Patent Statute, many of AMO's claims consist of "a formulaic recitation of the elements of a cause of action" without any sufficiently supporting facts. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  These allegations do not permit the Court to "draw the reasonable inference" that Alcon is infringing under every possible theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*First*, AMO fails to plead sufficient facts to show two of the statutory elements for contributory infringement: (1) that LenSx has no substantial non-infringing uses, and (2) that Alcon sold a "component" of the patented invention.  As to the first point, AMO makes only the conclusory statement that LenSx has no substantial noninfringing uses but offers no factual allegations to support its formulaic recitation of this element. AMO's SAC proves the insufficiency of its claim—AMO bases its infringement theories on using LenSx for specific FDA indications but omits that LenSx is also indicated for noninfringing uses. This dooms all of AMO's contributory infringement claims, as to both method and system claims.  As to the second point, AMO's contributory infringement theories for system claims also fail because they are premised on Alcon's sale of the *entire* LenSx system, rather than an alleged sale of a *component*, which is required for contributory infringement

2

liability.

***Second***, AMO fails to plead any facts regarding Alcon's export activity and does not sufficiently allege that Alcon offers or supplies any component of the patented invention for combination abroad, requiring dismissal of its §271(f) claims. AMO again makes the factually and legally erroneous allegation that the ***entire*** LenSx system is a "component" of the patented invention. AMO also points generally to "parts and software" for LenSx for both §271(f) claims without identifying specific components it alleges that Alcon exports for assembly abroad. For its §271(f)(1) claims, AMO also calls the SoftFit PI a "component" of the patented invention even though SoftFit is a separate product that is not part of the accused LenSx system.

***Third***, AMO's willfulness allegations are insufficient because they do not make any plausible allegations that this is any more than a run-of-the-mill infringement case. AMO makes no allegations sufficient to show that Alcon knew or should have known of the alleged infringement before this suit, or otherwise behaved so egregiously as to warrant enhanced damages.

***Finally***, the Court should dismiss the challenged claims with prejudice. Alcon notified AMO of the deficiencies in its original complaint and moved against the deficiencies in AMO's FAC, but AMO added just a few facts and failed to cure nearly all of the issues. Thus, the Court should use its discretion to deny AMO leave

to amend because AMO's conduct indicates that no additional facts exist that could make its claims plausible.

Accordingly, the Court should dismiss with prejudice AMO's contributory, §271(f), and willful infringement claims.

## III.   STATEMENT OF FACTS

AMO alleges infringement of sixteen patents related to certain systems and methods for use in cataract surgery.  In addition to alleging that Alcon's LenSx directly infringes the patents-in-suit, AMO alleges other infringement theories.  First, AMO alleges that Alcon induces its customers to infringe by encouraging them to use LenSx for FDA-approved indications for cataract surgery.  SAC ¶¶131, 154, 176, 193, 209, 227, 244, 266, 288, 309, 327, 345, 369, 393, 417, 437.  Next, AMO alleges that Alcon contributes to infringement by offering and selling the entire LenSx system and that its customers "necessarily infringe[]" the asserted patents by using LenSx for certain FDA-approved indications.  SAC ¶¶133, 156, 178, 195, 211, 229, 246, 268, 290, 347, 371, 395.  Further, AMO claims Alcon infringes under §271(f)(1) "by supplying or causing to be supplied in or from the United States … all or a substantial portion of the components of the patented invention, including but not limited the LenSx (in either assembled or unassembled form), parts and software for the LenSx, and consumables such as the LenSx SoftFit Patient Interface."  *Id.* ¶¶134, 157, 247, 269, 291, 311, 348, 372, 296, 419, 439.  AMO also alleges infringement

under §271(f)(2) based on all of the same "components" except consumables such as SoftFit. *Id.* ¶¶135, 158, 248, 270, 292, 349, 373, 397..  Finally, AMO contends that Alcon's alleged infringement has been willful because Alcon continues to sell LenSx and instruct customers on its use. *Id.* ¶¶140, 163, 182, 199, 216, 233, 253, 275, 297, 316, 332, 354, 378, 402, 424, 444.

## IV.   ARGUMENT

Dismissal under Rule 12(b)(6) is appropriate where a complaint does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  The Court need not "accept as true 'bald assertions,'" "unsupported conclusions and unwarranted inferences," "or allegations that are 'self-evidently false[.]'"  *TriPlay, Inc. v. WhatsApp Inc.*, C.A.No. 13-1703-LPS-CJB, 2018 WL 1479027, \*3 (D. Del. Mar. 27, 2018) (citing Third Circuit precedent).  If the pleaded facts "do not permit the court to infer more than the mere possibility of misconduct," then dismissal is warranted.  *MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 229 (D. Del. 2012).

### A.   AMO Fails to State a Claim for Contributory Infringement

AMO's claims for contributory infringement fail to allege two elements required for infringement under §271(c), as explained below.

5

1. AMO Fails to Sufficiently Allege That LenSx Has No Substantial
   Non-Infringing Uses

The Court should dismiss all of AMO's contributory infringement claims

because AMO does not plausibly allege that LenSx has no substantial non-infringing

uses. To state a claim under §271(c), the patentee must "plead facts that allow an

inference that the components sold or offered for sale have no substantial non-

infringing uses." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,

681 F.3d 1323, 1337 (Fed. Cir. 2012); *Ricoh Co. v. Quanta Comput. Inc.*, 550 F.3d

1325, 1340 (Fed. Cir. 2008). AMO was therefore required to "provide the Court

with enough facts to help it understand why it is plausible" that the accused systems

and methods can be used only in an infringing way. *Valinge Innovation AB v.

Halstead New England Corp.*, C.A.No. 16-1082-LPS-CJB, 2017 WL 5196379, \*4

(D. Del. Nov. 9, 2017), *adopted*, 2018 WL 11013902 (Jan. 10, 2018).

AMO merely alleges that "[u]sing the LenSx for the FDA-approved

indications" relating to cataract surgery "is not a staple article or commodity of

commerce, and does not have a substantial noninfringing use." *E.g.*, SAC ¶133. But

AMO "provides no detail that would flesh out the factual underpinnings supporting

[these] elements." *Pragmatus AV, LLC v. TangoMe, Inc.*, C.A.No. 11-1092-LPS,

2013 WL 571798, \*13 (D. Del. Feb. 13, 2013). AMO does not, for instance, address

"whether the accused products can be used for purposes *other than* infringement."

*Bill of Lading*, 681 F.3d at 1338 (original emphasis). Where a patentee merely makes

a conclusory statement that tracks the statutory language, courts routinely dismiss the claims under Rule 12(b)(6). *See Valinge*, 2017 WL 5196379, \*4; *Philips v. ASUSTeK Comput. Inc.*, C.A.No. 15-1125-GMS, 2016 WL 6246763, \*4 (D. Del. Oct. 25, 2016).

AMO's contention that LenSx "necessarily" infringes the patents-in-suit does not cure its failure to allege any facts relating to substantial noninfringing uses. The court in *Nexeon Ltd. v. Eaglepicher Technologies, LLC* addressed a similar argument when it dismissed plaintiff's §271(c) claims and rejected the conclusory allegation that defendant's product is "inherently infringing," because without any factual support, "it does not follow that there are no substantial non-infringing uses." C.A.No. 15-955-RGA-MPT, 2016 WL 4045474, \*7 (D. Del. July 26, 2016), *adopted*, 2016 WL 6093471 (Oct. 18, 2016). AMO's allegations here are similarly insufficient.

Indeed, AMO's own allegations establish that LenSx has substantial non-infringing uses because AMO alleges contributory infringement as to some FDA-approved indications but not others. For example, the LenSx Operator's Manual, cited in AMO's complaint,[1] states that LenSx is indicated for use in creating corneal flaps in LASIK surgery—a non-cataract surgery. Ex. B at 1. By definition, non-

---

[1] Because AMO relies on the LenSx Operator's Manual in its SAC, *e.g.*, SAC ¶¶ 79, 131, the Court can consider it with this motion. *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

cataract surgeries constitute non-infringing uses.  SAC ¶¶60-64; *e.g., id.* ¶120. "It is hard to see how an FDA approved use would not qualify as a substantial non-infringing use."  *Takeda Pharms. U.S.A., Inc. v. Mylan Pharms. Inc.*, C.A.No. 16-987-RGA, D.I. 63 at 5 (D. Del. Aug. 3, 2017) (granting motion to dismiss).

Court frequently reject contributory infringement claims under these circumstances.  For instance, in *Palmetto Pharmaceuticals LLC v. AstraZeneca Pharmaceuticals LP*, 2012 WL 484907 (D.S.C. Jan 4, 2012), *adopted*, 2012 WL 484848 (Feb. 14, 2012), the court dismissed plaintiffs' §271(c) claim because the accused product was FDA-approved for noninfringing uses, and plaintiff therefore could not plausibly allege that the accused product had no substantial noninfringing uses.  *Id*. at *7.  *See also Valmont Indus., Inc. v. Lindsay Corp.*, C.A.No. 15-042-LPS-CJB, 2018 WL 503255, *4 (D. Del. Jan. 22, 2018) (dismissing §271(c) claim where defendant's website showed accused products had non-infringing uses), *adopted*, 2018 WL 10883666 (Mar. 26, 2018).  AMO's assertion that there exist no substantial non-infringing uses is demonstrably false and this Court is not required to accept as true "allegations that are 'self-evidently false.'"  *TriPlay*, 2018 WL 1479027, *3.  Accordingly, the Court should dismiss AMO's §271(c) claims.

### 2. AMO Fails to Identify Any Component of a Patented Machine

At least, the Court should dismiss AMO's contributory infringement theory as

8

to the system claims[2] because AMO does not allege that Alcon sells "*a component of a patented machine*." 35 U.S.C. §271(c). Instead, AMO alleges that Alcon contributes to infringement by "offering to sell and selling the LenSx that its customers use to infringe the patent." *E.g.*, SAC ¶133.

"[I]n order to allege contributory infringement of these 'system' patents, [AMO] must allege that [Alcon] provided 'components' of the patented machines." *Artrip v. Ball Corp.*, No. 14-cv-14, 2017 WL 3669518, \*8-9 (W.D. Va. 2017); *cf. Hewlett–Packard Co. v. Bausch & Lomb Inc.*, 909 F.2d 1464, 1469 (Fed. Cir. 1990) (contributory infringement "deal[s] with the situation where a seller would sell a component which was not itself technically covered by the claims"). Where a patentee does not sufficiently identify any component, courts routinely dismiss claims under §271(c). *See, e.g.*, *HSM Portfolio LLC v. Fujitsu Ltd.*, C.A.No. 11-770-RGA, 2014 WL 4468088, \*1 (D. Del. Sept. 9, 2014); *Iron Oak Techs., LLC v. Dell, Inc.,* No. 17-cv-999-RP, 2018 WL 1631396, \*2 (W.D. Tex. Apr. 4, 2018). The SAC does not even use the key statutory term "component," and its §271(c) allegations underscore AMO's haphazard attempt to state a claim under every possible infringement theory.

AMO's §271(c) allegations are defective because LenSx is not "*a component*

---

[2] AMO alleges contributory infringement of system claims in the '084, '921, '448, '732, '725, '648, '903, and '904 patents. SAC ¶¶133, 156, 178, 195, 211, 229, 246, 268, 290, 347, 371, 395.

*of a patented machine.*" AMO accuses the entire LenSx system of direct infringement, SAC ¶¶129, 152, 174, 191, 207, 225, 242, 264, 286, 307, 325, 343, 367, 391, 415, 435, so it cannot also claim that the entire system is a "component" of the patented machine. The Court in *HSM Portfolio* held exactly that when it dismissed contributory infringement claims based on the same semiconductor chips the plaintiff accused of direct infringement, stating it "do[es] not make legal sense." 2014 WL 4468088, *1. *See also MIH Int'l LLC v. Banyan Health Care Prods. Inc.*, C.A.No. 13-1330-RGA, D.I. 26 at 2 (D. Del. May 28, 2014) (similar). Because LenSx cannot be both the invention *and* a component of the invention, AMO's §271(c) claims for the system claims should be dismissed.

## B.     AMO Fails to State a Claim for Infringement under §271(f)

AMO also fails to state a claim for infringement under §271(f). Liability under §271(f) requires supplying "'component(s)' of a patented invention that are 'uncombined in whole or in part,'" and either (1) actively inducing the combination of such components outside of the U.S. in an infringing manner (§271(f)(1)); or (2) intending such combination for components that are especially made or adapted for use in the invention and not suitable for substantial noninfringing use, (§271(f)(2)). *Confluent Surgical, Inc. v. Hyperbranch Med. Tech., Inc.,* C.A.No. 17-688-LPS-CJB, 2017 WL 484264, *1 (D. Del. Oct. 25, 2017), *adopted*, 2017 WL 11556764 (Nov. 13, 2017). AMO's allegations fail to satisfy either sub-part of §271(f).

AMO does not even attempt to address the critical element of §271(f): export activity. *See*, *e.g.*, SAC ¶134 (§271(f)(1) claim); *id.* ¶135 (§271(f)(2) claim). AMO does not plead any facts regarding Alcon's export activity. Instead, AMO simply parrots the language of the statute, which is insufficient to state a claim. *See Confluent Surgical*, 2017 WL 4804264, *1.

Furthermore, AMO fails to specifically identify any components of the patented invention that Alcon allegedly exported. AMO relies on three categories of "components" in its SAC, none of which are sufficient to support its §271(f) allegations. First, for both its §271(f)(1) and §271(f)(2) claims, AMO alleges that "LenSx (in either assembled or unassembled form)" is a "component." The entire LenSx system cannot be a component of the claimed invention, as explained above in Part IV.A.1. Unequivocally, by its terms, §271(f) does not apply to fully-assembled inventions—only to unassembled components. *See* §271(f)(1) (requiring "all or a substantial portion of *the components* of a patented invention, where *such components are uncombined* in whole or in part…"); §271(f)(2) (reciting "*any component* of a patented invention … where *such component is uncombined* in whole or in part…"); *Johns Hopkins Univ. v. CellPro, Inc.*, 152 F.3d 1342, 1366 (Fed. Cir. 1998) ("[N]either export from the United States nor use in a foreign country *of a product covered by a United States patent* constitutes infringement."). Thus, AMO's allegations based on the assembled LenSx plainly fail. AMO's allegations based on

11

export of an unassembled LenSx system also fail because AMO has not pled any facts relating to Alcon's export activity, such as what parts are allegedly unassembled when exported, as explained above.

Second, for both its §271(f)(1) and §271(f)(2) claims, AMO alleges in conclusory fashion that Alcon supplies "parts and software" for the LenSx without even attempting to identify which "parts and software." Under §271(f), plaintiffs must make clear what "components" are supplied. *See Confluent Surgical*, 2017 WL 4804264, *1 (complaint failed to plead sufficient facts regarding what accused components were exported). Pointing generally to "parts" and "software" is "not much different in effect than if Plaintiffs had simply tracked the language of the statute," and AMO must do more than that to state a claim. *Id*. at *1 n.2.

Third, for its § 271(f)(1) claims, AMO makes the baseless allegation that the SoftFit PI is a "component" of LenSx, but AMO does not allege that SoftFit is part of the allegedly infringing system in its direct infringement claims. *See, e.g.*, SAC ¶¶129-30. Moreover, the Operator's Manual (cited in AMO's SAC) shows that the SoftFit PI is not part of LenSx—it is an "accessory" used with, but separate from, LenSx. *See* Ex. B at 1. It is therefore not a component under §271(f). *See TriDiNetworks Ltd. v. NXP-USA, Inc.*, C.A.No. 19-1062-CFC-CJB, 2020 WL 2514086, *3-4 (D. Del. May 15, 2020) (analyzing §§271(c) and 271(f) claims together); *cf. Artrip*, 2017 WL 3669518, *8-9 (dismissing claim based on defendant's

12

supplying a material that was used with but not a component of the accused system).

AMO's §271(f)(2) claims should be dismissed for the additional reason that AMO failed to plausibly allege a lack of substantial non-infringing uses for any of the alleged components of LenSx.  *See* Part IV.A.2.

This Court and others have dismissed similar claims under §271(f).  In *TriDiNetworks, Ltd. v. Signify North America Corp.*, this Court dismissed plaintiff's §271(f) claim where plaintiff's component theory was "very unclear" and there were "no factual allegations in the FAC about exactly *how* [either defendant] is said to ship or supply such components overseas from the U.S."  C.A. No. 19-1063-CFC-CJB, 2020 WL 2839224, \*5 (D. Del. June 1, 2020) (original emphasis).  Because AMO fails to plead any facts regarding Alcon's alleged export activity or identify any components of the accused LenSx system that are exported, this Court should dismiss AMO's §271(f) claims.

### C.    AMO Fails to State a Claim for Willful Infringement

AMO's claim for enhanced damages based on willful infringement must also be dismissed.  Enhanced damages under §284 are available only in "egregious cases" that involve more than "typical" infringement.  *Dynamic Data Techs., LLC v. Amlogic Holdings Ltd.*, C.A.No. 19-1239-CFC, 2020 WL 4365809, \*3 (D. Del. July 30, 2020); *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1935 (2016).  To state a claim for willful infringement, a plaintiff must plausibly allege that the

accused infringer "knew of the patent-in-suit, and knowingly or intentionally infringed the patent after acquiring that knowledge," *NNCrystal US Corp. v. Nanosys, Inc.*, C.A.No. 19-1307-RGA, 2020 WL 616307, \*4 (D. Del. Feb. 10, 2020), and that the accused infringer committed subjective willful infringement as of the date of the filing of the willfulness claim, *Groove Dig., Inc. v. King.com, Ltd.*, C.A.No. 18-836-RGA, 2018 WL 6168615, \*3 (D. Del. Nov. 26, 2018).

AMO's willfulness allegations are conclusory and state only that "[d]espite Alcon's knowledge of the [patents-in-suit], and of its infringing activities, Alcon has continued to manufacture, use, offer to sell, and/or sell the LenSx.  Alcon's infringement of the [patents-in-suit] has been willful, making this an exceptional case and entitling [AMO] to an award of increased damages and attorneys' fees." *E.g.*, SAC ¶140.  This boilerplate statement does not show Alcon "knew of the patent-in-suit" or "knowingly or intentionally infringed the patent after acquiring that knowledge." *NNCrystal*, 2020 WL 616307, \*4.

Nor does AMO establish that Alcon's conduct rises to the level of willfulness. Although AMO sent a notice letter to Alcon immediately before filing suit, AMO does not articulate how Alcon's actions after that letter amount to willful infringement.  *See Princeton Dig. Image Corp. v. Ubisoft Ent'mt SA*, C.A.No. 13-335-LPS-CJB, 2016 WL 6594076, \*11-12 (D. Del. Nov. 4, 2016) (dismissing willfulness claims in third amended complaint where plaintiff failed to explain how

14

defendant's conduct after receiving original complaint amounted to willful infringement), *adopted*, 2017 WL 6337188 (Dec. 12, 2017). A "pre-suit notice letter, on its own, does not support a finding of willful patent infringement." *Signify N. Am. Corp. v. Axis Lighting Inc.*, 19-cv-5516 (DLC), 2020 WL 1048927, *3 (S.D.N.Y. Mar. 4, 2020) (dismissing willfulness claims), *order amended on reconsideration*, 2020 WL 2079844 (Apr. 30, 2020).

The only specific conduct that AMO cites is Alcon's continued production of LenSx. But "a party may continue to manufacture and may present what in good faith it believes to be a legitimate defense without risk of being found on that basis alone a willful infringer." *Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*, 897 F.2d 508, 511 (Fed. Cir. 1990); *see Genetech, Inc. v. Eli Lilly & Co.*, C.A.No. 18-cv-1518-JLS, 2019 WL 4345788, *6 (S.D. Cal. Sept. 12, 2018) (dismissing willfulness claim because "Defendant's continuing post-suit manufacturing and sales cannot be the sole evidence to support an infringement claim"); *cf. Intellectual Ventures I LLC v. Symantec Corp.*, 234 F. Supp. 3d 601, 612 (D. Del. 2017) (granting summary judgment of no willful infringement where "[Plaintiff] identifies no evidence of behavior beyond typical infringement."), *aff'd on other grounds*, 725 F. App'x 976 (Fed. Cir. 2018).

AMO's barebones assertion that Alcon's infringement has been willful is precisely the type of empty allegation that courts have found insufficient to state a

15

claim.  *See Chalumeau Power Sys. LLC v. Alcatel-Lucent*, C.A.No. 11-1175-RGA,

2012 WL 6968938, *2 (D. Del. July 18, 2012) (for willfulness claim, "there must be

facts alleged that 'are sufficient to show that the plaintiff has a plausible claim for

relief"); *Varian Med. Sys., Inc. v. Elekta AB*, C.A.No. 15-871-LPS, 2016 WL

3748772, *8 (D. Del. July 12, 2016), *adopted*, 2016 WL 9307500 (Dec. 22, 2016)

(dismissing willfulness claim where patentee failed to allege facts to support

conclusory allegation); *Princeton Dig.*, 2016 WL 6594076, *11 (dismissing

willfulness claim); *Mich. Motor Techs. LLC v. Volkswagen Aktiengesellschraft*, 472

F. Supp. 3d 377, 384–85 (E.D. Mich. 2020) (same).  Because AMO provided no facts

and no context for its willfulness claims, this Court should grant Alcon's motion to

dismiss.

## D.   The Court Should Dismiss AMO's Claims with Prejudice

AMO's SAC did not cure the deficiencies in its original complaint or its FAC,

and so the Court should not grant permission to amend and should dismiss the SAC

with prejudice.  In an effort to preserve the resources of the Court and the parties,

Alcon sent AMO a letter on September 4, 2020, outlining the specific deficiencies in

the original complaint and requesting that AMO either cure those defects or dismiss

its inadequately pled claims. Ex. A.  AMO ignored most of the defects Alcon raised,

and the changes AMO did make were ineffectual.  Alcon moved to dismiss AMO's

FAC due to these deficiencies, yet AMO has still failed to cure the defects in its

claims for contributory, §271(f), and willful infringement. Because AMO was on notice of the deficiencies in its original complaint and its FAC, and failed to cure them, this Court should dismiss without leave to amend. *See Krantz v. Prudential Invs. Fund Mgmt. LLC*, 305 F.3d 140, 144 (3d Cir. 2002) ("A District Court has discretion to deny a plaintiff leave to amend where the plaintiff was put on notice as to the deficiencies in his complaint, but chose not to resolve them."); *cf*. Del. Ct. Ch. R. 15(aaa) (if amendments are not made in response to motion to dismiss and the court decides to grant motion, dismissal should be with prejudice).

## V.    CONCLUSION

For the foregoing reasons, Alcon respectfully requests that the Court grant Alcon's motion to dismiss pursuant to Rule 12(b)(6).

Respectfully,

*/s/ John W. Shaw*
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com

OF COUNSEL:
Jeanne M. Heffernan
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800

Gregg F. LoCascio
Noah S. Frank
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 389-5000

Caroline Lourgos
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000

Kristen P.L. Reichenbach
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
(415) 439-1400

Dated: July 1, 2021

*Attorneys for Alcon Inc.,*
*Alcon Vision, LLC,*
*Alcon Laboratories, Inc. and*
*Alcon Research, LLC*

## **CERTIFICATE OF COMPLIANCE**

This brief complies with the type-volume limitations specified in Local Rule 7.1.3 and the Court's November 6, 2019 Standing Order Regarding Briefing in All Cases. According to the word processing system used to prepare this document, the brief contains 3,876 words.

I further certify that this brief complies with the typeface requirements set forth in the Court's November 6, 2019 Standing Order Regarding Briefing in All Cases because this brief was prepared using Microsoft Word 2010 in 14-points Times New Roman font.

> */s/ John W. Shaw*
> John W. Shaw (No. 3362)
> Karen E. Keller (No. 4489)
> SHAW KELLER LLP
> I.M. Pei Building
> 1105 North Market Street, 12th Floor
> Wilmington, DE 19801
> (302) 298-0700
> jshaw@shawkeller.com
> kkeller@shawkeller.com
>
> *Attorneys for Alcon Inc.,*
> *Alcon Vision, LLC, Alcon*
> *Laboratories, Inc. and*
> *Alcon Research, LLC*

19