IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMO DEVELOPMENT, LLC, AMO MANUFACTURING USA, LLC and AMO SALES AND SERVICE, INC., <br><br> Plaintiffs, <br><br> v. <br><br><br> ALCON VISION, LLC, ALCON LABORATORIES, INC. and ALCON RESEARCH, LLC, <br><br> Defendants. | C.A. No. 20-842-CFC |
| ALCON INC., ALCON RESEARCH, LLC, and ALCON VISION, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> AMO DEVELOPMENT, LLC, AMO MANUFACTURING USA, LLC, AMO SALES AND SERVICE, INC., and JOHNSON & JOHNSON SURGICAL VISION, INC., <br><br> Defendants. | |

## DEFENDANTS' REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT UNDER RULE 12(B)(6)

OF COUNSEL:
Jeanne M. Heffernan
KIRKLAND & ELLIS LLP
401 Congress Avenue
Austin, TX 78701
(512) 678-9100

Gregg F. LoCascio, P.C.
Noah S. Frank
Hannah L. Bedard
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 389-5000

Josh Simmons
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800

Caroline Lourgos
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000

Kristen P.L. Reichenbach
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
(415) 439-1400

Dated: July 22, 2021

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
*Attorneys for Defendants-Counterclaim
Plaintiffs Alcon Inc.,
Alcon Vision, LLC,
Alcon Laboratories, Inc., and
Alcon Research LLC*

# TABLE OF CONTENTS*

Page

I.   INTRODUCTION ............................................................................................. 1

II.  ARGUMENT.................................................................................................... 1

   A.   AMO Fails to State a Claim under §271(c) ........................................... 1

        1.   AMO Fails to Allege Lack of Substantial Non-
             Infringing Uses............................................................................. 1

        2.   AMO Did Not Identify "Capsule" and "Lens" As
             Components, and They Are Not Components ........................... 3

   B.   AMO Fails to State a Claim under §271(f).......................................... 6

   C.   AMO Fails to Plausibly Allege Willfulness.......................................... 7

   D.   The Court Should Dismiss with Prejudice ........................................... 11

III. CONCLUSION................................................................................................. 12

*  *All emphasis added unless otherwise noted.*

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*10x Genomics, Inc. v. Celsee, Inc.*,
   2019 WL 5595666 (D. Del. Oct. 30, 2019) ........................................................9

*ACCO Brands, Inc. v. ABA Locks Mfr. Co.*,
   501 F.3d 1307 (Fed. Cir. 2007) ...........................................................................3

*Align Technologies, Inc. v. 3Shape A/S*,
   339 F. Supp. 3d 435 (D. Del. 2018) ...................................................................10

*Arris Grp. v. British Telecomms. PLC*,
   639 F.3d 1368 (Fed. Cir. 2011) ...........................................................................7

*Artrip v. Ball Corp.*,
   2017 WL 3669518 (W.D. Va. Aug. 24, 2017) ....................................................7

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
   681 F.3d 1323 (Fed. Cir. 2012) ...........................................................................3

*Chalumeau Power Sys. LLC v. Alcatel-Lucent*,
   2012 WL 6968938 (D. Del. July 18, 2012) ........................................................11

*Chemtech Int'l, Inc. v. Chem. Injection Tech., Inc.*,
   170 F. App'x 805 (3d Cir. 2006) ........................................................................11

*Confluent Surgical, Inc. v. Hyperbranch Med. Tech., Inc.*,
   2017 WL 4804264 (D. Del. Oct. 25, 2017) .........................................................7

*Dawson v. Smith*,
   C.A.No. 19-1355-CFC, 2020 WL 42832 (D. Del. Jan. 3, 2020) ........................11

*DM Research, Inc. v. Coll. of Am. Pathologists*,
   170 F.3d 53 (1st Cir. 1999) ................................................................................11

*Eko Brands, LLC v. Adrian Rivera Maynes Enters., Inc.*,
   946 F.3d 1367 (Fed. Cir. 2020) ...........................................................................8

*Genetech, Inc. v. Eli Lilly & Co.*,
   2019 WL 4345788 (S.D. Cal. Sept. 12, 2018) .....................................................8

*Hewlett–Packard Co. v. Bausch & Lomb Inc.*,
909 F.2d 1464 (Fed. Cir. 1990) ...............................................................................5

*Hodosh v. Block Drug Co.*,
833 F.2d 1575 (Fed. Cir. 1987) ...............................................................................2

*Johns Hopkins Univ. v. CellPro, Inc.*,
152 F.3d 1342 (Fed. Cir. 1998) ...............................................................................6

*Lucent Technologies, Inc. v. Gateway, Inc.*,
580 F.3d 1301 (Fed. Cir. 2009) ...............................................................................2

*Midwest Energy Emissions Corp. v. Vistra Energy Corp.*,
2020 WL 3316056 (D. Del. June 18, 2020) .............................................................2

*NexStep, Inc. v. Comcast Cable Commc'ns, LLC*,
2019 WL 5626647 (D. Del. Oct. 31, 2019).............................................................9

*Pragmatus Telecom, LLC v. Ford Motor Co.*,
2012 WL 2700495 (D. Del. July 5, 2012).................................................................5

*Princeton Dig. Image Corp. v. Ubisoft Entm't SA*,
2016 WL 6594076 (D. Del. Nov. 4, 2016),
*adopted*, 2017 WL 6337188 (Dec. 12, 2017).........................................................7

*Ricoh Co. v. Quanta Computer Inc.*,
550 F.3d 1325 (Fed. Cir. 2008) ...............................................................................2

*State Indus. v. A.O. Smith Corp.*,
751 F.2d 1226 (Fed. Cir. 1985) ...............................................................................9

*Toshiba Corp. v. Imation Corp.*,
681 F.3d 1358 (Fed. Cir. 2012) ...............................................................................3

*TriDiNetworks, Ltd. v. Signify N. Am. Corp.*,
C.A.No. 19-1063-CFC-CJB, 2020 WL 2839224
(D. Del. June 1, 2020).............................................................................................6

*Tyco Healthcare Grp., LP v. Biolitec, Inc.*,
2010 WL 3185497 (N.D. Cal. Aug. 11, 2010).......................................................3

*Universal Elecs., Inc. v. Zenith Elecs. Corp.*,
846 F. Supp. 641 (N.D. Ill. 1994)...........................................................................3

*Varian Med. Sys., Inc. v. Elekta AB*,
   2016 WL 3748772 (D. Del. July 12, 2016),
   *adopted*, 2016 WL 9307500 (Dec. 22, 2016) ...................................................... 8

*Veritas Op. Corp. v. Microsoft Corp.*,
   562 F. Supp. 2d 1141 (W.D. Wash. 2008) ........................................................... 3

*WCM Industries, Inc. v. IPS Corp.*,
   721 F. App'x 959 (Fed. Cir. 2018) .................................................................... 10

## Statutes

35 U.S.C. §271(c) ............................................................................................. *passim*

35 U.S.C. §271(f) ............................................................................................. *passim*

## I.    INTRODUCTION

AMO criticizes Alcon for "seek[ing] to narrow [AMO's] theories of infringement," but that is exactly what AMO should have done, having been put on notice of its allegations' deficiencies in both its original Complaint (D.I. 1) and First Amended Complaint ("FAC") (D.I. 16).  D.I. 149 at 1.  Instead, AMO's Second Amended Complaint ("SAC") (D.I. 141) retained the same deficiencies Alcon previously identified.  Struggling to salvage infringement theories it should have never brought, AMO resorts to recasting some of its allegations, but even its new theories are not plausible.  AMO contends that its SAC allegations are "as good as it gets early in discovery," D.I. 149 at 20, but the law is clear they are not good enough. Because AMO admits it cannot offer additional facts to make its allegations plausible, the Court should dismiss with prejudice.

## II.   ARGUMENT

### A.    AMO Fails to State a Claim under §271(c)

#### 1. AMO Fails to Allege Lack of Substantial Non-Infringing Uses

AMO does not dispute that LenSx has multiple uses and at least one (LASIK) is a substantial non-infringing use.  D.I. 149 at 10–11.  Relying on its belated component theory, AMO contends that the "proper question is whether distinct components of the accused product—the 'Capsule' and 'Lens' programs of the LenSx—have substantial noninfringing uses."  *Id*. at 11.  AMO's framing of the question is erroneous.

First, as stated below in Part II.A.2, AMO only alleges Alcon sells the entire LenSx system. When determining whether an accused product has a substantial non-infringing use, it is "the thing sold," not a mere "ingredient" or part of it, that matters. *Hodosh v. Block Drug Co*., 833 F.2d 1575, 1578–80 (Fed. Cir. 1987); *Midwest Energy Emissions Corp. v. Vistra Energy Corp.*, 2020 WL 3316056, \*8 (D. Del. June 18, 2020) (citing *Hodosh*). Because the SAC identifies *LenSx* as the accused component, the question is whether *LenSx* has substantial non-infringing uses; not whether subcomponents *of* the accused component have such uses. D.I. 149 at 8–11. Since the SAC accuses LenSx as the component, this case is unlike *Lucent Technologies, Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1320 (Fed. Cir. 2009), where the accused feature (the date-picker tool), which did not have substantial non-infringing uses, was embedded in a larger product (Microsoft Outlook), which did have such uses.

Second, AMO's belated allegation that "Capsule," "Lens," and "Flap" are separable components is unsupported. *See infra* Part II.A.2. This case therefore does not implicate the concern expressed in *Ricoh Co. v. Quanta Computer Inc.*, 550 F.3d 1325, 1337–38 (Fed. Cir. 2008), that a party could avoid §271(c) by combining hardware that carries out an allegedly infringing process with separate hardware that executes a non-infringing process.

AMO does not dispute that the LenSx system has substantial non-infringing

uses. AMO cannot sustain its §271(c) allegations by focusing on certain modes of operation and ignoring others. *Veritas Op. Corp. v. Microsoft Corp.*, 562 F. Supp. 2d 1141, 1168–69 (W.D. Wash. 2008) (rejecting argument that "accused products 'have no substantial non-infringing uses for the *mode of operation* accused'").

Because LenSx can perform various eye surgeries by making different treatment patterns, some of which are not even cataract-related, substantial non-infringing uses exist. *See In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1338 (Fed. Cir. 2012) (affirming dismissal of §271(c) claims where patentee acknowledged products could be used for non-infringing purposes); *Tyco Healthcare Grp., LP v. Biolitec, Inc.*, 2010 WL 3185497, *5–6 (N.D. Cal. Aug. 11, 2010) (no contributory infringement where accused laser consoles were FDA-approved and used for non-infringing procedures); *see also Toshiba Corp. v. Imation Corp.*, 681 F.3d 1358, 1362–63 (Fed. Cir. 2012); *ACCO Brands, Inc. v. ABA Locks Mfr. Co.*, 501 F.3d 1307, 1313 (Fed. Cir. 2007); *Universal Elecs., Inc. v. Zenith Elecs. Corp.*, 846 F. Supp. 641, 651–52 (N.D. Ill. 1994).

### 2. AMO Did Not Identify "Capsule" and "Lens" As Components, and They Are Not Components

AMO accuses LenSx as the "system" that directly infringes the asserted patents, then in the next breath alleges LenSx is a "component" of the system.

3

> 129.   Alcon's manufacture, use, offer to sell, and sale of the LenSx in the United States has infringed and continues to infringe the '084 patent under 35 U.S.C. § 271(a).

> 133.   Alcon has contributed to and continues to contribute to infringement of the '084 patent by offering to sell and selling the LenSx that its customers use to infringe the patent, in violation of 35 U.S.C. § 271(c). Alcon does so knowing that the LenSx constitutes a material part of the invention, and that it is especially made and especially adapted for use in an infringement of the patent. The LenSx is designed and configured so that the customer will use the system to perform FDA-approved anterior capsulotomy and lens fragmentation in a manner that infringes the patent, including as set forth limitation-by-limitation in the paragraphs above. The

SAC ¶¶119–30 (§271(a)), ¶133 (§271(c)).  A system cannot be a "component" of itself.  Recognizing this flaw, AMO reframes its allegations in its brief, arguing that "Capsule" and "Lens" are the "components."  D.I. 149 at 2, 11.  But that is not what AMO says in its SAC:  There, AMO claims that Alcon contributes to infringement "by offering to sell and selling the LenSx," and that "LenSx constitutes a material part of the invention" that "is especially made and especially adapted for use in an infringement of the patent."  *See, e.g.*, SAC ¶133; *see also, e.g.*, SAC ¶134–35 (identifying LenSx as a component for purposes of § 271(f) infringement).  While AMO contends that using the "Capsule" and "Lens" modes of operation are what constitute an infringing use, it still defectively identifies LenSx as the alleged

4

component. *Id*. at ¶ 133.

In any event, AMO could not plausibly allege that "Capsule" and "Lens" are components. The User Manual (which AMO concedes is properly before the Court, D.I. 149 at 5, 10–11) shows that "Capsule," "Lens," and "Flap" are simply "treatment **patterns**" performed by LenSx—not distinct "programs," much less separable and distinct **components**. D.I. 144-2 at 41. Although the manual uses the term "program," it uses it as a **verb**, to program the treatment pattern upon selection. *Id.* at 45. Tellingly, AMO's direct infringement allegations, a prerequisite for contributory infringement, do not refer to "Capsule" and "Lens" as separate "programs," but rather correctly acknowledge they are treatment patterns. *E.g.*, SAC ¶¶119–30. Dubbing these patterns "programs" is nothing more than a transparent attempt to rehabilitate defective infringement allegations through mischaracterization.

Moreover, AMO's new allegations fail for another reason: AMO never alleged that Alcon sells "Capsule" or "Lens" as separate components, as required by statute. *Pragmatus Telecom, LLC v. Ford Motor Co.*, 2012 WL 2700495, *1 (D. Del. July 5, 2012) (dismissing §271(c) claims where plaintiff accused defendant's chat system and related functionality of contributory infringement but failed to allege defendant sold the functionality); *Hewlett–Packard Co. v. Bausch & Lomb Inc.*, 909 F.2d 1464, 1469 (Fed. Cir. 1990). Indeed, AMO does not even accuse Alcon of

selling the LenSx software, only the entire LenSx system.  SAC ¶¶79–81.

## B.    AMO Fails to State a Claim under §271(f)

AMO's brief proves it is unable to allege export of unassembled components, as required by §271(f).  AMO cites two naked assertions from its SAC:  "Alcon also has *exported, and continues to export, the LenSx*" and Alcon "supplies or causes to be supplied the LenSx and consumables from the United States *for use abroad*."  D.I. 149 at 13 (citing SAC ¶¶109, 79–81) (original emphasis).  Parroting key statutory terms like "export" without any supporting factual allegations is insufficient to avoid dismissal.  *TriDiNetworks, Ltd. v. Signify N. Am. Corp.*, C.A.No. 19-1063-CFC-CJB, 2020 WL 2839224, *5 (D. Del. June 1, 2020).

At most, AMO alleges that Alcon exports the *entire* LenSx system, but that does not implicate §271(f), which is concerned with export of "uncombined components."  Thus, it makes no difference to AMO's §271(f) claims whether LenSx complies with foreign product standards or Alcon has an authorized LenSx representative abroad.  D.I. 149 at 13–14.  *Johns Hopkins Univ. v. CellPro, Inc.*, 152 F.3d 1342, 1366 (Fed. Cir. 1998).

Nor could AMO plausibly allege export activity of uncombined components.  AMO itself points out that "LenSx is '*Made in USA*.'"  D.I. 149 at 13 (citing D.I. 144, Ex. B at i).  And Alcon's counterclaims explain that Alcon manufactures and combines all components of LenSx in the U.S.  D.I. 145 at 100–01 (¶47).

6

In addition, AMO does not sufficiently identify any "components" that are combined abroad (which does not occur), but refers broadly and non-specifically to the "hardware and software" that perform the "Capsule" and "Lens" patterns. These vague allegations fail to meet pleading standards. *Confluent Surgical, Inc. v. Hyperbranch Med. Tech., Inc.*, 2017 WL 4804264, *1 (D. Del. Oct. 25, 2017).

The only other product AMO specifically identifies is the SoftFit Patient Interface, but AMO's §271(f) claims based on SoftFit fail for another reason. AMO's §271(a) allegations show that SoftFit is not a component of the patented invention, as §271(f) requires. None of AMO's §271(a) claims mentions SoftFit— they rely entirely on the LenSx device. *E.g.*, SAC ¶¶119–130. That dooms AMO's theory that SoftFit is a "component," because a component must be "a material part of the invention" and used in direct infringement. *Arris Grp. v. British Telecomms. PLC*, 639 F.3d 1368, 1376 (Fed. Cir. 2011); *Artrip v. Ball Corp.*, 2017 WL 3669518, *8–9 (W.D. Va. Aug. 24, 2017). AMO does not even call SoftFit a "component"; AMO calls it a "consumable." *E.g.*, FAC ¶131. Thus, there is no factual issue for this Court to decide—SoftFit is indisputably not a component of the accused system.

## C.     AMO Fails to Plausibly Allege Willfulness

AMO implies that Alcon conceded pre-suit knowledge of certain patents and so AMO's willfulness allegations are sufficient. But AMO must do more than simply allege run-of-the-mill infringement—even at the pleading stage. *Princeton Dig.*

7

*Image Corp. v. Ubisoft Entm't SA*, 2016 WL 6594076, at \*11 (D. Del. Nov. 4, 2016), *adopted*, 2017 WL 6337188 (Dec. 12, 2017) (dismissing willfulness claims where plaintiff failed to allege how defendant's conduct "amount[ed] to an 'egregious' case of infringement"); *Varian Med. Sys., Inc. v. Elekta AB*, 2016 WL 3748772, \*7–8 (D. Del. July 12, 2016), *adopted*, 2016 WL 9307500 (Dec. 22, 2016) (same where Plaintiff did "little more than provide a formulaic recitation" of the elements). Willfulness requires that the defendant acted at least "deliberately or intentionally." *Eko Brands, LLC v. Adrian Rivera Maynes Enters., Inc.*, 946 F.3d 1367, 1379 (Fed. Cir. 2020).

AMO's willfulness allegations rest either on facts present in run-of-the-mill infringement actions or on its unsupported speculations.  For example, AMO alleges Alcon continues to make and sell the accused product, but post-complaint infringement is alleged in almost every case.  D.I. 144 at 13–14; *Genetech, Inc. v. Eli Lilly & Co.*, 2019 WL 4345788, \*6 (S.D. Cal. Sept. 12, 2018).  And while AMO contends Alcon willfully infringed because Alcon "***specifically*** acknowledged infringement liability it expected to face from J&J" by establishing an Escrow account, D.I. 149 at 6, 17, AMO offers no specifics tying the Escrow to the applications that led to the asserted patents (which issued three years later), nor can it.  AMO knows (or should know) this allegation is false from the face of the publicly

8

available Alcon Inc. Stock Purchase Agreement ("SPA").[1]   The Escrow dealt *generally* with "any *pending* Legal Proceeding," SPA §2.12(a)(i), and the SPA represents "there are no facts or circumstances that would form the basis for any claim of infringement…of any Intellectual Property," *id*. §4.13(h).  As for AMO's allegations that Alcon was tracking AMO's patent applications, that says nothing about whether Alcon knew or should have known it was allegedly infringing any of AMO's claims.  The Federal Circuit and courts in this District have emphasized that knowledge of a patent application is insufficient to demonstrate knowledge of a patent because patentees often amend the claims during prosecution of an application.  *See, e.g., State Indus. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985) ("Filing an application is no guarantee any patent will issue and a very substantial percentage of applications never result in patents.  What the scope of claims in patents that do issue will be is something totally unforeseeable."); *NexStep, Inc. v. Comcast Cable Commc'ns, LLC*, 2019 WL 5626647, *3 (D. Del. Oct. 31, 2019) (citing *State Industries*).

The cases AMO relies on are distinguishable.  In *10x Genomics, Inc. v. Celsee, Inc.*, 2019 WL 5595666, *8, *12 (D. Del. Oct. 30, 2019), the Court found that plaintiff adequately pled willful infringement where it "provid[ed] specific dates by which [defendant] knew or should have known that its actions were likely to infringe

---

[1] https://sec.report/Document/0001167379-10-000110/acl6k0708lensxex992.htm

each of the patents-in-suit." This case is also not like *Align Technologies, Inc. v. 3Shape A/S*, 339 F. Supp. 3d 435, 447–48 (D. Del. 2018), where plaintiff alleged pre-suit knowledge based on seven categories of facts, including that defendant cited at least four of the asserted patents in its own patent prosecutions and filed a premarket notification with the FDA. Here, AMO accuses Alcon of willfully infringing sixteen patents, but only offers specific allegations of pre-suit knowledge for five of them, SAC ¶92, and its allegations for the other eleven patents are speculative. Even then, AMO's claims are inadequate because they do not sufficiently allege that Alcon knew it was infringing, much less that it was intentionally or deliberately infringing.

Further, AMO's reliance on *WCM Industries, Inc. v. IPS Corp.*, 721 F. App'x 959 (Fed. Cir. 2018), is misplaced. In *WCM*, the court remarked in a footnote that it did not need to decide whether knowledge of a patent application is sufficient to support a finding of willfulness because plaintiff ***otherwise*** "provided sufficient evidence for a reasonable jury to conclude that [defendant] did know of [plaintiff's] patents," including testimony from one of defendant's employees that he had monitored plaintiff's products for "decades" and possessed numerous publications indicating that plaintiff's products were patented. *Id*. at 970 n.4, 970–71. AMO has not cited to such evidence here. The law does not support AMO's contention that Alcon's knowledge of a patent application or its status as a competitor is enough to show willful infringement, and the Court should therefore dismiss AMO's claims.

10

### D. The Court Should Dismiss with Prejudice

The Court "has broad discretion in deciding whether to dismiss an action with prejudice pursuant to its inherent authority to manage its docket." *Dawson v. Smith*, C.A.No. 19-1355-CFC, 2020 WL 42832, \*6 n.7 (D. Del. Jan. 3, 2020). After Alcon informed AMO of the original Complaint's deficiencies, and the deficiencies in its FAC, AMO had the opportunity to plead more facts to support its claims. It failed.

AMO contends the Court should not dismiss with prejudice because "[t]he relevant facts are uniquely within Alcon's control." D.I. 149 at 3. But "the price of entry, even to discovery, is for the plaintiff to allege a factual predicate concrete enough to warrant further proceedings…." *DM Research, Inc. v. Coll. of Am. Pathologists*, 170 F.3d 53, 55 (1st Cir. 1999). Conclusory allegations "are a danger sign that the plaintiff is engaged in a fishing expedition." *Chemtech Int'l, Inc. v. Chem. Injection Tech., Inc.*, 170 F. App'x 805, 808 (3d Cir. 2006) (citing *DM Research*). Even in the case AMO cites to argue dismissal with prejudice is inappropriate, the Court declined to grant leave to amend. *Chalumeau Power Sys. LLC v. Alcatel-Lucent*, 2012 WL 6968938, \*2 (D. Del. July 18, 2012). AMO's statements that its allegations are "as good as it gets" without discovery demonstrate that amendment would be futile. D.I. 149 at 20.

11

## III. CONCLUSION

For the foregoing reasons, Alcon respectfully requests that the Court dismiss

with prejudice.

OF COUNSEL:
Jeanne Heffernan
KIRKLAND & ELLIS LLP
401 Congress Avenue
Austin, TX 78701
(512) 678-9100

Gregg F. LoCascio, P.C.
Noah S. Frank
Hannah L. Bedard
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 389-5000

Joshua Simmons
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 678-9100

Caroline Lourgos
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000

Kristen P.L. Reichenbach
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
(415) 439-1400

Dated: July 22, 2021

*/s/ John W. Shaw*
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
*Attorneys for Defendants-Counterclaim
Plaintiffs Alcon Inc.,
Alcon Vision, LLC,
Alcon Laboratories, Inc., and
Alcon Research LLC*

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitations specified in Local Rule 7.1.3 and the Court's November 6, 2019 Standing Order Regarding Briefing in All Cases. According to the word processing system used to prepare this document, the brief contains 2,496 words.

I further certify that this brief complies with the typeface requirements set forth in the Court's November 6, 2019 Standing Order Regarding Briefing in All Cases because this brief was prepared using Microsoft Word 2010 in 14-points Times New Roman font.

> */s/ John W. Shaw*
> John W. Shaw (No. 3362)
> Karen E. Keller (No. 4489)
> SHAW KELLER LLP
> I.M. Pei Building
> 1105 North Market Street, 12th Floor
> Wilmington, DE 19801
> (302) 298-0700
> jshaw@shawkeller.com
> kkeller@shawkeller.com
> *Attorneys for Defendants-Counterclaim*
> *Plaintiffs Alcon Inc.,*
> *Alcon Vision, LLC,*
> *Alcon Laboratories, Inc., and*
> *Alcon Research LLC*