IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMO DEVELOPMENT, LLC, AMO MANUFACTURING USA, LLC and AMO SALES AND SERVICE, INC., <br><br> Plaintiffs, <br> v. <br><br> ALCON VISION, LLC, ALCON LABORATORIES, INC. and ALCON RESEARCH, LLC, <br><br> Defendants. | C.A. No. 20-842-CFC |
| ALCON INC., ALCON RESEARCH, LLC, and ALCON VISION, LLC, <br><br> Counterclaim-Plaintiffs, <br><br> v. <br><br> AMO DEVELOPMENT, LLC, AMO MANUFACTURING USA, LLC, AMO SALES AND SERVICE, INC., and JOHNSON & JOHNSON SURGICAL VISION, INC., <br><br> Counterclaim-Defendants. | |

## ALCON'S NOTICE OF SUBPOENA

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of

Civil Procedure, counsel for Defendants Alcon Vision LLC, Alcon Laboratories,

Inc., and Alcon Research, LLC, and Counterclaim-Plaintiffs Alcon Inc., Alcon

Vision, LLC, and Alcon Research, LLC (collectively, "Alcon") will serve the attached Deposition Subpoena and Document Subpoena on Georg Schuele.

OF COUNSEL:

Jeanne M. Heffernan
KIRKLAND & ELLIS LLP
401 Congress Avenue
Austin, TX 78701
(512) 678-9100

Gregg F. LoCascio
Sean M. McEldowney
Noah S. Frank
Hannah L. Bedard
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 389-5000

Caroline Lourgos
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000

Kristen P.L. Reichenbach
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
(415) 439-1400

Joshua L. Simmons
Matthew A. Lembo
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800

Dated: January 10, 2022

                                          /s/ Andrew E. Russell
                                          ─────────────────────────
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
arussell@shawkeller.com
*Attorneys for Alcon Inc., Alcon Vision,*
*LLC, Alcon Laboratories, Inc. and*
*Alcon Research, LLC*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMO DEVELOPMENT, LLC, AMO MANUFACTURING USA, LLC and AMO SALES AND SERVICE, INC., | |
| Plaintiffs, | |
| v. | C.A. No. 20-842-CFC |
| ALCON VISION, LLC, ALCON LABORATORIES, INC. and ALCON RESEARCH, LLC, | |
| Defendants. | |
| ALCON INC., ALCON RESEARCH, LLC, and ALCON VISION, LLC, | |
| Plaintiffs, | |
| v. | |
| AMO DEVELOPMENT, LLC, AMO MANUFACTURING USA, LLC, AMO SALES AND SERVICE, INC., and JOHNSON & JOHNSON SURGICAL VISION, INC., | |
| Defendants. | |

## ALCON'S NOTICE OF DEPOSITION SUBPOENA TO GEORG SCHUELE

Pursuant to Rules 45 of the Federal Rules of Civil Procedure, counsel for

Defendants Alcon Vision LLC, Alcon Laboratories, Inc., and Alcon Research, LLC,

and Counterclaim-Plaintiffs Alcon Inc., Alcon Vision, LLC, and Alcon Research,

LLC (collectively, "Alcon") will take the oral deposition of Georg Schuele.  The

deposition will begin at 9:00 a.m. on February 1, 2022 at the offices of Kirkland &

Ellis, LLP, 555 California Street 27th floor, San Francisco, CA 94104, or at such

other place and time upon which the parties may agree, or remotely by video.  The

deposition will continue from day to day until completed.  The deposition will be

taken upon oral examination before an officer authorized to administer oaths in the

state in which the deposition will take place and will be recorded by stenographer

and videotaped.

 A true and correct copy of the subpoena is attached.

*/s/ Andrew E. Russell*

OF COUNSEL:

Jeanne M. Heffernan
KIRKLAND & ELLIS LLP
401 Congress Avenue
Austin, TX 78701
(512) 678-9100

Gregg F. LoCascio
Sean M. McEldowney
Noah S. Frank
Hannah L. Bedard
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 389-5000

Caroline Lourgos
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000

Kristen P.L. Reichenbach
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
(415) 439-1400

Joshua L. Simmons
Matthew A. Lembo
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800

Dated: January 10, 2022

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
arussell@shawkeller.com
*Attorneys for Alcon Inc., Alcon Vision,
LLC, Alcon Laboratories, Inc. and
Alcon Research, LLC*

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Delaware ▼

| | |
|---|---|
| AMO Development LLC, AMO Manufacturing USA, LLC and AMO Sales and Service, Inc. | ) |
| _Plaintiff_ | ) |
| v. | )    Civil Action No.    20-842-CFC |
| Alcon Vision, LLC, Alcon Laboratories, Inc. , and Alcon Research, LLC | ) |
| _Defendant_ | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:    Georg Schuele
2 Leroy Way
Portola Valley, CA 94028-7203
San Mateo County

_(Name of person to whom this subpoena is directed)_

☒ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Kirkland & Ellis, LLP<br>555 California Street, 27th Floor<br>San Francisco, CA 94104 | Date and Time: February 1, 2022 at 9:00 am |
|---|---|

The deposition will be recorded by this method:    Stenographically, videographically, and/or remotely

☐ _Production:_ You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   1/10/2022

_CLERK OF COURT_

                       OR      /s/ Noah S. Frank

       _Signature of Clerk or Deputy Clerk_                     _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_

Alcon Vision, LLC, Alcon Laboratories, Inc. and Alcon Research, LLC      , who issues or requests this subpoena, are:

Noah S. Frank, 1301 Pennsylvania Ave., NW, Washington, DC 20004.  noah.frank@kirkland.com, 202-389-5235

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 20-842-CFC

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***

    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMO DEVELOPMENT, LLC, AMO MANUFACTURING USA, LLC and AMO SALES AND SERVICE, INC., <br><br> Plaintiffs, <br> v. <br><br> ALCON VISION, LLC, ALCON LABORATORIES, INC. and ALCON RESEARCH, LLC, <br><br> Defendants. | C.A. No. 20-842-CFC |
| ALCON INC., ALCON RESEARCH, LLC, and ALCON VISION, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> AMO DEVELOPMENT, LLC, AMO MANUFACTURING USA, LLC, AMO SALES AND SERVICE, INC., and JOHNSON & JOHNSON SURGICAL VISION, INC., <br><br> Defendants. | |

## ALCON'S NOTICE OF DOCUMENT SUBPOENA TO GEORG SCHUELE

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, counsel for

Defendants Alcon Vision LLC, Alcon Laboratories, Inc., and Alcon Research, LLC,

and Counterclaim-Plaintiffs Alcon Inc., Alcon Vision, LLC, and Alcon Research,

LLC (collectively, "Alcon") will serve the attached subpoena on third-party Georg

1

Schuele requesting documents and things to be produced no later than January 24, 2022 at the offices of Kirkland & Ellis, LLP, 555 California Street 27th floor, San Francisco, CA 94104, or at any such other place and date as may be mutually agreed.

A true and correct copy of the subpoena is attached.

*/s/ Andrew E. Russell*

OF COUNSEL:

Jeanne M. Heffernan
KIRKLAND & ELLIS LLP
401 Congress Avenue
Austin, TX 78701
(512) 678-9100

Gregg F. LoCascio
Sean M. McEldowney
Noah S. Frank
Hannah L. Bedard
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 389-5000

Caroline Lourgos
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000

Kristen P.L. Reichenbach
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
(415) 439-1400

Joshua L. Simmons
Matthew A. Lembo
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800

Dated: January 10, 2022

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
arussell@shawkeller.com
*Attorneys for Alcon Inc., Alcon Vision,*
*LLC, Alcon Laboratories, Inc. and*
*Alcon Research, LLC*

3

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Delaware  ▾

AMO Development, LLC, AMO Manufacturing USA, LLC and
AMO Sales and Service, Inc.

_____
*Plaintiff*

v.

Alcon Vision, LLC, Alcon Laboratories, Inc., and Alcon Research, LLC

_____
*Defendant*

)
)
)
)
)
)
)

Civil Action No.   20-842-CFC

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Georg Schuele
2 Leroy Way
Portola Valley, CA 94028-7203
San Mateo County

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: Kirkland & Ellis, LLP<br>555 California Street, 27th floor<br>San Francisco, CA 94104 | Date and Time: January 24, 2022 at 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  1/10/2022

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

/s/ Noah S. Frank
_____
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Alcon Vision, LLC, Alcon Laboratories, Inc., and Alcon Research, LLC , who issues or requests this subpoena, are:

Noah S. Frank, 1301 Pennsylvania Ave. NW, Washington, DC 20004. noah.frank@kirkland.com, 202-389-5235

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  20-842-CFC

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❑  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendants Alcon Vision LLC, Alcon Laboratories, Inc., and Alcon Research, LLC, and Counterclaim-Plaintiffs Alcon Inc., Alcon Vision, LLC, and Alcon Research, LLC (collectively, "Alcon") hereby requests that Georg Schuele produce the Documents and things requested below under "Documents Requested" by January 24, 2022 at the offices of Kirkland & Ellis, LLP, 555 California Street 27th floor, San Francisco, CA 94104, or at any such other place and date as may be mutually agreed.

## DEFINITIONS

1.      "You" or "Your" shall mean Georg Schuele.

2.      "Alcon" or "Defendants" refers to Defendants and Counterclaim-Plaintiffs Alcon Inc., Alcon Vision, LLC, Alcon Laboratories, Inc. and Alcon Research, LLC, and their officers, employees, counsel, agents, consultants, and representatives, and includes joint ventures and other entities which are wholly or partially owned by Alcon, either directly or indirectly, and the officers, employees, counsel, agents, consultants, and representatives of these divisions, subsidiaries, and joint ventures.

3.      "J&J" or "Plaintiffs," shall mean AMO Development, LLC, AMO Manufacturing USA, LLC, AMO Sales And Service, Inc., and Johnson & Johnson Surgical Vision, Inc., and their present and former officers, directors, employees,

1

attorneys, agents, representatives, parent, subsidiaries, affiliates, assignees, predecessors in interest, successors in interest, and anyone acting or purporting to act on their behalf, including without limitation any inventors of J&J Patents or authors of the iFS Laser Source Code.

4. "This Case" refers to the above-captioned proceeding in the United States District Court for the District of Delaware, *AMO Development, LLC et al. v. Alcon LenSx, Inc. et al.*, Civil Action No. 20-842-CFC.

5. "J&J Asserted Works" shall mean those identified by copyright registration numbers TX0008892568, TX0008892570, TX0008892579, TX0008892616, TX0008892571, TX0008892576, TX0008892583, TX0008892582, TX0008892586, TX0008892565, TX0008892585, TX0008892564, TX0008892567, TX0008892618, TX0008892614, TX0008892580, TX0008892621, TX0008892612, TXu002260982, TXu002261083, and TX0008971676, as well as any other works asserted by J&J in this Case.

6. "LenSx" shall mean the LenSx® Laser System.

7. "iFS Laser" shall mean any model of the IntraLase femtosecond laser, including the IntraLase® FS laser, the IntraLase® FS Model 2 and Model 3 Laser systems, and the iFS® Advanced Femtosecond Laser systems, and any predecessor or successor devices.

2

8.      "CATALYS" shall mean the CATALYS® Precision Laser System,.

9.      "Computer Program" shall mean all aspects of the computer program, including without limitation (a) human-readable programming language text that defines software, firmware, or electronic hardware descriptions (such as code in "C," "Objective C," and "C++" programming languages, and project files used to generate such files, as well as "Include" files, "Make" files, link files, and other human-readable text files used in the generation and/or building of software and/or hardware); (b) object code; and (c) any other literal or nonliteral elements of the program, including without limitation its structure, sequence, or organization.

10.     "Person" shall mean any natural person, alive or deceased, and any business, legal or governmental entity or association.

11.     "Communication" shall mean the transmittal of information or requests for information in any form.

12.     "Documents" shall mean all materials, as defined in Rule 34(a) of the Federal Rules of Civil Procedure, including, without limitation, any handwritten, printed, typed, recorded photographic, and computer-generated materials of any kind or nature, however produced or reproduced, as well as material stored electronically, electromagnetically, mechanically, optically, and electronic recordings or transcripts thereof, and includes drafts, revisions of drafts, preliminary and preparatory

materials, originals, copies, emails, attachments, exhibits, notes, memoranda, photos, diagrams, reports, and all translations and summaries thereof.

13.     "Date" means the exact day, month, and year, if ascertainable, or, if not, the closest approximation thereto that can be made by means of a relationship to other events, locations, or matters. Identify each instance in which the given date is an approximation, and state your bases for making such approximation.

14.     The term "including" shall mean including without limitation.

15.     The terms "concerning" and "relating to" shall mean, in whole or in part, referring to, describing, evidencing, constituting, containing, comprising, referring to, embodying, connected to, reflecting, analyzing, showing, discussing, identifying, illustrating, stating, regarding, supporting, refuting, rebutting, responding to, commenting on, evaluating, about, in respect of, mentioning, dealing with, or in any way pertaining to, either explicitly or implicitly.

16.     The singular form of each word shall be interpreted in the plural, and vice versa, so as to give each request the broadest possible scope.

17.     Regardless of the tense employed, all verbs shall be read as applying to past, present, and future as necessary to make any phrase more, rather than less, inclusive.

18.    The conjunctives "and" and "or" shall be construed either disjunctively or conjunctively, as necessary, to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

19.    The terms "all," "each," and "any" shall be construed as all and any.

## **INSTRUCTIONS**

20.    Each paragraph herein shall be construed independently and not referenced to another paragraph for the purpose of limitation.

21.    Any reference to any corporation or entity includes any of its agents, consultants, representatives, officers, directors, affiliates, predecessors or successors in interest, parents, divisions, subsidiaries, regional offices, assignees, trustees, employees, experts, and attorneys.

22.    These requests shall be deemed to include any and all relevant documents and electronic information within Your possession, custody, or control.

23.    These requests shall be deemed to include all available English copies or translations of every document requested.

24.    All documents and electronic information that respond, in whole or in part, to any part of any request herein, should be produced in their entirety, in unredacted form, including all attachments and enclosures, as they are kept in the ordinary course of business.  Documents from any single file should be produced in the same order as they were found in such file. To the extent You redact any document

covered by these discovery requests, furnish a list specifying: (a) the document and pages redacted; (b) the nature of the material redacted; and (c) the basis for the redaction.

25.    If any document responsive to these requests has been destroyed or is alleged to have been destroyed, provide:

(i)    a brief description of the nature (e.g., letter memorandum, chart, prototype) and subject matter of the information;

(ii)    an identification of all Person(s) who prepared, received, viewed and had possession, custody or control of the information;

(iii)    a statement of the reasons for and circumstances of its destruction;

(iv)    an identification of the Persons(s) responsible for its destruction; and

(v)    the date of the destruction or other disposition.

26.    With respect to any documents otherwise responsive to this request that You withhold based on attorney-client privilege, work-product immunity, or any other claim of privilege or immunity, you shall provide:

(i)    an identification of each Person from and to whom the information has been communicated, including identification of each individual who is an attorney;

(ii)     a brief description of the subject matter of the information, that without revealing information itself privileged or protected, is sufficient to understand the subject matter of the basis of the claim of privilege or immunity;

(iii)    summary of the legal and factual grounds upon which you rely in withholding the responsive information; and

(iv)    the type or nature of the privilege asserted (i.e., attorney-client privilege; work product doctrine).

27.    If You have a good faith objection to any request for production or any part thereof, You shall state the specific nature of the objection and whether it applies to the entire request for production or to a part of the request for production. If You object to any part of an request for production, You should identify the part objected to and provide a response to the remaining unobjectionable part.

28.    If You contend that any phrase or term is subject to more than one interpretation, You shall set forth such phrase or term and the interpretation used in responding to the request for production.

29.    If You object to any request for production on the ground that it is vague and/or ambiguous, identify the particular words, terms, or phrases that You assert make such request vague and/or ambiguous and specify the meaning You actually attribute to such words, terms, or phrases for purposes of Your response.

30.     These requests are continuing in nature and create an ongoing obligation to supplement production of documents and things in accordance with Fed. R. Civ. P. 26(e). If subsequent to the date you produce documents responsive to these document requests You discover or receive additional documents that are responsive to these requests, promptly produce to Defendant's counsel any such additional documents.

## DOCUMENT REQUESTS

**REQUEST NO. 1:**

All Documents referring or relating to any analysis of the LenSx, including without limitation its structure, function, performance, Computer Programs, or any other property.

**REQUEST NO. 2:**

All Documents showing, referring, or relating to the Date and circumstances under which a LenSx or LenSx Computer Program was possessed, inspected, or viewed by You or J&J.

**REQUEST NO. 3:**

All Documents referring or relating to any attempt to study the LenSx's design, functionality, or Computer Programs.

**REQUEST NO. 4:**

All Documents concerning any investigation or reverse engineering of the LenSx Computer Program.

**REQUEST NO. 5:**

All Documents concerning the iFS Laser Computer Programs, including without limitation the J&J Asserted Works.

**REQUEST NO. 6:**

All Documents relating to research and development time and expenditures attributable to the development, implementation, and commercial offering of iFS Laser, including time and expenditures attributable to the development and implementation of the iFS Laser Computer Programs.

**REQUEST NO. 7:**

All Documents relating to the research, development, design, testing, regulatory approval, or operation of the iFS Laser or the iFS Computer Program (including without limitation the J&J Asserted Works), including development plans, engineering specifications, drawings, requirements documents, design documents, technical notebooks, verification and validation documents and reports, interface or product specifications, performance and design specifications, graphical user interface designs and documentation, block diagrams, schematics, sketches, notes, flowcharts, models, prototypes, engineering/technical manuals, engineering

or design change orders or requests, tests, simulations, analyses, progress reports, operating manuals, submissions to regulatory bodies, and narrative descriptions of any of the above.

**REQUEST NO. 8:**

All Documents relating to This Case, including any agreement or communications relating to consulting, compensation, reimbursement, or indemnification.

**REQUEST NO. 9:**

All agreements between You and J&J, including documents relating to Your present or past employment status or contractual relationship with J&J and the end of Your employment status or contractual relationship with J&J.

**REQUEST NO. 10:**

All Documents relating to the conception, development, and reduction to practice of the subject matter described and claimed in the J&J Intellectual Property including J&J's copyrights in iFS Computer Programs (including without limitation the J&J Asserted Works), including notebooks, technical documentation, plans, schedules, software applications, code, and emails.

**REQUEST NO. 11:**

Documents sufficient to identify the contribution and identity of any Person who contributed to the conception, research, development, testing, design, and

10

reduction to practice of any invention described in the J&J Intellectual Property including J&J's copyrights in iFS Computer Programs (including without limitation the J&J Asserted Works).

**REQUEST NO. 12:**

All Communications between You and any other Person or entity, concerning the iFS Laser, the iFS Computer Programs (including without limitation the J&J Asserted Works), the LenSx, the LenSx Computer Program, or This Case.

**REQUEST NO. 13:**

All Communications between You and any other Person or entity, concerning whether or not any similarities exist between the iFS Computer Programs (including without limitation the J&J Asserted Works) and the LenSx Computer Program.

**REQUEST NO. 14:**

A copy of the contents of any file, folder, archive, or collection of information related to the iFS Laser, the iFS Computer Programs (including without limitation the J&J Asserted Works), the LenSx, or the LenSx Computer Program.

**REQUEST NO. 15:**

Your current resume or curriculum vitae.

**REQUEST NO. 16:**

All Documents referring or relating to the factual circumstances and/or business justifications surrounding any decision or discussion whether or not to notify Alcon of J&J's claim that LenSx infringes J&J Intellectual Property and the

11

factual circumstances and/or business justifications surrounding any decision or discussion whether or not to bring suit against Alcon for infringing J&J Intellectual Property.

**REQUEST NO. 17:**

All Documents concerning the CATALYS Computer Program.

**REQUEST NO. 18:**

All Documents relating to research and development time and expenditures attributable to the development, implementation, and commercial offering of CATALYS, including time and expenditures attributable to the development and implementation of the CATALYS Computer Programs.

**REQUEST NO. 19:**

All Documents related to the changes made to the CATALYS Computer Program from the first version to the present.

**REQUEST NO. 20:**

All Documents relating to J&J or Optimedica's design, development and/or research into any femtosecond laser-assisted cataract surgery system, including but not limited to CATALYS, LenSx, LensAR, or any other FLACS device and any prototype or alternative design considered during the development of CATALYS.

**REQUEST NO. 21:**

All Documents relating to or reflecting analyses or decisions by J&J or Optimedica concerning whether to launch, continue, or discontinue the making, use, offering for sale, sale, or importation into the United States of CATALYS, including: business case presentations; consumer research, surveys, and testing; financial analyses; market research; market share projections; white papers; and go-to-market strategies.

**REQUEST NO. 22:**

All Documents relating to the research, development, design, testing, regulatory approval, or operation of the CATALYS or the CATALYS Computer Program (including without limitation the J&J Asserted Works), including development plans, engineering specifications, drawings, requirements documents, design documents, technical notebooks, verification and validation documents and reports, interface or product specifications, performance and design specifications, graphical user interface designs and documentation, block diagrams, schematics, sketches, notes, flowcharts, models, prototypes, engineering/technical manuals, engineering or design change orders or requests, tests, simulations, analyses, progress reports, operating manuals, submissions to regulatory bodies, and narrative descriptions of any of the above. All Documents concerning the Catalys Computer Programs.

**REQUEST NO. 23:**

All Documents relating to the design, development, operation, engineering, or structure of the CATALYS Computer Program, including operating systems and programming languages considered and rejected.

**REQUEST NO. 24:**

All Documents related to any effort by J&J or Optimedica to value the J&J Asserted Works, the iFS Laser, the CATALYS, or the LenSx, or any of their components, including but not limited to valuation analyses or studies conducted by or for J&J or Optimedica.

**REQUEST NO. 25:**

All Documents referring or relating to Plaintiff's acquisition of OptiMedica including but not limited to all Documents related to OptiMedica's intellectual property.

**REQUEST NO. 26:**

All Documents and Communications relating to a potential acquisition of OptiMedica Corporation by Alcon.

**REQUEST NO. 27:**

All Documents provided to You by J&J relating to the LenSx, LenSx Computer Programs, iFS Laser, iFS Computer Programs, CATALYS, or CATALYS Computer Programs.

**REQUEST NO. 28:**

All Documents You provided to J&J relating to the LenSx, LenSx Computer Programs, iFS Laser, iFS Computer Programs CATALYS, or CATALYS Computer Programs.

**REQUEST NO. 29:**

Documents describing the methods and operation of CATALYS's cutting procedures, including how CATALYS determines and performs fragmentation and capsulotomy cuts.

**REQUEST NO. 30:**

Documents describing CATALYS's scanning control hardware, including how the CATALYS hardware controls scanning and focusing functions.

**REQUEST NO. 31:**

Documents describing CATALYS's optical components, including the optics of the CATALYS focusing module and documents sufficient to show the focal plane curvature of the CATALYS optics module and laser delivery optics.