IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMO DEVELOPMENT, LLC, AMO MANUFACTURING USA, LLC and AMO SALES AND SERVICE, INC., | |
| Plaintiffs, | Redacted - Public Version |
| v. | C.A. No. 20-842-CFC-JLH |
| ALCON VISION, LLC, ALCON LABORATORIES, INC. and ALCON RESEARCH, LLC, |  |
| Defendants. | |
| ALCON INC., ALCON RESEARCH, LLC, and ALCON VISION, LLC, | |
| Counterclaim-Plaintiffs, | |
| v. | |
| AMO DEVELOPMENT, LLC, AMO MANUFACTURING USA, LLC, AMO SALES AND SERVICE, INC., and JOHNSON & JOHNSON SURGICAL VISION, INC., | |
| Counterclaim-Defendants. | |

## ALCON'S OPENING BRIEF IN SUPPORT OF ITS
## MOTION FOR LEAVE TO AMEND THE PLEADINGS

OF COUNSEL:
Jeanne M. Heffernan
KIRKLAND & ELLIS LLP
401 Congress Avenue
Austin, TX 78701
(512) 678-9123

Gregg F. LoCascio
Sean M. McEldowney
Noah S. Frank
Hannah L. Bedard
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 389-5000

Caroline Lourgos
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000

Kristen P.L. Reichenbach
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
(415) 439-1400

Joshua L. Simmons
Matthew A. Lembo
KIRKLAND & ELLIS LLP
601 Lexington Ave
New York, NY 10022
(212) 390-4573

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
*Attorneys for Alcon Inc.,*
*Alcon Vision, LLC,*
*Alcon Laboratories, Inc. and*
*Alcon Research, LLC*

Dated: January 18, 2022

## <u>TABLE OF CONTENTS</u>

I.    **NATURE AND STAGE OF THE PROCEEDINGS AND SUMMARY OF THE ARGUMENTS**................................................**1**

II.   **STATEMENT OF FACTS** ...............................................................**3**

     A.    The Parties' Prior Pleadings Regarding Copyright Issues ....................3

     B.    Discovery Reveals J&J's 2014 Inspection of a LenSx Device and ████████████████████ ................................................5

III.  **ARGUMENT** ....................................................................................**9**

     A.    Good Cause Exists Because Alcon Was Diligent in Seeking Leave ............................................................................................10

     B.    Alcon Seeks Leave to Amend for a Legitimate Purpose ....................12

     C.    J&J Will Suffer No Undue Prejudice.................................................13

     D.    Alcon's Defenses Are Not Futile .......................................................15

IV.   **CONCLUSION** .............................................................................**20**

i

# TABLE OF AUTHORITIES

**Cases**                                                                                   **Page(s)**

*Affiliated Records Inc. v. Taylor*,
  C.A. No. 09-9938 (KBF), 2012 WL 1675589 (S.D.N.Y. May 14,
  2012) ...................................................................................................19

*Bechtel v. Robinson*,
  886 F.2d 644 (3d Cir. 1989) ................................................................13

*In re Burlington Coat Factory Sec. Litig.*,
  114 F.3d 1410 (3d Cir. 1997) ..............................................................16

*Cureton v. Nat'l Collegiate Athletic Ass'n*,
  252 F.3d 267 (3d Cir. 2001) ..........................................................13, 15

*E. Minerals & Chems. Co. v. Mahan*,
  225 F.3d 330 (3d Cir. 2000) ................................................................10

*E.E.O.C. v. Great Atl. & Pac. Tea Co.*,
  735 F.2d 69 (3d Cir. 1984) ..................................................................16

*Edwin L. Wiegand Co. v. Harold E. Trent Co.*,
  122 F.2d 920 (3d Cir. 1941) ................................................................19

*Evonik Degussa GMBH v. Materia Inc.*,
  C.A. No. 09-636 (NLH/JS), 2011 WL 13152274 (D. Del. Dec. 13,
  2011) ...................................................................................................12

*Foman v. Davis*,
  371 U.S. 178 (1962) and Fed. R. Civ. ...............................................9, 13

*Home Semiconductor Corp. v. Samsung Elecs. Co.*,
  C.A. No. 13-2033-RGA, 2019 WL 2135858 (D. Del. May 16,
  2019) ...................................................................................................10

*ICU Med., Inc. v. RyMed Techs., Inc.*,
  674 F. Supp. 2d 574 (D. Del. 2009).............................................9, 10, 13

*Inline Connection Corp. v. AOL Time Warner Inc.*,
  237 F.R.D. 361 (D. Del. 2006) ............................................................11

*Interplan Architects, Inc. v. C.L. Thomas, Inc.*,
   C.A. No. 08-03181, 2010 WL 4366990 (S.D. Tex. Oct. 27, 2010) .................18

*Leader Techs. Inc. v. Facebook, Inc.*,
   C.A. No. C.A. No. 08-862-LPS, 2010 WL 2545959 (D. Del. June
   24, 2010) ................................................................................................10

*Lipocine Inc. v. Clarus Therapeutics, Inc.*,
   C.A. No. 19-622 (WCB), 2020 WL 4794576 (D. Del. Aug. 18,
   2020) ..............................................................................................13, 15

*MLMC, Ltd. v. Airtouch Commun., Inc.*,
   C.A. No. 99-0781-SLR, 2001 WL 1414269 (D. Del. Nov. 1, 2001) ...............17

*Petrella v. Metro-Goldwyn-Mayer, Inc.*,
   572 U.S. 663 (2014).......................................................................................16

*Roquette Freres v. SPI Pharma, Inc.*,
   C.A. No. 06-540-GMS, 2009 WL 1444835 (D. Del. May 21, 2009) ...............10

*SunPower Corp. v. PaneClaw, Inc.*,
   C.A. No. 12-1633-MPT, 2016 WL 5107029 (D. Del. Sep. 19,
   2016) ................................................................................................12

*Tolliver v. McCants*,
   684 F. Supp. 2d 343 (S.D.N.Y. 2010) .............................................................19

*VICI Racing, LLC v. T-Mobile USA, Inc.*,
   763 F.3d 273 (3d Cir. 2014) ...........................................................................18

*WebXchange Inc. v. Dell Inc.*,
   C.A. No. 08-132-JJF, 2010 WL 256547 (D. Del. Jan. 20, 2010)..................9, 10

**Rules**

Fed. R. Civ. P. 12(b)(6).........................................................................................16

Fed. R. Civ. P. 15(a)(2) ...............................................................................1, 9, 13

Fed. R. Civ. P. 16(b)(4)...............................................................................1, 9, 10

## I.   NATURE AND STAGE OF THE PROCEEDINGS AND SUMMARY OF THE ARGUMENTS

Defendants/Counterclaim-Plaintiffs Alcon[1] respectfully request the Court's leave, pursuant to Federal Rules of Civil Procedure 15(a)(2) and 16(b)(4),[2] to amend its Answer to Plaintiffs/Counterclaim-Defendants J&J's[3] copyright claim to incorporate three additional defenses: laches/delay with regard to J&J's requested equitable relief, failure to mitigate, and acquiescence.

It is well established that "a party may amend its pleading only with . . . the court's leave" and that "[t]he court shall freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  To determine whether leave to amend should be granted, courts address four considerations, each of which favors amendment here.

*First*, with regard to diligence in pursuing amendment, Alcon has diligently pursued discovery into J&J's delay following the Court's ruling at the May 2021 hearing.   In denying J&J's preliminary injunction motion, the Court found in relevant part that J&J's six-year delay in bringing suit after inspecting a LenSx in

---

[1]   "Alcon" collectively refers to Alcon Inc., Alcon Vision, LLC, Alcon Research, LLC, and Alcon Laboratories, Inc.

[2]   The deadline set in the Scheduling Order for motions to amend the pleadings was June 16, 2021.  D.I. 61 at 11.

[3]   "J&J" collectively refers to AMO Development, LLC, AMO Manufacturing USA, LLC, AMO Sales and Services, Inc., and Johnson & Johnson Surgical Vision, Inc.

2014 undercut its claim of irreparable harm.  Ex. A, May 13, 2021 Tr. at 348:19–22.
Nonetheless, at the same hearing, the Court granted J&J's motion to strike certain
defenses, including acquiescence (at issue here), but noted that it would grant Alcon
leave to amend once additional discovery had been gathered.  *Id*. at 355:10–18.
Since then, Alcon has persistently fought for discovery regarding J&J's delay in
filing suit following the 2014 inspection and only now has sufficient evidence to
bring this motion.

 ***Second***, with regard to Alcon's purpose in amending its Answer, Alcon seeks
to amend the Answer to include specific defenses related to J&J's delay in bringing
suit, the relevancy of which has already been recognized by this Court.  Thus, its
purpose is proper.

 ***Third***, with regard to prejudice to J&J, there is none.  J&J is in possession of
all relevant facts and documents related to Alcon's defenses, and it has been on
notice that Alcon intends to rely on J&J's delay to defend against J&J's copyright
claims since at least Alcon's March 11, 2021 opposition to J&J's preliminary
injunction motion.  Moreover, Alcon's outstanding requests for production already
seek documents concerning J&J's delay, and discovery remains in a relatively early
stage with only one third-party deposition having been taken.  Thus, J&J will not be
prejudiced by Alcon's amendment.

*Fourth*, with regard to futility, all three of Alcon's proposed defenses are viable and rest on the same underlying facts: J&J's investigation of a LenSx device in 2014 and subsequent decision not to assert a copyright claim for over six years, instead acquiescing in Alcon's actions and needlessly allowing significant potential damages to accrue during the period of its delay.

Good cause exists because Alcon has diligently pursued discovery into these critical delay-related defenses.  Accordingly, Alcon respectfully requests that its motion be granted.

## II.   STATEMENT OF FACTS

### A.   The Parties' Prior Pleadings Regarding Copyright Issues

J&J filed its first Complaint against Alcon in June 2020, asserting only patent-infringement claims.  D.I. 1 at 14–95.  A month later, in July 2020, J&J sent Alcon a notice letter ("J&J's July 2020 Notice Letter") accusing Alcon of copyright infringement.  As discussed below, J&J had been aware of the alleged infringement for approximately six years, but it chose not to tell Alcon until its 2020 letter, in which it claimed that "the installed version of the LenSx software (at least as of version 2.20.02) exhibits an overwhelming number of telltale signs of copying[.]" Ex. B at 2 (July 14, 2020 Letter from W. Foust to D. Endicott).  On September 28, 2020, J&J filed an Amended Complaint asserting its copyright-infringement claim. *See* D.I. 16 at 156–57.  In October 2020, Alcon answered the Amended Complaint,

asserting numerous defenses to the copyright claim, including the equitable defenses of consent, waiver, acquiescence, and estoppel.  D.I. 23 at 79 (Eleventh Defense).  Alcon also reserved the right to assert "any additional defenses or counterclaims that discovery may reveal."  *Id*.

On November 20, 2020, J&J moved to strike Alcon's equitable defenses, arguing that they were "deficient because Alcon pleads no facts in support."  D.I. 33 at 3.  Then, on February 4, 2021, J&J moved for a preliminary injunction based on Alcon's alleged copyright infringement.  *See generally*, D.I. 42, 43.  In preparing to respond to that motion, Alcon uncovered J&J's 2014 investigation of Alcon's software, and argued that J&J's six-year delay in filing suit precluded a finding of irreparable harm and, thus, no injunction should issue.  D.I. 79 at 5–9; *see also* D.I. 81 ¶¶ 7–8.

During the May 13, 2021 hearing, the Court denied J&J's motion on at least that basis.  The Court also took up J&J's strike motion at the end of the hearing, asking whether Alcon would voluntarily withdraw the challenged affirmative defenses.  The Court indicated it would grant Alcon leave to amend the pleadings to reintroduce those defenses upon a showing of good cause.  Ex. A, May 13, 2021 Tr. at 354:24–356:10.  Alcon stated it would withdraw the defenses at issue and the Court granted the strike motion the next day.  May 14, 2021 Oral Order.

**B.** **Discovery Reveals J&J's 2014 Inspection of a LenSx Device and** ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

Discovery has now revealed sufficient facts to demonstrate that good cause exists to amend the pleadings to assert laches/delay, failure to mitigate, and acquiescence. Based on statements in J&J's July 2020 Notice Letter and Amended Complaint, Alcon in January 2021 sought discovery of the facts surrounding J&J's pre-suit inspection of a LenSx. Interrogatory No. 5 sought the identification of "each and every LenSx system . . . that J&J has ever possessed, inspected, or viewed," and asked J&J to provide the underlying facts related to any such investigation(s). *See* Ex. C at 1–2. Separately, Interrogatory No. 17 sought the details of "J&J's considerations in when to bring suit, including how and when J&J first learned of the alleged [] copyright infringement." *Id.* at 4.

J&J's first response to Interrogatory No. 5 in February 2021 simply stated that "J&J Vision has inspected a LenSx machine with version 2.20.02 of the LenSx software," Ex. C at 2, a fact already apparent from the Amended Complaint. *See* D.I. 16 at ¶ 98.

On February 4, 2021, J&J moved for a preliminary injunction. In preparing to respond to that motion, Alcon independently learned J&J had inspected a LenSx machine in 2014. That discovery provided the basis for Alcon's opposition to J&J's preliminary-injunction motion on the ground that the delay in filing suit demonstrated J&J had not suffered irreparable harm. *See* D.I. 81 ¶¶ 7–8.

5

In March 2021, J&J admitted it had acquired and inspected a LenSx system in 2014 ███████████████████. Ex. C at 3. Although J&J's responses remained deficient, it was the first time J&J acknowledged it conducted an inspection six years prior to filing the Amended Complaint. Yet that response added little to what Alcon had already independently uncovered and revealed to J&J.

During the same May 13, 2021 hearing where the Court addressed J&J's motion to strike Alcon's defenses, the Court found in relevant part: (i) J&J failed to show it would suffer irreparable harm without an injunction, particularly because "there was [a] delay" in bringing suit, (ii) "J&J was in possession as of 2014, of all the information it had that justified in its mind its assertion as of July 14, 2020, that there was a copyright violation," and (iii) "[t]here is no evidence that . . . J&J took steps to give notice to Alcon that its software was in violation of the copyright act to allow it to correct the situation." Ex. A, May 13, 2021 Tr. at 348:11–350:10. However, J&J offered little explanation about *why* it delayed. Because of that, Alcon continued to pursue discovery to determine why J&J delayed bringing suit, or even notified Alcon of its claims, for six years.

Five months after the hearing, and after several meet-and-confers regarding J&J's deficient discovery responses, J&J supplemented its responses to Interrogatory Nos. 5 and 17 in October 2021, stating that Brent Schellhase conducted the 2014 inspection and identifying under Rule 33(d) ████████████████

6

████████████████████████████ Ex. C at 3–4.  Again, that Mr. Schellhase was

involved added nothing, as **Alcon** had provided that information **to J&J** in March.

*See* D.I. 81 ¶¶ 7–8.  J&J further stated, ████████████████████████

████████████████████████████████████████████████

███████████████.  Abbott Medical Optics did not proceed with litigation at that

time."  Ex. C at 6.  J&J also identified J&J in-house counsel Sanjesh Sharma as

having responsive information.  *Id*. at 10.  This was the first time Alcon learned ███

████████████████████████████████████████████████

████████████████.  A few weeks later, on November 4, 2021, J&J further supplemented

Interrogatory No. 5 to identify Matthew Kraai as another individual who participated

in the 2014 Investigation.  Ex. D at 4.  These facts provided additional support that

███████████████████████████████████████████ yet delayed bringing suit and

took no effort to mitigate damages.

Furthermore, after Alcon again pressed J&J to identify documents related to

the 2014 Investigation, J&J finally produced a privilege log regarding the 2014

Investigation on November 4, 2021.  The log revealed that at least ██████████████

████████████████████████████████████████████████

████████████████████████████████████ were involved in the 2014

Investigation, which ██████████████████.  *See* Ex. E, Ex. F.  None of these facts

appeared in J&J's responses to Alcon's interrogatories.

The privilege log failed to adequately disclose facts regarding the scope of the 2014 Investigation, such as what was actually done during the inspection, what similarities in the object code were observed, what the people performing the inspection concluded, and to whom the results of the inspection were communicated, nor did it disclose business considerations from management that contributed to J&J's decision not to bring suit,[4] such as whether the code was considered to be of little value or that J&J "could tolerate [some] copying."  Ex. A, May 13, 2021 Tr. at 323:16–24.

In order to uncover additional facts to support its defenses of laches/delay, failure to mitigate, and acquiescence defenses, Alcon moved to compel.  D.I. 217. During a hearing on that motion, however, Magistrate Judge Hall declined to compel J&J to supplement its responses on the basis that *J&J* does not intend to rely on the 2014 Investigation to support its infringement claims (even though Alcon intends to rely on the 2014 Investigation to support the defenses at issue).  Ex. G, Dec. 17, 2021 Tr. at 34:16–38:6.  Instead, both Judge Hall and J&J appeared to suggest that Alcon should have enough to plead its defenses at this time.  *Id*. at 27:23–28:15.

---

[4]   J&J alleged that many of these facts are contained in J&J's July 2020 Notice Letter, *see* Ex. G, Dec. 17, 2021 Tr. at 26:4–8 (citing what is attached hereto as Ex. B as containing relevant facts), but neither J&J's July 2020 Notice Letter nor J&J's interrogatory responses make clear that the purported facts identified in J&J's 2020 Letter were a result of the 2014 Investigation.

Despite J&J's efforts to shield from discovery relevant facts about its 2014 Investigation and decision not to bring suit, and in light of Judge Hall's ruling, Alcon now possesses sufficient facts to adequately plead defenses of laches/delay, failure to mitigate, and acquiescence defenses based on its diligence in pursuing discovery.

## III.   ARGUMENT

Under Rule 15, "[t]he district court has discretion in granting a motion to amend," and "the court should freely give leave when justice so requires." *ICU Med., Inc. v. RyMed Techs., Inc.*, 674 F. Supp. 2d 574, 577 (D. Del. 2009) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962) and Fed. R. Civ. P. 15(a)(2)). "Amendment should ordinarily be permitted absent a showing of 'undue delay, bad faith or dilatory motive on the part of the movant … undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc.'" *Id.* (quoting *Foman*, 371 U.S. at 182 and Fed. R. Civ. P. 15(a)(2)). In addition, "[a]fter a pleading deadline has passed, the Third Circuit requires a showing of good cause in order to amend." *WebXchange Inc. v. Dell Inc.*, C.A. No. 08-132-JJF, 2010 WL 256547, at *2 (D. Del. Jan. 20, 2010).

Here, as discussed below, Alcon meets the requirements of both Rules 15(a)(2) and 16(b)(4) because (a) Alcon has been diligent in pursuing amendment; (b) amendment is brought for a proper purpose; (c) amendment will not prejudice J&J; and (d) amendment would not be futile. *See Foman*, 371 U.S. at 182;

*ICU Med.*, 674 F. Supp. 2d at 577–78.  This case fits within the well-established authority in the Third Circuit that amendments to pleadings should be liberally granted so that cases are "decided on the merits rather than on technicalities." *Leader Techs. Inc. v. Facebook, Inc.*, C.A. No. C.A. No. 08-862-LPS, 2010 WL 2545959, at *3 (D. Del. June 24, 2010); *see also ICU Med.*, 674 F. Supp. 2d at 577 (Third Circuit has "a liberal policy favoring the amendment of pleadings").

### A.  Good Cause Exists Because Alcon Was Diligent in Seeking Leave

If a motion for leave to amend the pleadings is filed after the date permitted under the Scheduling Order, the moving party must separately show "good cause." Fed. R. Civ. P. 16(b)(4); *see also E. Minerals & Chems. Co. v. Mahan*, 225 F.3d 330, 340 (3d Cir. 2000).   This analysis "hinges on diligence of the movant." *WebXchange*, 2010 WL 256547, at *2; *see also Roquette Freres v. SPI Pharma, Inc.*, C.A. No. 06-540-GMS, 2009 WL 1444835, at *4 (D. Del. May 21, 2009) ("The good cause element requires the movant to demonstrate that, despite diligence, the proposed claims could not have been reasonably sought in a timely manner.").  This Court has found good cause to amend the pleadings when the plaintiff moved to do so within three months or more of uncovering new evidence to support its claim. *See Home Semiconductor Corp. v. Samsung Elecs. Co.,* C.A. No. 13-2033-RGA, 2019 WL 2135858, at *5 (D. Del. May 16, 2019) (motion to amend pleadings filed three months after meet-and-confer); *see also WebXchange*, 2010 WL 256547, at *2

10

(finding good cause when Defendant filed motion to amend pleadings on May 27, 2009 based on evidence uncovered in February or March 2009); *Inline Connection Corp. v. AOL Time Warner Inc.*, 237 F.R.D. 361, 366–70 (D. Del. 2006) (motion filed more than two years later).

Here, there is no question Alcon acted diligently. Alcon timely presented equitable defenses in its Answer in October 2020. D.I. 23 at 79. Beginning in January 2021, Alcon attempted to discover facts in support of its equitable defenses through interrogatories and other discovery requests. *See* Ex. C. As a direct result of J&J's consistent refusal to provide all of the information it possessed in its interrogatory responses, Alcon did not learn until J&J's October 2021 supplementation of any of the circumstances surrounding J&J's inspection of a LenSx system or that ███████████████████████████████████ ███ .

And it was not until November 2021, when J&J first provided Alcon with a privilege log, that Alcon first learned the extent of J&J's 2014 Investigation, even though the privilege log only contained facts that J&J had previously refused to disclose in response to valid interrogatories.

It was based on these newly discovered facts that J&J's knowledge of infringement—and acquiescence to that infringement—could squarely be inferred. But J&J continued to shield additional, material facts from discovery relevant to its

11

delay.  Alcon therefore moved to compel.  Any additional delay caused by such diligence should not penalize Alcon.  *See Evonik Degussa GMBH v. Materia Inc.*, C.A. No. 09-636 (NLH/JS), 2011 WL 13152274, at *4 (D. Del. Dec. 13, 2011) ("Plaintiff should not be penalized because it prudently waited to obtain key deposition testimony before filing its proposed amendment.").

Although Alcon still believes J&J is improperly shielding from discovery evidence relevant to Alcon's delay-related defenses, Alcon's motion to compel was denied on December 17, 2021.  Alcon filed this motion within weeks (notwithstanding the intervening holidays).  As a result of Alcon's diligence, good cause to amend exists here.  *See SunPower Corp. v. PaneClaw, Inc.*, C.A. No. 12-1633-MPT, 2016 WL 5107029, at *2 (D. Del. Sep. 19, 2016) (finding good cause to amend based on information learned in discovery even after pleading-amendment deadline).

## B.   Alcon Seeks Leave to Amend for a Legitimate Purpose

Alcon seeks leave to amend for the legitimate purpose of addressing J&J's calculated decision not to bring suit or otherwise inform Alcon of its alleged copyright infringement for six years.  Alcon has assiduously sought discovery to establish the facts concerning J&J's purposeful delay to support its defenses, and brought this motion as soon as it was practicable to do so.  Thus, there is no "bad faith or dilatory motive" on the part of Alcon, and this factor weighs in favor of

12

granting leave to amend.  *ICU Med.*, 674 F. Supp. 2d at 577 (quoting *Foman*, 371 U.S. at 182).

### C.  J&J Will Suffer No Undue Prejudice

J&J will suffer no undue prejudice from Alcon's proposed amendment.  "The burden of proof on the issue of prejudice under Rule 15(a)(2) is on the non-moving party[.]"  *Lipocine Inc. v. Clarus Therapeutics, Inc.*, C.A. No. 19-622 (WCB), 2020 WL 4794576, at *6 (D. Del. Aug. 18, 2020).  But J&J "must do more than merely claim prejudice; it must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments been timely."  *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) (internal marks omitted); *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001) (the district court must consider "whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories.").

Courts in this Circuit have repeatedly refused to find undue prejudice when a party seeks to amend the pleadings based on newly discovered evidence.  For instance, in *Werner v. Werner*, the Third Circuit found that non-moving parties would not suffer prejudice from amending the pleadings based on newly discovered documents because the non-movants had "access to the [documents] and they presumably know about the documents because they produced them in the first

place." 267 F.3d 288, 297 (3d Cir. 2001). Likewise, in *Alcoa Inc. v. Alcan Rolled Prod.-Ravenswood LLC*, the Court found no prejudice in amending the pleadings because the amendment "should be of no surprise" to the non-movant and did not "open[] the door to additional burdensome discovery." C.A. No. 06-451-JFB-SRF, 2017 WL 5957104, at *4 (D. Del. Dec. 1, 2017).

Here, Alcon put J&J on notice that equity should foreclose or limit damages for any copyright infringement when Alcon presented its Eleventh Defense, which included defenses of consent, waiver, acquiescence and estoppel. *See* D.I. 23 at 79. J&J also knew since January 2021 that Alcon sought to discover facts to support these defenses related to J&J's pre-suit investigation and six-year delay in bringing suit. *See* Ex. I at 23. And J&J knew that it was in exclusive possession of the underlying facts themselves: (1) that it conducted an extensive investigation of Alcon's LenSx system in 2014, *see* Ex. C at 3; (2) that it ███████████████ ████████████████████████████, yet failed to notify Alcon of that conclusion until J&J's July 2020 Notice Letter, *see* Ex. B; and (3) that it likely decided not to inform Alcon of the purported copying in 2014 because J&J determined the code was of little business value.

Amending the pleadings to include Alcon's equitable defenses would not prejudice J&J. A non-moving party may be prejudiced if there is substantial "additional discovery, cost, and preparation to defend against new facts or new

theories." *Cureton*, 252 F.3d at 273.  In *Lipocine*, however, this Court found that a plaintiff would not suffer undue prejudice from amended pleadings that asserted defenses of inequitable conduct because "the plaintiff . . . has access to all the information that is pertinent to its case: the issues of intent and materiality ordinarily turn on evidence in the patentee's possession and do not require factual discovery." *Lipocine*, 2020 WL 4794576, at *7.  Here, J&J has in its possession all of the facts necessary to support or negate these defenses because they depend upon J&J's own 2014 Investigation and subsequent conduct.  But even if additional discovery is necessary, the parties are still in the midst of fact discovery, and thus J&J is in no way foreclosed from presenting its own facts or evidence opposing these defenses.  Only one deposition has taken place (of a third-party witness not relevant to this issue) and Alcon's outstanding requests for production already seek from J&J documents related to these defenses.  *See, e.g.*, Ex. H (No. 81 seeks "All Documents concerning Your investigation or reverse engineering of the LenSx Source Code, including without limitation the factual bases for the allegations in Mr. Warren Foust's July 14, 2020 correspondence to Alcon and the Amended Complaint.").  J&J thus cannot be prejudiced by any amendment.

### D.    Alcon's Defenses Are Not Futile

Finally, Alcon's proposed defenses are not futile.  "An amendment is futile if it is frivolous, fails to state a claim upon which relief can be granted, or advances a

claim or defense that is legally insufficient on its face." *Alcoa*, 2017 WL 5957104, at *5 (internal citations and marks omitted); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). This "is the same standard of legal sufficiency applicable under Fed. R. Civ. P. 12(b)(6)." *Alcoa*, 2017 WL 5957104, at *5.

Here, each of Alcon's defenses is properly pleaded. ***First***, with regard to laches and delay, the Supreme Court has held that "a plaintiff's delay can ***always be brought to bear*** at the remedial stage, in determining appropriate injunctive relief, and in assessing the 'profits of the infringer . . . attributable to the infringement.'" *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 668 (2014). Accordingly, this Court relied in part on J&J's undue six-year delay in denying J&J preliminary injunctive relief. Ex. A, May 13, 2021 Tr. at 348:11–50:10. Although J&J's delay already can be properly considered in denying J&J equitable relief, Alcon seeks to amend its Answer out of an abundance of caution to make clear that it is relying on J&J's delay.

Moreover, to the extent laches remains a defense (as opposed to a factor in the equitable remedy determination), it requires that Alcon demonstrate only a "(1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense." *E.E.O.C. v. Great Atl. & Pac. Tea Co.*, 735 F.2d 69, 80 (3d Cir. 1984). Regarding the first element, as discussed above, J&J has

16

admitted that, ██████████████████████████████████████████████

██████████████████████████████ "Abbott Medical Optics did not proceed

with litigation at that time."  Ex. C at 6.  As this Court already found, the resulting

six-year delay revealed a lack of diligence by J&J.  *See* Ex. A, May 13, 2021 Tr. at

348:19–22.  Thus, Alcon has alleged facts that would establish the first prong of its

defense.

Regarding the second element, Alcon's prejudice is clear from J&J's

exorbitant damages claims.  *See MLMC, Ltd. v. Airtouch Commun., Inc.*, C.A. No.

99-0781-SLR, 2001 WL 1414269, at *5 (D. Del. Nov. 1, 2001) ("Economic

prejudice may arise where a defendant and possibly others will suffer the loss of

monetary investments or incur damages which likely would have been prevented by

earlier suit.") (internal citation omitted).  J&J seeks damages not just from the sale

or placement of a LenSx device, including devices sold during the six years it failed

to pursue its copyright infringement claims, but also from every single procedure

performed on that device for 10–15 years after the date of placement.  Ex. A, May

13, 20212 Tr. at 27:6-28:19.   And although Magistrate Judge Hall correctly

recognized that copyright claims are subject to a three-year statute of limitations,

J&J has not committed to that narrowing of damages.  Ex. G, December 17, 2021

Hearing Tr. at 40:4–11 ("we're not conceding that we're only entitled to damages

going back three years from when we filed suit.").  Thus, had J&J brought its claims

in 2014, rather than 2020, the potential damages window would be six years shorter. The prejudice to Alcon is self-evident.

**Second**, with regard to J&J's failure to mitigate damages, any "damages award should be limited" by J&J's failure "to take reasonable measures to mitigate its loss." *VICI Racing, LLC v. T-Mobile USA, Inc.*, 763 F.3d 273, 300–01 (3d Cir. 2014). In making that determination, courts consider "whether mitigation was feasible, what measures to limit damages were reasonable under the circumstances, and whether [J&J] took sufficient measures to mitigate." *Id.* Because J&J asserted its 2020 copyright claims based upon the same evidence available to it in 2014–2015, there is sufficient evidence that J&J failed to mitigate any damages and allowed damages to accrue between 2014 and 2020. *See* Ex. B at 2–4; *Interplan Architects, Inc. v. C.L. Thomas, Inc.*, C.A. No. 08-03181, 2010 WL 4366990, at *48 (S.D. Tex. Oct. 27, 2010) (denying summary judgment as to failure to mitigate damages defense to of copyright claim because "Defendant cites as evidence Plaintiff's discovery of the allegedly wrongful activity in March 2006 and failing to do anything for over two years until the initiation of this lawsuit in October 2008."). Had J&J notified Alcon of its copyright infringement claims in 2014, Alcon would have had the opportunity to, for example, revise its code to avoid the alleged infringement, avoiding multiple years of potential damages. Although J&J's failure to mitigate its damages should be considered regardless of Alcon's pleading, Alcon

out of abundance of caution seeks to amend its pleading so that there is no dispute that Alcon has placed J&J's failure at issue.

**Third**, with regard to acquiescence, the Third Circuit describes acquiescence as "consent, whether express or implied . . . with knowledge of the infringement." *Edwin L. Wiegand Co. v. Harold E. Trent Co.*, 122 F.2d 920, 925 (3d Cir. 1941). Such consent can be established by a plaintiff's delay in bringing a copyright action. *See, e.g., id.* (plaintiff barred from bringing an action for copyright infringement due to three years of acquiescence); *Affiliated Records Inc. v. Taylor*, C.A. No. 09-9938 (KBF), 2012 WL 1675589, at *4 (S.D.N.Y. May 14, 2012) (granting Defendant's motion for summary judgement because "evidence establishes that plaintiff acquiesced or implicitly (at least) consented" to copyright infringement); *see also Tolliver v. McCants*, 684 F. Supp. 2d 343, 347 (S.D.N.Y. 2010) (recognizing acquiescence as an equitable defense available in copyright).

Here, J&J's 2014 Investigation ███████████████████████████ ██████████████████████████████████████████████████ Moreover, Alcon asserts that, as a result of that investigation, J&J knew Alcon was infringing the J&J copyrights but nevertheless elected not to inform Alcon or bring an action to vindicate J&J's alleged rights because it decided to tolerate the alleged copying of code that had little to no value. *See, e.g.*, Ex. A, May 13, 2021 Tr. at 323:16–24.

Such allegations are sufficient to state an acquiescence defense.   Accordingly, Alcon's defenses are not futile.

## IV.   CONCLUSION

Because Alcon acted diligently in pursuing discovery and amendment related to its viable copyright claim defenses and because there is no prejudice to J&J, Alcon respectfully requests that the Court grant its motion to amend.

Respectfully,

/s/ John W. Shaw
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
*Attorneys for Alcon Inc.,*
*Alcon Vision, LLC,*
*Alcon Laboratories, Inc. and*
*Alcon Research, LLC*

OF COUNSEL:
Jeanne M. Heffernan
KIRKLAND & ELLIS LLP
401 Congress Avenue
Austin, TX 78701
(512) 678-9123

Gregg F. LoCascio
Sean M. McEldowney
Noah S. Frank
Hannah L. Bedard
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 389-5000

Caroline Lourgos
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000

Kristen P.L. Reichenbach
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
(415) 439-1400

Joshua L. Simmons
Matthew A. Lembo
KIRKLAND & ELLIS LLP
601 Lexington Ave
New York, NY 10022
(212) 390-4573

Dated: January 18, 2022

## <u>WORD COUNT CERTIFICATION</u>

Pursuant to the Court's November 6, 2019 Standing Order, I hereby confirm that this brief complies with the type and number limitations set forth in the Standing Order. I certify that this document contains 4,689 words, which were counted using the word count feature in Microsoft Word, in 14-point Times New Roman font. The word count does not include the cover page, table of contents and authorities, or the counsel blocks.

*/s/ John W. Shaw*
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
*Attorneys for Alcon Inc.,*
*Alcon Vision, LLC,*
*Alcon Laboratories, Inc. and*
*Alcon Research, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I, John W. Shaw, hereby certify that on January 18, 2022, this document was

served on the persons listed below in the manner indicated:

<u>BY EMAIL</u>

Jack B. Blumenfeld
Brian P. Egan
MORRIS, NICHOLS, ARSHT
  & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
began@mnat.com

Roger J. Chin
Allison Harms
Joseph R. Wetzel
Kristine W. Hanson
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 491-0600
roger.chin@lw.com
allison.harms@lw.com
joe.wetzel@lw.com
kris.hanson@lw.com

Michael A. Morin
Matthew J. Moore
Rachel Weiner Cohen
Sarang V. Damle
Holly K. Victorson
Carolyn M. Homer
Susan Y. Tull
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
(202) 637-2200
michael.morin@lw.com
matthew.moore@lw.com
rachel.cohen@lw.com
sy.damle@lw.com
holly.victorson@lw.com
carolyn.homer@lw.com
susan.tull@lw.com

S.Giri Pathmanaban
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
(650) 328-4600
giri.pathmanaban@lw.com

*/s/ John W. Shaw*

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Alcon Inc.,*
*Alcon Vision, LLC,*
*Alcon Laboratories, Inc. and*
*Alcon Research, LLC*