# EXHIBIT C

## HIGHLY CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

AMO DEVELOPMENT, LLC, AMO MANUFACTURING USA, LLC and AMO SALES AND SERVICE, INC.,

Plaintiffs,

v.

ALCON VISION, LLC, ALCON LABORATORIES, INC. and ALCON RESEARCH, LLC,

Defendants.

C.A. No. 20-842 (CFC) (JLH)

[redacted]

ALCON INC., ALCON RESEARCH, LLC, and ALCON VISION, LLC,

Defendants and Counterclaim Plaintiffs,

v.

AMO DEVELOPMENT, LLC, AMO MANUFACTURING USA, LLC, AMO SALES AND SERVICE, INC. and JOHNSON & JOHNSON SURGICAL VISION, INC.,

Plaintiffs and Counterclaim Defendants.

**PLAINTIFFS' SECOND SUPPLEMENTAL RESPONSE TO DEFENDANTS' INTERROGATORY NOS. 5 AND 17**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs and Counterclaim Defendants AMO Development, LLC, AMO Manufacturing USA, LLC, AMO Sales & Service, Inc., and Counterclaim Defendant Johnson & Johnson Surgical Vision, Inc. (collectively, "J&J Vision") hereby provide their second supplemental response to Defendants and Counterclaim Plaintiffs Alcon Vision, LLC and Alcon Research, LLC, Defendant Alcon Laboratories, Inc., and Counterclaim Plaintiff Alcon, Inc.'s (collectively, "Alcon") Interrogatories Nos. 5 and 17.

## GENERAL OBJECTIONS

1. J&J Vision incorporates by reference its General Objections to Alcon's First Set of Interrogatories (Nos. 1-20) served on February 10, 2021.

## INTERROGATORY RESPONSES

### INTERROGATORY NO. 5:

Identify each and every LenSx system or component, or software, including but not limited to Source Code, that J&J has ever possessed, inspected, or viewed, and provide the following information about each of them: the quantity J&J possessed, inspected, or viewed, the people at J&J who possessed, inspected, or viewed them, the date, source, and other circumstances under which each Person at J&J came to possess, inspect, or view them, every use of them, all testing, evaluation, analysis, observation, or reverse engineering involving them, and all Documents

referring or relating to them, and the identity by production number of all Documents referring or relating to the facts requested herein.

**RESPONSE TO INTERROGATORY NO. 5:**

J&J Vision incorporates its General Objections as if fully asserted herein. J&J Vision objects to the Interrogatory as overbroad and unduly burdensome in that it seeks information concerning "each and every" LenSx system or component that "any Person" at J&J Vision has ever "viewed," as well as "all Documents" concerning the same. J&J Vision further objects to the term "viewed" as vague and ambiguous. J&J Vision objects to the Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, work product immunity, or any other applicable privilege or protection.

Subject to and without waiving its General and Specific Objections, J&J Vision responds as follows: J&J Vision has inspected a LenSx machine with version 2.20.02 of the LenSx software installed.

J&J Vision expressly reserves all rights to supplement, revise, and/or amend its response to this Interrogatory as its investigation and discovery proceeds in accordance with the Federal Rules of Civil Procedure and the Scheduling Order.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5 (MARCH 3, 2021):**

J&J Vision incorporates by reference its objections and responses to this Interrogatory as set forth above.

Subject to and without waiving its objections, J&J Vision provides the following further response: In 2014, Abbott Medical Optics, Inc. ("AMO") obtained a used LenSx Laser system with version 2.20.02 of the LenSx [redacted] After receipt, AMO inspected the LenSx system at the direction of counsel. The first time that J&J Vision had access to and could inspect any version of the LenSx source code was in late November 2020, subject to the parties' confidentiality agreement.

J&J Vision expressly reserves all rights to supplement, revise, and/or amend its response to this Interrogatory as its investigation and discovery proceeds in accordance with the Federal Rules of Civil Procedure and the Scheduling Order.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5 (OCTOBER 29, 2021):**

J&J Vision incorporates by reference its objections and responses to this Interrogatory as set forth above.

Subject to and without waiving its objections, J&J Vision provides the following further response: In April 2014, at the direction of and in connection with discussions with legal counsel, Brent Schellhase inspected the LenSx Laser system, installed with the object code for LenSx version 2.20.02, that Abbott Medical Optics obtained from [redacted] However, J&J Vision did not have, and

could not inspect, any version of the LenSx source code until it was exchanged in this litigation in November 2020.

J&J Vision understands that Georg Schuele may have viewed the same LenSx machine that Abbott Medical Optics obtained from [redacted]

Pursuant to Fed. R. Civ. P. 33(d), J&J Vision states that information responsive to this Interrogatory can be found at least in the following documents: JJSV_00449380; JJSV_00449381; JJSV_00449382; JJSV_00449407; JJSV_00456669; JJSV_00456671; JJSV_00456673.

J&J Vision's investigation is ongoing. J&J Vision expressly reserves all rights to supplement, revise, and/or amend its response to this Interrogatory as its investigation and discovery proceeds in accordance with the Federal Rules of Civil Procedure and the Scheduling Order.

**INTERROGATORY NO. 17:**

Describe in detail J&J's considerations in when to bring suit, including how and when J&J first learned of the alleged patent and copyright infringement and any fact investigation conducted of Alcon's products or programs, identify persons most knowledgeable of the facts requested herein and the subject matter of each person's knowledge, and identify all Documents by production number referring or relating to the facts requested herein.

**RESPONSE TO INTERROGATORY NO. 17:**

J&J Vision incorporates its General Objections as if fully asserted herein. J&J Vision objects to the Interrogatory as compound, conjunctive, and containing subparts—specifically, in seeking information concerning both J&J Vision's patent and copyright claims in a single interrogatory, when they should be counted as two. J&J Vision objects to the Interrogatory as overbroad and unduly burdensome, for example, in seeking "all Documents." J&J Vision objects to the phrase "Alcon's products or programs" as vague and ambiguous. J&J Vision objects to the Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, work product immunity, or any other applicable privilege or protection.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 17 (MARCH 8, 2021):**

J&J Vision incorporates by reference its objections and responses to this Interrogatory as set forth above.

Subject to and without waiving its objections, and solely to the extent that the Interrogatory seeks information concerning any non-privileged facts relating to J&J Vision's pre-suit investigation of Alcon's infringement of J&J Vision's copyrights, J&J Vision provides the following further response: J&J Vision refers Alcon to Mr. Warren Foust's July 14, 2020 letter to Mr. David Endicott, its Amended Complaint (D.I. 16), and Plaintiffs' First Supplemental Response to Defendants' Interrogatory

No. 5, served on March 3, 2021, all which detail the non-privileged facts relating to J&J Vision's pre-suit investigation into Alcon's infringement of J&J Vision's copyrights.

J&J Vision expressly reserves all rights to supplement, revise, and/or amend its response to this Interrogatory as its investigation and discovery proceeds in accordance with the Federal Rules of Civil Procedure and the Scheduling Order.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 17 (OCTOBER 29, 2021):**

J&J Vision incorporates by reference its objections and responses to this Interrogatory as set forth above.

Subject to and without waiving its objections, J&J Vision provides the following further response:

In April 2014, at the direction of and in connection with discussions with legal counsel, Brent Schellhase inspected the LenSx Laser system, installed with the object code for LenSx version 2.20.02, that Abbott Medical Optics obtained from [redacted]&J Vision did not have, and could not inspect, any version of the LenSx source code until it was exchanged in this litigation in November 2020. [redacted] Abbott Medical Optics did not proceed with litigation at that time.

In February 2017, Johnson & Johnson completed the acquisition of Abbott Medical Optics.

[redacted] J&J Vision thereafter filed the complaint alleging infringement of the Palanker Patents on June 23, 2020. D.I. 1.

[redacted]

[redacted] J&J Vision filed an amended complaint adding allegations of infringement of the Culbertson Patents and of copyrights covering the IntraLase FS Model 2/Model 3 Software and the iFS Advanced Femtosecond Laser Software. D.I. 16.

After J&J Vision filed its First Amended Complaint, the parties engaged in a pre-discovery exchange of source code, through which the parties' outside counsel and approved experts received access on a highly confidential basis to both LenSx and iFS/IntraLase code in November 2020. The amount of code copied by Alcon, revealed by the source code review, was staggering: the independent experts discovered over 25,000 lines of code in the LenSx source code that were exactly identical to lines of code in earlier-developed iFS source code. D.I. 52 at 1, 6. That initial review further revealed that Alcon actively tried to cover its tracks by changing dates and comments in the code to make it seem like the code originated at Alcon, including changing comments in the code to remove references to dates in the code before the founding of LenSx Lasers Inc. *Id.* at 1, 6–7. However, because the copying was so pervasive, Alcon left other tell-tale signs of copying, such as identical typos and references to dates prior to the founding of LenSx Lasers Inc. *Id.* at 7–8. Alcon could not, and did not, dispute the significant amount of "overlapping" code, and the Court found that there is "powerful evidence" that "the

overlapping software lines were intentionally copied" and "knowingly concealed." D.I. 132-2 at 343:3–7. Accordingly, the Court determined that J&J Vision was likely to succeed on the merits on its software copyright claims. *Id.* at 346:12–13.

During discovery in this case, J&J Vision for the first time uncovered further theft of its intellectual property in connection with Alcon's technical documentation and FDA filings, which are submitted confidentially to the FDA and not publicly released. On May 19, 2021, third party Peter Goldstein produced certain documents purporting to be documentation relating to the LenSx system. Examination of such documentation, and further investigation of documentation later produced by Alcon, revealed striking similarities to the iFS system documentation. For example, a "Software Architecture Description" document submitted by Alcon to the FDA in 2009 (ALCON_LENSX044001) has pages of content identical to that included in an iFS document (JJSV_00133829), including technical and architectural diagrams that bear similarities that can only reasonably be explained by copying. D.I. 141 ¶ 113. Examination of metadata within such documents also indicated that certain such documents originated at IntraLase Corp., not LenSx Lasers Inc. or Alcon. *Id.* As another example, the operator's manual for the LenSx system included warnings and descriptions of safety features identical to the iFS Laser operator's manual. *Id.* ¶ 115. J&J Vision amended its complaint to add copyright infringement claims

to address this copying of certain LenSx FDA 510(k) submissions and technical documentation. *Id.* ¶¶ 112–117, 456–464.

J&J Vision identifies in-house counsel Sanjesh Sharma as an individual believed to have knowledge about this situation, however, Ms. Sharma is not believed to have material non-privileged information.

J&J Vision expressly reserves all rights to supplement, revise, and/or amend its response to this Interrogatory as its investigation and discovery proceeds in accordance with the Federal Rules of Civil Procedure and the Scheduling Order.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Anthony D. Raucci*

Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
Anthony D. Raucci (#5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com
araucci@morrisnichols.com

*Attorneys for Plaintiffs and Counterclaim-Defendants AMO Development, LLC, AMO Manufacturing USA, LLC, AMO Sales and Service, Inc. and Johnson & Johnson Surgical Vision, Inc.*

OF COUNSEL:

Michael A. Morin
Matthew J. Moore
Sarang V. Damle
Rachel Weiner Cohen
Susan Y. Tull
Carolyn M. Homer
Holly K. Victorson
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
(202) 637-2200

Roger J. Chin
Joseph R. Wetzel
Kristine W. Hanson
Allison Harms
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 491-0600

S.Giri Pathmanaban
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
(650) 328-4600

October 29, 2021

**CERTIFICATE OF SERVICE**

I hereby certify that on October 29, 2021, copies of the foregoing were caused to be served upon the following in the manner indicated:

John W. Shaw, Esquire *VIA ELECTRONIC MAIL*
Karen E. Keller, Esquire
David M. Fry, Esquire
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
*Attorneys for Defendants*
*and Counterclaim-Plaintiffs*

Jeannie Heffernan, Esquire *VIA ELECTRONIC MAIL*
Joshua L. Simmons, Esquire
Matthew A. Lembo, Esquire
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
*Attorneys for Defendants*
*and Counterclaim-Plaintiffs*

Caroline Lourgos, Esquire *VIA ELECTRONIC MAIL*
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
*Attorneys for Defendants*
*and Counterclaim-Plaintiffs*

Kristen P.L. Reichenbach, Esquire *VIA ELECTRONIC MAIL*
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
*Attorneys for Defendants*
*and Counterclaim-Plaintiffs*

*VIA ELECTRONIC MAIL*

Noah S. Frank, Esquire
Gregg LoCascio, Esquire
Sean M. McEldowney, Esquire
Hannah L. Bedard, Esquire
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, NW
Washington, DC 20004
*Attorneys for Defendants*
*and Counterclaim-Plaintiffs*

*/s/ Anthony D. Raucci*

Anthony D. Raucci (#5948)