IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMO DEVELOPMENT, LLC, AMO MANUFACTURING USA, LLC, and AMO SALES AND SERVICE, INC., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | **Redacted – Public Version** |
| v. | ) ) | C.A. No. 20-842-CFC-JLH |
| ALCON VISION, LLC, ALCON LABORATORIES, INC., and ALCON RESEARCH, LLC, | ) ) ) ) ) | ██████████████ |
| Defendants. | ) | |
| ALCON, INC., ALCON RESEARCH, LLC and ALCON VISION, LLC, | ) ) ) | |
| Defendants and Counterclaim Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| AMO DEVELOPMENT, LLC, AMO MANUFACTURING USA, LLC, AMO SALES AND SERVICE, INC. and JOHNSON & JOHNSON SURGICAL VISION, INC. | ) ) ) ) ) ) | |
| Plaintiffs and Counterclaim Defendants. | ) ) ) | |

**LETTER TO THE HONORABLE JUDGE HALL**
**FROM JOHN W. SHAW**

OF COUNSEL:
Jeanne M. Heffernan
KIRKLAND & ELLIS LLP
401 Congress Avenue
Austin, TX 78701
(512) 678-9123

Gregg F. LoCascio
Sean M. McEldowney
Noah S. Frank
Hannah L. Bedard
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 389-5000

Joshua L. Simmons
Matthew A. Lembo
KIRKLAND & ELLIS LLP
601 Lexington Ave
New York, NY 10022
(212) 390-4573

Caroline Lourgos
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000

Kristen P.L. Reichenbach
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
(415) 439-1400

Dated: March 11, 2022

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
arussell@shawkeller.com
nhoeschen@shawkeller.com

*Attorneys for Alcon Inc.,*
*Alcon Vision, LLC,*
*Alcon Laboratories, Inc. and*
*Alcon Research, LLC*



John W. Shaw
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
(302) 298-0701 – Direct
jshaw@shawkeller.com

March 11, 2022

**BY CM/ECF & HAND DELIVERY**
The Honorable Jennifer L. Hall
United States District Court
844 N. King Street
Wilmington, DE 19801

**Redacted - Public Version**



> *Re: AMO Development, LLC, et al. v. Alcon LenSx, Inc., et al.,*
>     C.A. No. 20-842-CFC-JLH

Dear Judge Hall:

In its response to Alcon's motion to compel, J&J falsely claims that Alcon could have obtained all non-privileged facts surrounding the 2014 inspection. D.I. 306 at 2–3. During fact depositions, Alcon tried on three separate occasions to do so: during the depositions of Mr. Schellhase and Mr. Kraai (two J&J software engineers involved in the 2014 inspection) and Mr. Andrew Pang (J&J's corporate designee on the facts concerning the 2014 LenSx inspection and the factual basis for the July 2020 letter where J&J first notified Alcon of J&J's copyright allegations). Mr. Pang's deposition took place the day after Alcon's motion was filed and reinforces the need for Court intervention. J&J's selective citation to just one passage from the Pang deposition puts the issue of what really occurred at that deposition squarely before the Court. Alcon respectfully submits this letter for the Court to have a complete factual record on the pending motion to compel. Fed. R. Evid. 106.

Mr. Pang's testimony as J&J's corporate designee makes clear that J&J's improper privilege assertions have prevented Alcon from obtaining the non-privileged facts in J&J's possession regarding the 2014 inspection and whether that information formed the basis for the 2020 notice letter to Alcon. Ex. H at 86:19–93:5, 99:14–100:21 (testifying generally that ███████████████████████████████████████████████████████████████████████); 93:22–97:23 (allowing testimony as to similarities, but claiming privilege over whether differences existed); 102:21–105:14, 106:1–107:2 (preventing verification of which facts in the 2020 notice letter were known by J&J in 2014). In fact, it reveals that J&J has affirmatively prevented the disclosure of non-privileged facts by refusing to adequately prepare its witnesses and having its witnesses simply say they do not remember the details about the 2014 inspection. Despite Mr. Pang's personal receipt of the Schellhase report in 2014 and obligation to provide J&J's corporate knowledge about the facts discovered in that inspection, Mr. Pang chose not to look into and was not shown the report in preparation of his deposition. Ex. H at 39:18–42:22, 43:7–15, 45:8–14, 54:1–25. Instead, J&J and Mr. Pang limited his preparation to reviewing a few unidentified company documents and select passages from the 2022 deposition testimony of Mr. Schellhase. *Id.* at 50:2–16, 51:19–52:5, 56:7–14, 57:24–58:5. Mr. Pang even went so far as to claim that ██████████████████████████████████████████████████████████████████████

S HAW  K ELLER LLP
Page 2

██████████.   *Id.* at 47:24–49:22.[1]   The impropriety of J&J's approach and Mr. Pang's preparation is manifest in the following passage:

> Q.   Mr. Pang, an inspection was done in 2014 by Mr. Schellhase.  Did his inspection reveal in 2014 any references to function names and data objects identical between the iFS code and the LenSx code?
>
> A.   ████████████████████
>
> Q.   If we wanted to know the answer to that question, how could we find out?
>
> A.   ████████████████████████████████████
>
> Q.   Okay.  And if Mr. Schellhase says, "I don't remember," it's your view that it's just – that's it?  There's no way to know?
>
> A.   ████████████████████████████████████████████████

*Id.* at 96:24–97:23 (objections omitted).  J&J and Mr. Pang know full well that this is not the extent of the "███████████████████████"—instead, they have shielded that information from discovery by not providing the 2014 inspection report to its author and its corporate designee in preparation for their depositions.

This is improper as a matter of law.  J&J had a duty to prepare Mr. Pang to testify regarding the full scope of his designated topics, even if that meant providing him the information contained in a report over which they (improperly) claim privilege.  *See United States ex rel. Barko v. Halliburton Co.*, 2015 WL 13670876, at *4 (D.D.C. Jan. 10, 2015) ("The fact that KBR conducted an internal investigation and funneled the contents of that investigation through its general counsel office does not absolve KBR from properly responding to the Rule 30(b)(6) notice."); *Wilson v. Lakner*, 228 F.R.D. 524, 529 (D. Md. 2005) (noting that even if a particular document is privilege, "a designated witness or witnesses must still be prepared to respond to the 30(b)(6) notice…. [I]t is simply no answer to a 30(b)(6) deposition notice to claim that relevant documents or investigations are privileged and that therefore no knowledgeable witness can be produced.").  By failing to properly prepare Mr. Pang, and instead limiting his preparation to the scant information he and Mr. Schellhase could independently remember from eight years ago, J&J has prohibited Alcon from learning all the non-privileged facts in J&J's possession regarding the 2014 inspection.  Contrary to J&J's assertion that "Alcon has provided no basis to think there is additional relevant non-privileged information," D.I. 306 at 3, J&J knows that such information exists and is intentionally hiding it.

J&J cannot simultaneously contend that it was not aware of and could not have uncovered Alcon's purported copying with reasonable diligence in 2014 while shielding the knowledge that it actually possessed in 2014 from its own corporate designee and from Alcon in discovery.  Mr.

---

[1] Conveniently for J&J, Mr. Schellhase could not remember numerous details of the investigation in his 2022 deposition because he, too, was not provided his 2014 notes or inspection report in preparation for his deposition.  D.I. 300, Ex. B at 104:16–22, 109:9–23, 113:11–115:14, 116:11–117:17, 117:24–121:1; D.I. 306-1, Ex. 6 at 203:12–207:8, 210:4–214:17.

SHAW KELLER LLP
Page 3

Pang's deposition testimony further supports Alcon's request to compel J&J to produce the report and provide complete testimony on the facts contained therein and in the possession of J&J.

Respectfully submitted,

*/s/ John W. Shaw*

John W. Shaw (No. 3362)


cc:    Clerk of the Court (via CM/ECF & hand delivery)
        Counsel of Record (via CM/ECF & electronic mail)

# EXHIBIT H

**Redacted in its entirety**