IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMO DEVELOPMENT, LLC, AMO MANUFACTURING USA, LLC, and AMO SALES AND SERVICE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ALCON VISION, LLC, ALCON LABORATORIES, INC., and ALCON RESEARCH, LLC, <br><br> Defendants. <br><br> ALCON, INC., ALCON RESEARCH, LLC and ALCON VISION, LLC, <br><br> Counterclaim Plaintiffs, <br><br> v. <br><br> AMO DEVELOPMENT, LLC, AMO MANUFACTURING USA, LLC, AMO SALES AND SERVICE, INC. and JOHNSON & JOHNSON SURGICAL VISION, INC., <br><br> Counterclaim Defendants. | **REDACTED - PUBLIC VERSION** <br><br> C.A. No. 20-842-CFC-JLH |

**ALCON'S BRIEF IN SUPPORT OF ITS MOTION
TO EXCLUDE CERTAIN EXPERT TESTIMONY
(NO. 1) OF DR. KATHRYN HATCH, M.D.**

OF COUNSEL:
Jeanne M. Heffernan
Kirkland & Ellis llp
401 Congress Avenue
Austin, TX 78701
(512) 678-9123

Gregg F. LoCascio
Sean M. McEldowney
Noah S. Frank
Kelly Tripathi
Kirkland & Ellis llp
1301 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 389-5000

Joshua L. Simmons
Kirkland & Ellis llp
601 Lexington Ave
New York, NY 10022
(212) 390-4573

Caroline Lourgos
Kirkland & Ellis llp
300 North LaSalle
Chicago, IL 60654
(312) 862-2000

Kristen P.L. Reichenbach
Kirkland & Ellis llp
555 California Street
San Francisco, CA 94104
(415) 439-1400

Dated: August 19, 2022

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
Shaw Keller llp
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
arussell@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Alcon Inc.,
Alcon Vision, LLC,
Alcon Laboratories, Inc. and
Alcon Research, LLC*

# TABLE OF CONTENTS

Page(s)

I. Nature and Stage of the Proceedings ...............................................................1

II. Summary of Argument .....................................................................................2

III. Statement of Facts.............................................................................................2

IV. Legal Standards ................................................................................................4

V. Argument ..........................................................................................................5

    A. Dr. Hatch's opinion ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
       should be excluded as unqualified and unreliable ................................5

       1. Dr. Hatch is unqualified to offer such an opinion ......................5

       2. Dr. Hatch provides no reliable support for such an opinion ................................................................................6

    B. Dr. Hatch provides no reliable methodology to support her opinions on what decision-makers consider and what other physicians prefer in FLACS devices.......................................................9

VI. Conclusion ......................................................................................................10

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                   **Page(s)**

*360Heros, Inc., v. GoPro, Inc.*,
   No. 17-cv-1302-MFK-CJB (D. Del. Mar. 30, 2022)..............................................9

*Calhoun v. Yamaha Motor Corp.*,
   350 F.3d 316 (3d Cir. 2003) .................................................................................4

*Daubert v. Merrell Dow Pharms., Inc.*,
   509 U.S. 579 (1993)..............................................................................................4

*Diaz v. Jonson Matthey, Inc.*,
   893 F. Supp. 358 (D.N.J. 1995) ............................................................................6

*Ferris v. Pa. Fed'n Bhd.*,
   153 F. Supp. 2d 736 (E.D. Pa. 2001)....................................................................6

*Gen. Elec. Co. v. Joiner*,
   522 U.S. 136 (1997)...........................................................................................5, 6

*Mahmood v. Narciso*,
   549 F. App'x 99 (3d Cir. 2013) ........................................................................4, 8

*Meadows v. Anchor Longwall*,
   306 F. App'x 781 (3d Cir. 2009) ..........................................................................7

*In re Paoli R.R. Yard PCB Litig.*,
   35 F.3d 717 (3d Cir. 1994) ...................................................................................8

*Reger v. A.I. duPont Hosp.*,
   259 F. App'x 499 (3d Cir. 2008) ..........................................................................7

*Waldorf v. Shuta*,
   142 F.3d 601 (3d Cir. 1998) .................................................................................5

**Rules**

Federal Rule of Evidence 702..................................................................................4

\* All emphasis added, and citations and marks omitted, unless otherwise indicated.

ii

I.  **NATURE AND STAGE OF THE PROCEEDINGS**

J&J[1] asserts that the accused LenSx device competes with J&J's Catalys device. D.I. 141 ¶¶1, 78. Both products are femtosecond laser-assisted cataract surgery ("FLACS") devices that may be used to remove a clouded lens of the eye, which is then replaced with an artificial intraocular lens ("IOL"). ▋ ▋ for a given procedure, one manufacturer's IOL can be, and often is, used in a procedure performed with another manufacturer's FLACS device. ▋ ▋ Nonetheless, J&J's ophthalmic expert, Kathryn Hatch, M.D., offers opinions about ▋ ▋ She further opines about what ▋ and what ▋ ▋

Dr. Hatch's opinions suffer from two fatal flaws. *First*, Dr. Hatch is not qualified to provide these opinions because they do not concern the practice of medicine, but rather provider administration. She is not a healthcare administrator, ▋ She has neither negotiated ▋ to purchase a ▋ nor even seen such a ▋

---

[1] "J&J" collectively refers to AMO Development, LLC, AMO Manufacturing USA, LLC, and AMO Sales and Service, Inc.

1



Nonetheless, she assumes that discounts on ▮ are included in ▮ ▮ ***Second***, Dr. Hatch's opinions are not based on any reliable methodology, ▮ ▮ Dr. Hatch then extrapolates from her beliefs to what other doctors prefer, ▮ ▮ And although Dr. Hatch alleges that her opinions are formed by ▮ she could not name ▮ that informed her opinions. Because Dr. Hatch's opinions lack an appropriate basis and are outside her expertise, they should be excluded.

## II.  SUMMARY OF ARGUMENT

***First***, Dr. Hatch's expertise as an ophthalmologist does not qualify her to opine ▮, and her opinions on ▮ are unreliable, and are also unsupported.

***Second***, Dr. Hatch is not qualified to opine on what other people think, consider, or prefer; and her opinions on what other people think, consider, or prefer are not helpful to the jury and are unreliable.

## III.  STATEMENT OF FACTS

Kathryn Hatch, J&J's ophthalmic expert, submitted two expert reports in this Action. A1701–50, Hatch Op. Rpt.; A1752–74, Hatch Rpl. Rpt. Two of Dr. Hatch's opinions are germane to this motion.

2

First, Dr. Hatch opines on the purported ▮▮▮▮▮ ▮▮▮▮▮ She concludes ▮▮▮ ▮▮▮▮ stating that a hospital or ASC ▮▮▮▮▮ . A1732–33, Hatch Op. Rpt. ¶¶80-81; A1752–74, Hatch Rpl. Rpt. ¶¶12-16, 39-45.  This opinion is based solely on Dr. Hatch's ▮▮▮ ▮▮▮ which she purportedly gained ▮▮▮ ▮▮▮ But Dr. Hatch could not ▮▮▮ ▮▮▮ Indeed, she cites ▮▮ in support and admits she ▮▮▮ ▮▮▮ ▮

Second, Dr. Hatch opines as to what other people consider or prefer, including what ▮▮▮▮▮ ▮▮▮▮. ▮ ▮▮▮ She offers no ▮▮ for these opinions.  Instead, they merely

3

reflect what she "[REDACTED]

[REDACTED] Likewise, although Dr. Hatch offers opinions on [REDACTED]

[REDACTED]  [REDACTED]

[REDACTED]

Dr. Hatch further opines that [REDACTED]

[REDACTED] She appears to base this opinion on the fact that she, personally, is "[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED] Indeed, she was clear that she is ***not*** speaking [REDACTED]

and [REDACTED] to determine whether her supposition was correct.

[REDACTED]

## IV.   LEGAL STANDARDS

Under Federal Rule of Evidence 702, the party offering an expert must prove that the expert meets the "trilogy of restrictions on expert testimony: qualification, reliability and fit."  *Calhoun v. Yamaha Motor Corp.*, 350 F.3d 316, 321 (3d Cir. 2003); Fed. R. Evid. 702; *see also Mahmood v. Narciso*, 549 F. App'x 99, 102 (3d Cir. 2013).  Testimony failing any part of this trilogy must be excluded.  *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993).

## V. ARGUMENT

This is the quintessential case where this Court should exercise its gatekeeping function to exclude Dr. Hatch's unqualified testimony that rests on nothing other than her *ipse dixit*. *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997). Dr. Hatch's opinions that FLACS and IOL sales are linked and that decision-makers and physicians consider or prefer certain features in a FLACS device should be excluded as unqualified and unreliable.

### A. Dr. Hatch's opinion ▮▮▮▮▮ should be excluded as unqualified and unreliable

#### 1. *Dr. Hatch is unqualified to offer such an opinion*

Dr. Hatch's opinion that there are ▮▮▮▮▮ should be struck because it falls outside her area of expertise as a clinical ophthalmologist. ▮▮▮ *see Waldorf v. Shuta*, 142 F.3d 601, 625 (3d Cir. 1998) (explaining that a proffered expert lacking "specialized knowledge regarding the areas of testimony" fails the qualification requirement). Dr. Hatch provides ▮▮▮ for this opinion, ▮▮▮ instead relying on her ▮▮▮ But Dr. Hatch is a clinician, ▮▮▮ not an administrator. ▮▮▮ She does not ▮▮▮

5

████████ Indeed, Dr. Hatch considers ████████

She has never acquired a ████████ She has never even ████████

Indeed, her own admission that she ████████ makes clear that these ████████ are outside her expertise. Dr. Hatch is therefore unqualified to provide such testimony. *See Gen. Elec.*, 522 U.S. at 146; *see also, Ferris v. Pa. Fed'n Brotherhood of Maintenance of Way Emp.*, 153 F. Supp. 2d 736, 743-44 (E.D. Pa. 2001) (pathologist unqualified to opine on cause of depression and anxiety); *Diaz v. Johnson Matthey, Inc.*, 893 F. Supp. 358, 372-73 (D.N.J. 1995) (pulmonologist unqualified to opine on cause of platinum allergy).

    2.    *Dr. Hatch provides no reliable support for such an opinion*

Lacking any personal experience ████████ Dr. Hatch relies on ████████ to form her opinion that ████████ But when asked about the basis for her opinions that ████████

6

████████████████████, Dr. Hatch cited ████████████████, not her own. ████████████████ She further conceded that ██ ████████████████████████████████████████ ████████████████████████████████████████

Those same ████████████████████████████████ ████████████████ Dr. Hatch is neither a ████████████████ A1806, *id*. at 121:18-24.  Moreover, Dr. Hatch could not point to a single ████████████████████████████ that informed her opinion, and even ██ ████████████████████████████████████, instead justifying her opinion regarding the relationship between ████ and ████ on the assertion that ████████████████████████████ ████████████████████████████████████████ ████████████████ That is not how experts form reliable opinions. *See, e.g.*, *Reger v. A.I. duPont Hosp.*, 259 F. App'x 499, 500 (3d Cir. 2008) ("Quite simply, [Dr.] Hannan's *ipse dixit* does not meet Rule 702's reliability requirement" because "his opinion . . . was not supported by citation or reference to any scientific data or texts" but rather "his subjective belief."); *Meadows v. Anchor Longwall*, 306 F. App'x 781, 790 (3d Cir. 2009) ("[T]he analytical gap between the data and the opinion proffered is too great and is connected only by the *ipse dixit* of the expert, not by any evidence").

7

In the final paragraph of her reply report, Dr. Hatch attempts to salvage her speculation—with more speculation. Dr. Hatch claims she ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Notably, Dr. Hatch never saw the ▬▬▬ that purportedly included ▬▬▬ along with the purchase ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬ Nonetheless, she speculates that the ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Yet, when pressed on the basis for her opinion regarding ▬▬▬ Dr. Hatch admitted ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬ Dr. Hatch's speculation ▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬ is ripe for exclusion.

Accordingly, this Court should exclude as unreliable Dr. Hatch's opinions that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. *See In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 742 (3d Cir. 1994) (explaining an expert's testimony is unreliable where based on "subjective belief or unsupported speculation" as opposed to "methods and procedures of science"); *Mahmood*, 549 F. App'x at 103 (affirming exclusion of testimony that "scarcely contained analysis").

### B. Dr. Hatch provides no reliable methodology to support her opinions on ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

Dr. Hatch's opinions regarding ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ should also be excluded as unreliable. Dr. Hatch opines on what *other people* consider, prefer, or think. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ But as Dr. Hatch admitted, she speaks ▇▇▇▇ and ▇▇▇▇▇▇▇▇ nor ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Indeed, courts hold that to offer such opinions, an expert "would surely have been required to have surveyed the viewpoints of a broad array of stakeholders . . . so that [she] could speak with authority on those stakeholders' wants and needs." *See 360Heros, Inc., v. GoPro, Inc.*, No. 17-cv-1302-MFK-CJB, D.I. 301, at 53 (slip op.) (D. Del. Mar. 30, 2022) (excluding testimony as impermissible lay testimony). But Dr. Hatch ▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇ A1782, Hatch Tr. 23:11-18. Therefore, she cannot opine on others' preferences.

## VI. CONCLUSION

Because Dr. Hatch is a clinical ophthalmologist opining without support on subjects outside of her clinical expertise, Alcon respectfully requests exclusion of her testimony to that effect.

Respectfully submitted,

/s/ Andrew E. Russell
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
arussell@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Alcon Inc., Alcon Vision, LLC, Alcon Laboratories, Inc. and Alcon Research, LLC*

OF COUNSEL:
Jeanne M. Heffernan
KIRKLAND & ELLIS LLP
401 Congress Avenue
Austin, TX 78701
(512) 678-9123

Gregg F. LoCascio
Sean M. McEldowney
Noah S. Frank
Kelly Tripathi
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 389-5000

Joshua L. Simmons
KIRKLAND & ELLIS LLP
601 Lexington Ave
New York, NY 10022
(212) 390-4573

Caroline Lourgos
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000

Kristen P.L. Reichenbach  
KIRKLAND & ELLIS LLP  
555 California Street  
San Francisco, CA 94104  
(415) 439-1400  

Dated: August 19, 2022

## WORD COUNT CERTIFICATION

The undersigned counsel hereby certifies that Alcon's Brief in Support of Its Motion to Exclude Certain Expert Testimony (No. 1) of Dr. Kathryn Hatch, M.D. contains 2,180 words excluding the cover page, tables and signature blocks, as counted by Microsoft Word, in 14-point Times New Roman font. Alcon's case dispositive motions and *Daubert* motions combined contain 12,500 words or less.

/s/ *Andrew E. Russell*
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
arussell@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Alcon Inc.,*
*Alcon Vision, LLC,*
*Alcon Laboratories, Inc. and*
*Alcon Research, LLC*

## **CERTIFICATE OF SERVICE**

I, Andrew E. Russell, hereby certify that on August 19, 2022, this document was served on the persons listed below in the manner indicated:

**BY EMAIL**

Jack B. Blumenfeld
Brian P. Egan
MORRIS, NICHOLS, ARSHT
 & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
began@mnat.com

Roger J. Chin
Allison Harms
Joseph R. Wetzel
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 491-0600
roger.chin@lw.com
allison.harms@lw.com
joe.wetzel@lw.com

P. Anthony Sammi
Rachel Renee Blitzer
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
tony.sammi@lw.com

Michael A. Morin
Matthew J. Moore
Rachel Weiner Cohen
Sarang V. Damle
Holly K. Victorson
Carolyn M. Homer
Susan Y. Tull
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
(202) 637-2200
michael.morin@lw.com
matthew.moore@lw.com
rachel.cohen@lw.com
sy.damle@lw.com
holly.victorson@lw.com
carolyn.homer@lw.com
susan.tull@lw.com

S.Giri Pathmanaban
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
(650) 328-4600
giri.pathmanaban@lw.com

Aaron Macris
LATHAM & WATKINS LLP
200 Clarendon Street
Boston, MA 02116
(617) 948-6000
aaron.marcris@lw.com

*/s/ Andrew E. Russell*
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
arussell@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendants*