IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMO DEVELOPMENT, LLC, AMO MANUFACTURING USA, LLC, and AMO SALES AND SERVICE, INC., | ) ) ) ) |
| Plaintiffs, | ) ) **REDACTED - PUBLIC VERSION** ) |
| v. | ) ) **C.A. No. 20-842-CFC-JLH** |
| ALCON VISION, LLC, ALCON LABORATORIES, INC., and ALCON RESEARCH, LLC, | ) ) ) ) ) |
| Defendants. | ) ) |
| ALCON, INC., ALCON RESEARCH, LLC and ALCON VISION, LLC, | ) ) ) |
| Counterclaim-Plaintiffs, | ) ) |
| v. | ) ) |
| AMO DEVELOPMENT, LLC, AMO MANUFACTURING USA, LLC, AMO SALES AND SERVICE, INC. and JOHNSON & JOHNSON SURGICAL VISION, INC., | ) ) ) ) ) ) |
| Counterclaim-Defendants. | ) |

**DEFENDANT ALCON'S BRIEF IN SUPPORT OF ITS MOTIONS TO PRECLUDE CERTAIN EXPERT TESTIMONY (NOS. 2, 3) OF PLAINTIFF'S TECHNICAL EXPERTS, DR. DOUGLAS SCHMIDT AND MR. NIKOLAUS BAER**

OF COUNSEL:
Jeanne M. Heffernan
KIRKLAND & ELLIS LLP
401 Congress Avenue
Austin, TX 78701
(512) 678-9123

Gregg F. LoCascio
Sean M. McEldowney
Noah S. Frank
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 389-5000

Joshua L. Simmons
KIRKLAND & ELLIS LLP
601 Lexington Ave
New York, NY 10022
(212) 390-4573

Kristen P.L. Reichenbach
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
(415) 439-1400

Caroline Lourgos
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000

Dated: August 19, 2022

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
arussell@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Alcon Inc.,*
*Alcon Vision, LLC,*
*Alcon Laboratories, Inc. and*
*Alcon Research, LLC*

# <u>TABLE OF CONTENTS</u>

**Page(s)**

I.   Nature and Stage of the Proceedings ................................................................. 1

II.  Summary of Argument ...................................................................................... 1

III. Statement of Facts ............................................................................................ 2

IV.  Legal Standards ................................................................................................ 3

V.   Argument .......................................................................................................... 4

VI.  Conclusion ........................................................................................................ 7

i

# TABLE OF AUTHORITIES

**Cases**                                                                    **Page(s)**

*Berckeley Inv. Grp., Ltd. v. Colkitt*,
    455 F.3d 195 (3d Cir. 2006) .................................................................3

*Daubert v. Merrell Dow Pharm., Inc.*,
    509 U.S. 579 (1993)..............................................................................3

*FedEx Ground Package Sys., Inc. v. Applications Int'l Corp.*,
    695 F. Supp. 2d 216 (W.D. Pa. 2010)...................................................4

*Feist Pubs., Inc. v. Rural Telephone Serv. Co.*,
    499 U.S. 340 (1991)..............................................................................6

*Inline Connection Corp. v. AOL Time Warner Inc.*,
    2007 WL 275928 (D. Del. Jan. 29, 2007) ............................................5

*Interplan Architects, Inc. v. C.L. Thomas, Inc.*,
    2010 WL 4065465 (S.D. Tex. Oct. 9, 2010) ........................................4

*Jeff Benton Homes v. Alabama Heritage Homes, Inc.*,
    929 F. Supp. 2d 1231 (N.D. Ala. 2013).................................................4

*Liqwd, Inc, v. L'Oreal USA*,
    2019 WL 8014103 (D. Del. June 25, 2019) ..........................................5

*Orbital Eng'g, Inc. v. Buchko*,
    2022 WL 44744 (W.D. Pa. Jan. 5, 2022) ..............................................5

*Orner v. Nat'l Beef Packaging Co.*,
    2015 WL 8334544 (M.D. Pa. Dec. 9, 2015)..........................................4

*Purohit v. Legend Pictures, LLC*,
    448 F. Supp. 3d 382 (D. Del. 2020).......................................................6

*Sundance, Inc. v. DeMonte Fabricating Ltd.*,
    550 F.3d 1356 (Fed. Cir. 2008) ............................................................4

*Sprint Commc'ns Co. L.P. v. Cox Commc'ns Inc.*,
    302 F. Supp. 3d 597 (D. Del. 2017).......................................................5

*Whelan Assocs., Inc. v. Jaslow Dental Lab., Inc.*,
797 F.2d 1222 (3d Cir. 1986) ...........................................................................5, 6

**Rules**

Fed. R. Evid. 702, 704 ...............................................................................................3

\*All emphasis added, and citations and marks omitted, unless otherwise indicated.

## I.      NATURE AND STAGE OF THE PROCEEDINGS

J&J[1] served reports for two technical experts, Dr. Douglas Schmidt and Mr. Nikolaus Baer, both of whom opine that ███████████████████████ █████████████████████████████████████████████████████ ████████████████████████████████████████ These opinions should be excluded for two reasons.  First, they are legal conclusions that technical experts are not permitted to offer.  Second, rather than applying the legal meanings of these concepts, the experts used their own definitions, thereby failing to apply the correct legal standard.  As a result, their opinions invade the province of the Court to explain what the law is and are unreliable.  They should be excluded.

## II.     SUMMARY OF ARGUMENT

*First*, Dr. Schmidt's and Mr. Baer's opinions ████████████████████ ██████████████████████████ are legal conclusions that courts routinely exclude because they usurp the court's role in explaining the law to the jury.

---

[1]   "J&J" refers to AMO Development, LLC, AMO Manufacturing USA LLC, and AMO Sales and Service, Inc.

[2]   "Alcon" collectively refers to Alcon Inc., Alcon Vision, LLC, Alcon Research, LLC, and Alcon Laboratories, Inc.

*Second*, their opinions should be excluded because applying their own, incomplete definitions of these legal terms-of-art without using the correct legal standards would not be helpful to, and would confuse, the finder of fact.

## III.   STATEMENT OF FACTS



*Dr. Schmidt*, J&J's qualitative technical expert, submitted three expert reports in which he opined ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮ *See, e.g.*, A569-877, Schmidt Op. Rpt. ¶¶29, 95, 169, 204, 456; A1078-1348, Schmidt Rbl. Rpt. ¶¶4, 87, 94, 157, 205, 231, 240, 245, 249, 255, 264, 267, 273, 279, 367; A1377-1383, Schmidt Rpl. Rpt. ¶4.   Dr. Schmidt, however, does not know ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

A1569-70, Schmidt Tr. 61:15–24, 64:6–13 (▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮).

*Mr. Baer*, J&J's quantitative technical expert, submitted three expert reports, in which he opined ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮ A294, Baer Op. Rpt. ¶¶3-4; ▮▮▮▮▮▮▮▮▮

▮▮▮, A321-365, *id.* ¶¶74, 86, 158, 159; ▮▮▮▮▮▮▮▮▮▮▮

2

 A296, *id.* ¶6.  Instead of using the legal understanding of the term "substantial similarity," Mr. Baer ███████████████████ A413, Baer Tr. 17:5–10 (███████████████████████████ ███████████████████████████████).  Likewise, although Mr. Baer was asked to analyze ██████████████████████████, he admitted that he did not ████████████████████████████████ ████████ A486, *id.* at 307:14–308:11.  He also admitted that he ████████████ J&J's interrogatory response detailing the elements of the iFS code that even J&J admits are not protected by its copyrights.  A444, *id.* at 139:3–140:4.

## IV.   LEGAL STANDARDS

Expert testimony is admissible only if it will "assist the trier of fact to understand the evidence or to determine a fact in issue."  Fed. R. Evid. 702, 704; *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 599 (1993).  Thus, this Court "must ensure that an expert does not testify as to the governing law," *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 217 (3d Cir. 2006), as it "guards against an expert 'usurping [its] pivotal role in explaining the law to the jury,' prevents a witness from 'invading the province of the jury,' and avoids a party's 'attempting to introduce law as evidence.'"  *Orner v. Nat'l Beef Packaging Co.*, 2015 WL 8334544 at *6 (M.D. Pa. Dec. 9, 2015).

## V.    ARGUMENT

Dr. Schmidt and Mr. Baer opine on ████████████████████████████████████
████████████.  This is improper for two reasons.

***First***, experts in copyright cases may not opine on legal issues that the finder-of-fact will be charged to resolve.   *See FedEx Ground Package Sys., Inc. v. Applications Int'l Corp.*, 695 F.Supp.2d 216, 221 (W.D. Pa. 2010) (excluding expert's opinion that the plaintiff's copyrights were "infringed" as an improper legal conclusion); *Jeff Benton Homes v. Ala. Heritage Homes, Inc.*, 929 F.Supp.2d 1231, 1244 (N.D. Ala. 2013) (same, for concluding two works were "substantially similar"); *Interplan Architects, Inc. v. C.L. Thomas, Inc.*, 2010 WL 4065465 at *9 (S.D. Tex. Oct. 9, 2010) (same, for conclusions regarding authorship, ownership, and derivative works).[3]   As a result, Dr. Schmidt and Mr. Baer's conclusions as to

████████████████████████████████████████████████████████████████████

---

[3]   This contrasts with patent cases, where experts may be permitted to testify to ultimate issues such as non-infringement or invalidity because, in patent law, those issues are analyzed from the perspective of a person of ordinary skill in the art.   *See Sundance, Inc. v. DeMonte Fabricating Ltd.*, 550 F.3d 1356, 1361 n.3 (Fed. Cir. 2008).   In copyright cases, although expert testimony may be used to aid the trier of fact to "decide whether there is sufficient similarity between the two works in question to conclude that the alleged infringer used the copyrighted work in making his own," *Whelan Assocs., Inc. v. Jaslow Dental Lab., Inc.*, 797 F.2d 1222, 1232 (3d Cir. 1986), such testimony may not take the next step in telling the jury the ultimate conclusion that two works are, in fact, substantially similar.   *See Jeff Benton Homes*, 929 F.Supp.2d at 1244.

██████████████████████████████████████ are

improper legal opinions that are for the finders of fact, not J&J's experts, to

determine, and should be excluded.

**Second**, expert opinions that do not align with the legal principles that they

purport to apply are inadmissible as they are "unreliable." *Liqwd, Inc, v. L'Oreal*

*USA*, 2019 WL 8014103, at *5 (D. Del. June 25, 2019); *Sprint Commc'ns Co. v. Cox*

*Commc'ns Inc.*, 302 F.Supp.3d 597, 619–21, 624 (D. Del. 2017) (excluding expert's

testimony that "improperly applies legal principles, such as those relating to claim

construction, prosecution history estoppel, and double patenting" as it is "likely to

confuse a jury"); *Inline Connection Corp. v. AOL Time Warner Inc.*, 2007 WL

275928, at *4–5 (D. Del. Jan. 29, 2007) (excluding expert who applied incorrect

legal standard for enablement as "his opinion is not reliable"); *Orbital Eng'g, Inc. v.*

*Buchko*, 2022 WL 44744, at *3 (W.D. Pa. Jan. 5, 2022) (excluding expert who

applied incorrect definition of "willful misconduct" and "gross negligence").

Here, both Dr. Schmidt's and Mr. Baer's opinions fall victim to this problem.

To prove copyright infringement, J&J must prove, not just that the Alcon's LenSx

code contains copied iFS code, but that there are "substantial similarities" between

the two works. *See Whelan*, 797 F.2d at 1231. "This analysis requires the trier of

fact to filter out the unprotectable elements of the copyrighted work"—such as those

J&J copied from other sources or that are standard ways of writing the code—"and

compare the remaining elements with the accused work to see if the two are substantially similar." *See Purohit v. Legend Pictures, LLC*, 448 F.Supp.3d 382, 386 (D. Del. 2020).

J&J's experts did not do this. For example, Dr. Schmidt used ███████████ ████████████████████████ A1569, Schmidt Tr. 61:20–24. That definition, apparently invented from his own anecdotes, did not involve ███████████ ████████████████████████. A1569-70, *id.* 61:25–64:5. Thus, his opinions regarding ████████████ are unreliable for failing to follow the legal definition.

Similarly, Mr. Baer did not ████████████████████████████████ ████████████████████████████ For example, although it is black-letter copyright law that ideas are unprotectable, *Feist Pubs., Inc. v. Rural Telephone Serv. Co.*, 499 U.S. 340, 345 (1991) ("[n]o author may copyright his ideas"), Mr. Baer admitted that he did not consider ████████████████ ████████████████. A486, Baer Tr. 307:14–308:11. Strikingly, he also failed to consider ████████████████████████████████████ ████████████████████ A444, *id.* at 139:3–140:4. He did not even apply his approach consistently: for example, ████████████████████████ ████████████████████████████████████. *Compare* A445, *id.* at 142:5–23 (filtering ████████████████) *with* A459, *id.* at

6

198:14–20 (not filtering the same elements).  Thus, his conclusions are based on an analysis that is inconsistent with the law and, thus, also unreliable.

## VI.    CONCLUSION

It is not for J&J's experts to determine ████████████████████ ████████████████████████████████████████ ████████████████ These determinations belong to the Court and the jury. Because Dr. Schmidt's and Mr. Baer's opinions impermissibly usurp their roles and do not apply the relevant legal standards, they should be excluded.

Respectfully Submitted,

*/s/ Andrew E. Russell*
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
arussell@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Alcon Inc., Alcon Vision, LLC, Alcon Laboratories, Inc. and Alcon Research, LLC*

OF COUNSEL:
Jeanne M. Heffernan
KIRKLAND & ELLIS LLP
401 Congress Avenue
Austin, TX 78701
(512) 678-9123

Gregg F. LoCascio
Sean M. McEldowney
Noah S. Frank
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 389-5000

Joshua L. Simmons
KIRKLAND & ELLIS LLP
601 Lexington Ave
New York, NY 10022
(212) 390-4573

Kristen P.L. Reichenbach
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
(415) 439-1400

Caroline Lourgos
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000

Dated: August 19, 2022

## WORD COUNT CERTIFICATION

The undersigned counsel hereby certifies that Alcon's Motion to Preclude Certain Expert Testimony (Nos. 2, 3) contains 1,534 words excluding the cover page, tables and signature blocks, as counted by Microsoft Word, in 14-point Times New Roman font.   Defendants' case dispositive motions and *Daubert* motions combined contain 12,500 words or less.

*/s/ Andrew E. Russell*
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
arussell@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Alcon Inc., Alcon Vision,*
*LLC, Alcon Laboratories, Inc. and*
*Alcon Research, LLC*

9

## CERTIFICATE OF SERVICE

I, Andrew E. Russell, hereby certify that on August 19, 2022, this document

was served on the persons listed below in the manner indicated:

**BY EMAIL**

Jack B. Blumenfeld
Brian P. Egan
MORRIS, NICHOLS, ARSHT
  & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
began@mnat.com

Roger J. Chin
Allison Harms
Joseph R. Wetzel
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 491-0600
roger.chin@lw.com
allison.harms@lw.com
joe.wetzel@lw.com

P. Anthony Sammi
Rachel Renee Blitzer
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
tony.sammi@lw.com

Michael A. Morin
Matthew J. Moore
Rachel Weiner Cohen
Sarang V. Damle
Holly K. Victorson
Carolyn M. Homer
Susan Y. Tull
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
(202) 637-2200
michael.morin@lw.com
matthew.moore@lw.com
rachel.cohen@lw.com
sy.damle@lw.com
holly.victorson@lw.com
carolyn.homer@lw.com
susan.tull@lw.com

S.Giri Pathmanaban
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
(650) 328-4600
giri.pathmanaban@lw.com

Aaron Macris
LATHAM & WATKINS LLP
200 Clarendon Street
Boston, MA 02116
(617) 948-6000
aaron.marcris@lw.com

*/s/ Andrew E. Russell*

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
arussell@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendants*