IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMO DEVELOPMENT, LLC,<br>AMO MANUFACTURING USA, LLC,<br>and AMO SALES AND SERVICE,<br>INC.,<br><br>        Plaintiffs,<br><br>   v.<br><br>ALCON VISION, LLC, ALCON<br>LABORATORIES, INC., and ALCON<br>RESEARCH, LLC,<br><br>        Defendants.<br><br>ALCON, INC., ALCON RESEARCH,<br>LLC and ALCON VISION, LLC,<br><br>        Counterclaim Plaintiffs,<br><br>   v.<br><br>AMO DEVELOPMENT, LLC,<br>AMO MANUFACTURING USA, LLC,<br>AMO SALES AND SERVICE, INC.<br>and JOHNSON & JOHNSON<br>SURGICAL VISION, INC.,<br><br>        Counterclaim Defendants. | **REDACTED - PUBLIC VERSION**<br><br>C.A. No. 20-842-CFC-JLH |

**ALCON'S BRIEF IN SUPPORT OF ITS MOTION TO EXCLUDE
CERTAIN EXPERT TESTIMONY (NO. 4) OF
<u>MS. LAURA B. STAMM</u>**

OF COUNSEL:
Jeanne M. Heffernan
KIRKLAND & ELLIS LLP
401 Congress Avenue
Austin, TX 78701
(512) 678-9123

Gregg F. LoCascio
Sean M. McEldowney
Noah S. Frank
Kelly Tripathi
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 389-5000

Joshua L. Simmons
KIRKLAND & ELLIS LLP
601 Lexington Ave
New York, NY 10022
(212) 390-4573

Caroline Lourgos
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000

Kristen P.L. Reichenbach
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
(415) 439-1400

Dated: August 19, 2022

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
arussell@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Alcon Inc.,*
*Alcon Vision, LLC,*
*Alcon Laboratories, Inc. and*
*Alcon Research, LLC*

# TABLE OF CONTENTS

I. Nature and Stage of the Proceedings ............................................................... 1

II. Summary of the Argument .............................................................................. 2

III. Statement of Facts ............................................................................................ 2

IV. Legal Standards ................................................................................................ 4

V. Argument .......................................................................................................... 5

VI. Conclusion ........................................................................................................ 7

# **TABLE OF AUTHORITIES**

**Cases**

Page(s)

*Dash v. Mayweather*,
   731 F.3d 303 (4th Cir. 2013) .................................................................................7

*Exela Pharma Scis., LLC v. Eton Pharms., Inc.*,
   2022 WL 806524 (D. Del. Feb 8, 2022)..............................................................5, 7

*Leonard v. Stemtech Int'l Inc.*,
   834 F.3d 376 (3d Cir. 2016) ..................................................................................5

*Liqwd, Inc., v. L'Oreal USA*,
   2015 WL 6153754 (D. Del. June 25, 2019) .........................................................4

*Lowry Reps., Inc. v. Legg Mason, Inc.*,
   271 F.Supp.2d 737 (D. Md. 2003).....................................................................6, 7

*Mackie v. Rieser*,
   296 F.3d 909 (9th Cir. 2003) .................................................................................7

*Polar Bear Prods. v. Timex Corp.*,
   384 F.3d 700 (9th Cir. 2004) .................................................................................5

*Sprint Commc'ns Co. v. Cox Commc'ns Inc.*,
   302 F.Supp.3d 597 (D. Del. Nov. 9, 2017)...........................................................5

*William A. Graham Co. v. Haughey*,
   568 F.3d 425 (3d Cir. 2009) ..................................................................................5

**Rules**

Federal Rule of Evidence 702................................................................................5

\* All emphasis added, and citations and marks omitted, unless otherwise indicated.

I.      **NATURE AND STAGE OF THE PROCEEDINGS**

████████████ Alcon's LenSx device and intraocular lenses ("IOLs") are independent products: one manufacturer's IOL can be, and often is, used with another manufacturer's FLACS device. ████████████████████████

████████████ Nevertheless, J&J seeks to disgorge Alcon's profits on sales not only of LenSx (which uses software J&J accuses of copyright infringement), but also IOLs (which do not even have software).

To reach Alcon's IOL profits, J&J must show a causal nexus between the alleged infringement (which Ms. Stamm defines as ████████████████ and the IOL sales. Under Ms. Stamm's theory, J&J is entitled to disgorge profits from *every* Alcon IOL sold to every LenSx account over the past decade—totaling over ████████—simply because ████████████████████████
████████████████████████████████████████████
████████████████████████████████ Yet Ms. Stamm admits she ████████
████████████████████████████████████████████
████████████████████████████████

Ms. Stamm attempts to justify this overreach because she believes Alcon bears the burden to show which IOL sales ████████████████████████
████████████████████████████ That understanding is legally erroneous. J&J bears the burden of demonstrating how or why the revenues sought are

1

attributable to the infringement. Because Ms. Stamm's ▮▮▮▮ disgorgement figure rests on an incorrect understanding of the causal nexus requirement, it is unreliable and not tied to the facts of this case. Thus, Alcon respectfully requests it be excluded.

## II. SUMMARY OF THE ARGUMENT

Ms. Stamm's conclusion that J&J is entitled to disgorge profits from ▮▮▮▮ Alcon IOL sales is premised on a legally erroneous understanding of the burden borne by the copyright owner to show a causal nexus between the purported infringement and the revenues sought. The Court should therefore exclude her opinions as unreliable and not tied to the facts of this case.

## III. STATEMENT OF FACTS

J&J seeks to disgorge Alcon's sales of IOLs to LenSx accounts. As J&J admits, however, Alcon's LenSx device and IOLs are independent products. ▮▮▮▮ For example, ▮▮▮▮ and vice versa. ▮▮▮▮ Indeed, any brand of IOL can be used with any brand of FLACS device. ▮▮▮▮ A FLACS device need not be used at all in cataract surgery, but IOLs are used in every cataract surgery, regardless of whether a FLACS device is used or the surgery is performed manually. ▮▮▮▮ In fact, the overwhelming majority of IOLs

are implanted without the use of a FLACS device, ▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Nonetheless, Ms. Stamm asserts she has discovered a causal nexus between placement of a FLACS device and IOLs. Ms. Stamm's analysis of causal nexus focuses on the relationship between ▮▮▮▮▮▮ and ▮▮▮▮

▮▮▮▮▮▮ For instance, she assumes ▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮ Notably, Ms. Stamm does not opine that customers are more likely to purchase IOLs from the manufacturer of their cataract equipment because of the cataract equipment itself, *i.e.*, the LenSx, or its source code (which J&J accuses of infringement).

According to Ms. Stamm, Alcon's IOL sales are causally linked to LenSx placements in two ways: (1) ▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮ and (2) ▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮ A1949–50, *id.* ¶122. Ms. Stamm concludes that ▮▮▮▮ of Alcon's IOL revenue is attributable to these causal-nexus theories.[1] ▮▮▮▮

▮▮▮▮▮▮▮▮

---

[1]   Although Alcon disputes that there is a causal nexus for the ▮▮▮▮ IOL revenue Ms. Stamm identifies, that opinion is not the subject of this motion.

3

Nonetheless, Ms. Stamm opines ▓▓▓▓▓▓▓▓▓ Alcon's IOL revenue (every single Alcon IOL sold to a LenSx account over the past decade) is attributable to the placement of a LenSx and therefore subject to disgorgement. ▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Ms. Stamm provides no theory as to how the additional ▓▓▓▓▓▓ IOL revenue (over and above her ▓▓▓▓▓▓ calculation) is causally linked to LenSx placements, conceding she ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓ Indeed, she concedes her ▓▓▓▓▓ figure includes IOLs that are not even used in a LenSx procedure. ▓▓▓▓▓▓▓▓▓▓

Still, Ms. Stamm maintains J&J is entitled to disgorge all of Alcon's IOL revenue from LenSx accounts over the past decade, relying on her incorrect ▓▓▓▓▓▓▓▓ that she bears the burden of showing only that ▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and that Alcon bears the burden of showing which sales ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓

## IV. LEGAL STANDARDS

Courts in this District regularly exclude expert opinions based on an incorrect understanding of the law. "When an expert witness's 'understanding of the law is incorrect,' it can 'render[] [their] opinion unreliable.'" *Liqwd, Inc., v. L'Oreal USA*,

4

2015 WL 6153754, at *5 (D. Del. June 25, 2019). The opinion also is "not likely to be relevant" and does not fit the facts of the case as required by Federal Rule of Evidence 702. *Exela Pharma Scis., LLC v. Eton Pharms., Inc.*, 2022 WL 806524, at *3 (D. Del. Feb. 8, 2022) (excluding expert testimony based on "legally erroneous premise"); *Sprint Commc'ns Co. v. Cox Commc'ns Inc.*, 302 F.Supp.3d 597, 624 (D. Del. Nov. 9, 2017) (same).

**V.   ARGUMENT**

Ms. Stamm's conclusion that ▓▓▓▓▓ IOL sales should be disgorged rests on an incorrect understanding of the causal nexus required for disgorgement. A copyright owner may only disgorge profits if it proves that they have a "causal nexus" to the purported infringement. *See Leonard v. Stemtech Int'l Inc.*, 834 F.3d 376, 395 (3d Cir. 2016). It cannot carry that burden without showing the revenues sought are "reasonably related" to the infringement, which requires evidence of "how or why" the purported infringement influenced the profits sought. *Id.* at 395–96 (citing *William A. Graham Co. v. Haughey*, 568 F.3d 425, 443 (3d Cir. 2009)); *Polar Bear Prods. v. Timex Corp.*, 384 F.3d 700, 711 (9th Cir. 2004) ("[A] plaintiff seeking to recover indirect profits must 'formulate the initial evidence of gross revenue duly apportioned to relate to the infringement.'").

Ms. Stamm failed to do this. She admitted ▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓ not placement of a FLACS device, make customers ▓▓▓▓▓

5

███ And she admitted she ███

███

███ Put differently, Ms. Stamm has not shown how or why ███ IOL sales occurred as a result of a LenSx placement and she therefore may not offer such an opinion.² *See Lowry Reps., Inc. v. Legg Mason, Inc.*, 271 F.Supp.2d 737, 752 (D. Md. 2003) (finding claim of causal nexus insufficient where plaintiff's "own expert admitted that he could not say whether a causal link connected the infringement" to the profits sought).

Instead, Ms. Stamm's overreaching disgorgement calculation is based on her assumption that "███ and misunderstanding that Alcon bears the burden of showing which sales ███

███

███

███ She is wrong: a copyright

---

² Notably, Ms. Stamm admitted her ███ calculation includes IOLs attributable to both causal-nexus theories she articulated. A2246, Stamm Tr. 31:16–20. Although she considers that the "lower bound," *id.*, she has put forth no evidence as to how or why the additional ███ IOL sales is causally related to the purported infringement.

6

owner cannot merely speculate that the profits sought are attributable to the alleged infringement. *See Mackie v. Rieser*, 296 F.3d 909, 916 (9th Cir. 2003) ("[A] copyright holder must proffer sufficient non-speculative evidence to support a causal relationship between the infringement and the profits generated indirectly from such an infringement."); *Dash v. Mayweather*, 731 F.3d 303, 330 (4th Cir. 2013) (stating that disgorgement requires copyright owner to "offer nonspeculative evidence that a causal link exists"); *Lowry*, 271 F.Supp.2d at 752 (denying disgorgement because it was "utterly implausible that *all* of [the profits sought] resulted from [copyright] infring[ment]"). Because Ms. Stamm's understanding of what is required to show a causal nexus between copyright infringement and the revenues sought is legally erroneous, the Court should exclude her testimony. *See Exela Pharma Scis.*, 2022 WL 806524, at *3.

## VI.  CONCLUSION

Ms. Stamm's conclusion that J&J is entitled to disgorge profits from every Alcon IOL sold to every LenSx account for the past ten years, totaling ▮▮▮▮ ▮▮▮▮ rests on a misunderstanding of the burden required to disgorge profits. Alcon respectfully requests that this Court therefore exclude her testimony as unreliable and not tied to the facts of the case.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | /s/ Andrew E. Russell |
| OF COUNSEL: | John W. Shaw (No. 3362) |
| Jeanne M. Heffernan | Karen E. Keller (No. 4489) |
| KIRKLAND & ELLIS LLP | Andrew E. Russell (No. 5382) |
| 401 Congress Avenue | Nathan R. Hoeschen (No. 6232) |
| Austin, TX 78701 | SHAW KELLER LLP |
| (512) 678-9123 | I.M. Pei Building |
|  | 1105 North Market Street, 12th Floor |
| Gregg F. LoCascio | Wilmington, DE 19801 |
| Sean M. McEldowney | (302) 298-0700 |
| Noah S. Frank | jshaw@shawkeller.com |
| Kelly Tripathi | kkeller@shawkeller.com |
| KIRKLAND & ELLIS LLP | arussell@shawkeller.com |
| 1301 Pennsylvania Avenue, NW | nhoeschen@shawkeller.com |
| Washington, DC 20004 | *Attorneys for Alcon Inc.,* |
| (202) 389-5000 | *Alcon Vision, LLC,* |
|  | *Alcon Laboratories, Inc. and* |
| Joshua L. Simmons | *Alcon Research, LLC* |
| KIRKLAND & ELLIS LLP |  |
| 601 Lexington Ave |  |
| New York, NY 10022 |  |
| (212) 390-4573 |  |
|  |  |
| Caroline Lourgos |  |
| KIRKLAND & ELLIS LLP |  |
| 300 North LaSalle |  |
| Chicago, IL 60654 |  |
| (312) 862-2000 |  |
|  |  |
| Kristen P.L. Reichenbach |  |
| KIRKLAND & ELLIS LLP |  |
| 555 California Street |  |
| San Francisco, CA 94104 |  |
| (415) 439-1400 |  |

Dated: August 19, 2022

## WORD COUNT CERTIFICATION

The undersigned counsel hereby certifies that Defendant Alcon's Brief In Support Of Its Motion To Exclude Certain Expert Testimony (No. 4) Of Ms. Laura B. Stamm contains 1,684 words excluding the cover page, tables and signature blocks, as counted by Microsoft Word, in 14-point Times New Roman font. Alcon's case dispositive motions and *Daubert* motions combined contain 12,500 words or less.

        */s/ Andrew E. Russell*
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
arussell@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Alcon Inc.,*
*Alcon Vision, LLC,*
*Alcon Laboratories, Inc. and*
*Alcon Research, LLC*

## **CERTIFICATE OF SERVICE**

I, Andrew E. Russell, hereby certify that on August 19, 2022, this document was served on the persons listed below in the manner indicated:

**BY EMAIL**

Jack B. Blumenfeld
Brian P. Egan
MORRIS, NICHOLS, ARSHT
 & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
began@mnat.com

Roger J. Chin
Allison Harms
Joseph R. Wetzel
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 491-0600
roger.chin@lw.com
allison.harms@lw.com
joe.wetzel@lw.com

P. Anthony Sammi
Rachel Renee Blitzer
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
tony.sammi@lw.com

Michael A. Morin
Matthew J. Moore
Rachel Weiner Cohen
Sarang V. Damle
Holly K. Victorson
Carolyn M. Homer
Susan Y. Tull
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
(202) 637-2200
michael.morin@lw.com
matthew.moore@lw.com
rachel.cohen@lw.com
sy.damle@lw.com
holly.victorson@lw.com
carolyn.homer@lw.com
susan.tull@lw.com

S.Giri Pathmanaban
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
(650) 328-4600
giri.pathmanaban@lw.com

Aaron Macris
LATHAM & WATKINS LLP
200 Clarendon Street
Boston, MA 02116
(617) 948-6000
aaron.marcris@lw.com

*/s/ Andrew E. Russell*
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
arussell@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendants*