IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMO DEVELOPMENT, LLC,<br>AMO MANUFACTURING USA, LLC,<br>and AMO SALES AND SERVICE,<br>INC., | ) <br> ) <br> ) <br> ) | **REDACTED - PUBLIC VERSION** |
| Plaintiffs, | ) <br> ) <br> ) | |
| v. | ) <br> ) | C.A. No. 20-842-CFC-JLH |
| ALCON VISION, LLC, ALCON<br>LABORATORIES, INC., and ALCON<br>RESEARCH, LLC, | ) <br> ) <br> ) <br> ) | ████████████████<br>██████████████████ |
| Defendants. | ) <br> ) | |
| ALCON, INC., ALCON RESEARCH,<br>LLC and ALCON VISION, LLC, | ) <br> ) <br> ) | |
| Counterclaim-Plaintiffs, | ) <br> ) <br> ) | |
| v. | ) <br> ) | |
| AMO DEVELOPMENT, LLC,<br>AMO MANUFACTURING USA, LLC,<br>AMO SALES AND SERVICE, INC.<br>and JOHNSON & JOHNSON<br>SURGICAL VISION, INC., | ) <br> ) <br> ) <br> ) <br> ) <br> ) | |
| Counterclaim-Defendants. | ) <br> ) | |

**ALCON'S BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY
JUDGMENT (NO. 1) THAT THE COPYRIGHT ACT BARS MONETARY
RELIEF FOR INFRINGING ACTS OCCURRING MORE THAN THREE
<u>YEARS BEFORE J&J FILED SUIT</u>**

OF COUNSEL:
Jeanne M. Heffernan
KIRKLAND & ELLIS LLP
401 Congress Avenue
Austin, TX 78701
(512) 678-9123

Gregg F. LoCascio
Sean M. McEldowney
Noah S. Frank
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 389-5000

Joshua L. Simmons
KIRKLAND & ELLIS LLP
601 Lexington Ave
New York, NY 10022
(212) 390-4573

Kristen P.L. Reichenbach
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
(415) 439-1400

Caroline Lourgos
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000

Dated: August 19, 2022

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
arussell@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Alcon Inc.,*
*Alcon Vision, LLC,*
*Alcon Laboratories, Inc. and*
*Alcon Research, LLC*

# TABLE OF CONTENTS

**Page(s)**

I.    Nature and Stage of the Proceedings ............................................................. 1

II.   Summary of Argument .................................................................................. 2

III.  Statement of Facts ........................................................................................ 2

IV.  Argument ...................................................................................................... 4

      A.    The Copyright Act's Statute of Limitations Limits Recovery to Three Years Prior to Filing Suit. ............................................................ 4

      B.    The "Discovery Rule" Does Not Entitle J&J to Monetary Relief Accrued Before September 2017. ....................................................... 7

V.    Conclusion ................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**                                                                **Page(s)**

*Cetel v. Kirwan Fin. Grp., Inc.*,
  460 F.3d 494 (3d Cir. 2006) ................................................................9

*D.D. v. Idant Labs.*,
  374 F. App'x 319 (3d Cir. 2010) ..........................................................9

*Davila v. City of Chi.*,
  2018 WL 5024910 (N.D. Ill. Oct. 17, 2018) ........................................9

*Navarro v. Procter & Gamble Co.*,
  515 F.Supp.3d 718 (S.D. Ohio 2021) ...................................................7

*Nealy v. Atl. Recording Corp.*,
  2021 WL 2280025 (S.D. Fla. June 4, 2021).........................................7

*Petrella v. Metro-Goldwyn-Mayer, Inc.*,
  572 U.S. 663 (2014)................................................................*passim*

*Rotkiske v. Klemm*,
  140 S. Ct. 355 (2019)............................................................................8

*SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods., LLC*,
  137 S. Ct. 954 (2017).......................................................................5, 6

*Sohm v. Scholastic Inc.*,
  959 F.3d 39 (2d Cir. 2020) ...............................................................6, 7

*Starz Ent., LLC v. MGM Domestic Television Distribution, LLC*,
  2022 WL 2733507 (9th Cir. July 14, 2022) ..........................................6

*Stephens v. Clash*,
  796 F.3d 281 (3d Cir. 2015) ...............................................................10

*TRW Inc. v. Andrews*,
  534 U.S. 19 (2001)................................................................................8

*Wallace v. Kato*,
  549 U.S. 384 (2007)............................................................................10

*Werner v. BN Media, LLC*,
  477 F.Supp.3d 452 (E.D. Va. 2020) ......................................................................7

*William A. Graham Co. v. Haughey*,
  568 F.3d 425 (3d Cir. 2009) (*Haughey I*)....................................................7, 8, 9

*William A. Graham Co. v. Haughey*,
  646 F.3d 138 (3d Cir. 2011) (*Haughey II*)......................................................8, 10

**Statutes**

17 U.S.C. §507(b) ............................................................................................2, 4, 8

*All emphasis added, and citations and marks omitted, unless otherwise indicated.

## I.    NATURE AND STAGE OF THE PROCEEDINGS

J&J seeks to disgorge profits on ████████████████████████████████

from 2011 to the present.  It is not, however, entitled to that windfall because,

among other things, the Copyright Act's three-year statute of limitations limits its

monetary recovery to "three years back from the date the complaint was filed."

*See Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 672 (2014).  Here, that

date is September 28, 2017: three years before J&J filed its First Amended

Complaint on September 28, 2020, which added claims for copyright infringement.

D.I. 16.

To avoid that outcome, J&J asserts a discovery-rule defense.  First, the

discovery rule does not change the retrospective-relief cutoff date set forth in the

Supreme Court's *Petrella* decision.  Second, the undisputed facts show that rule

does not even apply here.  J&J admitted that, "as of the end of 2014," it "possessed

the facts underlying [its] copyright allegations as presented in the First Amended

Complaint."  A268, Pls.' Resp. RFA No. 15.  Indeed, when this Court denied J&J's

preliminary-injunction motion, it noted "that J&J was in possession as of 2014, of

all the information it had that justified in its mind its assertion as of July 14, 2020,

that there was a copyright violation."   A100, 5/13/2021 Hr'g Tr. 348:19–22.

Instead of suing at any point in the intervening six years, however, J&J "decided

not to bring suit against Alcon for copying J&J Asserted Source Code Works."

1

A265, Pls.' Resp. RFA No. 10.  As a result of J&J's admissions, the Copyright Act's three-year statute of limitations bars its claims for monetary relief prior to September 28, 2017.  Accordingly, Alcon respectfully requests that the Court grant summary judgment to that effect.

## II.    SUMMARY OF ARGUMENT

*First*, the Copyright Act bars copyright infringement suits commenced more than "three years after the claim accrued."  17 U.S.C. §507(b).  Thus, under *Petrella*, J&J is precluded from recovering any monetary relief allegedly incurred prior to September 28, 2017.  *See* 572 U.S. at 672.  *Second*, J&J's pre-September 2017 requested relief is untimely under the discovery rule because J&J discovered its injury in 2014, three years outside the limitations period.

## III.   STATEMENT OF FACTS

Alcon markets LenSx, a laser-assisted cataract surgery system.  Concise Statement of Facts ("CSOF") ¶1.  J&J seeks actual damages and disgorgement based on Alcon's sales of LenSx and other products since 2011.  A1900, Stamm Op. Rpt. Table 1.

In 2014, J&J obtained and inspected a LenSx device "installed with the object code for LenSx version 2.20.02" "at the direction of and in connection with discussions with legal counsel."  A158, Pls.' Resp. Interrog. No. 5.  Over fifty entries on J&J's privilege log, dated January through August 2015, refer to ███

████████████████████████████████████████████████

██████████████████████████████████  A2764-72, Pls.' Privilege Log Excerpt.

"[A]s of the end of 2014, [J&J] possessed the facts underlying [its] copyright allegations as presented in the First Amended Complaint" in this lawsuit.  A268, Pls.' Resp. RFA No. 15.  J&J, however, affirmatively "decided not to bring suit against Alcon for copying J&J Asserted Source Code Works."  A265, Pls.' Resp. RFA No. 10.

On June 23, 2020, J&J filed suit against Alcon, asserting patent infringement.  D.I. 1.  On July 14, 2020, Johnson and Johnson Surgical Vision's CEO wrote to Alcon and notified it that J&J had found ████████████████████

████████████████████████████████████████████ A8,

7/14/2020 Ltr. W. Foust to D. Endicott.  The letter stated there was ████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████  A7-8, *id.*  J&J then filed its First Amended Complaint on September 28, 2020, adding copyright infringement allegations and describing a list of observed similarities in language similar to the July 2020 letter.  *See* D.I. 16 ¶98(a)–(d).

3

## IV.   ARGUMENT

The Copyright Act bars J&J from seeking monetary relief for acts prior to September 28, 2017, and J&J's arguments based on the "discovery rule" are foreclosed by both the undisputed facts and the law.

### A.   The Copyright Act's Statute of Limitations Limits Recovery to Three Years Prior to Filing Suit.

The Copyright Act's three-year statute of limitations bars J&J from seeking monetary relief for acts that occurred before September 28, 2017. Under 17 U.S.C. §507(b), "[n]o civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued." The Supreme Court explained that this provision means "an infringement is actionable within three years, and only three years, of its occurrence." *Petrella*, 572 U.S. at 671. Moreover, in deciding that laches "cannot be invoked to preclude" damages within that window, the Court determined that "the infringer is insulated from liability for earlier infringements of the same work." *Id.*  The Court repeatedly reiterated that principle, explaining that Section "507(b)'s limitations period . . . allows plaintiffs . . . to gain retrospective relief running ***only three years back from the date the complaint was filed***." *Id.* at 672.  It stated laches was unnecessary to protect a defendant from stale claims for damages because "a successful plaintiff can gain retrospective relief only three years back from the time of suit" and "***[n]o recovery may be*** had for infringement in earlier years." *Id.* at 677.  In concluding

4

laches is not a defense to damages claims brought *within* the three-year statute of limitations, *Petrella* recognized that Congress prescribed a particular period beyond which monetary relief is not available. *See id.* at 667.

 *Petrella* dictates the outcome here and bars J&J from seeking retrospective monetary relief for harms allegedly incurred prior to September 2017. Indeed, the Court's reasoning makes sense in light of copyright law's separate-accrual rule, under which the Copyright Act's statute of limitations "runs separately from each violation." *Id.* at 671. The effect of separate accrual is to expand the potential liability window by enabling plaintiffs to sue more than three years after the first alleged infringement, so long as some infringing activity occurs within three years of suit. *See id.* at 672. But to ensure the timely prosecution of claims and avoid prejudice to defendants, §507 nevertheless limits monetary relief to three years prior to suit. *See id.* at 672, 682 (noting a copyright plaintiff who "defer[s] suit" will "miss out on damages for periods *prior to* the three-year look-back").

 The Supreme Court has since confirmed this reading of *Petrella*. In *SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods., LLC*, it held that laches likewise did not bar damages claims brought within the statutorily prescribed period for patent infringement cases. 137 S. Ct. 954 (2017). The Court explained that *Petrella*'s "same reasoning" applies to the Patent Act which, just like the Copyright Act, imposes a "look-back" limitations period from the time of suit,

beyond which retrospective recovery is not available. *See id.* at 961–62 (describing the copyright statute of limitations as a "provision [that] 'allows plaintiffs … to gain retrospective relief running only three years back from the date the complaint was filed'").

The Second Circuit's post-*Petrella* decision in *Sohm v. Scholastic Inc.* is also instructive. 959 F.3d 39 (2d Cir. 2020). There, the court reasoned that "[t]he Supreme Court explicitly delimited damages to the three years prior to the commencement of a copyright infringement action." *Id.* at 51. It further found the Supreme Court's determination that damages is limited to three years was "binding precedent" because it "was necessary to the result in *Petrella*." *Id.* at 52. That is so because the Court's holding that "laches was inapplicable to actions under the Copyright Act" was partially based "on the conclusion that the statute 'itself takes account of delay' by limiting damages to the three years prior to when suit is filed." *Id.* (quoting *Petrella*, 572 U.S. at 677).[1]  Since *Sohm* was decided, its

---

[1] Although some decisions read *Petrella* differently, their reasoning is unpersuasive. The Ninth Circuit recently rejected *Sohm* based on the assumption that imposing a three-year look-back period for actual damages would "eviscerate the discovery rule" (which is discussed further below). *Starz Ent., LLC v. MGM Domestic Television Distribution, LLC*, 2022 WL 2733507, at *7 (9th Cir. July 14, 2022). But that premise is flawed. Under *Petrella*, the three-year look-back period limits retrospective relief; plaintiffs remain free, in the appropriate case, to seek some types of prospective injunctive relief. *See Petrella*, 572 U.S. at 683. Indeed, the trade-off struck by *Petrella* was grounded in the fact that laches is not needed to bar claims for actual damages because §507's three-year look-back rule adequately protects defendants from

reasoning has been adopted around the country. *See Nealy v. Atl. Recording Corp.*, 2021 WL 2280025, at *4 (S.D. Fla. June 4, 2021); *Navarro v. Procter & Gamble Co.*, 515 F.Supp.3d 718, 762 (S.D. Ohio 2021), *reconsideration denied*, 2021 WL 913103 (S.D. Ohio Mar. 10, 2021); *Werner v. BN Media, LLC*, 477 F.Supp.3d 452, 456 (E.D. Va. 2020). The same rule should be applied here.

### B. The "Discovery Rule" Does Not Entitle J&J to Monetary Relief Accrued Before September 2017.

Faced with the three-year cutoff, J&J invokes the "discovery rule" to argue it could not have discovered Alcon's purported infringement because it did not have ██████████████████████ until discovery. A177, Pls.' Resp. Interrog. No. 24. Yet, as discussed in *Sohm*, the three-year cutoff applies regardless of the discovery rule's application. 959 F.3d at 51–52. Moreover, under the discovery rule, "a cause of action accrues when the plaintiff discovers, or with due diligence should have discovered, the injury that forms the basis for the claim." *William A. Graham Co. v. Haughey*, 568 F.3d 425, 433 (3d Cir. 2009) (*Haughey I*). The question is whether plaintiff "had sufficient information … to place it on inquiry notice or to excite storm warnings of culpable activity." *Id.* at 438. Once defendant

---

delay. *See id. Petrella* does not limit plaintiffs' ability to seek prospective relief.

demonstrates such "storm warnings," it is plaintiff's burden "to show that it exercised reasonable due diligence" but was "unable to discover its injuries." *Id.*[2]

The discovery rule does not save J&J's untimely claims because J&J admits it discovered its alleged injury *six years* before suit.  At the end of 2014, before **obtaining access to the LenSx source code**, J&J "possessed the facts underlying [its] copyright allegations." *Supra* 1.  Likewise, when J&J finally contacted Alcon in 2020, **still before having access to the code**, it claimed to have found ███

████████████████████████████████████████████████

█████████████ that led it to believe its ████████████████ had been copied. *Supra* 3.  Then, in its September 2020 complaint, J&J described a list of observed similarities in language very similar to the July 2020 letter.  *Compare* A8, 7/14/2020 Ltr. W. Foust to D. Endicott *with* D.I. 16 ¶98(a)–(d).  Thus, the undisputed factual record confirms this Court's finding that, "as of 2014, J&J had

---

[2]   In addition to the discovery rule not applying here because J&J actually discovered its claims outside the statute-of-limitations period, the Third Circuit should reconsider the viability of that rule after *Petrella*.  The Supreme Court has indicated that a judicially-created discovery rule is appropriate only in narrow circumstances.  *See Rotkiske v. Klemm*, 140 S. Ct. 355, 360 (2019); *TRW Inc. v. Andrews*, 534 U.S. 19, 27 (2001).  Moreover, there is good reason to read §507(b) as imposing an injury rule, under which the statute of limitations runs from the time of the infringement.  *See* 17 U.S.C. §507(b) ("No civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim *accrued*."); *William A. Graham Co. v. Haughey*, 646 F.3d 138, 147–51 (3d Cir. 2011) (*Haughey II*) (discovery rule does not "delay[] the accrual of a cause of action" but rather "operate[s] to toll the running of the limitations period after a cause of action has accrued").

in its possession all of the knowledge that formed a basis of its assertion on July 14, 2020 that Alcon or former employees of Alcon had unlawfully copied the challenged source code." A99, 5/13/2021 Hr'g Tr. 344:13–17.[3] That knowledge defeats J&J's discovery-rule argument. *See D.D. v. Idant Labs.*, 374 F. App'x 319, 323 (3d Cir. 2010) (discovery rule did not save claims where plaintiff knew "salient facts" concerning her injury enabling her counsel to prepare draft complaint).

These "storm warnings" do not just shift the burden to J&J to show it did not discover its injury or could not have done so; they show J&J had ***actual knowledge*** of its injury, foreclosing J&J's reliance on the rule. *See Haughey I*, 568 F.3d at 438. Indeed, J&J's privilege log confirms that, by early 2015, J&J was discussing

███████████████████████████████████████████████████

███████  *Supra* 3.  The rule is therefore inapplicable here. *See Cetel v. Kirwan Fin.*

---

[3]   The discovery rule likewise does not save J&J's claims concerning copying of iFS Laser FDA submissions, internal technical documentation, and operator's manual, for which J&J does not assert a separate theory of relief. Had J&J filed suit at the time it discovered evidence of alleged copying in 2014, it could and would have also discovered those alleged injuries through discovery. *See* D.I. 141 ¶112 (alleging that "[i]n the course of document discovery after the filing of the First Amended Complaint, J&J Vision discovered that . . . Alcon had also stolen . . . internal iFS® Laser technical documentation, and confidential submissions to the FDA"); *see, e.g.*, *Davila v. City of Chi.*, 2018 WL 5024910, at *4 (N.D. Ill. Oct. 17, 2018) (claims barred where, "[h]ad [plaintiffs] filed suit and sought discovery, they could have learned of [defendant's] involvement and pursued their claims" within limitations period).

*Grp., Inc.*, 460 F.3d 494, 512 (3d Cir. 2006) (in ERISA case, finding that plaintiffs' having "sought legal advice concerning the validity of the[ir] [life insurance] plans … bel[ied] any claim … that they could not have known … that some claim existed").

Nevertheless, J&J insists it could not have known the ███████████

████████████████████████████████████████████████████████████

*See, e.g.*, A368, Baer Op. Rpt. ¶166 ████████████████████████████

████████████████████████████████████████████████████████████

██████ That argument fails for two reasons. ***First***, the Third Circuit has held that a "plaintiff's ignorance regarding the full extent of his injury is ***irrelevant*** to the discovery rule's application." *Stephens v. Clash*, 796 F.3d 281, 288 (3d Cir. 2015). That is consistent with black-letter law that a claim accrues when the injury occurs, not when the full extent of the harm is realized. *See Wallace v. Kato*, 549 U.S. 384, 391 (2007) (holding "cause of action accrues even though the full extent of the injury is not then known or predictable," because "[w]ere it otherwise, the statute would begin to run only after a plaintiff became satisfied that he had been harmed enough"); *Haughey II*, 646 F.3d at 146 (explaining a claim accrues when "all of its elements have come into existence such that an omniscient plaintiff could prove them in court").

***Second***, J&J's allegation in its complaint that source code was copied was based on solely the 2014 Investigation. *See, e.g.*, D.I. 16 ¶98(c)–(e); *supra* 3. J&J's July 2020 letter likewise alleged ███████████████ of copying, including copying of J&J's ██████████████████ before J&J had access to the LenSx source code. *Supra* 3. J&J cannot now escape the import of those allegations—which show that J&J knew in 2014 every fact used to support its copyright infringement claims—by pointing to its subsequent review of source code.

In sum, J&J cannot rely on the discovery rule to salvage its untimely request for relief. The undisputed record shows J&J actually discovered in 2014 the facts on which it relied to bring its claims in 2020.

## V. CONCLUSION

Because J&J has known of its injury since 2014, Alcon respectfully requests that the Court grant its motion and bar J&J from recovery for acts that occurred before September 28, 2017.

Respectfully Submitted,

*/s/ Andrew E. Russell*
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
arussell@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Alcon Inc., Alcon Vision,*
*LLC, Alcon Laboratories, Inc. and*
*Alcon Research, LLC*

OF COUNSEL:
Jeanne M. Heffernan
KIRKLAND & ELLIS LLP
401 Congress Avenue
Austin, TX 78701
(512) 678-9123

Gregg F. LoCascio
Sean M. McEldowney
Noah S. Frank
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 389-5000

Joshua L. Simmons
KIRKLAND & ELLIS LLP
601 Lexington Ave
New York, NY 10022
(212) 390-4573

Kristen P.L. Reichenbach
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
(415) 439-1400

Caroline Lourgos
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000

Dated: August 19, 2022

## **WORD COUNT CERTIFICATION**

The undersigned counsel hereby certifies that Alcon's Brief in Support of Its Motion for Summary Judgment (No. 1) contains 2,719 words excluding the cover page, tables and signature blocks, as counted by Microsoft Word, in 14-point Times New Roman font.  Alcon's case dispositive motions and *Daubert* motions combined contain 12,500 words or less.

*/s/ Andrew E. Russell*
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
arussell@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Alcon Inc., Alcon Vision,*
*LLC, Alcon Laboratories, Inc. and*
*Alcon Research, LLC*

## CERTIFICATE OF SERVICE

I, Andrew E. Russell, hereby certify that on August 19, 2022, this document

was served on the persons listed below in the manner indicated:

### BY EMAIL

Jack B. Blumenfeld
Brian P. Egan
MORRIS, NICHOLS, ARSHT
 & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
began@mnat.com

Roger J. Chin
Allison Harms
Joseph R. Wetzel
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 491-0600
roger.chin@lw.com
allison.harms@lw.com
joe.wetzel@lw.com

P. Anthony Sammi
Rachel Renee Blitzer
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
tony.sammi@lw.com

Michael A. Morin
Matthew J. Moore
Rachel Weiner Cohen
Sarang V. Damle
Holly K. Victorson
Carolyn M. Homer
Susan Y. Tull
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
(202) 637-2200
michael.morin@lw.com
matthew.moore@lw.com
rachel.cohen@lw.com
sy.damle@lw.com
holly.victorson@lw.com
carolyn.homer@lw.com
susan.tull@lw.com

S.Giri Pathmanaban
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
(650) 328-4600
giri.pathmanaban@lw.com

Aaron Macris
LATHAM & WATKINS LLP
200 Clarendon Street
Boston, MA 02116
(617) 948-6000
aaron.marcris@lw.com

_/s/ Andrew E. Russell_
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
arussell@shawkeller.com
nhoeschen@shawkeller.com
_Attorneys for Defendants_