IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMO DEVELOPMENT, LLC, AMO MANUFACTURING USA, LLC, and AMO SALES AND SERVICE, INC., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | **REDACTED - PUBLIC VERSION** |
| v. | ) ) | C.A. No. 20-842-CFC-JLH |
| ALCON VISION, LLC, ALCON LABORATORIES, INC., and ALCON RESEARCH, LLC, | ) ) ) ) | ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮ |
| Defendants. | ) ) | |
| ALCON, INC., ALCON RESEARCH, LLC and ALCON VISION, LLC, | ) ) ) | |
| Counterclaim-Plaintiffs, | ) ) | |
| v. | ) ) | |
| AMO DEVELOPMENT, LLC, AMO MANUFACTURING USA, LLC, AMO SALES AND SERVICE, INC. and JOHNSON & JOHNSON SURGICAL VISION, INC., | ) ) ) ) ) ) | |
| Counterclaim-Defendants. | ) ) | |

**ALCON'S BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT (NO. 2) THAT ONLY AMO DEVELOPMENT, LLC IS <u>ENTITLED TO ACTUAL DAMAGES</u>**

OF COUNSEL:
Jeanne M. Heffernan
KIRKLAND & ELLIS LLP
401 Congress Avenue
Austin, TX 78701
(512) 678-9123

Gregg F. LoCascio
Sean M. McEldowney
Noah S. Frank
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 389-5000

Joshua L. Simmons
KIRKLAND & ELLIS LLP
601 Lexington Ave
New York, NY 10022
(212) 390-4573

Kristen P.L. Reichenbach
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
(415) 439-1400

Caroline Lourgos
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000

Dated: August 19, 2022

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
arussell@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Alcon Inc.,
Alcon Vision, LLC,
Alcon Laboratories, Inc. and
Alcon Research, LLC*

## TABLE OF CONTENTS

**Page(s)**

I.     Nature and Stage of the Proceedings.................................................................1

II.    Summary of Argument.....................................................................................2

III.   Statement of Facts...........................................................................................3

IV.    Argument .........................................................................................................5

      A.   J&J May Recover the Lost Profits of Only the Purported Owner of the Asserted Copyrights, AMO Development..................................5

      B.   No Other Entity Has an Ownership Interest Sufficient to Recover Lost Profits.......................................................................................6

            1.   J&J Cannot Recover JJSV's Lost Profits. ...................................8

            2.   J&J Cannot Recover AMO Manufacturing, AMO Sales and Service, or AMO Ireland's Lost Profits. ...........................10

V.     Conclusion .....................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ABKCO Music, Inc. v. Sagan*,
 2018 WL 1746564 (S.D.N.Y. Apr. 9, 2018) ........................................................8

*Hologic, Inc. v. Minerva Surgical, Inc.*,
 163 F.Supp.3d 118 (D. Del. 2016)........................................................................9

*HyperQuest, Inc. v. N'Site Sols., Inc.*,
 632 F.3d 377 (7th Cir. 2011) ............................................................................7, 9

*Intuitive Surgical, Inc. v. Auris Health, Inc.*,
 2021 WL 3662842 (D. Del. Aug. 18, 2021)..........................................................6

*John Wiley & Sons, Inc. v. DRK Photo*,
 882 F.3d 394 (2d Cir. 2018) ..............................................................................7, 9

*Mars, Inc. v. Coin Acceptors, Inc.*,
 527 F.3d 1359 (Fed. Cir. 2008) .............................................................................6

*Microchip Tech. Inc. v. Aptiv Servs. US LLC.*,
 2020 WL 5203600 (D. Del. Sept. 1, 2020).............................................................6

*Pak's Trading Eur. B.V. v. Target*,
 2018 WL 8333362 (C.D. Cal. July 5, 2018)...........................................................8

*PAR Microsystems v. Pinnacle Dev. Corp.*,
 995 F.Supp. 658 (N.D. Tex. 1998) ........................................................................6

*Poly-Am., L.P. v. GSE Lining Tech., Inc.*,
 383 F.3d 1303 (Fed. Cir. 2004) ........................................................................6, 10

**Statutes**

17 U.S.C. §101 ............................................................................................................5

17 U.S.C. §106............................................................................................................5

17 U.S.C. §504 ............................................................................................................5

17 U.S.C. §504(b) .......................................................................................1, 5

\* All emphasis added, and citations and marks omitted, unless otherwise indicated.

## I.  NATURE AND STAGE OF THE PROCEEDINGS

Only "[t]he *copyright owner* is entitled to recover … actual damages suffered by him or her as a result of the infringement." 17 U.S.C. §504(b).  Here, J&J[1] alleges that "AMO Development owns the Asserted Copyrights (*and all rights thereunder*)."  D.I. 141 ¶55.[2]  The Asserted Copyrights relate to the iFS laser, a LASIK device that does not compete against the accused LenSx device, which performs femtosecond laser-assisted cataract surgery ("FLACS").  Accordingly, J&J does not claim lost profits from sales of the iFS laser.  It, however, claims lost profits from ███████████████████████████████████████████████████ Although Catalys competes against LenSx, Catalys was created and sold by OptiMedica Corp. ██████████████████████, and *not* by AMO Development (the purported copyright owner) or AMO Development's predecessor-in-interest, IntraLase Corp. ████████████████████████████

███████████████████████████████████████████████████████

████████   Thus, J&J is not entitled to recover lost profits for Catalys-related products and services ██████████████████████████████████

---

[1]  "J&J" collectively refers to AMO Development, LLC ("AMO Development"); AMO Manufacturing USA, LLC ("AMO Manufacturing"); AMO Sales and Services, Inc. ("AMO Sales and Service"); and Johnson & Johnson Surgical Vision, Inc. ("JJSV").

[2]  The term "Asserted Copyrights" refers to the copyrights in the works that J&J alleges are infringed here.  D.I. 141 ¶¶2, 33–55, 446, 451, 457, 462.

Hoping to avoid this, J&J argues that ███████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████ Yet, as a matter of law, none of

the evidence J&J cites ████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████████

The undisputed facts confirm that these subsidiaries do not hold an ownership

interest in the Asserted Copyrights, and that ████████████████████████

████████████████████████████████████████████████████████

████ Therefore, Alcon respectfully requests summary judgment to that effect.

## II. SUMMARY OF ARGUMENT

*First*, AMO Development is the purported owner of the Asserted Copyrights

and is not entitled to lost profits prior to ████████████████████████

---

3   "Alcon" collectively refers to Alcon Inc., Alcon Vision, LLC, Alcon Research,
    LLC, and Alcon Laboratories, Inc.

██ .

**Second**, J&J presented no evidence that its other subsidiaries held such an ownership interest.  Thus, they are not entitled to claim lost profits.

## III.   STATEMENT OF FACTS

The Asserted Copyrights cover parts of the iFS computer program and technical and FDA documentation submitted by IntraLase Corp., a predecessor to AMO Development.  A1894, Stamm Op. Rpt. ¶1; D.I. 141 ¶¶2, 33–55.  J&J does not claim lost profits related to IntraLase Corp. or its iFS Laser.  A1968-78, Stamm Op. Rpt. ¶¶167–99.  Instead, █████████████████████

████████████████████████████████████████

██████████ .  *Id*.  Yet, Catalys was developed by OptiMedica, not IntraLase Corp.  A1914-15, *id*. ¶¶42–43.  Until 2013, the two companies were not related.  *Id*. ████

████████████████████████████████████████

██████████████████████████████ .  *Id*.; A2, OptiMedica Acquisition Release;

Concise Statements of Facts ("CSOF") ¶¶ 2, 4; ████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████



Instead of seeking AMO Development's lost profits, and despite J&J's allegation that "AMO Development owns the Asserted Copyrights (*and all rights thereunder*)," D.I. 141 ¶55,[4]

4

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████

## IV.    ARGUMENT

### A.    J&J May Recover the Lost Profits of Only the Purported Owner of the Asserted Copyrights, AMO Development

Under 17 U.S.C. §504, only "[t]he ***copyright owner*** is entitled to recover … actual damages."   "'Copyright owner,' with respect to … the exclusive rights comprised in a copyright, refers to the owner of that particular right."   17 U.S.C. §§101, 106.   Here, J&J asserts that "AMO Development owns the Asserted Copyrights (and all rights thereunder)."   D.I. 141 ¶55; *see also* CSOF ¶1.   ████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████████████

Damages must be limited to the copyright owner's "actual damages ***suffered by him or her***."   17 U.S.C. §504(b).   ████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████   *See PAR Microsystems v. Pinnacle Dev. Corp.*, 995

F.Supp. 658, 662 (N.D. Tex. 1998) (copyright holder could not recover lost profits because "PAR had no product to sell and did not lose any sales due to Pinnacle's infringement").

AMO Development's inability to recover lost profits is analogous to patent cases where "[o]nly the patentee can recover lost profits, and only for products that it sells.   Related entities and corporate affiliates cannot recover lost profits." *Microchip Tech. Inc. v. Aptiv Servs. US LLC.*, 2020 WL 5203600, at *4 (D. Del. Sept. 1, 2020) (citing *Mars, Inc. v. Coin Acceptors, Inc.*, 527 F.3d 1359, 1367 (Fed. Cir. 2008)); *see also Intuitive Surgical, Inc. v. Auris Health, Inc.*, 2021 WL 3662842, at *2–3 (D. Del. Aug. 18, 2021) (granting summary judgment of no lost profits because "no evidence of 'inexorable flow'" from parent to subsidiary). ███████████

███████████████████████████████                                             *Cf. Poly-Am., L.P. v. GSE Lining Tech., Inc.*, 383 F.3d 1303, 1311 (Fed. Cir. 2004) (to claim lost profits, "the patentee needs to have been selling some item, the profits of which have been lost due to infringing sales").

## B.   No Other Entity Has an Ownership Interest Sufficient to Recover Lost Profits

Despite its representation that "AMO Development owns the Asserted Copyrights (***and all rights thereunder***)," D.I. 141 ¶55, ████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████████   Yet, to claim those

lost profits, J&J must establish that each entity holds "enough rights . . . to make it

'[t]he legal or beneficial owner of an exclusive right' under the Copyright Act."   *See*

*HyperQuest, Inc. v. N'Site Sols., Inc.*, 632 F.3d 377, 382 (7th Cir. 2011); *see also*

*John Wiley & Sons, Inc. v. DRK Photo*, 882 F.3d 394, 415 (2d Cir. 2018) (affirming

grant of summary judgment for failure to establish beneficial ownership interest).   It

cannot do so for two reasons.

First, JJSV and AMO Ireland are not copyright plaintiffs in the case and, thus,

not entitled to recover damages.   *See generally* D.I. 141.   Had J&J wanted to recover

such purported damages, it should have named these entities and proved they had

ownership interests sufficient to convey standing.   *See HyperQuest*, 632 F.3d at 382;

*see also John Wiley*, 882 F.3d at 415.

Second, there is no evidence that the subsidiaries have the required interest in

the Asserted Copyrights.   ███████████████████████████

████████████████████████████████████████████

████████████████

    ████████████████████████████████████
    ████████████████████████████████████
    ███████████████████████████████
    ████████████████████████████████████
    ████████████████████████
    ████████████████



This failure is telling. *See Pak's Trading Eur. B.V. v. Target*, 2018 WL 8333362, at \*7 (C.D. Cal. July 5, 2018) (dismissing copyright claims due to lack of ownership despite allegations of a corporate relationship). J&J's other purported evidence is equally unavailing.

1. *J&J Cannot Recover JJSV's Lost Profits.*

a parent-subsidiary relationship is insufficient to confer an ownership interest. *See ABKCO Music, Inc.*

*v. Sagan*, 2018 WL 1746564, at *8 (S.D.N.Y. Apr. 9, 2018) ("Nor does a parent

company [have] standing to bring claims on behalf of its subsidiary."); *cf. Hologic,*

*Inc. v. Minerva Surgical, Inc.*, 163 F.Supp.3d 118, 121–22 (D. Del. 2016) ("The fact

that a corporate parent's subsidiary owns a patent is not enough to establish that the

parent has a legal ownership interest in the subsidiary's patent.").



*See*

*HyperQuest*, 632 F.3d at 382 (non-exclusive licensee "not entitled to complain about

any alleged infringement of the copyright"); *John Wiley*, 882 F.3d at 415 ("*mere*

interest in a copyright" insufficient, "even if that interest is valuable").  Thus, the

undisputed facts show that, as a matter of law, JJSV does not hold an ownership

interest in the Asserted Copyrights and cannot recover lost profits.

---

5

    *2.* J&J Cannot Recover AMO Manufacturing, AMO Sales and Service, or AMO Ireland's Lost Profits.

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

█████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████,

the undisputed evidence shows that none of these entities holds an ownership interest in the Asserted Copyrights, and damages allegedly suffered by them are not recoverable. *Cf. Poly-Am*, 383 F.3d at 1311.

## V. CONCLUSION

Accordingly, Alcon respectfully requests summary judgment on this issue.

10

Respectfully Submitted,

/s/ Andrew E. Russell
John W. Shaw (No. 3362)

OF COUNSEL:                          Karen E. Keller (No. 4489)
Jeanne M. Heffernan                  Andrew E. Russell (No. 5382)
KIRKLAND & ELLIS LLP                 Nathan R. Hoeschen (No. 6232)
401 Congress Avenue                  SHAW KELLER LLP
Austin, TX 78701                     I.M. Pei Building
(512) 678-9123                       1105 North Market Street, 12th Floor
                                     Wilmington, DE 19801
Gregg F. LoCascio                    (302) 298-0700
Sean M. McEldowney                   jshaw@shawkeller.com
Noah S. Frank                        kkeller@shawkeller.com
KIRKLAND & ELLIS LLP                 arussell@shawkeller.com
1301 Pennsylvania Avenue, NW         nhoeschen@shawkeller.com
Washington, DC 20004                 *Attorneys for Alcon Inc., Alcon Vision,*
(202) 389-5000                       *LLC, Alcon Laboratories, Inc. and*
                                     *Alcon Research, LLC*
Joshua L. Simmons
KIRKLAND & ELLIS LLP
601 Lexington Ave
New York, NY 10022
(212) 390-4573

Kristen P.L. Reichenbach
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
(415) 439-1400

Caroline Lourgos
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000

Dated: August 19, 2022

11

## <u>WORD COUNT CERTIFICATION</u>

The undersigned counsel hereby certifies that Alcon's Brief in Support of its

Motion for Summary Judgment (No. 2) contains 2,337 words excluding the cover

page, tables and signature blocks, as counted by Microsoft Word, in 14-point Times

New Roman font.  Alcon's case dispositive motions and *Daubert* motions combined

contain 12,500 words or less.

<div style="margin-left:50%">

*/s/ Andrew E. Russell*
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
arussell@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Alcon Inc., Alcon Vision,*
*LLC, Alcon Laboratories, Inc. and*
*Alcon Research, LLC*

</div>

**CERTIFICATE OF SERVICE**

I, Andrew E. Russell, hereby certify that on August 19, 2022, this document

was served on the persons listed below in the manner indicated:

**BY EMAIL**

Jack B. Blumenfeld
Brian P. Egan
MORRIS, NICHOLS, ARSHT
 & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
began@mnat.com

Roger J. Chin
Allison Harms
Joseph R. Wetzel
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 491-0600
roger.chin@lw.com
allison.harms@lw.com
joe.wetzel@lw.com

P. Anthony Sammi
Rachel Renee Blitzer
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
tony.sammi@lw.com

Michael A. Morin
Matthew J. Moore
Rachel Weiner Cohen
Sarang V. Damle
Holly K. Victorson
Carolyn M. Homer
Susan Y. Tull
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
(202) 637-2200
michael.morin@lw.com
matthew.moore@lw.com
rachel.cohen@lw.com
sy.damle@lw.com
holly.victorson@lw.com
carolyn.homer@lw.com
susan.tull@lw.com

S.Giri Pathmanaban
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
(650) 328-4600
giri.pathmanaban@lw.com

Aaron Macris
LATHAM & WATKINS LLP
200 Clarendon Street
Boston, MA 02116
(617) 948-6000
aaron.marcris@lw.com

/s/ Andrew E. Russell
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
arussell@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendants*