IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMO DEVELOPMENT, LLC,<br>AMO MANUFACTURING USA, LLC,<br>and AMO SALES AND SERVICE,<br>INC., | ) <br> ) <br> ) <br> ) <br> ) | **REDACTED- PUBLIC VERSION** |
| Plaintiffs, | ) <br> ) | |
| v. | ) <br> ) | C.A. No. 20-842-CFC-JLH |
| ALCON VISION, LLC, ALCON<br>LABORATORIES, INC., and ALCON<br>RESEARCH, LLC, | ) <br> ) <br> ) <br> ) | ███████████ |
| Defendants. | ) <br> ) | |
| ALCON, INC., ALCON RESEARCH,<br>LLC and ALCON VISION, LLC, | ) <br> ) <br> ) | |
| Counterclaim Plaintiffs, | ) <br> ) | |
| v. | ) <br> ) | |
| AMO DEVELOPMENT, LLC,<br>AMO MANUFACTURING USA, LLC,<br>AMO SALES AND SERVICE, INC.<br>and JOHNSON & JOHNSON<br>SURGICAL VISION, INC., | ) <br> ) <br> ) <br> ) <br> ) <br> ) | |
| Counterclaim Defendants. | ) <br> ) | |

**ALCON'S BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY
JUDGMENT (NO. 3) THAT LACHES BARS J&J'S CLAIM FOR
<u>DISGORGEMENT</u>**

OF COUNSEL:
Jeanne M. Heffernan
KIRKLAND & ELLIS LLP
401 Congress Avenue
Austin, TX 78701
(512) 678-9123

Gregg F. LoCascio
Sean M. McEldowney
Noah S. Frank
Kelly Tripathi
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 389-5000

Joshua L. Simmons
KIRKLAND & ELLIS LLP
601 Lexington Ave
New York, NY 10022
(212) 390-4573

Caroline Lourgos
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000

Kristen P.L. Reichenbach
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
(415) 439-1400

Dated: August 19, 2022

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
arussell@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Alcon Inc.,*
*Alcon Vision, LLC,*
*Alcon Laboratories, Inc. and*
*Alcon Research, LLC*

## <u>TABLE OF CONTENTS</u>

I.      Nature and Stage of the Proceedings..................................................1

II.     Summary of Argument ....................................................................2

III.    Statement of Facts............................................................................2

IV.     Argument ..........................................................................................3

      A.      Laches Precludes Disgorgement Because J&J's Delay Was
            Inexcusable and Prejudicial..................................................3

      B.      Applying Laches Here Is Consistent with *Petrella*.............................7

V.      Conclusion ........................................................................................9

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Cadence Design Sys., Inc. v. Syntronic AB*,
  2022 WL 1320629 (N.D. Cal. May 3, 2022) ........................................6

*Edmonson v. Lincoln Nat'l Life Ins. Co.*,
  725 F.3d 406 (3d Cir. 2013) .................................................................4

*F.W. Woolworth Co. v. Contemp. Arts*,
  193 F.2d 162 (1st Cir. 1951) ...............................................................4

*Kars 4 Kids Inc. v. Am. Can!*,
  8 F.4th 209 (3d Cir. 2021) ..................................................................4

*Kepner-Tregoe, Inc. v. Exec. Dev., Inc.*,
  79 F.Supp.2d 474 (D.N.J. 1999) .........................................................6

*Kokesh v. S.E.C.*,
  137 S. Ct. 1635 (2017) ........................................................................3

*Liu v. Sec. & Exch. Comm'n*,
  140 S. Ct. 1936 (2020) ........................................................................4

*Petrella v. Metro-Goldwyn-Mayer, Inc.*,
  572 U.S. 663 (2014) ....................................................................*passim*

*Santana Prods., Inc. v. Bobrick Washroom Equip., Inc.*,
  401 F.3d 123 (3d Cir. 2005) ................................................................4

*SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods., LLC*,
  137 S. Ct. 954 (2017) .......................................................................8, 9

*Waddell v. Small Tube Prods., Inc.*,
  799 F.2d 69 (3d Cir. 1986) ..................................................................7

**Other Authorities**

Dan B. Dobbs, *Law of Remedies* (3d ed. 2018) ......................................4, 7

Restatement (Third) of Restitution and Unjust Enrichment § 51,
    Comment a (2010) ..................................................................................................3

*All emphasis added, and citations and marks omitted, unless otherwise indicated.

## I.    NATURE AND STAGE OF THE PROCEEDINGS

After waiting six years to bring its copyright claims, J&J now seeks to disgorge Alcon's profits from ███████████████ in sales.  Disgorgement is an equitable remedy, however, and is subject to the equitable defense of laches.  This case presents exactly the type of unjustified delay and prejudice laches is intended to prevent.  In 2014, J&J examined a LenSx cataract surgery device and undertook a months-long investigation that uncovered "the facts underlying" its "copyright allegations as presented in the First Amended Complaint."  A268, Pls.' Resp. RFA No. 15.  After its in-depth investigation, ██████████████████████████ ██████████████████████████ J&J affirmatively decided not to assert those claims.  A265, Pls.' Resp. RFA No. 10.  All the while, Alcon sold the LenSx, which ran on software J&J claims was copied by former employees of J&J predecessor IntraLase in 2008 (before Alcon acquired LenSx).  In 2020, only after a failed attempt to mediate the parties' original patent suit, J&J finally decided to assert its copyright claims.

J&J does not—and cannot—offer any plausible explanation for its six-year delay in suing or even notifying Alcon of its allegation.  That delay prejudiced Alcon, allowing it to invest years of labor and resources into LenSx, while preventing it from responding to J&J's allegations before 2020.  Laches exists for

1

exactly this situation, and the Court should grant summary judgment to Alcon to preclude J&J from seeking disgorgement.

## II.    SUMMARY OF ARGUMENT

J&J's six-year delay in asserting its rights was unjustifiable and significantly prejudiced Alcon; the equitable defense of laches therefore precludes J&J's disgorgement remedy.

## III.    STATEMENT OF FACTS

To avoid repetition, Alcon incorporates the Statement of Facts from its brief supporting its Motion for Summary Judgment (No. 1) and adds these additional facts:

J&J claims copyright infringement based on alleged copying of its iFS source code in the development of the LenSx, a laser-assisted cataract surgery system, beginning in 2008. A1895-980, Stamm Op. Rpt. ¶¶3, 42, 47, 204. Alcon acquired LenSx from LenSx Lasers, Inc. in 2010, roughly two years after the alleged ███ ███ of J&J's copyrighted material. *Id.* ¶¶3, 48. Alcon then sold LenSx and cataract-related products and services from 2011 to today. *Id.* ¶¶48–50.

Among other relief, J&J seeks to disgorge ten years of sales of LenSx and other products, totaling ██████████. CSOF ¶1; A1900, Stamm Op. Rpt. Table 1. Of the revenues J&J argues are subject to disgorgement, the majority— ██████████, A1900, Stamm Op. Rpt. Table 1, which

2

are not part of the allegedly infringing LenSx system: "generally, use of a FLACS

device does not require use of that same company's IOL (if any)," A277, Pls.' Resp.

RFA No. 42.  The remainder of the revenues J&J seeks to disgorge are attributable

████████████████████████████████████████████████████████

███████████████████████████████████  A1900, Stamm Op. Rpt.

Table 1.

## IV.    ARGUMENT

J&J cannot disgorge Alcon's profits, as J&J's inexcusable six-year delay

prejudiced Alcon.

### A.    Laches Precludes Disgorgement Because J&J's Delay Was Inexcusable and Prejudicial.

J&J seeks disgorgement, which is a form of "[r]estitution measured by the

defendant's wrongful gain." *Kokesh v. S.E.C.*, 137 S. Ct. 1635, 1640 (2017) (quoting

Restatement (Third) of Restitution and Unjust Enrichment § 51, Comment a, p. 204

(2010)).  As such, it requires that the defendant give up "those gains … properly

attributable to the defendant's interference with the claimant's legally protected

rights." *Id.*  J&J's Complaint, along with its damages expert's analysis, make clear

that its claim for "infringer's profits," D.I. 141 Prayer for Relief ¶G, is measured by

the alleged gain to Alcon, not the amount of J&J's alleged loss.  As the Supreme

Court and the Third Circuit have recognized, that remedy is equitable, as it "seek[s]

not to compensate for a loss" but to "prevent the wrongdoer from enriching himself

3

by his wrongs." *Edmonson v. Lincoln Nat'l Life Ins. Co.*, 725 F.3d 406, 415 (3d Cir. 2013); *see also Liu v. Sec. & Exch. Comm'n*, 140 S. Ct. 1936, 1941 n.1, 1942 (2020). And disgorgement has been held to be equitable in copyright cases specifically. *See Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 668 n.1, 686 (2014) (describing "disgorgement of unjust gains" as "equitable relief"); *F.W. Woolworth Co. v. Contemp. Arts*, 193 F.2d 162, 167–68 (1st Cir. 1951), *aff'd*, 344 U.S. 228 (1952) (considering remedy of separating infringer from profits attributable to infringement to be equitable).[1]

Laches is an equitable defense that precludes the disgorgement J&J seeks. *See* Dan B. Dobbs, *Law of Remedies*, at 76, 78 (3d ed. 2018) (laches bars "recovery of any kind of equitable remedy"); *Kars 4 Kids Inc. v. Am. Can!*, 8 F.4th 209, 220 n.10 (3d Cir. 2021) (remanding for analysis of laches in context of disgorgement claim). It applies where (1) the plaintiff "inexcusabl[y] delay[ed] in bringing suit," and (2) there is "prejudice to the defendant as a result of the delay." *Santana Prods., Inc. v. Bobrick Washroom Equip., Inc.*, 401 F.3d 123, 138 (3d Cir. 2005). Both elements are satisfied here.

---

[1] Historically, courts labeled disgorgement of allegedly ill-gotten profits as the equitable remedy of "accounting." *See, e.g.*, *Edmonson*, 725 F.3d at 419 ("[D]isgorgement and accounting for profits are essentially the same remedy.").

*First*, J&J's delay is inexcusable.  It is undisputed that J&J observed ███████ ██████████████ in the LenSx object code in *2014*.  A8, 7/14/2022 Ltr. W. Foust to D. Endicott.  It performed an in-depth investigation and ████████████████ ██████████████████████████████████████████████████ ██████ A2764-72, Pls.' Privilege Log Excerpt.  J&J "inspected the LenSx system at the direction of counsel," A158, Pls.' Resp. Interrog. No. 5; and counsel ████████████████████████████████████████████████████ ███████████████ in 2014 and 2015, A161, Pls.' Resp. Interrog. No. 17.  Between April 2014 and August 2015, fifty-two entries on J&J's privilege log reference legal advice regarding ████████████████████████████████████ A2764-72, Pls.' Privilege Log Excerpt.  As a result of that investigation, J&J admits that, "as of the end of 2014, AMO possessed the facts underlying J&J Vision's copyright allegations as presented in the First Amended Complaint."  A268, Pls.' Resp. RFA No. 15.

Rather than assert its rights, however, J&J "decided not to bring suit against Alcon" for *six years*.  A265, Pls.' Resp. RFA No. 10.  Indeed, J&J did not even register its copyrights in the iFS Laser software until 2020.  *See* D.I. 141-1, Exs. Q–HH.  Yet, *after* filing a patent infringement complaint on June 23, 2020, D.I. 1, and *after* attempts to mediate the patent lawsuit fell through, A7, 7/14/2020 Ltr. W. Foust to D. Endicott, J&J finally sued based on the same evidence it had in 2014, A268,

Pls.' Resp. RFA No. 15. That six-year delay triggers the application of laches. Analogously, in *Kepner-Tregoe, Inc. v. Exec. Dev., Inc.*, a court held that laches barred copyright claims because the plaintiff "knew of [allegedly infringing] materials" but "chose to do nothing" for more than ten years. 79 F.Supp.2d 474, 489 (D.N.J. 1999), *aff'd*, 276 F.3d 577 (3d Cir. 2001). The *Kepner* court noted that "delays as short as three and six years in bringing copyright infringement actions have been held inexcusable." *Id.*; *see also Cadence Design Sys., Inc. v. Syntronic AB*, 2022 WL 1320629, at *3 (N.D. Cal. May 3, 2022) (permitting laches defense, in part, because defendant alleged plaintiff "knew about [defendant's] infringing activity in 2014, six years prior to filing suit").

**Second**, J&J's delay has prejudiced Alcon. While J&J was investigating its potential claims and deciding not to sue, Alcon was expending cost and effort to generate earnings from LenSx. *See Kepner*, 79 F.Supp.2d at 489–90 ("Where an alleged infringer … has developed its entire business around one name or product that another party then seeks to prohibit it from using or producing, prejudice sufficient for laches exists."). J&J's decision not to sue at the time it found ███████████ evidence of copying in 2014 resulted in six years of profit accruals. It also ensured that Alcon did not have the opportunity to remove the allegedly infringing code in response to J&J's allegations, which J&J's own expert noted ███████████████████████████████████████████████████ A347,

6

Baer Op. Rpt. ¶127.  Yet despite sitting on its hands for six years, J&J now seeks to disgorge ███████████████████ of which is not even for LenSx-related products.

J&J's delay, and the resulting prejudice to Alcon, forecloses J&J's disgorgement claim.  Courts have broad discretion to tailor appropriate equitable relief in cases where laches applies.  *See* Dobbs at 66 ("[T]he court has the power to measure, shape, and tailor relief to fit its view of the balance of equities and hardships."); *Waddell v. Small Tube Prods., Inc.*, 799 F.2d 69, 79 (3d Cir. 1986) (directing lower court to assess the appropriate relief if the elements of laches are proven).  The Court should exercise that discretion here and hold that J&J's request to disgorge ██████ in revenues is barred because J&J's delay in coming forward resulted in Alcon's accrual of those revenues.[2]

### B.    Applying Laches Here Is Consistent with *Petrella*.

J&J has argued elsewhere *Petrella* limits the application of laches to actual damages, tacitly agreeing that *Petrella* did not limit laches's application to ***equitable remedies***.  D.I. 262, at 2.  That is because the Supreme Court merely addressed whether "laches may be invoked as a bar to [a plaintiff's] pursuit of ***legal*** remedies."

---

[2]    Although this motion focuses on J&J's request for disgorgement, J&J also seeks other equitable remedies.  D.I. 141, Prayer for Relief.  J&J is likewise not entitled to those remedies, which Alcon intends to address at a later date.

572 U.S. at 677.  It did not limit laches's application to equitable relief.  *Id.* at 667–68; *see also SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods., LLC*, 137 S. Ct. 954, 960 (2017) (describing *Petrella*'s rule to be "that laches cannot defeat a ***damages*** claim brought within the period prescribed by the Copyright Act's statute of limitations").  Accordingly, laches remains available here, where J&J seeks equitable relief spanning ten years prior to its filing suit.

Moreover, applying laches here is logically consistent with *Petrella*.  The Supreme Court's holding was based on two primary considerations: separation of powers and laches's gap-filling role.  With respect to the former, the Court was mindful of the separation-of-powers implications of layering laches over a congressionally prescribed limitations period.  As the Court subsequently explained, the "enactment of a statute of limitations necessarily reflects a congressional decision that the timeliness of covered claims is better judged on the basis of a generally hard and fast rule rather than the sort of case-specific judicial determination that occurs when a laches defense is asserted."  *SCA Hygiene*, 137 S. Ct. at 960.  To allow courts to apply laches to conclude that a suit is altogether untimely, despite being brought "within a limitations period specified by Congress[,] would give judges a 'legislation-overriding' role that is beyond the Judiciary's power."  *Id*.  With respect to the latter, the Court noted laches's traditional role in

equity courts, namely that "[l]aches is a gap filling doctrine, and where there is a statute of limitations, there is no gap to fill." *Id.* at 961.

Neither of the two concerns animating *Petrella*'s holding are implicated here. Applying laches to J&J's request for equitable relief does not undermine Congress's determination about the timeliness of suit and corresponding recovery within the limitations period; instead, it serves to fill gaps left by the statute of limitations by barring certain types of relief that are unwarranted based on independent equitable considerations. J&J seeks to disgorge Alcon's profits spanning over ten years, far beyond the three-year period within the statute of limitations. To the extent any of J&J's disgorgement claims survive the statute of limitations, laches operates to ensure J&J cannot unfairly capitalize on its unjustified delay during that time period.

## V.    CONCLUSION

Because J&J delayed unjustifiably for six years to notify Alcon of its potential claims, and because that delay prejudiced Alcon, Alcon respectfully requests that the Court hold that laches bars J&J from disgorging Alcon's profits.

Respectfully submitted,

OF COUNSEL:
Jeanne M. Heffernan
KIRKLAND & ELLIS LLP
401 Congress Avenue
Austin, TX 78701
(512) 678-9123

Gregg F. LoCascio
Sean M. McEldowney
Noah S. Frank
Kelly Tripathi
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 389-5000

Joshua L. Simmons
KIRKLAND & ELLIS LLP
601 Lexington Ave
New York, NY 10022
(212) 390-4573

Caroline Lourgos
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000

Kristen P.L. Reichenbach
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
(415) 439-1400

Dated: August 19, 2022

*/s/ Andrew E. Russell*
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
arussell@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Alcon Inc.,*
*Alcon Vision, LLC,*
*Alcon Laboratories, Inc. and*
*Alcon Research, LLC*

10

## **WORD COUNT CERTIFICATION**

The undersigned counsel hereby certifies that Alcon's Brief in Support of Its Motion for Summary Judgment (No. 3) that Laches Bars J&J's Claim for Disgorgement contains 2,036 words excluding the cover page, tables and signature blocks, as counted by Microsoft Word, in 14-point Times New Roman font.  Alcon's case dispositive motions and *Daubert* motions combined contain 12,500 words or less.

*/s/ Andrew E. Russell*
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
arussell@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Alcon Inc.,*
*Alcon Vision, LLC,*
*Alcon Laboratories, Inc. and*
*Alcon Research, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I, Andrew E. Russell, hereby certify that on August 19, 2022, this document

was served on the persons listed below in the manner indicated:

<u>BY EMAIL</u>

Jack B. Blumenfeld
Brian P. Egan
MORRIS, NICHOLS, ARSHT
  & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
began@mnat.com

Roger J. Chin
Allison Harms
Joseph R. Wetzel
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 491-0600
roger.chin@lw.com
allison.harms@lw.com
joe.wetzel@lw.com

P. Anthony Sammi
Rachel Renee Blitzer
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
tony.sammi@lw.com

Michael A. Morin
Matthew J. Moore
Rachel Weiner Cohen
Sarang V. Damle
Holly K. Victorson
Carolyn M. Homer
Susan Y. Tull
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
(202) 637-2200
michael.morin@lw.com
matthew.moore@lw.com
rachel.cohen@lw.com
sy.damle@lw.com
holly.victorson@lw.com
carolyn.homer@lw.com
susan.tull@lw.com

S.Giri Pathmanaban
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
(650) 328-4600
giri.pathmanaban@lw.com

Aaron Macris
LATHAM & WATKINS LLP
200 Clarendon Street
Boston, MA 02116
(617) 948-6000
aaron.marcris@lw.com

*/s/ Andrew E. Russell*
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
arussell@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendants*