IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMO DEVELOPMENT, LLC, AMO MANUFACTURING USA, LLC, and AMO SALES AND SERVICE, INC., | ) ) ) ) | |
| | ) | **Redacted - Public Version** |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 20-842-CFC-JLH |
| | ) | |
| ALCON VISION, LLC, ALCON LABORATORIES, INC., and ALCON RESEARCH, LLC, | ) ) ) | ███████████ |
| | ) | |
| Defendants. | ) | |
| ALCON, INC., ALCON RESEARCH, LLC and ALCON VISION, LLC, | ) ) | |
| | ) | |
| Counterclaim Plaintiffs, | ) ) | |
| v. | ) ) | |
| | ) | |
| AMO DEVELOPMENT, LLC, AMO MANUFACTURING USA, LLC, AMO SALES AND SERVICE, INC. and JOHNSON & JOHNSON SURGICAL VISION, INC., | ) ) ) ) ) | |
| | ) | |
| Counterclaim Defendants. | ) | |

**ALCON'S CONCISE STATEMENT OF FACTS IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT THAT AMO DEVELOPMENT OWNS THE COPYRIGHTS IN THE <u>ALLEGEDLY COPIED WORKS</u>**

OF COUNSEL:
Jeanne M. Heffernan
James John Lomeo
KIRKLAND & ELLIS LLP
401 Congress Avenue
Austin, TX 78701
(512) 678-9100

Gregg F. LoCascio
Sean M. McEldowney
Noah S. Frank
Mary Elizabeth Miller
Elizabeth Hedges
Kelly Tripathi
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 389-5000

Joshua L. Simmons
KIRKLAND & ELLIS LLP
601 Lexington Ave
New York, NY 10022
(212) 390-4573

Caroline Lourgos
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000

Kristen P.L. Reichenbach
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
(415) 439-1400

Dated: September 23, 2022

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
arussell@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Alcon Inc.,
Alcon Vision, LLC,
Alcon Laboratories, Inc. and
Alcon Research, LLC*

## I.   ALCON'S RESPONSE TO PLAINTIFFS' STATEMENT OF FACTS[1]

1. Undisputed.

2. Undisputed.

3. Undisputed.

4. Undisputed.

5. Undisputed.

6. Disputed based on the term "[c]opied."[2]

7. Disputed based on the term "[c]opied."

8. Undisputed.

9. Disputed.  There is evidence that █████████████████████

███████████████████████ *See* ¶59 below.

10. Disputed based on the terms "[c]opied" and "[a]uthors."

11. Disputed.  There is evidence that ██████████████████████

████████████████████████████████████████████████

*See* ¶¶53, 56-57 below.  Further disputed based on the term "[c]opied."

12. Disputed.  Alcon's technical expert, Dr. Stephen Wicker, identified code

---

[1]   J&J's section headings and subheadings are argumentative and misleading.  The content thereof is disputed by Alcon but ignored in Alcon's enumerated responses.

[2]   Alcon also disputes the factual content of "Ex. 6 ¶¶ 96-97" cited in paragraph 6 of J&J's statement of facts.

1

in the IntraLase software that is nearly identical to code found in publicly available documentation and there is no testimony as to who wrote the publicly available code. *See* ¶¶53, 56-57 below.  Further disputed based on the term "[c]opied."

13. Undisputed.

14. Undisputed.

15. Undisputed.

16. Undisputed.

17. Disputed based on the term "[c]opied."

18. Disputed based on the terms "[c]opied" and "[a]uthors."

19. Undisputed, except to the extent J&J asserts that the cited agreement purports to cover ████████████████████████████████████████████ ███████ (*see* D.I. 374 at 8-9).  *See* ¶¶44, 54 below.

20. Undisputed.

21. Undisputed.

22. Undisputed.

23. Disputed based on the term "[c]opied."

24. Undisputed.

25. Disputed.  The dates of the comments throughout the iFS source code do *not* indicate ████████████████████████████████████████ ████████████████████████████████ Instead, the dates indicate when

2

████████████████████████████████   *See* D.I. 375 ¶9; ¶¶43-52 below.

Further disputed based on the terms "[c]opied" and "[a]uthors."

26. Disputed.  Mr. Goldstein testified ██████████████████████

████████████████████████████████████████████████████

██████████   *See* ¶¶43-52 below.  Further disputed based on the terms "[c]opied"

and "[a]uthors."

27. Disputed.   J&J  has  not  provided  ████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████   *See* ¶¶43-52 below.

28. Disputed.  Mr. Goldstein did not ██████████████████████

████████████████████   *See* ¶¶43-48, 54 below.

29. Disputed.  Mr. Goldstein did not ██████████████████████

████████████████████   *See* ¶¶43-48, 54 below.

30. Disputed based on the term "[c]opied."

31. Disputed based on the term "[c]opied."  Moreover, the factual record at

present does not ████████████████████████████████████████

████████████████████   *See* ¶¶45-48 below.

32. Undisputed.

33. Disputed.  Mr. Goldstein ████████████████████████████

████████████████████ and Dr. Wicker identified these code portions in the IntraLase codebase.  *See* ¶¶44-45, 48 below.

34. Disputed based on the term "[c]opied."

35. Disputed based on the term "[c]opied."

36. Disputed.  J&J has failed to identify all authors of the FDA submissions. *See* ¶58 below.  Further disputed based on the terms "[c]opied" and "[a]uthors."

37. Disputed.  J&J has failed to identify all authors of the FDA submissions. *See* ¶58 below.  Further disputed based on the term "[a]uthors."

38. Undisputed.

39. Disputed based on the term "[c]opied."

40. Disputed based on the term "[c]opied."

41. Disputed.  J&J's assertion is both without support and incorrect.  *See* ¶55 below.  Further disputed based on the term "[c]opied."

42. Alcon responds "Undisputed" to J&J's non-enumerated statement on page nine of its statement of facts that ████████████████████████████ ████████████████████████████████████

## II.   ALCON'S RESPONSIVE STATEMENT OF FACTS

43. Mr.  Goldstein  testified ████████████████████████ ████████████████████████████████████

A4434, Goldstein Tr. 25:9-25.

44. Mr. Goldstein testified ███████████████████████████████

██████████████████████████████ A4437, Goldstein Tr. 34:14-

22. Mr. Goldstein testified these portions of code included at least:



45. Mr. Goldstein testified that ████████████████████████

███████████████████████████████████████████████████████

███████████████ A4481, Goldstein Tr. 210:14-23. Mr. Goldstein further testified

that ████████████████████████████████████████████████████

██████████████ A4479, *Id.* at 204:12-17. He also testified that ████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████ A4434, *Id.* at 25:9-25.

46. One of J&J's experts, Douglas Schmidt, stated that development of the

IntraLase Model 2/Model 3 laser source code ("FS2") at issue in this litigation

started by August 2002.  A857, Schmidt Op. ¶430.

47. J&J has not produced any versions of the FS1 codebase that predate the FS2 code that is the subject of this litigation.  *See* A4652-56, 5/13/22 and 5/11/22 Emails from A. Macris to N. Frank; A3082-84, Wicker Op. ¶¶142-43, 148.

48. Dr. Wicker analyzed the FS1 code that was produced, and on that basis ███████████████████████████████████████████████████████████ ██████.  A3438-40, Wicker Rpl. ¶¶122-24; *see* A3081-84, Wicker Op. ¶¶140-49. Dr. Wicker identified six specific files, ███████████████████████████████ ████████████████ that Mr. Goldstein testified ████████████████████████ A3386, Wicker Rpl. ¶21 & n.3.

49. J&J's corporate witness on "[t]he conception, creation, design and development of the J&J Asserted Works, including . . . any works used or relied upon [in] the creation of the J&J Asserted Works," Biren Mehta, testified he was hired in 2002, after Mr. Goldstein had been hired.  A4547, 4561, 4566, Mehta Tr. 18:14-16, 74:24-75:1, 95:20-96:25.

50. Mr. Mehta testified he ████████████████████████████████████ ███████████████████████████████████████████████████████████A4574, Mehta Tr. 129:6-19.

51. Mr. Mehta testified he ████████████████████████████████████ ██████████████████████████████████ A4574, Mehta Tr. 127:3-18.

6

52. Mr. Mehta testified ███████████████████████████

██████████████████████████████████████████████

███████████████████  A4573-74, Mehta Tr. 125:20-126:15.

53. Mr. Mehta was ████████████████████████████████

██████████████████████████████████████████████

████  A4574-75, 4581-4582, Mehta Tr. 126:7-130:4, 155:20-159:1.

54. When asked about his employment agreements, Mr. Goldstein testified

████████████████████████████████████  A4440, Goldstein

Tr. 48:13-17.  Mr. Goldstein testified ██████████████████

██████████████████████████████████████████████

██████████████████████  A4442, *Id.* at 54:20-55:6.  Mr.

Goldstein further testified, when asked about not listing "prior inventions," that█

██████████████████████████████████████████████

███████████████████████  A4442, *id.* at 56:11-24, and

that instead █████████████████████████████████████

██████████████████████████████████████████████

███████  A4442, *id.* at 57:12-18.

55. Alcon has affirmatively denied J&J's allegations that AMO Development

owns the Asserted Works.  E.g., D.I. 340 ¶55.  Further, paragraph 41 of J&J's

statement of facts is without support because the cited interrogatory from J&J to

Alcon does *not* speak to ownership.  D.I. 376-2, Ex. 20 to N. Macris Decl. at 2 (setting forth Interrogatory No. 5).  It is therefore of no consequence that Alcon's responses and objections to that interrogatory allegedly do not "challenge" ownership.

56. According to Dr. Wicker, portions of the iFS code—possibly entire specific functions or files—were copied nearly wholesale from publicly available documentation for the operating ███████████████████████████, that existed at the time.  A3410-11, Wicker Rpl. ¶67; A3442, Ex. A to Wicker Rpl.

57. Dr. Wicker identified a function responsible for ███████████ ██████████ exists in nearly identical form in █████ documentation.  A3411-13, Wicker Rpl. ¶¶ 68-70.

58. J&J has failed to identify all authors of the "FDA Submissions." According to Dr. David Feigal, an expert consultant on FDA regulatory matters, elements of the asserted FDA Submissions "appear to have been taken directly from . . . public sources."  A4143, 4176, Feigal Rpt. ¶¶1, 99; A4170-74, *see id.* ¶¶87-91. That is, "[m]uch of the language accused of being copied is standard boilerplate [like] in other filings."  A4176, *Id.* ¶99.  Indeed, Dr. Feigal "ha[s] seen similar language in FDA Guidances and IEEE Standards," A4176, *id.*, and "Mr. Suzuki testified that the Software Configuration Management Plan contains language which came directly from IEEE standards," A4171-73, *id.* ¶89 (citing Suzuki Tr.).

59. Mr. Mehta testified that "what I had said was that it was a practice to ███

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████." A4590, Mehta Tr. 193:12–18; *see* A3108-

3110, Wicker Op. ¶¶273-79.

|  | */s/ Andrew E. Russell* |
|---|---|
|  | John W. Shaw (No. 3362) |
|  | Karen E. Keller (No. 4489) |
| OF COUNSEL: | Andrew E. Russell (No. 5382) |
| Jeanne M. Heffernan | Nathan R. Hoeschen (No. 6232) |
| James John Lomeo | SHAW KELLER LLP |
| KIRKLAND & ELLIS LLP | I.M. Pei Building |
| 401 Congress Avenue | 1105 North Market Street, 12th Floor |
| Austin, TX 78701 | Wilmington, DE 19801 |
| (512) 678-9100 | (302) 298-0700 |
|  | jshaw@shawkeller.com |
| Gregg F. LoCascio | kkeller@shawkeller.com |
| Sean M. McEldowney | arussell@shawkeller.com |
| Noah S. Frank | nhoeschen@shawkeller.com |
| Mary Elizabeth Miller | *Attorneys for Alcon Inc.,* |
| Elizabeth Hedges | *Alcon Vision, LLC,* |
| Kelly Tripathi | *Alcon Laboratories, Inc. and* |
| KIRKLAND & ELLIS LLP | *Alcon Research, LLC* |
| 1301 Pennsylvania Avenue, NW |  |
| Washington, DC 20004 |  |
| (202) 389-5000 |  |

Joshua L. Simmons
KIRKLAND & ELLIS LLP
601 Lexington Ave
New York, NY 10022
(212) 390-4573

Caroline Lourgos
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000

Kristen P.L. Reichenbach
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
(415) 439-1400

Dated: September 23, 2022

## <u>WORD COUNT CERTIFICATION</u>

The undersigned counsel hereby certifies that Alcon's Concise Statement of Facts in Opposition to Plaintiffs' Motion for Partial Summary Judgment that AMO Development Owns the Copyrights in the Allegedly Copied Works contains 1,745 words excluding the cover page, tables and signature blocks, as counted by Microsoft Word, in 14-point Times New Roman font.

*/s/ Andrew E. Russell*
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
arussell@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Alcon Inc.,*
*Alcon Vision, LLC,*
*Alcon Laboratories, Inc. and*
*Alcon Research, LLC*

## CERTIFICATE OF SERVICE

I, Andrew E. Russell, hereby certify that on September 27, 2022, this

document was served on the persons listed below in the manner indicated:

### BY EMAIL

Jack B. Blumenfeld
Brian P. Egan
MORRIS, NICHOLS, ARSHT
 & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
began@mnat.com

Roger J. Chin
Allison Harms
Joseph R. Wetzel
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 491-0600
roger.chin@lw.com
allison.harms@lw.com
joe.wetzel@lw.com

P. Anthony Sammi
Rachel Renee Blitzer
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
tony.sammi@lw.com

Michael A. Morin
Matthew J. Moore
Rachel Weiner Cohen
Sarang V. Damle
Holly K. Victorson
Carolyn M. Homer
Susan Y. Tull
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
(202) 637-2200
michael.morin@lw.com
matthew.moore@lw.com
rachel.cohen@lw.com
sy.damle@lw.com
holly.victorson@lw.com
carolyn.homer@lw.com
susan.tull@lw.com

S.Giri Pathmanaban
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
(650) 328-4600
giri.pathmanaban@lw.com

Aaron Macris
LATHAM & WATKINS LLP
200 Clarendon Street
Boston, MA 02116
(617) 948-6000
aaron.marcris@lw.com

*/s/ Andrew E. Russell*
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
arussell@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Alcon Inc.,*
*Alcon Vision, LLC,*
*Alcon Laboratories, Inc. and*
*Alcon Research, LLC*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMO DEVELOPMENT, LLC, AMO MANUFACTURING USA, LLC and AMO SALES AND SERVICE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ALCON VISION, LLC, ALCON LABORATORIES, INC. and ALCON RESEARCH, LLC, <br><br> Defendants. | **Redacted – Public Version** <br><br> C.A. No. 20-842-CFC <br><br>  |
| ALCON INC., ALCON RESEARCH, LLC, and ALCON VISION, LLC, <br><br> Counterclaim-Plaintiffs, <br><br> v. <br><br> AMO DEVELOPMENT, LLC, AMO MANUFACTURING USA, LLC, AMO SALES AND SERVICE, INC., and JOHNSON & JOHNSON SURGICAL VISION, INC., <br><br> Counterclaim-Defendants. | |

**APPENDIX OF EXHIBITS CITED IN ALCON'S CONCISE STATEMENT OF FACTS IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT THAT AMO DEVELOPMENT OWNS THE COPYRIGHTS IN THE <u>ALLEGEDLY COPIED WORKS</u>**

OF COUNSEL:
Jeanne M. Heffernan
James John Lomeo
KIRKLAND & ELLIS LLP
401 Congress Avenue
Austin, TX 78701
(512) 678-9100

Gregg F. LoCascio
Sean M. McEldowney
Noah S. Frank
Mary Elizabeth Miller
Elizabeth Hedges
Kelly Tripathi
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 389-5000

Joshua L. Simmons
KIRKLAND & ELLIS LLP
601 Lexington Ave
New York, NY 10022
(212) 390-4573

Caroline Lourgos
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000

Kristen P.L. Reichenbach
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
(415) 439-1400

Dated: September 23, 2022

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
arussell@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Alcon Inc.,*
*Alcon Vision, LLC,*
*Alcon Laboratories, Inc. and*
*Alcon Research, LLC*

## Table of Contents

| Exhibit No. | Description | Page(s)[1] |
|---|---|---|
| 11 | July 21, 2022 Corrected Schmidt Opening Report - HC-AEO | A545 |
| 33 | April 29, 2022 Wicker Opening Report – HC-AEO | A3041 |
| 35 | June 23, 2022 Wicker Reply Report – HC-AEO | A3374 |
| 36 | Exhibit A to Wicker Reply Report – HC-AEO | A3442 |
| 42 | May 27, 2022 Feigal Report | A4139 |
| 45 | November 16, 2021 Peter Goldstein – Deposition Transcript | A4427 |
| 46 | February 25, 2022 Biren Mehta – Deposition Transcript | A4541 |
| 47 | May 13, 2022 Email from A. Macris to N. Frank re FS1 Code Production | A4652 |

[1] Pursuant to ¶ 17 of the Scheduling Order, D.I. 61, the exhibits are highlighted, and only the relevant pages are attached. As such, there are gaps in the page numbers.

# EXHIBIT 11
# Redacted in its entirety

# EXHIBIT 33
# Redacted in its entirety

# EXHIBIT 35
# Redacted in its entirety

# EXHIBIT 36
# Redacted in its entirety

# EXHIBIT 42
# Redacted in its entirety

# EXHIBIT 45
# Redacted in its entirety

# EXHIBIT 46
# Redacted in its entirety

# EXHIBIT 47

| | |
|---|---|
| **From:** | Aaron.Macris@lw.com |
| **Sent:** | Friday, May 13, 2022 12:47 PM |
| **To:** | Frank, Noah S.; Sy.Damle@lw.com; johnson&johnson.alcon.lwteam@lw.com; JBlumenfeld@morrisnichols.com; began@morrisnichols.com; araucci@morrisnichols.com |
| **Cc:** | #Alcon-JNJ; jshaw@shawkeller.com; arussell@shawkeller.com; SKAlcon@shawkeller.com |
| **Subject:** | RE: AMO v. Alcon - FS1 source code |

---

**This message is from an EXTERNAL SENDER**

Be cautious, particularly with links and attachments.

Counsel,

Further to the email below, J&J Vision has made a production of the source code it was able to locate.  The production can be found on the source code machine under the following directory: \\hlnas05\securecodereview$\SCR - JJSV vs Alcon\Code\JJSV\JJSV – Code \FS1\

Regards,
Aaron

**From:** Macris, Aaron (BN)
**Sent:** Wednesday, May 11, 2022 3:03 PM
**To:** 'Frank, Noah S.' <noah.frank@kirkland.com>; Damle, Sy (DC-NY) <Sy.Damle@lw.com>; #C-M JOHNSON & JOHNSON - ALCON - LW TEAM <johnson&johnson.alcon.lwteam@lw.com>; JBlumenfeld@morrisnichols.com; began@morrisnichols.com; araucci@morrisnichols.com
**Cc:** #Alcon-JNJ <Alcon_JNJ@kirkland.com>; jshaw@shawkeller.com; arussell@shawkeller.com; SKAlcon@shawkeller.com
**Subject:** RE: AMO v. Alcon - FS1 source code

Noah,

Alcon's belated effort to undermine the overwhelming evidence that the FS2/3 code was created in-house by IntraLase personnel is unsupported by fact or law.  As explained in our prior email, Alcon is raising this issue exceedingly late.  The parties first exchanged source code as early as November of 2020, and fact discovery closed on March 4, 2022.  During that window, Alcon had ample opportunity to review what J&J Vision had produced and to raise any issues about that production.  Alcon was obviously aware of the FS1 system and aware of the reasons you identify below that the FS1 source code is purportedly relevant.  Indeed, Alcon asked one of J&J Vision's deposition witnesses during fact discovery about the relationship of the FS1 source code and the FS2 source code.  *See, e.g.*, Mehta Tr. at 116:22–121:19.  Yet, Alcon waited until April 27, 2022, just two days before opening expert reports were due, to request that J&J Vision produce any FS1 source code.  That is apparently because, although the undisputed facts in the record makes clear where the FS2 source code originated—i.e., it was developed within IntraLase (*see, e.g.*, Schmidt Opening Rpt. at ¶¶ 101–104)—Alcon has made a belated shift in its strategic thinking about whether having the FS1 code could somehow undermine those facts.  After extensive evidence was already produced regarding the origin of the FS2 code, this untimely effort is not appropriate and is futile.

A4653

Nevertheless, in order to avoid any dispute over this issue, J&J Vision will produce any source code it has been able to locate upon a reasonable search that appears to relate to the FS1 system.  We expect to produce such source code shortly.  However, we note that we have been unable to locate any repositories associated with an FS1 release that preceded the earliest FS2 source code release J&J Vision has produced.

Regards,
Aaron

---

**From:** Frank, Noah S. <noah.frank@kirkland.com>
**Sent:** Monday, May 9, 2022 9:05 AM
**To:** Damle, Sy (DC-NY) <Sy.Damle@lw.com>; #C-M JOHNSON & JOHNSON - ALCON - LW TEAM <johnson&johnson.alcon.lwteam@lw.com>; JBlumenfeld@morrisnichols.com; began@morrisnichols.com; araucci@morrisnichols.com
**Cc:** #Alcon-JNJ <Alcon_JNJ@kirkland.com>; jshaw@shawkeller.com; arussell@shawkeller.com; SKAlcon@shawkeller.com
**Subject:** RE: AMO v. Alcon - FS1 source code

Sy,

J&J has been unable to identify the origination of the FS2 software, including whether portions of the original FS1 software were already written and then used in the FS2 software. For example, J&J's designated corporate witness on the topic of the "conception, creation, design, and development of the J&J Asserted Works" testified that "there [were] a lot of similarities and functionality between FS-1 and FS-2", but did not know the extent to which the IntraLase FS2 software was based on the FS1 software.  Mehta Dep. Tr. 120:18–121:2 ("Did any source code carry over from FS-1 into FS-2? A. I don't know.").  Similarly, J&J has not offered details about the creation of the FS1 software, including even whether development started while Peter Goldstein was an IntraLase employee or before he joined the company. *Id.* at 126:7–129:19.  If, in fact, the software for the IntraLase FS2 laser is based in part on software written for the FS1 laser, then the source code for the IntraLase FS1 laser is responsive at least to RFP 74, which calls for "all Documents concerning any works used or relied upon in the creation of the J&J Asserted Works."

Alcon understands your response to mean that the IntraLase FS1 source code has not been produced on the source code computer and thus cannot be identified.  Please confirm by May 11 that J&J will produce the IntraLase FS1 source code by May 13 or state that J&J was unable to locate the source code for any version of the IntraLase FS1.

Regards,

**Noah Frank**
----------------------------------------------------------
**KIRKLAND & ELLIS LLP**
200 Clarendon Street, Boston, MA 02116
**T** +1 617 385 7570
**F** +1 617 385 7501

1301 Pennsylvania Avenue, N.W., Washington, D.C. 20004
**T** +1 202 389 5235
**F** +1 202 389 5200
----------------------------------------------------------
noah.frank@kirkland.com

---

**From:** Sy.Damle@lw.com <Sy.Damle@lw.com>
**Sent:** Thursday, April 28, 2022 5:35 PM
**To:** Frank, Noah S. <noah.frank@kirkland.com>; johnson&johnson.alcon.lwteam@lw.com;

JBlumenfeld@morrisnichols.com; began@morrisnichols.com; araucci@morrisnichols.com
**Cc:** #Alcon-JNJ <Alcon_JNJ@kirkland.com>; jshaw@shawkeller.com; arussell@shawkeller.com;
SKAlcon@shawkeller.com
**Subject:** RE: AMO v. Alcon - FS1 source code

Noah,

We are surprised by this request, as fact discovery closed almost two months ago, opening expert reports are due tomorrow, and this is the first time that Alcon has ever raised any issue regarding FS1 source code.  Indeed, Alcon's software RFPs were not directed to FS1 but "the IntraLase® FS Model 2 and Model 3 Laser systems and iFS® Advanced Femtosecond Laser systems."

We are investigating and considering your request, but we do not expect to be able to provide answers to your questions below by today.  In the meantime, would you please provide Alcon's position regarding the legal relevance of the FS1 source code and the reasons why Alcon delayed in this request?

Regards,
Sy


**Sy Damle**

**LATHAM & WATKINS LLP**
D: +1.202.637.3332 | M: +1.703.622.3977

---

**From:** Frank, Noah S. <noah.frank@kirkland.com>
**Sent:** Wednesday, April 27, 2022 10:16 PM
**To:** #C-M JOHNSON & JOHNSON - ALCON - LW TEAM <johnson&johnson.alcon.lwteam@lw.com>;
JBlumenfeld@morrisnichols.com; began@morrisnichols.com; araucci@morrisnichols.com
**Cc:** #Alcon-JNJ <Alcon_JNJ@kirkland.com>; jshaw@shawkeller.com; Andrew Russell <arussell@shawkeller.com>;
SKAlcon@shawkeller.com
**Subject:** AMO v. Alcon - FS1 source code

Counsel,

After reviewing the code produced by the parties on the source code review machines, Alcon has been unable to locate any source code corresponding to the software for the IntraLase FS1 laser.  Such code is responsive to at least Alcon's Requests For Production Nos. 64, 65, 70, 74, 78, and 84.  Please (a) identify the IntraLase FS1 code on the source code computer or (b) confirm by April 28 that J&J will produce the IntraLase FS1 source code or that J&J was unable to locate the source code for any version of the IntraLase FS1.

Regards,

**Noah Frank**
-------------------------------------------------------------
**KIRKLAND & ELLIS LLP**
200 Clarendon Street, Boston, MA 02116
**T** +1 617 385 7570
**F** +1 617 385 7501

1301 Pennsylvania Avenue, N.W., Washington, D.C. 20004
**T** +1 202 389 5235

A4655

**F** +1 202 389 5200
------------------------------------------------------------
noah.frank@kirkland.com

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

_____

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

**A4656**