IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMO DEVELOPMENT, LLC, AMO MANUFACTURING USA, LLC and AMO SALES AND SERVICE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ALCON VISION, LLC, ALCON LABORATORIES, INC. and ALCON RESEARCH, LLC, <br><br> Defendants. | C.A. No. 20-842 (CFC) (JLH) <br><br> **REDACTED - PUBLIC VERSION** |
| ALCON INC., ALCON RESEARCH, LLC, and ALCON VISION, LLC, <br><br> Counterclaim Plaintiffs, <br><br> v. <br><br> AMO DEVELOPMENT, LLC, AMO MANUFACTURING USA, LLC AMO SALES AND SERVICE, INC., and JOHNSON & JOHNSON SURGICAL VISION, INC., <br><br> Counterclaim Defendants. | |

**PLAINTIFFS' RESPONSE TO ALCON'S CONCISE STATEMENT OF FACTS IN SUPPORT OF ALCON'S MOTION FOR SUMMARY JUDGMENT (NO. 1) THAT THE COPYRIGHT ACT BARS MONETARY RELIEF FOR INFRINGING ACTS OCCURRING MORE THAN THREE <u>YEARS BEFORE J&J FILED SUIT</u>**

**Original Filing Date: September 23, 2022**
**Redacted Filing Date: October 6, 2022**

## TABLE OF EXHIBITS

| Exhibit | Description of Document |
|---|---|
| 1 | Opening Report of Nikolaus Baer (excerpts) |
| 2 | Opening Report of Douglas Schmidt (excerpts) |
| 3 | J&J's Sixth Supplemental Response to Interrogatory No. 5 |
| 4 | Transcript of 9/8/22 Hearing (excerpts) |
| 5 | Opening Expert Report of Karen M. Becker, Ph.D. (excerpts) |
| 6 | Transcript of 3/1/22 Deposition of Kim Regis (excerpts) |
| 7 | Rebuttal Expert Report of Nikolaus Baer (excerpts) |
| 8 | Reply Expert Report of Nikolaus Baer (excerpts) |
| 9 | Rebuttal Expert Report of Dr. Douglas Schmidt (excerpts) |
| 11 | Transcript of 7/26/22 Deposition of Dr. Stephen Wicker (excerpts) |
| 13 | Transcript of 3/2/22 Deposition of Lynda Jeffcoat (excerpts) |
| 14 | Transcript of 2/4/22 Deposition of Robert Golden (excerpts) |
| 15 | Rebuttal Expert Report of Dr. David W. Feigal (excerpts) |
| 16 | Transcript of 1/28/22 Deposition of Carlos Suárez (excerpts) |
| 38 | 3/22/11 Ltr. from Nina Huerta to Naomi Greenstone (Hudnall Ex. 28) |
| 39 | Transcript of 2/17/22 Deposition of Thomas Hudnall (excerpts) |

## CONCISE STATEMENT OF FACTS

I. **RESPONSE TO ALCON'S CONCISE STATEMENT OF FACTS**

1.     Plaintiffs AMO Development, LLC, AMO Manufacturing USA, LLC, and AMO Sales and Service, Inc. (collectively, "J&J") filed a First Amended Complaint on September 28, 2020, alleging copyright infringement based on the allegation that LenSx, a laser-assisted cataract surgery system marketed by defendants Alcon Vision, LLC, Alcon Laboratories, Inc., and Alcon Research, LLC (collectively, "Alcon"), was developed based on source code copied from J&J's iFS Laser system. D.I. 16 ¶¶2, 98–99; see D.I. 141 ¶¶2, 100–02.

**Response: Disputed.** This statement is not only disputed but untrue. While J&J's First Amended Complaint ("FAC") alleged copyright infringement based on the limited object code discernable from inspection of the commercial LenSx device, at the time of the FAC, J&J could not have possibly known about Alcon's widespread and pervasive theft of implementing source code, its wholesale copying of J&J's software architecture, or its theft and passing off of FDA submissions including technical documentation as its own. It was only able to learn these facts *after* obtaining discovery in connection with this case, including copies of Alcon's source code, which Alcon treats as highly proprietary and confidential and was unavailable to J&J prior

1

to suit. *See infra* ¶¶ 3, 7-12. Accordingly, J&J was not on notice of the copying of its copyrighted implementing source code.

2. J&J possessed the facts underlying the copyright infringement allegations in its First Amended Complaint in 2014. A268, Pls.' Resp. to RFA No. 15 ("J&J Vision admits that as of the end of 2014, AMO possessed the facts underlying J&J Vision's copyright allegations as presented in the First Amended Complaint, D.I. 16.").

> **Response: Undisputed**, to the extent this Fact refers only to the First Amended Complaint, and not to the Second Amended Complaint. To be clear, J&J only knew about the facts underlying the FAC, not the additional trove of facts that it learned through discovery thereafter. *See* Response to Alleged Fact 1 above.

II. **ADDITIONAL MATERIAL FACTS**

3. Alcon does not make its LenSx source code available to the public, and in fact considers it highly confidential and proprietary; so much so that it insisted (as did J&J) that its source code be subjected to extra-secure treatment and handling in this case, above and beyond the already-stringent requirements of the protective order. J&J did not have access to any version of the LenSx source code until late November 2020, after the FAC was filed, when Alcon provided J&J with the source code in connection with this litigation. D.I. 63 Ex. C ¶¶ 6-7; Ex. 3 at 4-5; Ex. 4 at

2

46:17-18 (Mr. LoCascio: "No one's ever contended [J&J] had Alcon's source code.").

4. Prior to discovery in this litigation, it is undisputed that J&J had no access to the materials Alcon submitted confidentially to the U.S. Food and Drug Administration ("FDA") for 510(k) clearance to sell the LenSx in the United States. J&J also had no way of knowing about such materials, since they are confidential and unavailable in the public domain. D.I. 141 ¶ 117; Ex. 5 ¶ 93 & n.162; Ex. 6 at 157:22-158:8, 160:14-162:14, 163:23-164:6; Ex. 16 at 79:25-81:5, 86:12-19.

5. While source code is generally maintained in human-readable format, products implementing that code include only executable files (sometimes called "object code") consisting of machine-readable binary code, with very limited instances of human-readable text. Ex. 1 ¶¶ 17-18, 161, 165-66; Ex. 2 ¶ 356.

6. In 2014, at the direction of J&J's counsel, J&J personnel inspected a LenSx machine, but were only able to view its executable object code. Ex. 3 at 4-5.

7. While J&J noticed similarities to the iFS, they concerned only declaring source code (such as process names), not implementing source code, which is the code that actually tells the computer what to do. Ex. 1 ¶ 166; Ex. 2 ¶ 359.

8. Inspecting the LenSx object code could not reveal that entire swaths of highly valuable implementing source code in the LenSx source code were identical

3

to their counterparts in the iFS source code.  Ex. 1 ¶ 166; Ex. 7 ¶ 28; Ex. 8 ¶ 7; Ex. 2 ¶¶ 356-60; Ex. 9 ¶¶ 71-72.

9. Without access to the LenSx source code, J&J could not know that Alcon had stolen and copied tens of thousands of lines of implementing source code (including typos and code not even used in LenSx).  Ex. 1 ¶¶ 161-69.

10. Without access to the LenSx source code, J&J could not know that the LenSx software used verbatim key iFS implementing source code that enables laser cutting, the central functionality that gives the machine its value.  Ex. 1 ¶¶ 161-69; Ex. 2 ¶¶ 191-261, 359.

11. The parties' experts agree that inspecting the LenSx object code alone would not reveal whether or how individual functions are used within the LenSx software.  Ex. 1 ¶ 167; Ex. 2 ¶ 359; Ex. 9 ¶¶ 71-72; Ex. 11 at 235:18-236:2.

12. Even Alcon's witnesses admitted that, without comparing the two source code bases, it would be difficult or impossible to confirm that the source code for the LenSx was based on the iFS software.  Ex. 13 at 238:20-239:7; Ex. 14 at 197:5-14.

13. Reverse compilation is a challenging, resource-intensive process that rarely (if ever) results in a complete picture of the underlying source code, which can make it very difficult to detect copied functionality and copied expression.  Ex. 7 ¶ 27; Ex. 8 ¶ 9.

14. Despite speculating that it could have been done, Dr. Wicker did not reverse compile the LenSx object code. Ex. 11 at 235:15-17.

15. The regulatory and technical documentation included in a 510(k) submission for a software-operated medical device is not dictated by the device's software, and could be drafted in multiple different manners. Ex. 2 ¶¶ 378, 383, 389, 396-97; Ex. 5 ¶¶ 99, 111, 124, 137, 155, 166, 178, 188; Ex. 15 ¶ 99 (acknowledging 510(k) submissions could have been "written in another manner").

16. In 2011, counsel for Alcon wrote to counsel for J&J, stating that "we can assure you that LenSx is not using any confidential information nor any unfair or unlawful measure in its hiring of AMO employees." Ex. 38 at ALCON_LENSX3660237. Alcon's counsel further represented that "LenSx has not, and will not, ask any of these employees, directly or indirectly, to disclose or use any protectable information gained from AMO." *Id.*

17. Alcon's corporate representative, Thomas Hudnall, testified that ██████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ██████████████████████████████ Ex. 39 at 215:19-216:3.

5

|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|---|---|
|  | /s/ Anthony D. Raucci |
|  | _____ |
|  | Jack B. Blumenfeld (#1014) |
|  | Brian P. Egan (#6227) |
| OF COUNSEL: | Anthony D. Raucci (#5948) |
|  | 1201 North Market Street |
| Michael A. Morin | P.O. Box 1347 |
| Matthew J. Moore | Wilmington, DE 19899 |
| Sarang V. Damle | (302) 658-9200 |
| Rachel Weiner Cohen | jblumenfeld@morrisnichols.com |
| Susan Y. Tull | began@morrisnichols.com |
| Carolyn M. Homer | araucci@morrisnichols.com |
| Holly K. Victorson |  |
| LATHAM & WATKINS LLP | *Attorneys for Plaintiffs and* |
| 555 Eleventh Street, NW, Suite 1000 | *Counterclaim Defendants* |
| Washington, DC 20004 | *AMO Development, LLC,* |
| (202) 637-2200 | *AMO Manufacturing USA, LLC,* |
|  | *AMO Sales and Service, Inc. and* |
| Roger J. Chin | *Johnson & Johnson Surgical Vision, Inc.* |
| Joseph R. Wetzel |  |
| Allison Harms |  |
| LATHAM & WATKINS LLP |  |
| 505 Montgomery Street, Suite 2000 |  |
| San Francisco, CA 94111 |  |
| (415) 491-0600 |  |

6

S. Giri Pathmanaban
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
(650) 328-4600

P. Anthony Sammi
Rachel Renee Blitzer
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200

Aaron Macris
LATHAM & WATKINS LLP
200 Clarendon Street
Boston, MA 02116
(617) 948-6000

September 23, 2022

## **CERTIFICATION**

This brief complies with the type and word limitation in Paragraph 24(c) of the Scheduling Order (D.I. 61) because it is written in 14-point Times New Roman font and contains 1,124 words according to the word count feature of Microsoft Word, and collectively with the opposition briefing on the summary judgment motion and other *Daubert* motions filed herewith, does not exceed the 12,500 word limit set forth in the Scheduling Order.

*/s/ Anthony D. Raucci*
_____
Anthony D. Raucci (#5948)

# CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on September 23, 2022, upon the following in the manner indicated:

| | |
|---|---|
| John W. Shaw, Esquire<br>Karen E. Keller, Esquire<br>Andrew E. Russell, Esquire<br>David M. Fry, Esquire<br>SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE  19801<br>*Attorneys for Defendants*<br>*and Counterclaim-Plaintiffs* | *VIA ELECTRONIC MAIL* |
| Joshua L. Simmons, Esquire<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, NY  10022<br>*Attorneys for Defendants*<br>*and Counterclaim-Plaintiffs* | *VIA ELECTRONIC MAIL* |
| Jeanne M. Heffernan, Esquire<br>James John Lomeo, Esquire<br>KIRKLAND & ELLIS LLP<br>401 Congress Avenue, Suite 2500<br>Austin, TX  78701<br>*Attorneys for Defendants*<br>*and Counterclaim-Plaintiffs* | *VIA ELECTRONIC MAIL* |

| | |
|---|---|
| Caroline Lourgos, Esquire<br>KIRKLAND & ELLIS LLP<br>300 North LaSalle<br>Chicago, IL  60654<br>*Attorneys for Defendants*<br>*and Counterclaim-Plaintiffs* | *VIA ELECTRONIC MAIL* |
| Kristen P.L. Reichenbach, Esquire<br>KIRKLAND & ELLIS LLP<br>555 California Street<br>San Francisco, CA  94104<br>*Attorneys for Defendants*<br>*and Counterclaim-Plaintiffs* | *VIA ELECTRONIC MAIL* |
| Noah S. Frank, Esquire<br>Gregg LoCascio, Esquire<br>Sean M. McEldowney, Esquire<br>Kelly Tripathi, Esquire<br>Elizabeth Hedges, Esquire<br>Mary E. Miller, Esquire<br>KIRKLAND & ELLIS LLP<br>1301 Pennsylvania Avenue, NW<br>Washington, DC  20004<br>*Attorneys for Defendants*<br>*and Counterclaim-Plaintiffs* | *VIA ELECTRONIC MAIL* |

/s/ *Anthony D. Raucci*
_____
Anthony D. Raucci (#5948)

2