IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMO DEVELOPMENT, LLC,<br>AMO MANUFACTURING USA, LLC<br>and AMO SALES AND SERVICE,<br>INC.,<br><br>    Plaintiffs,<br><br>  v.<br><br>ALCON VISION, LLC,<br>ALCON LABORATORIES, INC. and<br>ALCON RESEARCH, LLC,<br><br>    Defendants. | C.A. No. 20-842 (CFC) (JLH)<br><br>**REDACTED - PUBLIC VERSION** |
| ALCON INC., ALCON RESEARCH,<br>LLC, and ALCON VISION, LLC,<br><br>    Counterclaim Plaintiffs,<br><br>  v.<br><br>AMO DEVELOPMENT, LLC,<br>AMO MANUFACTURING USA, LLC<br>AMO SALES AND SERVICE, INC.,<br>and JOHNSON & JOHNSON<br>SURGICAL VISION, INC.,<br><br>    Counterclaim Defendants. | |

**PLAINTIFFS' RESPONSE TO ALCON'S CONCISE STATEMENT OF
FACTS IN SUPPORT OF ALCON'S
MOTION FOR SUMMARY JUDGMENT (NO. 3) THAT LACHES BARS
<u>J&J'S CLAIM FOR DISGORGEMENT</u>**

**Original Filing Date: September 23, 2022**
**Redacted Filing Date: October 6, 2022**

## TABLE OF EXHIBITS

| Exhibit | Description of Document |
|---|---|
| 1 | Opening Report of Nikolaus Baer (excerpts) |
| 2 | Opening Report of Douglas Schmidt (excerpts) |
| 31 | Deposition Transcript of Peter Goldstein dated November 16, 2021 (excerpts) |
| 32 | LenSx Laser Inc. Organization Charts (Goldstein Ex. 11) |
| 33 | Deposition Transcript of Imre Hegedus dated February 23, 2022 (excerpts) |
| 34 | Preliminary Injunction Hearing Transcript dated May 13, 2021 (excerpts) |
| 35 | Deposition Transcript of Seba Leoni, dated March 10, 2022 (excerpts) |
| 36 | Deposition Transcript of Dan Teodorescu dated September 7, 2022 (Excerpts) |
| 37 | Email re John Alder's Resume (ALCON_LENSX1894071) |
| 38 | 3/22/11 Ltr. From Nina Huerta to Naomi Greenstone (Hudnall Ex. 28) |
| 39 | Transcript of 2/17/22 Deposition of Thomas Hudnall (excerpts) |
| 41 | LinkedIn Messages Received by John Alder |
| 42 | Opening Report of Julie Davis (excerpts) |
| 44 | Reply Report of Julie Davis (excerpts) |

# CONCISE STATEMENT OF FACTS

## I. RESPONSE TO ALCON'S CONCISE STATEMENT OF FACTS

1. Plaintiffs AMO Development, LLC, AMO Manufacturing USA, LLC, and AMO Sales and Service, Inc. (collectively, "J&J") seek to disgorge ▮▮▮▮ in revenue from defendants Alcon Vision, LLC, Alcon Laboratories, Inc., and Alcon Research, LLC (collectively, "Alcon"). A1900, Stamm Opening Rep. Table 1.

> **Response: Disputed.** Pursuant to 17 U.S.C.§ 504(b), J&J seeks to recover "any *profits* of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." J&J does not dispute that the revenues from which those profits are derived are ▮▮▮▮

2. J&J filed a First Amended Complaint in this case on September 28, 2020, alleging copyright infringement based on the allegation that LenSx, a laser-assisted cataract surgery system marketed by defendants Alcon Vision, LLC, Alcon Laboratories, Inc., and Alcon Research, LLC (collectively, "Alcon"), was developed based on source code copied from J&J's iFS Laser system. D.I. 16 ¶¶ 2, 98–99; *see* D.I. 141 ¶¶ 2, 100–02.

> **Response: Disputed.** While J&J's First Amended Complaint ("FAC") alleged copyright infringement based on the limited object code

1

discernable from inspection of the commercial LenSx device, at the time of the FAC, J&J could not have possibly known about Alcon's widespread and pervasive theft of implementing source code, its wholesale copying of J&J's software architecture, or its theft and passing off of FDA submissions including technical documentation as its own. It was only able to learn these facts *after* obtaining discovery in connection with this case, including copies of Alcon's source code, which Alcon treats as highly proprietary and confidential and was unavailable to J&J prior to suit. *See generally* J&J's Opposition to Alcon's Motion for Summary Judgment No. 1. Accordingly, J&J was not on notice of the copying of its copyrighted implementing source code.

3. J&J possessed the facts underlying the copyright infringement allegations in its First Amended Complaint in 2014. A268, Pls.' Resp. to RFA No. 15 ("J&J Vision admits that as of the end of 2014, AMO possessed the facts underlying J&J Vision's copyright allegations as presented in the First Amended Complaint, D.I. 16.").

> **Response: Undisputed** to the extent this Fact refers only to the First Amended Complaint, and not to the Second Amended Complaint or the injuries revealed in discovery following the First Amended Complaint.

> To be clear, J&J only knew about the facts underlying the FAC, not the additional trove of facts that it learned through discovery thereafter. *See* Response to Alleged Fact 2 above.

4. J&J decided not to sue Alcon for copyright infringement as of 2015. A265, Pls.' Resp. to RFA No. 10 (J&J admitting that "as of 2015, following the 2014 LenSx Investigation," it "decided not to bring suit against Alcon for copying J&J Asserted Source Code Works.").

   **Response: Undisputed.**

## II. ADDITIONAL MATERIAL FACTS

### A. Alcon Was Not Prejudiced by J&J's Decision to File Suit in 2020

5. Even after J&J provided notice of its copyright infringement allegations and filed this lawsuit, Alcon continued to intentionally infringe. There is no evidence that, if J&J had provided formal notice sooner, Alcon would have stopped infringing, since it still does so to this day, with no end in sight.

6. Even after J&J moved for a preliminary injunction, Alcon continued recruiting former IntraLase engineers to work on developing the LenSx software, because they were familiar with the (copied) IntraLase code. Ex. 41 (LinkedIn message dated February 24, 2021, from Alcon personnel to John Alder, former J&J engineer, indicating Alcon █████████████████████████████. This occurred even after Alcon had terminated Imre Hegedus, one of the developers who

3

worked on both the J&J and LenSx code, ostensibly in reaction to J&J having moved for a preliminary injunction (a tacit acknowledgment that Hegedus was involved in the copying at issue). Ex. 33 at 150:14-17.

7. After the Court concluded at the preliminary injunction stage that there was "overwhelming evidence" of intentional infringement, Alcon nevertheless continued selling LenSx devices with the same version of the LenSx software installed (i.e., the version that was under consideration by the Court during preliminary injunction proceedings), and continued doing so through at least May of 2022. Ex. 35 at 44:13-45:24; Ex. 36 at 249:4-7.

8. During the course of this litigation, Alcon has created what it calls a "refactored" version of the LenSx source code. Ex. 36 at 246:19-247:7.

9. However, the "refactored" version continues to infringe J&J's copyrights. As J&J's experts have explained, ███████████████ ███████████████████████████ By way of example, the "refactored" version of the source code contains ████████████ identical to the asserted iFS source code. Ex. 1 ¶ 151. Moreover, when Alcon "refactored" the LenSx source code, Alcon did not change the architecture, so the architecture and organization of the "refactored" LenSx source code remain copied from J&J's asserted iFS source code. Ex. 2 ¶¶ 454-464.

4

10. Alcon's process for creating the "refactored" source code was not actually designed to avoid infringement. If it had been, Alcon would have used a "clean room" process, whereby developers working on the new source code are prohibited from accessing the older version initially identified as infringing. Ex. 1 ¶¶ 123-146. Instead, the developers working on the "refactored" source code maintained access to the original code and, in fact, used it as a starting point. *Id.*

      B.    **Alcon Misled J&J Into Believing That Alcon Was Not Infringing**

11. In 2011, counsel for Alcon wrote to counsel for J&J, stating that "we can assure you that LenSx is not using any confidential information nor any unfair or unlawful measure in its hiring of AMO employees." Ex. 38 at ALCON_LENSX3660237. Alcon's counsel further represented that "LenSx has not, and will not, ask any of these employees, directly or indirectly, to disclose or use any protectable information gained from AMO." *Id.*

12. Alcon's corporate representative, Thomas Hudnall, testified that ███████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ██████████████████████████████ Ex. 39 at 215:19-216:3.

5

### C. Alcon Has Unclean Hands as Evidenced by its Willful Infringement

13. Alcon's infringement, both before and since the filing of this lawsuit including the infringement that occurred both before and since the filing of this lawsuit, is intentional, as evidenced in part by the overwhelming evidence that Alcon knew about the infringement but made no efforts to correct it. At least three Alcon employees worked on both the IntraLase (J&J) source code and the LenSx source code: Peter Goldstein, Imre Hegedus, and Kostadin Vardin. Ex. 31 at 24:7-25:1; Ex. 32 at 3.

14. One of those developers, Hegedus, ███████████████████ ███████████████████████████████████████████████████████ ███████████ Ex. 33 at 116:13-119:4. He ██████████████████ ███████████████████████████████████████████████████████ ████████████████ *Id.*

15. When recruiting a former IntraLase developer named John Alder in 2017, an Alcon engineer named Lynda Jeffcoat ██████████████████ ███████████████████████████████████████████████ yet further evidence that others at Alcon knew it had stolen and copied IntraLase's source code.

16. In May of 2021, when considering J&J's motion for a preliminary injunction, this Court concluded that the "evidence is overwhelming that [the

1

asserted source code] was intentionally copied." Ex. 34, May 13, 2021 Hearing Tr. at 346:10-18.

17. As explained above, in Section II.A, Alcon has continued to willfully infringe throughout the course of this lawsuit, including by (i) continuing to sell LenSx devices running the version of the LenSx software originally accused in this case, and (ii) releasing a "refactored" version (only recently) that still infringes.

### D. J&J's Financial Analysis Followed the Rubric Established by Statute

18. J&J's damages expert Laura Stamm offered opinions concerning the remedies for infringement set forth in § 504(b) of the copyright statute (17 U.S.C. § 504(b). In particular, among other remedies, Stamm analyzed the "profits of the infringer that are attributable to the infringement." 17 U.S.C. § 504(b).

19. In forming those opinions, Stamm analyzed, in accordance with the relevant legal principles, the revenue with a nexus to Alcon's infringement. That revenue exceeds ████████████████████████████████████ Ex. 30 at p. 7.

20. In accordance with applicable law, Davis then provided her opinion on deductible expenses for LenSx and IOLs. Ex. 43 at pp. 5 n.16, 26-29. (The opinion on deductible expenses for IOLs has been challenged in Plaintiff's Daubert #3.) Davis also provided an apportionment of the elements of profit attributable to factors other than the copyrighted work for LenSx. Ex. 42 at p. 65. However, Davis failed

2

to perform an apportionment analysis for related sales of IOLs, instead only providing an analysis purporting to show the absence of a nexus. Ex. 43 at 15, 23-25.

21. In response, Stamm provided an opinion on the profits to be disgorged for LenSx, following deduction of costs and applying proper apportionment. Ex. 44 at ¶ 44. Though Davis did not provide any apportionment analysis for IOLs, Stamm responded by demonstrating that Davis's nexus analysis actually confirms the existence of a nexus and establishes that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ is attributable to LenSx placements. Ex. 44 at ¶¶30-35.

OF COUNSEL:

Michael A. Morin
Matthew J. Moore
Sarang V. Damle
Rachel Weiner Cohen
Susan Y. Tull
Carolyn M. Homer
Holly K. Victorson
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
(202) 637-2200

Roger J. Chin
Joseph R. Wetzel
Allison Harms
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 491-0600

S. Giri Pathmanaban
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
(650) 328-4600

P. Anthony Sammi
Rachel Renee Blitzer
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ *Anthony D. Raucci*

_____
Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
Anthony D. Raucci (#5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com
araucci@morrisnichols.com

*Attorneys for Plaintiffs and
Counterclaim Defendants
AMO Development, LLC,
AMO Manufacturing USA, LLC,
AMO Sales and Service, Inc. and
Johnson & Johnson Surgical Vision, Inc.*

4

Aaron Macris
LATHAM & WATKINS LLP
200 Clarendon Street
Boston, MA 02116
(617) 948-6000

September 23, 2022

## CERTIFICATION

This brief complies with the type and word limitation in Paragraph 24(c) of the Scheduling Order (D.I. 61) because it is written in 14-point Times New Roman font and contains 1,603 words according to the word count feature of Microsoft Word, and collectively with the opposition briefing on the summary judgment motion and other *Daubert* motions filed herewith, does not exceed the 12,500 word limit set forth in the Scheduling Order.

*/s/ Anthony D. Raucci*
_____
Anthony D. Raucci (#5948)

## CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on September 23, 2022, upon the following in the manner indicated:

| | |
|---|---|
| John W. Shaw, Esquire<br>Karen E. Keller, Esquire<br>Andrew E. Russell, Esquire<br>David M. Fry, Esquire<br>SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE  19801<br>*Attorneys for Defendants*<br>*and Counterclaim-Plaintiffs* | *VIA ELECTRONIC MAIL* |
| Joshua L. Simmons, Esquire<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, NY  10022<br>*Attorneys for Defendants*<br>*and Counterclaim-Plaintiffs* | *VIA ELECTRONIC MAIL* |
| Jeanne M. Heffernan, Esquire<br>James John Lomeo, Esquire<br>KIRKLAND & ELLIS LLP<br>401 Congress Avenue, Suite 2500<br>Austin, TX  78701<br>*Attorneys for Defendants*<br>*and Counterclaim-Plaintiffs* | *VIA ELECTRONIC MAIL* |

| | |
|---|---|
| Caroline Lourgos, Esquire<br>KIRKLAND & ELLIS LLP<br>300 North LaSalle<br>Chicago, IL  60654<br>*Attorneys for Defendants*<br>*and Counterclaim-Plaintiffs* | *VIA ELECTRONIC MAIL* |
| Kristen P.L. Reichenbach, Esquire<br>KIRKLAND & ELLIS LLP<br>555 California Street<br>San Francisco, CA  94104<br>*Attorneys for Defendants*<br>*and Counterclaim-Plaintiffs* | *VIA ELECTRONIC MAIL* |
| Noah S. Frank, Esquire<br>Gregg LoCascio, Esquire<br>Sean M. McEldowney, Esquire<br>Kelly Tripathi, Esquire<br>Elizabeth Hedges, Esquire<br>Mary E. Miller, Esquire<br>KIRKLAND & ELLIS LLP<br>1301 Pennsylvania Avenue, NW<br>Washington, DC  20004<br>*Attorneys for Defendants*<br>*and Counterclaim-Plaintiffs* | *VIA ELECTRONIC MAIL* |

/s/ *Anthony D. Raucci*

_____
Anthony D. Raucci (#5948)

2