IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMO DEVELOPMENT, LLC, AMO MANUFACTURING USA, LLC, and AMO SALES AND SERVICE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ALCON VISION, LLC, ALCON LABORATORIES, INC., and ALCON RESEARCH, LLC, <br><br> Defendants. <br><br> ALCON, INC., ALCON RESEARCH, LLC and ALCON VISION, LLC, <br><br> Counterclaim Plaintiffs, <br><br> v. <br><br> AMO DEVELOPMENT, LLC, AMO MANUFACTURING USA, LLC, AMO SALES AND SERVICE, INC. and JOHNSON & JOHNSON SURGICAL VISION, INC., <br><br> Counterclaim Defendants. | **Redacted - Public Version** <br><br> C.A. No. 20-842-CFC-JLH |

**ALCON'S RESPONSE TO J&J'S CONCISE STATEMENT OF FACTS CONCERNING ALCON'S MOTION FOR SUMMARY JUDGMENT (NO. 3) THAT LACHES BARS J&J'S CLAIM FOR DISGORGEMENT**

| | |
|---|---|
| OF COUNSEL:<br>Jeanne M. Heffernan<br>James John Lomeo<br>KIRKLAND & ELLIS LLP<br>401 Congress Avenue<br>Austin, TX 78701<br>(512) 678-9100<br><br>Gregg F. LoCascio<br>Sean M. McEldowney<br>Noah S. Frank<br>Mary Elizabeth Miller<br>Elizabeth Hedges<br>Kelly Tripathi<br>KIRKLAND & ELLIS LLP<br>1301 Pennsylvania Avenue, N.W.<br>Washington, DC 20004<br>(202) 389-5000<br><br>Joshua L. Simmons<br>KIRKLAND & ELLIS LLP<br>601 Lexington Ave<br>New York, NY 10022<br>(212) 390-4573<br><br>Caroline Lourgos<br>KIRKLAND & ELLIS LLP<br>300 North LaSalle<br>Chicago, IL 60654<br>(312) 862-2000<br><br>Kristen P.L. Reichenbach<br>KIRKLAND & ELLIS LLP<br>555 California Street<br>San Francisco, CA 94104<br>(415) 439-1400<br><br>Dated: October 14, 2022 | John W. Shaw (No. 3362)<br>Karen E. Keller (No. 4489)<br>Andrew E. Russell (No. 5382)<br>Nathan R. Hoeschen (No. 6232)<br>SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>(302) 298-0700<br>jshaw@shawkeller.com<br>kkeller@shawkeller.com<br>arussell@shawkeller.com<br>nhoeschen@shawkeller.com<br><br>*Attorneys for Alcon Inc.,*<br>*Alcon Vision, LLC,*<br>*Alcon Laboratories, Inc. and*<br>*Alcon Research, LLC* |

Alcon responds to J&J's "Additional Material Facts" (D.I. 426 ¶¶5-21) as set forth below. This response is supported by Alcon's concurrently filed Reply Brief in Support of Its Motion for Summary Judgment (No. 3) ("Reply"), which further sets forth Alcon's explanations and bases for responding to J&J's "facts."

5. Disputed and immaterial. Whether Alcon "intentionally infringe[d]" involves disputed legal issues. The allegation that "[t]here is no evidence that … Alcon would have stopped infringing, since it still does so to this day, with no end in sight" is also disputed and ignores Alcon's refactoring effort, which Alcon's expert opines resulted in "redeveloped LenSx code" that is "substantially different from J&J's asserted code." A3084-107, Wicker Op. Rpt. ¶¶150-271. However, these "facts" are immaterial to the laches issue. *See* Reply 4.

6. Disputed based on the lack of evidence that Alcon recruited engineers "because they were familiar with the (copied) IntraLase code," or that Hegedus's termination was "in reaction to J&J having moved for a preliminary injunction" or was a "tacit acknowledgement" of his involvement in copying. The quoted message in J&J's Ex. 41 does not mention IntraLase at all; it states that Alcon ▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ However, these "facts" are immaterial to the laches issue. *See* Reply 4.

7. Disputed because whether there was "intentional infringement" involves disputed legal issues, and to the extent that the statement that Alcon

1

"nevertheless continued selling LenSx devices" suggests that Alcon was obligated to stop selling LenSx devices. Alcon was not so obligated because the Court did not enjoin Alcon. However, these "facts" are immaterial to the laches issue. *See* Reply 3-4.

    8.    Undisputed but immaterial.

    9.    Disputed because the assertion that the refactored LenSx code "continues to infringe" involves disputed legal issues. Additionally, the materials J&J cites for these "facts" are its own expert reports, which are disputed. However, these "facts" are immaterial to the laches issue. *See* Reply 3-4.

    10.    Undisputed, except as to the assertion that the process of refactoring code "was not actually designed to avoid infringement" and hypotheticals about what Alcon "would have" done. However, these "facts" are immaterial to the laches issue. *See* Reply 3-4.

    11.    Undisputed but immaterial.

    12.    Undisputed that Mr. Hudnall agreed that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ in the letter cited as J&J's Exhibit 38 and testified that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬ The rest is disputed to the extent J&J characterizes Mr. Hudnall's

testimony. However, J&J's characterization of J&J's Exhibits 38 and 39 is immaterial to the laches issue. *See* Reply 4-5.

13. Undisputed that Peter Goldstein, Imre Hegedus, and Kostadin Vardin were, at one time, employees of Alcon LenSx, Inc., and/or Alcon Research, LLC and at times worked on IntraLase and LenSx source code. The rest is disputed based on the assertion that Alcon "infringe[d]" and did so "intentional[ly]," which involves disputed legal issues, and the assertion that Alcon "made no efforts to correct" alleged infringement. However, these "facts" are immaterial to the laches issue. *See* Reply 4-5.

14. Undisputed that Hegedus testified that he observed ▬▬▬ in the LenSx code and that Goldstein gave him a ▬▬▬ to continue working. J&J's Ex. 33 at 116:16-119:4. The rest is disputed because Hegedus did not testify that observed ▬▬▬ were "suspicious" or that Goldstein "brushed them aside." However, these "facts" are immaterial to the laches issue. *See* Reply 4-5.

15. Undisputed that ▬▬▬ authored an email referencing ▬▬▬ ▬▬▬ The rest is disputed because the assertion that this email is "evidence that others at Alcon knew it had [allegedly] stolen and copied IntraLase's source code" involves disputed legal issues. However, these "facts" are immaterial to the laches issue. *See* Reply 4-5.

3

16. Undisputed that the Court made this statement at the P.I. hearing, but whether Alcon intentionally copied code for purposes of this motion involves disputed legal issues.

17. Disputed. The assertions in this paragraph involve disputed legal issues.

18. Undisputed but immaterial.

19. Undisputed that Stamm analyzed Alcon's revenue. The rest of this paragraph involves disputed legal issues. Alcon disputes that ▆▆▆▆ in revenues have a "nexus to Alcon's infringement." *See* D.I. 354; D.I. 370 at 2-3. However, these "facts" are immaterial to the laches issue. *See* Reply 1-3.

20. Undisputed, except to the extent this paragraph characterizes Davis as having "fail[ed] to perform an apportionment analysis for related sales of IOLs." Whether IOLs are "related" involves disputed legal and immaterial factual issues. *See* D.I. 354; D.I. 370 at 2-3. In addition, Davis analyzed apportionment on IOL sales revenue "[f]or demonstrative purposes" in her rebuttal report. *See, e.g.*, A3772, 3774, Davis Rbl. Rpt. 6, 8. However, these "facts" are immaterial to the laches issue. *See* Reply 1-3.

21. Undisputed that Stamm opined on disgorgement of LenSx profits. The rest of this paragraph involves disputed legal and immaterial factual issues. Alcon disputes that a "nexus" exists between LenSx and IOLs and that any IOL revenue is

"attributable to LenSx placements."  *See* D.I. 354; D.I. 370 at 2-3.  However, these "facts" are immaterial to the laches issue.  *See* Reply 1-3.

|  |  |
|---|---|
| OF COUNSEL:<br>Jeanne M. Heffernan<br>James John Lomeo<br>KIRKLAND & ELLIS LLP<br>401 Congress Avenue<br>Austin, TX 78701<br>(512) 678-9100<br><br>Gregg F. LoCascio<br>Sean M. McEldowney<br>Noah S. Frank<br>Mary Elizabeth Miller<br>Elizabeth Hedges<br>Kelly Tripathi<br>KIRKLAND & ELLIS LLP<br>1301 Pennsylvania Avenue, NW<br>Washington, DC 20004<br>(202) 389-5000<br><br>Joshua L. Simmons<br>KIRKLAND & ELLIS LLP<br>601 Lexington Ave<br>New York, NY 10022<br>(212) 390-4573<br><br>Caroline Lourgos<br>KIRKLAND & ELLIS LLP<br>300 North LaSalle<br>Chicago, IL 60654<br>(312) 862-2000<br><br>Kristen P.L. Reichenbach<br>KIRKLAND & ELLIS LLP<br>555 California Street<br>San Francisco, CA 94104<br>(415) 439-1400<br><br>Dated: October 14, 2022 | Respectfully,<br><br>*/s/ Andrew E. Russell*<br>John W. Shaw (No. 3362)<br>Karen E. Keller (No. 4489)<br>Andrew E. Russell (No. 5382)<br>Nathan R. Hoeschen (No. 6232)<br>SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>(302) 298-0700<br>jshaw@shawkeller.com<br>kkeller@shawkeller.com<br>arussell@shawkeller.com<br>nhoeschen@shawkeller.com<br>*Attorneys for Alcon Inc.,*<br>*Alcon Vision, LLC,*<br>*Alcon Laboratories, Inc. and*<br>*Alcon Research, LLC* |

6

**WORD COUNT CERTIFICATION**

The undersigned counsel hereby certifies that Alcon's Response to J&J's Concise Statement of Facts Concerning Alcon's Motion for Summary Judgment (No. 3) contains 874 words excluding the cover page, tables and signature blocks, as counted by Microsoft Word, in 14-point Times New Roman font.

/s/ *Andrew E. Russell*
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
arussell@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Alcon Inc.,*
*Alcon Vision, LLC,*
*Alcon Laboratories, Inc. and*
*Alcon Research, LLC*

## **CERTIFICATE OF SERVICE**

I, Andrew E. Russell, hereby certify that on October 14, 2022, this document was served on the persons listed below in the manner indicated:

**BY EMAIL**

Jack B. Blumenfeld
Brian P. Egan
MORRIS, NICHOLS, ARSHT
 & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
began@mnat.com

Roger J. Chin
Allison Harms
Joseph R. Wetzel
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 491-0600
roger.chin@lw.com
allison.harms@lw.com
joe.wetzel@lw.com

P. Anthony Sammi
Rachel Renee Blitzer
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
tony.sammi@lw.com

Michael A. Morin
Matthew J. Moore
Rachel Weiner Cohen
Sarang V. Damle
Holly K. Victorson
Carolyn M. Homer
Susan Y. Tull
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
(202) 637-2200
michael.morin@lw.com
matthew.moore@lw.com
rachel.cohen@lw.com
sy.damle@lw.com
holly.victorson@lw.com
carolyn.homer@lw.com
susan.tull@lw.com

S. Giri Pathmanaban
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
(650) 328-4600
giri.pathmanaban@lw.com

Aaron Macris
LATHAM & WATKINS LLP
200 Clarendon Street
Boston, MA 02116
(617) 948-6000
aaron.marcris@lw.com

*/s/ Andrew E. Russell*
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
arussell@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendants*