IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMO DEVELOPMENT, LLC, AMO MANUFACTURING USA, LLC and AMO SALES AND SERVICE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ALCON VISION, LLC, ALCON LABORATORIES, INC. and ALCON RESEARCH, LLC, <br><br> Defendants. | Civil Action No. 20-842-CFC |

## ORDER

Pending before me is Defendants' Motion to Preclude Certain Expert Testimony (No. 1) of Dr. Kathryn Hatch. D.I. 348. Defendants (collectively, Alcon) seek to preclude, under Federal Rules of Evidence 702 and 703, testimony at trial from Dr. Kathryn Hatch about

> purported convenience and financial reasons why a hospital or ambulatory surgery center may prefer to purchase intraocular lenses from the same supplier as a femtosecond laser-assisted cataract surgery ("FLACS") system (A1701–50, Hatch Op. Rpt. ¶¶ 28, 80–81; A1752–74, Hatch Rpl. Rpt. ¶¶ 12–16, 39–45).

D.I. 348 at 1. Alcon argues that Dr. Hatch is not qualified to offer these opinions

and that her opinions are unreliable. D.I. 349 at 1–2. (Alcon initially also sought to preclude Dr. Hatch from testifying about certain preferences related to FLACS devices, but it has withdrawn that portion of its motion. D.I. 453 at 1.)

Federal Rule of Evidence 702 "embodies a trilogy of restrictions on expert testimony: qualification, reliability and fit." *Schneider ex rel. Estate of Schneider v. Fried*, 320 F.3d 396, 404 (3d Cir. 2003) (citations omitted). The party proffering expert testimony has the burden of showing that it meets the requirements for admissibility by a preponderance of the evidence. *Am. Cruise Lines, Inc. v. HMS Am. Queen Steamboat Co. LLC*, 2017 WL 3528606, at *2 (D. Del. Aug. 16, 2017); *see also Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592 n.10 (1993).

Plaintiffs have failed to meet their burden here. The entirety of Plaintiffs' response to Alcon's arguments is this: "Consistent with J&J's prior representation, Hatch will not offer testimony regarding the connection between LenSx and IOL sales. That moots Alcon's . . . request." D.I. 410 at 2. Alcon's exclusion request, however, is not limited to "the connection between LenSx and IOL sales." The motion, therefore, is not moot.

Having advanced no argument to support the reliability of the challenged testimony or Dr. Hatch's qualifications to offer that testimony, Plaintiffs have failed to meet their burden to establish its admissibility.

2

NOW THEREFORE, at Wilmington on this First day of November in 2022,

**IT IS HEREBY ORDERED** that:

1. Alcon's Motion to Preclude Certain Expert Testimony (No. 1) of Dr. Kathryn Hatch (D.I. 348) is **GRANTED**; and

2. Dr. Hatch may not offer at trial opinions about purported convenience and financial reasons why a hospital or ambulatory surgery center may prefer to purchase intraocular lenses from the same supplier as a femtosecond laser-assisted cataract surgery system.

*[signature]*
CHIEF JUDGE