IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMO DEVELOPMENT, LLC, AMO MANUFACTURING USA, LLC and AMO SALES AND SERVICE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ALCON VISION, LLC, ALCON LABORATORIES, INC. and ALCON RESEARCH, LLC, <br><br> Defendants. | Civil Action No. 20-842-CFC |

## ORDER

Pending before me is Plaintiffs' *Daubert* Motion (No. 1) to Exclude Dr. Stephen Wicker's Opinions Concerning the Time Saved Through the Alleged Copying. D.I. 358. Plaintiffs seek to preclude Dr. Wicker from testifying that "copying the iFS software saved the LenSx developers only 6.7 months." D.I. 358 at 1–2. The crux of Plaintiffs' argument is that Dr. Wicker's testimony, as reflected in ¶¶ 73–82 of his Rebuttal Report, is unreliable and should therefore be excluded under Federal Rule of Evidence 702. *See* D.I. 358 at 1–2; D.I. 359 at 2–3.

Rule 702 provides that

> [a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

To satisfy Rule 702, the expert testimony must be "more than . . . unsupported speculation," "assist the trier of fact to understand the evidence or to determine a fact in issue," and have "a valid scientific connection to the pertinent inquiry as a precondition to admissibility." *Daubert v. Merrell Dow Pharm. Inc.*, 509 U.S. 579, 590–92 (1993). Plaintiffs accuse Wicker of using a "back-of-the envelope approach . . . unguided by industry precedent or scientific standards, premised on a fundamental misunderstanding of copyright law, and based on inaccurate assumptions." D.I. 359 at 1. But I agree with Defendants that Dr. Wicker's testimony is properly admissible and that Plaintiffs' arguments primarily address the weight to be given the challenged testimony, not its admissibility.

When assessing the admissibility of an expert's testimony, the focus "must be solely on principles and methodology, not on the conclusions that they generate." *Daubert*, 509 U.S. at 595. "The test . . . is not whether a particular scientific opinion has the best foundation, or even whether the opinion is supported

2

by the best methodology or unassailable research. Rather, the test is whether the particular opinion is based on valid reasoning and reliable methodology." *In re TMI Litigation*, 193 F.3d 613, 665 (3d Cir. 1999) (internal quotation marks and citation omitted). The Third Circuit has further cautioned that "the reliability requirement must not be used as a tool by which the court excludes all questionably reliable evidence. The ultimate touchstone of admissibility is helpfulness to the trier of fact." *U.S. v. Velasquez*, 64 F.3d 844, 850 (3d Cir. 1995) (internal quotation marks and citation omitted).

>When evaluating admissibility under *Daubert*, courts consider:
>
>>(1) whether a method consists of a testable hypothesis;
>>
>>(2) whether the method has been subject to peer review;
>>
>>(3) the known or potential rate of error;
>>
>>(4) the existence and maintenance of standards controlling the technique's operation;
>>
>>(5) whether the method is generally accepted;
>>
>>(6) the relationship of the technique to methods which have been established to be reliable;
>>
>>(7) the qualifications of the expert witness testifying based on the methodology; and
>>
>>(8) the non-judicial uses to which the method has been put.

*Elcock v. Kmart Corp.*, 233 F.3d 734, 745–46 (3d Cir. 2000). "[T]his list is non-exclusive and . . . each factor need not be applied in every case." *Id.* at 746.

Plaintiffs argue that Dr. Wicker does not present a testable hypothesis. But

3

whether a hypothesis is testable depends on whether a method can be "assessed for reliability," not whether it always gets it right. Fed. R. Evid. 702 advisory committee's note to 2000 amendment. The Third Circuit has likened testability to falsifiability, noting that as long it's possible to show that a hypothesis does or does not hold, the testimony is admissible. *See United States v. Mitchell*, 365 F.3d 215, 235–38 (3d Cir. 2004). Accordingly, the method at issue must "be capable of being replicated." *Deficcio v. Winnebago Indus., Inc.*, 2014 WL 4211274, at *6 (D.N.J. Aug. 25, 2014). The methodology here is a relatively simple mathematical formula applied to the facts of the case. Indeed, much of Plaintiffs' argument revolves around the factors their expert considers and Dr. Wicker does not.[1] Dr. Wicker has revealed the facts he used as inputs to his method to reach his conclusions, and Plaintiffs are capable of recreating his methodology and results; indeed, they have done so, as discussed throughout their opening brief to challenge

---

[1] Plaintiffs argue in their reply brief that the simplicity of Dr. Wicker's approach is itself cause for exclusion. D.I. 450 at 2. Complexity, however, is a spectrum, and Dr. Wicker's approach is not analogous to the calculations deemed too simple in cases cited by Plaintiffs. *See Cavi v. Evolving Systems NC, Inc.*, 2018 WL 2317594, at *2 (D. Del. May 21, 2018) (excluding a single multiplication using inputs otherwise available to the jury); *CareDx, Inc. v. Natera, Inc.*, 2021 WL 1840646, at *3 (D. Del. May 7, 2021) (excluding two separate multiplications using inputs otherwise available); *AgroFresh Inc. v. Essentiv LLC*, 2019 WL 9514565, at *1 (D. Del. Oct. 7, 2019) (excluding a series of additions using inputs otherwise available); *Allscripts Healthcare, LLC v. Andor Health, LLC*, 2022 WL 3021560, at *19 (D. Del. July 29, 2022) (clarifying that "basic mathematics" is "basic addition and multiplication").

Dr. Wicker's credibility. Plaintiffs, for example, have already applied Dr. Wicker's approach to show how increasing the input to accord with their own expert's estimation of copied lines increases the result to a more favorable 18 months. D.I. 377-2 at 13–14.

Plaintiffs also dispute Dr. Wicker's qualifications, but their argument is unconvincing. Qualification in this context "refers to the requirement that the witness possess specialized expertise." *Schneider ex rel. Estate of Schneider v. Fried*, 320 F.3d 396, 404 (3d Cir. 2003). The Third Circuit has "interpreted this requirement liberally, holding that a broad range of knowledge, skills, and training qualify an expert." *Id.* (internal quotation marks and citation omitted). Even though Dr. Wicker is unfamiliar with the tool Plaintiffs' own expert uses for time estimation, it is undisputed that he possesses "specialized technical knowledge in software development." *InfoDeli, LLC v. W. Robidoux, Inc.*, 2020 WL 1855292, at *3 (W.D. Mo. Mar. 16, 2020). Given Dr. Wicker's decades of experience in the field, including on several commercial software development projects, he is sufficiently qualified to offer the opinions challenged by Plaintiffs. *See* D.I. 423 at 788–90, 953; D.I. 377-2 at 7–8.

Plaintiffs' remaining arguments go to the credibility of Dr. Wicker's methodology and its ultimate conclusions, not to the validity of his approach. Plaintiffs argue that Dr. Wicker's 6.7-month conclusion "defies reality" and that

5

six years is a more reasonable estimate of development time. D.I. 359 at 1. They point out that a portion of his approach relies on the same "line-counting" he himself dismissed as "unreliable." D.I. 359 at 10. They argue that he undercounts "highly similar" and "non-literal" lines of code. D.I. 359 at 11–12 & n.3. And they fault his assumption that access to the iFS code did not accelerate the development of the code not deemed copied. *See* D.I. 359 at 13. All these arguments go to the relative weight the jury should give to Dr. Wicker's testimony, not to the admissibility of that testimony.

NOW THEREFORE, at Wilmington this Twenty-eighth day of December in 2022, **IT IS HEREBY ORDERED** that Plaintiffs' *Daubert* Motion (No. 1) to Exclude Dr. Stephen Wicker's Opinions Concerning the Time Saved Through the Alleged Copying (D.I. 358) is **DENIED**.

_____
CHIEF JUDGE