IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMO DEVELOPMENT, LLC, AMO MANUFACTURING USA, LLC and AMO SALES AND SERVICE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ALCON VISION, LLC, ALCON LABORATORIES, INC. and ALCON RESEARCH, LLC, <br><br> Defendants. | Civil Action No. 20-842-CFC |

## MEMORANDUM ORDER

Pending before me is Plaintiffs' *Daubert* Motion (No. 2) to Exclude Testimony of Julie Davis Regarding Non-Infringing Alternatives. D.I. 362. Plaintiffs make two arguments in support of their motion: (1) "as a matter of law, non-infringing alternatives are not relevant to calculating actual damages in copyright cases"; and (2) "Davis's alleged non-infringing alternative was not only unavailable [during the period of the alleged copyright infringement], it has never actually existed." D.I. 364 at 1–2.

In support of their first argument, Plaintiffs cite *Goldman v. Healthcare Management Systems, Inc.*, 559 F. Supp. 2d 853 (W.D. Mich. 2008). The court held in *Goldman* that although "[t]he ability to achieve the same or similar result using an alternative means . . . is relevant to the final assessment of damages in a patent suit, the same cannot be said in a copyright suit," and that "[t]he ability to avoid damages by rewriting a computer program, or a song, or reproducing a painting, should not be considered [in a copyright infringement case] because it would not implicate the *originality* of the expression being protected." *Id.* at 875 (emphasis in the original).

I do not agree with *Goldman*'s holding insofar as it applies to a computer program, which is the category of alleged copyrighted material at issue in this case. "Generically speaking, computer programs differ from books, films, and many other 'literary works' in that such programs almost always serve functional purposes. These and other differences have led at least some judges to complain that 'applying copyright law to computer programs is like assembling a jigsaw puzzle whose pieces do not quite fit.'" *Google LLC v. Oracle Am., Inc.*, 141 S. Ct. 1183, 1198 (2021) (quoting *Lotus Dev. Corp. v. Borland Int'l, Inc.*, 49 F.3d 807, 820 (1st Cir. 1995) (Boudin, J., concurring)). As Justice Thomas noted in his dissent in *Google*, "[c]omputer code occupies a unique space in intellectual

2

property. Copyright law generally protects works of authorship. Patent law generally protects inventions or discoveries. A library of code straddles these two categories. It is highly functional like an invention; yet as a writing, it is also a work of authorship." *Id.* at 1212 (Thomas, J., dissenting). Because of the functionality of computer programs, I believe that it is appropriate in a copyright case to borrow from patent law's remedial scheme; and I therefore agree with Judge Alsup that a defendant whose computer program is accused of copyright infringement may "offer evidence of non-infringing alternatives to meet [the plaintiff's] claim for the profits it would have received absent infringement under Section 504(b)" of the Copyright Act. *Oracle Am., Inc. v. Google Inc.*, 2016 WL 1743154, at *7 (N.D. Cal. May 2, 2016).

Plaintiffs' second argument—that Davis's alleged noninfringing alternative was unavailable during the period of alleged infringement—raises "an issue of fact, and the testimony of the parties' various experts will be considered by the jury in deciding that issue." *In re Gabapentin Pat. Litig.*, 2011 WL 12516763, at *6 (D.N.J. Apr. 8, 2011).

NOW THEREFORE, at Wilmington on this Third day of January in 2023, **IT IS HEREBY ORDERED** that Plaintiffs' *Daubert* Motion (No. 2) to Exclude

3

Testimony of Julie Davis Regarding Non-Infringing Alternatives (D.I. 362) is **DENIED**.

_____
CHIEF JUDGE