IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMO DEVELOPMENT, LLC,<br>AMO MANUFACTURING USA, LLC<br>and AMO SALES AND SERVICE,<br>INC.,<br><br>   Plaintiffs,<br><br>  v.<br><br>ALCON VISION, LLC,<br>ALCON LABORATORIES, INC. and<br>ALCON RESEARCH, LLC,<br><br>   Defendants.<br><hr>ALCON INC., ALCON RESEARCH,<br>LLC, and ALCON VISION, LLC,<br><br>   Counterclaim Plaintiffs,<br><br>  v.<br><br>AMO DEVELOPMENT, LLC,<br>AMO MANUFACTURING USA, LLC<br>AMO SALES AND SERVICE, INC.,<br>and JOHNSON & JOHNSON<br>SURGICAL VISION, INC.,<br><br>   Counterclaim Defendants. | C.A. No. 20-842 (CFC)<br><br><br><br>REDACTED - PUBLIC VERSION |

## JOINT [PROPOSED] PRETRIAL ORDER

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
Anthony D. Raucci (#5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com
araucci@morrisnichols.com

OF COUNSEL:

Michael A. Morin
Matthew J. Moore
Sarang V. Damle
Rachel Weiner Cohen
Michael E. Bern
Susan Y. Tull
Carolyn M. Homer
Holly K. Victorson
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
(202) 637-2200

Roger J. Chin
Joseph R. Wetzel
Allison Harms
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 491-0600

S. Giri Pathmanaban
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
(650) 328-4600

SHAW KELLER LLP
John W. Shaw (#3362)
Karen E. Keller (#4489)
Andrew E. Russell (#5382)
Nathan R. Hoeschen (#6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
arussell@shawkeller.com
nhoeschen@shawkeller.com

OF COUNSEL:

Gregg F. LoCascio
Sean M. McEldowney
Noah S. Frank
Mary Elizabeth Miller
Elizabeth Hedges
Kelly Tripathi
Nicholas Teleky
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 389-5000

Jeanne M. Heffernan
James John Lomeo
Ryan James Melde
KIRKLAND & ELLIS LLP
401 Congress Avenue
Austin, TX 78701
(512) 678-9100

P. Anthony Sammi
Rachel Renee Blitzer
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200

Aaron Macris
LATHAM & WATKINS LLP
200 Clarendon Street
Boston, MA 02116
(617) 948-6000

*Attorneys for Plaintiffs and*
*Counterclaim Defendants*
*AMO Development, LLC,*
*AMO Manufacturing USA, LLC,*
*AMO Sales and Service, Inc. and*
*Johnson & Johnson Surgical Vision, Inc.*

Joshua L. Simmons
KIRKLAND & ELLIS LLP
601 Lexington Ave
New York, NY 10022
(212) 390-4573

Caroline Lourgos
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000

Kristen P.L. Reichenbach
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
(415) 439-1400

*Attorneys for Alcon Inc.,*
*Alcon Vision, LLC,*
*Alcon Laboratories, Inc. and*
*Alcon Research, LLC*

December 21, 2022

Redacted Filing Date: January 6, 2023

## TABLE OF CONTENTS

Page

I.    NATURE OF THE ACTION ...................................................................2

II.   JURISDICTION ....................................................................................2

III.  AMENDMENT OF THE PLEADINGS .................................................3

      A.    J&J's Section ..........................................................................3
      B.    Alcon's Section ......................................................................4

IV.   PENDING MOTIONS .........................................................................5

V.    FACTS .................................................................................................6

      A.    Uncontested Facts ..................................................................6
      B.    Contested Facts ......................................................................7

VI.   ISSUES OF LAW ................................................................................7

VII.  PROOF AT TRIAL .............................................................................8

      A.    Order of Proof ........................................................................8
      B.    Intended Proof ........................................................................9
      C.    Judgment as a Matter of Law .................................................9

VIII. EXHIBITS ...........................................................................................10

      A.    Exhibit Lists ...........................................................................10
      B.    Supplemental Exhibits ............................................................11
      C.    Stamped Exhibits ...................................................................13
      D.    Admitting Exhibits .................................................................14
      E.    Source Code Exhibits .............................................................15
      F.    Exhibits for Opening Statements ...........................................16
      G.    Exhibits for Direct Examinations ..........................................17
      H.    Exhibits for Cross-Examinations ...........................................18

IX.   DEMONSTRATIVES ..........................................................................19

      A.    Demonstratives Generally ......................................................19
      B.    Demonstratives for Opening Statements.................................20
      C.    Demonstratives for Direct Examinations ...............................21

D. Demonstratives for Cross-Examinations.............................................22
E. Demonstratives for Closing Statements ..............................................23

X. WITNESSES ...........................................................................................23

A. Witness Lists .........................................................................................23
B. Sequestration of Witnesses....................................................................25
C. Live Witnesses .......................................................................................25
D. Deposition Designations........................................................................27
E. Objections to Expert Testimony.............................................................29

XI. MOTIONS *IN LIMINE* ..........................................................................30

XII. JURY TRIAL PROCEDURES ..............................................................31

A. Length of Trial.......................................................................................31
B. Voir Dire................................................................................................32
C. Number of Jurors...................................................................................32
D. Jury Notes..............................................................................................32
E. Jury Instructions....................................................................................33
F. Verdict Forms.........................................................................................33
G. Jury Deliberations..................................................................................33
H. Non-Jury Trial .......................................................................................34

XIII. LOGISTICS ............................................................................................36

A. Confidential Information .......................................................................36
B. Equipment ..............................................................................................37
C. Communications Between the Parties....................................................37
D. COVID Protocols...................................................................................37

XIV. SETTLEMENT.........................................................................................38

## **TABLE OF EXHIBITS**

| EXHIBIT | DESCRIPTION |
|:---:|:---|
| 1 | Statement of Uncontested Facts |
| 2 | J&J's Statement of Contested Facts |
| 3 | Alcon's Statement of Contested Facts |
| 4 | J&J's Statement of Issues of Law |
| 5 | Alcon's Statement of Issues of Law |
| 6 | J&J's Statement of Intended Proof |
| 7 | Alcon's Statement of Intended Proof |
| 8 | Joint Exhibit List |
| 9 | J&J's Exhibit List with Alcon's Objections |
| 10 | Alcon's Exhibit List with J&J's Objections |
| 11 | Exhibit List Objection Key |
| 12 | J&J's Witness List & Alcon's Objections |
| 13 | Alcon's Witness List & J&J's Objections |
| 14 | J&J's First Motion in Limine |
| 15 | J&J's Second Motion in Limine |
| 16 | J&J's Third Motion in Limine |
| 17 | J&J's Fourth Motion in Limine |
| 18 | J&J's Exhibits in Support of its Motions in Limine |
| 19 | Alcon's Exhibits in Support of its Oppositions to J&J's Motions in Limine |

| 20 | Alcon's First Motion in Limine (with exhibits) |
| 21 | Alcon's Second Motion in Limine (with exhibits) |
| 22 | Alcon's Third Motion in Limine (with exhibits) |
| 23 | J&J's Exhibits in Support of its Oppositions to Alcon's Motions in Limine |

## JOINT [PROPOSED] PRETRIAL ORDER

Pursuant to Federal Rule of Civil Procedure 16, District of Delaware Local Rule 16.3, and the Court's Scheduling Order entered February 11, 2021 (D.I. 61), as amended on December 20, 2021 (D.I. 226), April 8, 2022 (D.I. 318), June 17, 2022 (D.I. 329), and July 21, 2022 (D.I. 336), Plaintiffs and Counterclaim Defendants AMO Development, LLC, AMO Manufacturing USA, LLC, AMO Sales and Services, Inc., and Johnson & Johnson Surgical Vision, Inc. ("JJSV") (collectively, "J&J"), and Defendants and Counterclaim Plaintiffs Alcon Inc., Alcon Laboratories, Inc., Alcon Research, LLC, and Alcon Vision, LLC (collectively, "Alcon"), respectfully submit this Joint Proposed Pretrial Order.

The Pretrial Conference is scheduled for January 18, 2023, at 3:00 p.m.  The Court has indicated jury selection will occur on February 10, 2023.  8/3/2022 Hr. Tr. at 7:1–14.  A jury trial with 16 hours per side is scheduled to begin February 13, 2023 at 8:30 a.m.

1

## I.    NATURE OF THE ACTION

1.    This is a copyright infringement action.  J&J originally sued Alcon on June 23, 2020, for patent infringement.  D.I. 1.  J&J added copyright infringement claims on September 28, 2020 (iFS Computer Program), and June 17, 2021 (iFS FDA Submissions and iFS Operator's Manual).  D.I. 16; D.I. 141.

2.    Alcon counterclaimed for patent infringement on October 19, 2020. D.I. 23.  Both parties' respective patent claims have been stayed.  D.I. 205, 226.

3.    The operative pleadings for the copyright claims are J&J's Second Amended Complaint (D.I. 141) and Alcon's First Amended Answer to Second Amended Complaint and Counterclaims (D.I. 340).

4.    Trial on J&J's copyright claims is scheduled to begin February 13, 2023.  D.I. 61; D.I. 336.  The Court has indicated jury selection will occur on February 10, 2023.  8/3/2022 Hr. Tr. at 7:1-14.

## II.    JURISDICTION

5.    At issue for trial are claims for copyright infringement under 17 U.S.C. §§ 101 *et seq.*

6.    The Court's jurisdiction is not disputed.  The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).  The Court has personal jurisdiction because all parties have consented to personal jurisdiction for purposes

of this action, and all parties are Delaware companies or corporations.[1]  *See* D.I. 141,

Complaint ¶¶ 3-12; D.I. 340, Answer ¶¶ 3-12; D.I. 340, Counterclaims ¶¶ 1-10,

350-357; D.I. 379, Answer to Counterclaims ¶¶ 1-10, 350-357.

7.      Venue is not disputed.  Venue is proper in the District of Delaware

pursuant to 28 U.S.C. §§ 1391(b) and 1400.  *See* D.I. 141 Complaint ¶ 13; D.I. 340

Answer ¶ 13; D.I. 340, Counterclaims ¶ 361; D.I. 379, Answer to Counterclaims

¶ 361.

## III.   AMENDMENT OF THE PLEADINGS

### A.   J&J's Section

8.      J&J seeks to amend the pleadings solely to re-align the caption

according to the relationships of the parties.   J&J will be filing a motion either

concurrently with this pretrial order or shortly thereafter requesting (a) current

Counterclaim Defendant Johnson & Johnson Surgical Vision, Inc., be added as a

Plaintiff, and (b) current Counterclaim Plaintiff Alcon, Inc. be added as a Defendant.

9.      The Court's rulings on pending motions may also affect or resolve the

issues otherwise to be tried. J&J therefore reserves the right to seek further

amendment of the pleadings.

---

[1]      **[Alcon's Position:** As further detailed below in Section **III.B**, Alcon Inc. and
JJSV are not parties to this case with respect to the copyright claims.**]**

**B.     Alcon's Section**

10.     J&J initially briefed its request to amend its pleadings in a draft of the pre-trial order sent to Alcon on November 17, 2022.  Alcon, in its responsive draft on December 8, 2022, explained that J&J's request was procedurally improper and should be denied because it was not actually a motion for leave to amend and did not include the proposed amended pleading.  *See Pharmacy Corp. of Am./Askari Consol. Litig.*, 2020 WL 3060366, at *2 (D. Del. June 9, 2020) ("Plaintiffs have not submitted (a) the proposed pleading as amended or (b) a form of the amended pleading which indicates the changes made.  This alone is reason to deny Plaintiffs' request.").  Alcon also  included a six-page substantive opposition to J&J's requested amendment, explaining that:  (1) J&J cannot show good cause for its delay to seek leave as it failed even to address Rule 16 in its briefing, *see Premier Comp Sols., LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020) ("[T]he District Court was entitled to find [movant] forfeited its argument under Rule 16(b)(4)" where movant failed to address it); (2) J&J's requested amendment at this late stage would prejudice Alcon in violation of Rule 15; and (3) J&J's requested amendment would be futile because JJSV lacks standing, *see* D.I. 361 at 8-9, and J&J has not asserted any allegations of infringement against Alcon Inc.  After the issue was fully briefed and J&J had the benefit of Alcon's response for over a week, J&J removed its request to amend the

pleadings from the pre-trial order and apparently intends to file a motion for leave instead.

11.     The Court's rulings on pending motions may affect or resolve the issues otherwise to be tried. Alcon therefore reserves the right to seek further amendment of the pleadings.

## IV.   PENDING MOTIONS

12.     Discovery is complete and no discovery motions are pending or contemplated.

13.     Pursuant to the Court's Scheduling Order (D.I. 61), as amended (D.I. 336), the parties submitted partial summary judgment and *Daubert* motions on August 19, 2022, which have all been fully briefed as of October 14, 2022.  The parties have requested oral argument on some of these motions (D.I. 482, 483).

14.     As of the date of filing this Joint Proposed Pretrial Order, the following motions filed by J&J remain pending:

- J&J's *Daubert* Motion (No. 1) to Exclude Dr. Stephen Wicker's Opinions Concerning the Time Saved Through the Alleged Copying (D.I. 358) (oral argument requested, D.I. 483)

- J&J's *Daubert* Motion (No. 2) to Exclude Testimony of Julie Davis Regarding Non-Infringing Alternatives (D.I. 362) (oral argument requested, D.I. 483)

- J&J's *Daubert* Motion (No. 3) to Exclude Testimony of Julie Davis Regarding Deduction of IOL Costs (D.I. 365) (oral argument requested, D.I. 483)

- J&J's *Daubert* Motion (No. 4) to Exclude Testimony of Julie Davis and Dr. Stephen Wicker Regarding Opinions Outside Their Expertise (D.I. 367) (oral argument requested, D.I. 483)

15.   As of the date of filing this Joint Proposed Pretrial Order, the following motions filed by Alcon remain pending:

- Alcon's *Daubert* Motion (No. 2) to Preclude Certain Expert Testimony of Dr. Douglas Schmidt (D.I. 350)

- Alcon's *Daubert* Motion (No. 3) to Preclude Certain Expert Testimony of Mr. Nikolaus Baer (D.I. 351)

- Alcon's *Daubert* Motion (No. 4) to Preclude Certain Expert Testimony of Ms. Laura B. Stamm (D.I. 353) (oral argument requested, D.I. 482)

- Alcon's Motion for Summary Judgment (No. 2) that only AMO Development, LLC is Entitled to Actual Damages (D.I. 360) (oral argument requested, D.I. 482)

- Alcon's Motion for Summary Judgment (No. 3) that Laches Bars J&J's Claims for Disgorgement (D.I. 368)

## V.   FACTS

### A.   Uncontested Facts

16.   The parties' Statement of Uncontested Facts is attached as **Exhibit 1**.

17.   These facts are not disputed.  They do not require proof at trial and shall become part of the evidentiary record in this case to the extent a party reads one or more of these facts to the jury.  Any party may read any or all of the uncontested facts to the Court or jury.  The Court will read the entire Statement of Uncontested Facts during its preliminary instructions to the jury.

18.     The parties reserve the right to modify or supplement their Statement of Uncontested Facts by agreement, or to the extent necessary to fairly reflect subsequent Court rulings or orders.

**B.     Contested Facts**

19.     J&J's Statement of Contested Facts is attached as **Exhibit 2**.

20.     Alcon's Statement of Contested Facts is attached as **Exhibit 3**.

21.     The parties reserve the right to modify or supplement their respective Statements of Contested Facts by agreement, or to the extent necessary to fairly reflect subsequent Court rulings or orders.

22.     The parties continue to meet and confer on facts and reserve the right to move items from their respective Statements of Contested Facts to their joint Statement of Uncontested Facts in the event the parties come to an agreement that a fact is no longer contested.

23.     Should the Court conclude that any contested fact is better viewed as an issue of law, the parties agree the item will be deemed incorporated into the appropriate statement.

**VI.    ISSUES OF LAW**

24.     J&J's Statement of Issues of Law is attached as **Exhibit 4**.

25.     Alcon's Statement of Issues of Law is attached as **Exhibit 5**.

26.     The parties reserve the right to modify or supplement their Statements of Issues of Law by agreement, or to the extent necessary to fairly reflect subsequent Court rulings or orders.

27.     Should the Court conclude that any issue of law is better viewed as a contested fact, the parties agree the item will be deemed incorporated into the appropriate statement.

## VII.  PROOF AT TRIAL

### A.    Order of Proof

28.     The parties agree that the order of the presentation of evidence will follow the burden of proof and proceed as follows:

  a)      J&J's opening statement,

  b)      Alcon's opening statement,

  c)      J&J's case-in-chief on copyright infringement, actual damages, and Alcon's revenues subject to disgorgement,

  d)      Alcon's defenses to copyright infringement, actual damages, and disgorgement, including Alcon's deductible expenses and elements of profit attributable to factors other than the copyrighted work,

  e)      J&J's rebuttal and responses to Alcon's defenses and deductible expenses,

  f)      J&J's closing statement,

  g)      Alcon's closing statement, and

  h)      J&J's rebuttal statement.

**B.     Intended Proof**

29.     J&J's Statement of Intended Proof is attached as **Exhibit 6**.

30.     Alcon's Statement of Intended Proof is attached as **Exhibit 7**.

31.     Each party's Statement of Intended Proof is limited to that party's expected proof on the claims, defenses, or elements on which that party bears the burden of proof.  The parties' respective statements do not address the evidence they may choose to present in response to the other party's burdens.

32.     The parties reserve the right to modify or supplement their respective Statements of Intended Proof by agreement, or to the extent necessary to fairly reflect subsequent Court rulings or orders.

**C.     Judgment as a Matter of Law**

33.     Any party moving for judgment as a matter of law will move orally during a break before the close of evidence and out of the presence of the jurors. The Court can then decide, based on the motions presented orally, whether to entertain argument and the timing of any briefing.  The parties also agree that any motions for renewed judgment as a matter of law will be addressed in connection with the schedule for post-trial briefing to be set by the Court, consistent with deadlines imposed by the Federal Rules of Civil Procedure.

## VIII. EXHIBITS

### A.    Exhibit Lists

34.    This pretrial order contains the parties' good faith effort to define the maximum universe of exhibits to be used in any party's case-in-chief and rebuttal case (other than solely for impeachment), as well as all objections to the admission of such exhibits.

35.    The parties agree that any description of a document on an exhibit list is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding the listed document.

36.    The parties' Joint Exhibit List is attached as **Exhibit 8**.  Joint Exhibits may be admitted without objection.

37.    J&J's Exhibit List with Alcon's objections is attached as **Exhibit 9**.

38.    Alcon's Exhibit List with J&J's objections is attached as **Exhibit 10**.

39.    The parties have agreed to an objection code key which is attached as **Exhibit 11**.  To note the other party's objections, each party's exhibit lists include, as appropriate, citations to the Federal Rules of Evidence, Federal Rules of Civil Procedure, prior court orders, or pending motions *in limine*.

40.    The parties stipulate to the authenticity of all party documents produced in this action that are identified on each party's exhibit list, except where specifically

objected to based on good cause in accordance with the parties' prior authenticity stipulation (D.I. 284).

41.     The parties continue to meet and confer regarding exhibits in an effort to refine and shorten their exhibit lists and to resolve objections without the Court's intervention.   The parties reserve the right to move items from their respective Exhibit Lists to the Joint Exhibit List in the event they come to an agreement.

42.     The parties may offer at trial any exhibit on any exhibit list.   The presence of an exhibit on a party's exhibit list is not an admission that the exhibit is admissible against that party.

43.     If a party seeks to publish an English translation of a foreign language document to the Court, the translation must be identified on the exhibit list as a translation of a specific document and provided to the other party.  Any objections to translations that remain after a good faith meet and confer must be brought to the attention of the Court in the morning of its intended use.

44.     On or before the first day of trial, counsel will deliver to the Courtroom Deputy a completed AO Form 187 exhibit list.

### B.     Supplemental Exhibits

45.     The parties reserve the right to modify or supplement their exhibit lists by agreement, or to the extent necessary to fairly reflect subsequent Court rulings or orders.  Each party reserves the right to object to such supplemental exhibits as

untimely, as well as on the other bases (e.g., hearsay, relevance) to which exhibits may generally be objected.

46.     Pursuant to Federal Rule of Civil Procedure 26(e)(2) and the parties' ongoing duty to supplement, the parties agree to exchange supplemental financial information and information relating to Alcon's refactoring.  Supplemental financial information will include unit sales, revenues, costs, and profits through the close of each party's books for Quarter 3 of fiscal year 2022.  Such updated financials, absent contrary agreement or for good cause shown, must be provided no later than January 13, 2023.  If either party wants additional information, the requesting party will provide a particularized request and the parties will meet and confer on the request in good faith.  The parties reserve all rights to further supplement after this date.  The parties agree that financials for Quarter 4 of fiscal year 2022 will not be available in time for supplementation before trial.

47.     Before or during trial, the parties may stipulate to add documents or other discovery materials to the exhibit lists, provided that any proposed supplements shall be disclosed no later than 7:00 p.m. two days before the exhibit's intended use at trial.  No supplemental exhibit may be used at trial unless the addition is stipulated to or authorized by the Court.

48.     If a party opposes a proposed supplemental exhibit during trial for any reason, it will provide any objections to the supplemental exhibit by 9:00 p.m. one

day before the exhibit's intended use.  The parties are to meet and confer to resolve any objections to the supplemental exhibit at 10:00 p.m. the day before the exhibit's intended use.

49.     If good faith efforts to resolve the objections fail, the party seeking to use the supplemental exhibit shall bring the objections to the Court's attention the morning of the exhibit's intended use, for resolution before the jury is seated.

## C.     Stamped Exhibits

50.     The parties will digitally or physically stamp exhibits with Joint Exhibit ("JX"), Plaintiffs' Exhibit ("PX") or Defendants' Exhibit ("DX") numbers.

51.     Electronic copies of stamped exhibits will be made available to opposing counsel via secure FTP no later than January 6, 2023.

52.     Legible copies of documents may be offered and received into evidence to the same extent as an original, unless a genuine question is raised as to the authenticity of the original, or in circumstances where it would be unfair to admit the copy in lieu of the original.

53.     The parties will accommodate reasonable requests for reproduction of specifically identified exhibits in color.  A party seeking to substitute a pre-marked exhibit with a color and/or more legible version of the same exhibit shall provide such substitutions no later than by the time the exhibit is identified for intended use with a specific witness, as set forth in Section ##VIII-G below.

54.    Electronic versions of exhibits in their native format (such as spreadsheets and slide presentations) may be offered and received in evidence in lieu of paper or PDF versions.

55.    The parties will endeavor to make any physical exhibits available for inspection by February 8, 2023, at the respective offices of parties' counsel in Delaware.  The parties reserve the right to lodge objections related to the quality, accuracy and/or unfair prejudice of physical exhibits after inspection.

**D.    Admitting Exhibits**

56.    Each party reserves the right to object to the relevancy and admissibility of any evidence offered by the other party, at the time such evidence is offered, in view of the specific context in which such evidence is offered.

57.    Exhibits not objected to will be admitted into evidence by operation of the Final Pretrial Order without the need for additional foundation testimony, provided they are shown to a witness.

58.    Objected-to exhibits may not be published, displayed, or otherwise shown to the jury until after any objections have been resolved.

59.    Any exhibit, once admitted, may be used equally by any party for any proper purpose in accordance with the Federal Rules of Evidence.  Once admitted, counsel may publish exhibits to the jury without requesting to do so.

### E.    Source Code Exhibits

60.    The parties will coordinate with their source code review vendor to have two source code machines ("Source Code Machines") created for the purposes of this trial.  Each Source Code Machine will be configured to disable all Internet connections, USB connections, screenshots, screen sharing, copy/paste, or other ability to transfer any data off of the Source Code Machines.  Each Source Code Machine will contain all of the source code produced by each party in this litigation on the local hard drive of the Source Code Machine.  For avoidance of doubt, the source code produced in this litigation does not include outputs created by any source code analysis tool used during fact and expert discovery.  Notepad++ will be installed on each Source Code Machine to facilitate the viewing of source code. Each party will receive one Source Code Machine.

61.    In addition to the Source Code Machines prepared for the use of the parties at trial, the parties will coordinate with their source code review vendor to prepare an additional Source Code Machine for admission into evidence.  The admitted Source Code Machine will contain all of the source code produced by each party in this litigation on its local hard drive.  Each party may include on their exhibit lists as a single entry the Source Code Machine described above that will be admitted into evidence.  However, the parties shall particularly identify the source code files to be used with a witness as part of its disclosure obligations under Section VII.G.

15

62.     The parties' presentation of computer source code at trial from the Source Code Machine may rely on the provision for excerpting voluminous exhibits set forth in paragraph 67 below.   When disclosing source code excerpts, such disclosure shall identify the file with clarity such that it can be identified by the opposing party on its Source Code Machine.

63.     Any specific directories and files identified by the parties and used during the parties' trial presentations will be printed on paper and also provided to the jury.  The parties agree that the limitation on printed source code set forth in the Protective Order shall not apply at trial.

**F.     Exhibits for Opening Statements**

64.     The parties will exchange exhibits to be used in opening statements by 7:00 p.m. one day before opening statements. The parties will provide any objections to such exhibits by 9:00 p.m. the day before opening statements. The parties are to meet and confer to resolve any objections to the exhibits for opening statements at 10:00 p.m. the day before opening statements.

65.     If good faith efforts to resolve the objections fail, the party objecting to the exhibits shall bring its objections to the Court's attention in the morning of opening statements, for resolution before the jury is seated.

### G.     Exhibits for Direct Examinations

66.     By 7:00 p.m. two days before their intended use, a party will identify (a) any exhibits to be used in connection with direct examination of live witnesses and (b) any exhibits intended to be used in connection with deposition designations.

67.     To the extent permitted by Fed. R. Evidence 1006 regarding voluminous exhibits (e.g., FDA submissions, technical manuals, lengthy videos, computer source code, financial spreadsheets), the parties may use summaries, compilations, excerpts, or subsets as standalone exhibits at trial.  Such excerpts shall be marked with the entire exhibit's number followed by a letter (e.g. "PX 57-A") and be disclosed to the other party by 6:00 p.m. two days before their intended use. Excerpts should not mischaracterize or misrepresent the contents of the exhibit as a whole.  The other party should be reasonably permitted to add to the intended excerpt as necessary to provide adequate context and completeness.

68.     By no later than 9:00 p.m. one day before their intended use, the opposing party will provide its objections to the disclosed exhibits.

69.     The parties are to meet and confer to resolve any objections at 10:00 p.m. the day before the exhibits' intended use.

70.     If good faith efforts to resolve the objections fail, the party objecting to the exhibits shall bring its objections to the Court's attention in the morning on the day of the exhibits' intended use, for resolution before the jury is seated.

71.     Prior to the start of direct examination of a particular witness, the party conducting the direct examination will provide the other party with two copies of binders containing all exhibits that they intend to use with that witness on direct examination.  The party will also provide four copies of each binder to the Court.

72.     Documents to be used for purposes of rehabilitation, if otherwise competent for such purposes, need not be included on any trial exhibit list nor disclosed in advance of being used at trial.  For avoidance of doubt, documents to be admitted into evidence during direct examinations must be on a party's exhibit list.

73.     Notwithstanding the foregoing, each party reserves the right to reasonably amend or supplement the list of exhibits intended to be used in connection with direct examination of live witnesses provided such exhibits are promptly identified.

74.     Failure to comply with these procedures, absent an agreement by the parties or approval by the Court, will result in waiver of the use of an exhibit or waiver of objection to the exhibit.

**H.     Exhibits for Cross-Examinations**

75.     Documents to be used solely for impeachment need not be included on any trial exhibit list.  Documents used on cross-examination need not be disclosed

in advance of being used at trial.  For avoidance of doubt, documents to be admitted into evidence on cross-examination must be on a party's exhibit list.

76.    Immediately prior to the start of cross-examination of a particular witness, the party conducting the cross-examination will provide the other party with two copies of binders containing the exhibits that they intend to use with that witness on cross-examination that day.  The party will also provide four copies of each binder to the Court.

77.    If a witness on cross-examination is held over at the end of a trial day, both copies of the cross-examination binders provided to the other party shall be returned to counsel conducting the cross examination until testimony resumes.

## IX.    DEMONSTRATIVES

### A.    Demonstratives Generally

78.    The parties will mark and identify demonstratives (e.g. slides, animations, magnetic boards) with Plaintiffs' Demonstrative ("PDX") and Defendants' Demonstrative ("DDX") numbers.

79.    Blow-ups, clips, call-outs, or highlights of exhibits or testimony  are not demonstratives that need to be separately marked, identified, or provided to the other side in advance of their use, provided that the exhibits or testimony themselves have been properly identified pursuant to the governing procedures.

80.    Demonstratives shall not be included on the parties' exhibit lists.

81.     Demonstratives shall not be admitted into evidence absent stipulation.

82.     Copies of demonstratives shall not be provided to the jury, except upon agreement of the parties or as otherwise ordered by the Court.

83.     Each demonstrative shall identify by exhibit number all trial exhibits that form the basis of the demonstrative.  Such identified trial exhibits shall be separately admitted into evidence.

84.     The party seeking to use a demonstrative will provide a color representation of the demonstrative to the other side in PDF form.  For irregularly sized materials, the party seeking to use the demonstrative will provide a color representation as an 8.5 x 11 PDF.  For physical demonstratives for which a color representation as a PDF is not feasible, the party must identify it in writing with specificity along with a photograph of the item, and, upon request, make the item available for inspection.  For video animations, the party seeking to use the demonstrative will provide it to the other side on a hard media device or make it available via a secure file share or email as feasible.

**B.     Demonstratives for Opening Statements**

85.     The parties will exchange demonstratives to be used in opening statements by 7:00 p.m. the day before opening statements. The parties will provide any objections to such demonstratives by 9:00 p.m. the day before opening statements. The parties are to meet and confer to resolve any objections to the

demonstratives for opening statements at 10:00 p.m. the day before opening statements.

86.    If any of the demonstratives change after the exchange deadline, the party intending to use the demonstrative will promptly notify the opposing party of the change(s) to provide the opposing party with reasonable notice of the change(s) and an opportunity to object before the demonstratives are presented to the Court.

87.    If good faith efforts to resolve the objections fail, the party objecting to the demonstratives shall bring its objections to the Court's attention in the morning of opening statements, for resolution before the jury is seated.

88.    Failure to comply with these procedures, absent an agreement by the parties or approval by the Court, will result in waiver of the use of the demonstrative or waiver of objection to the demonstrative.

### C.    Demonstratives for Direct Examinations

89.    A party will provide demonstrative exhibits to be used in connection with direct examination of a witness by 7:00 p.m. the day before their intended use, and objections will be provided no later than 9:00 p.m. the day before their intended use. The parties are to meet and confer to resolve any objections to the demonstratives for direct examination at 10:00 p.m. the day before their intended use.

90.     If a party revises any of the demonstratives after the exchange deadline, the party intending to use the revised demonstrative must promptly notify the opposing party of the revision(s) to provide the opposing party with reasonable notice of the change(s) and an opportunity to object.  If the opposing party does not consent to the revisions, the party intending to use the revised demonstrative must seek leave of Court to use the revised demonstrative.

91.     If good faith efforts to resolve the objections fail, the party objecting to the revised demonstrative shall bring its objections to the Court's attention the morning of the day of the revised demonstrative's intended use, for resolution before the jury is seated.

92.     This provision does not apply to demonstratives created during testimony, such as by a witness marking up a document or drawing on a whiteboard.

93.     Failure to comply with these procedures, absent an agreement by the parties or approval by the Court, will result in waiver of the use of the demonstrative or waiver of objection to the demonstrative.

### D.     Demonstratives for Cross-Examinations

94.     Demonstratives to be used for cross-examination need not be exchanged or disclosed ahead of time.

E.      **Demonstratives for Closing Statements**

95.     Demonstratives to be used in closing statements need not be exchanged or disclosed ahead of time.

X.      **WITNESSES**

A.      **Witness Lists**

96.     J&J's Witness List is attached as **Exhibit 12-A**.  Alcon's objections to J&J's Witness List are attached as **Exhibit 12-B**.

97.     Alcon's Witness List is attached as **Exhibit 13-A**.  J&J's objections to Alcon's Witness List are attached as **Exhibit 13-B**.

98.     Any witness not listed will be precluded from testifying, absent good cause shown.

99.     Pursuant to the Case Scheduling Order, D.I. 61 ¶ 12(f), the other side shall have the right to take a deposition of no more than four (4) hours of any listed witness who has not yet been deposed.

100.    The parties reserve the right to call any witness from the other party's list.

101.    The parties reserve the right to call one or more additional witnesses whose testimony is necessary to establish admissibility of any trial exhibit, including for example a custodian of records, if the admissibility of the exhibit is challenged by the opposing party.  [**J&J's Proposal**: The parties reserve the right to seek to

23

charge any custodian of record testimony to the opposing party's time clock, on the basis that it unduly delayed the trial proceedings.]

102.   The parties agree that the following non-party witnesses reside outside of the subpoena power of the Court under Fed. R. Civ. P. 45(c)(1) and shall be considered "unavailable" for purposes of Fed. R. Evid. 804:  John Alder, Leonard Borrmann, Michael Brownell, Gautam Chaudhary, Peter Goldstein, Imre Hegedus, Adam Juhasz, Ronald Kurtz, Brent Schellhase, Carlos Suarez, John Suzuki, Alireza Malek Tabrizi, and Kostadin Vardin.

103.   The parties agree that the following current employees of Alcon are "unavailable" to J&J for purposes of Fed. R. Evid. 804:  Robert Golden, Lynda Jeffcoat, and Kim Regis.   The parties further agree that the following current employees of J&J are "unavailable" to Alcon for purposes of Fed. R. Evid. 804:  Hong Fu, Matthew Kraai, and Andy Pang.

104.   If a non-party witness identified on either party's witness list becomes available, both parties reserve the right to call that witness.

105.   If a witness becomes unavailable for trial, the parties agree to timely notify the other party and supplement their witness lists.  If a fact witness that either party has identified as testifying live at trial becomes unavailable, each party reserves the right to call that witness by deposition.

106.    The listing of a witness does not require the party to call that witness to testify, and does not imply or establish that the listing party has the power to compel the live testimony of that witness.

### B.    Sequestration of Witnesses

107.    Pursuant to Federal Rule of Evidence 615, fact witnesses will be sequestered and prevented from hearing the testimony of other witnesses.  Fact witnesses may attend trial after their testimony (including any rebuttal testimony) is complete and the Court has released them.

108.    In accordance with Federal Rule of Evidence 615(b), this exclusion rule will not apply to a single officer or employee designated by each party as its representative.  Counsel for the parties shall notify one another by e-mail of their corporate representative, if any, by no later than February 8, 2023.

109.    Expert witnesses disclosed under Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure need not be sequestered.

### C.    Live Witnesses

110.    If a party intends to call one of the other party's employees to testify live, the party intending to call the adverse witness must notify the opposing party by no later than fourteen days before those witnesses are intended to testify in Court.

111.   If a party intends to call a non-party fact witness to testify live, the party intending to call the non-party witness must notify the opposing party by no later than fourteen days before those witnesses are intended to testify in Court.

112.   The parties will give each other advance notice of the witnesses they will call live and the order in which they plan to call them by 7:00 p.m. two days before the witnesses will testify.

113.   The parties agree, with the Court's permission, that the offering attorney may make a brief, non-argumentative transition statement before each witness testifies.

114.   During adjournments in the trial, including breaks during the trial day and overnight, the offering party may discuss with a witness his or her testimony on direct examination.   Once the witness is passed for cross-examination and cross-examination has begun, the offering party is prohibited from discussing with the witness his or her testimony. Once cross-examination of the witness is concluded and the witness is passed for redirect examination, the offering party may discuss with the witness his or her testimony on re-direct examination.

115.   The parties shall endeavor for each live fact witness to only be called once.   For example, if Plaintiffs call a fact witness in their case in chief that Defendants identified and intended to call live at trial as an adverse witness,

Defendants instead shall elicit the testimony through cross-examination.  In such a case, cross-examination shall not be limited in scope to the direct examination.

**D.    Deposition Designations**

116.   Pursuant to stipulation (D.I. 485), the parties will file a supplemental exhibit to the pretrial order containing deposition designations, counter-designations, counter-counter designations, and objections thereto on or before February 8, 2023.  Each counter-designation and counter-counter designation shall be linked to an affirmative designation.

117.   The parties will continue to meet and confer in an effort to address and narrow their respective designations of testimony, including objections.

118.   For any witnesses whose testimony the parties intend to present at trial by deposition, the party offering the deposition testimony will identify the witness whose designations will be played by no later than 7:00 p.m. two days before the designations are to be played or read.  Concurrently with that disclosure, the party offering the deposition testimony will provide edited video clips.  Such video clips shall include all designations (affirmative designations, counter-designations, and counter-counter designations) and the embedded exhibits as they will be shown to the jury to be played in chronological order.  The editing process may remove all irrelevant and redundant material, including attorney objections, colloquy between counsel, and requests to have the court reporter read back a question.  The offering

party shall simultaneously provide a "clip report" showing the transcript and videotape run-times for both the deposition designations, counter-designations, and counter-counter-designations together.  Objections and any additional designations that they believe should be added for necessary context or as their own affirmative testimony to be offered from that witness (such that a portions of a witnesses' videotaped deposition will only be offered one time across both sides' cases) will be provided by 9:00 p.m. two days before the designations are to be played or read.

119.   The parties will meet-and-confer at 10:00 p.m. two days before the designations are to be played or read to resolve any remaining objections.  The party offering the deposition testimony will provide a final video at 7:00 p.m. one day before the designations are to be played or read.  The final video shall include all designations and embedded exhibits as they will be shown to the jury.

120.   If good faith efforts to resolve the objections fail, the party objecting to the designations shall bring its objections to the Court's attention the day before the day of the designations' intended use, for resolution before the jury is seated.

121.   Failure to comply with these procedures, absent an agreement by the parties or approval by the Court, will result in waiver of the use of the deposition testimony or waiver of objection to the use of the deposition testimony.

122.   When a witness is called to testify by deposition at trial, the party calling the witness shall provide the Court with two copies of the transcript of the entirety of the designations that will be read or played.

123.   The parties agree that the Court may make a brief, non-argumentative transition statement, agreed to by the parties, before each witness is called by deposition.

124.   The time available for each party's trial presentation shall be reduced by the length of their transition statements plus their designations played or read at trial.  For avoidance of doubt, the proffering party will be charged the time for its transition statement, affirmative designations, and counter-counter designations. The party making counter-designations will be charged the time for its counter-designations.

### E.     Objections to Expert Testimony

125.   An expert may not introduce any exhibit that was not considered in any of that expert's reports or supplemental appendices submitted pursuant to Rule(a)(2)(B) of the Federal Rules of Civil Procedure.  The parties agree that duplicate exhibits produced under different bates numbers were fairly considered by an expert if a duplicate is listed in any of that expert's reports.  The parties reserve all rights to have its experts comment on documents produced after submission of opening reports.

126.   An expert may not testify beyond the scope of his or her prior written disclosures.

127.   The Court should rule at trial on any objections to expert testimony as beyond the scope of prior expert disclosures.

128.   A failure to object to expert testimony as beyond the scope of prior expert disclosures waives the objection as to that testimony.

## XI.   MOTIONS *IN LIMINE*

129.   J&J is submitting four Motions *in Limine*, pursuant to the Court's authorization (8/3/2022 Hr. Tr. at 44:12-45:1).  The briefing related to these motions are attached as **Exhibits 14-17.**  The parties' materials in support of their briefing on J&J's Motions *in Limine* are attached as **Exhibits 18-19**.

130.   Alcon is submitting three Motions *in Limine*.  The briefing related to these motions are attached as **Exhibits 20-22**.  J&J's materials in support of its oppositions to Alcon's Motions *in Limine* are attached as **Exhibit 23**.

131.   The parties anticipate that other evidentiary issues outside of the motions *in limine* may arise.  They will raise those issues to the Court as necessary at the appropriate time before or during trial.

## XII.  JURY TRIAL PROCEDURES

### A.     Length of Trial

132.   A jury trial in this action will be held before Chief Judge Colm F. Connolly, in Courtroom 4B of the J. Caleb Boggs Federal Building, 844 N. King Street, Wilmington, DE 19801-3555.

133.   A timed jury trial with 16 hours of presentation allocated per side is scheduled to begin Monday, February 13, 2023 at 8:30 a.m.

134.   As proposed by the Court at the August 3, 2021 status conference, the parties agree that the Court may convene to select a jury at 9:00 a.m. on Friday, February 10, 2023.  The time to select a jury will not be charged to the parties.

135.   Subsequent days will begin at 8:30 a.m.  Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. or as otherwise ordered by the Court.

136.   The Court will not be in session on Friday, February 17, 2023, or Monday, February 20, 2023.

137.   Unless otherwise ordered, time will be charged to a party for its opening statement, any evidence counsel reads into the record, direct and redirect examinations of witnesses each party calls (including by designation), cross-examinations of witnesses called by any other party (including by designation),

closing arguments, and arguments on evidentiary objections as well as motions for judgment as a matter of law.

138.   The Courtroom Deputy will keep a running total of trial time used by counsel.  The Court will terminate a party's trial presentation if that party uses all of its allotted trial time, unless the Court decides to extend the time.

### B.   Voir Dire

139.   The parties' proposed voir dire questions have been filed separately with the Court.

### C.   Number of Jurors

140.   There shall be eight jurors.

141.   The Court will conduct jury selection through the "struck juror" method.  The Court will begin by reading voir dire to the jury panel in the courtroom, continuing by meeting with jurors individually in chambers and addressing any challenges for cause, and concluding back in the courtroom with peremptory strikes.

### D.   Jury Notes

142.   On the first day of trial, each member of the jury will be provided a binder to hold "witness sheets," which print the name and photograph of each witness but are otherwise blank and agreed to by the parties, and a notepad for notes. Before each trial day, the parties will provide the Clerk of Court with witness sheets to be added to the jury binders for the witnesses expected to testify on that day.  The

jurors shall be permitted to write notes by hand during the trial.  The jurors shall also be permitted to bring their provided binders and notepads into the deliberation room. The jurors should be instructed not to exchange or share their notes with each other, although they may discuss the contents of their notes.

143.   The jurors' binders will be collected by the clerk each evening after daily recess.  After the jury's discharge, the jurors' binders will be collected and destroyed without review.

### E.   Jury Instructions

144.   The parties' proposed preliminary and final jury instructions have been filed separately with the Court.   The parties are available for a final charge conference on February 10, 2023.

### F.   Verdict Forms

145.   Each party has filed its proposed verdict form separately with the Court.

### G.   Jury Deliberations

146.   At the end of all parties' presentation of evidence, the parties will compile a set of exhibits in evidence for the jury.  This set shall be distributed to the jury before they commence deliberation, and shall be collected from the jury each night before they retire from deliberation.  When not in the possession of the jury, the set of exhibits will be held by the bailiff of the Court. In the event native electronic versions of exhibits are admitted into evidence, the parties shall provide

the jury a laptop (internet connections and USB ports disabled) with the ability to locally view the native exhibits.  The native documents should be loaded on the source code laptop described in Paragraph 61 above.

**H.    Non-Jury Trial**

147.    [**J&J's Position**: There are no non-jury issues to be tried.  In the event of a jury verdict finding copyright infringement, any post-trial motion for permanent injunctive relief may be briefed based on the factual record presented at trial.

148.    The Copyright Act's disgorgement remedy is properly presented to the jury, as set forth in more detail in J&J's Opposition to Alcon's Third Motion in Limine.  *See* Ex. ##22-B; 6 Patry on Copyright § 22:149 ("[S]ection 504(b) treats disgorgement of defendant's profits as an alternative form of monetary damages . . . recover[able] by plaintiff in addition to its lost sales . . . .  Under such circumstances, the right to a jury is absolute."]

149.    [**Alcon's Position**: J&J is seeking disgorgement of Alcon's profits.  D.I. 141 Prayer for Relief ¶G.  The Supreme Court and the Third Circuit have recognized that disgorgement is an equitable remedy.  *Edmonson v. Lincoln Nat'l Life Ins. Co.*, 725 F.3d 406, 415 (3d Cir. 2013); *see also Liu v. Sec. & Exch. Comm'n*, 140 S. Ct. 1936, 1941 n.1, 1942 (2020).  Disgorgement has been held to be equitable in copyright cases specifically.  *See Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 668 n.1, 686 (2014) (describing "disgorgement of unjust gains" as

34

"equitable relief"); *F.W. Woolworth Co. v. Contemp. Arts*, 193 F.2d 162, 167–68 (1st Cir. 1951), *aff'd*, 344 U.S. 228 (1952) (considering remedy of separating infringer from profits attributable to infringement to be equitable).   Given the equitable nature of disgorgement, that issue is for the Court—and not the jury—to resolve.  *See e.g., Billing v. Ravin, Greenberg & Zackin, P.A.*, 22 F.3d 1242, 1245 (3d Cir. 1994) ("[N]o jury right attaches to equitable claims."); *Kars 4 Kids Inc. v. Am. Can!*, 2019 WL 2078670, at *2 (D.N.J. May 10, 2019) ("The Court also determines that this claim is equitable in nature, and for which no right to a jury exists."); *In re Biogen '755 Patent Lit.*, 2018 WL 3613162 at *4 (D.N.J. July 26, 2018) ("[I]nequitable conduct, being entirely equitable in nature, is not an issue for a jury to decide."); *Petrella v. Metro-Goldwyn-Mayer*, 572 U.S. 663, 668 n.1, 686 (2014) (describing "disgorgement of unjust gains" as "equitable relief"); *Edmonson v. Lincoln Nat'l Life Ins.*, 725 F.3d 406, 419 (3d Cir. 2013) ("[D]isgorgement…is an equitable remedy[.]").   Indeed, the legislative history of the Copyright Act recognizes that "where some of the defendant's profits result from the infringement and other profits are caused by different factors, it will be necessary for **the court** to make an apportionment." H.R. Rep. No. 94-1476 (1976).  Thus, a copyright plaintiff is "not entitled to a jury determination of it." *Fair Isaac v. Fed. Ins.*, 408 F. Supp. 3d 1019, 1033 (D. Minn. 2019); *Assessment Techs. Inst. v. Parkes*, 2022 WL 588889, at *1 (D. Kan. Feb. 25, 2022) ("no right to jury trial" for "disgorgement,"

which "is an equitable claim"); *cf. Kars 4 Kids*, 2019 WL 2078670, at *2 (same for Lanham Act claim); *Tex. Adv. Optoelecs. v. Renesas Elec.*, 895 F.3d 1304, 1325-26 (Fed. Cir. 2018) (holding plaintiff had "no right to a jury decision on its request for disgorgement" in trade secret case).

150.    Additionally, Alcon has put forth equitable defenses that must also be resolved by the Court.  Accordingly, Alcon seeks a bench trial and resolution by the Court on J&J's claims for disgorgement, Alcon's equitable defenses, and any forthcoming injunctive relief.]

## XIII.  LOGISTICS

### A.    Confidential Information

151.    The Court should be open to the public for the entirety of the presentation of evidence at trial.  The parties agree that the public use at trial of documents designated under the Protective Order (D.I. 63) as "Confidential", "Highly Confidential Material—Attorney Eyes Only" or "Confidential Source Code—Attorney Eyes Only" does not alter the status of such documents and all other protections remain.  Exhibits with confidentiality designations, while displayed at trial, will not be filed publicly.

152.    With respect to detailed financial information or source code, the parties agree that such materials will only be displayed to individual court monitors and not to the public gallery at large.

### B.     Equipment

153.   The Court will grant the parties access to the courtroom on Thursday, February 9, 2023,  to allow them to set up electronic and computer devices to be used during the trial.

154.   To the extent that both sides will be sharing common audio-visual equipment in the courtroom, each side will share the cost of that equipment.

### C.     Communications Between the Parties

155.   All notices, disclosures, and exchanges required by this pretrial order must be sent to the full trial team listservs of the respective parties.  The parties will identify the listserv addresses for service by no later than February 1, 2023.

156.   All meet-and-confers during trial will be conducted either in person or on a dedicated conference line.  The parties will agree to a dedicated telephonic conference line number by no later than February 8, 2023.

### D.     COVID Protocols

157.   The parties agree that any individual under their respective control (including, but not limited to, attorneys, paralegals, in-house counsel, witnesses, and vendors) shall be fully vaccinated against COVID-19 in order to enter the courtroom.

158.   In accordance with the parties' understanding of the Court's current preference, the parties agree that all jurors should be fully vaccinated against COVID-19.

## XIV.  SETTLEMENT

159.   The parties have engaged in good faith efforts to explore the resolution of this matter by settlement.  At this time, the parties have been unable to reach an agreement.

* * *

160.   The parties reserve the right to seek leave to supplement or amend this final pretrial order based on subsequent events or by agreement.

**Pursuant to LR 16-3(d)(4), this Order shall control the subsequent course of the action, unless modified by the Court to prevent manifest injustice.**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Anthony D. Raucci*

---
Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
Anthony D. Raucci (#5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com
araucci@morrisnichols.com

*Attorneys for Plaintiffs and*
*Counterclaim Defendants*
*AMO Development, LLC,*
*AMO Manufacturing USA, LLC,*
*AMO Sales and Service, Inc. and*
*Johnson & Johnson Surgical Vision, Inc.*

December 21, 2022

SHAW KELLER LLP

*/s/ Andrew E. Russell*

---
John W. Shaw (#3362)
Karen E. Keller (#4489)
Andrew E. Russell (#5382)
Nathan R. Hoeschen (#6232)
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
arussell@shawkeller.com
nhoeschen@shawkeller.com

*Attorneys for Alcon Inc.,*
*Alcon Vision, LLC,*
*Alcon Laboratories, Inc. and*
*Alcon Research, LLC*

38

**IT IS SO ORDERED.**


_____
The Honorable Colm F. Connolly
CHIEF, UNITED STATES DISTRICT JUDGE