# EXHIBIT 1

**Exhibit 1**
**Summary of PTAB Decisions**

| Patent Family | IPR No. | Patent No. | Final Written Decision | |
| --- | --- | --- | --- | --- |
| | | | Claims Patentable | Claims Unpatentable |
| **Palanker** | IPR2021-00817 | 8,394,084 | 1-21 | |
| | IPR2021-00823 | 8,403,921 | 1-23 | |
| | IPR2021-00824 | 9,693,903 | 1-6, 8-15, 17, 18 | |
| | IPR2021-00825 | 9,693,904 | 1-8, 10-18, 20 | |
| | IPR2021-00835 | 9,095,415 | 1-24 | |
| | IPR2021-00839 | 9,101,448 | 1-20 | |
| | IPR2021-00840 | 9,107,732 | 1, 2, 8-16, 22-35 | |
| | IPR2021-00841 | 9,474,648 | 1-15 | |
| | IPR2021-00853 | 9,125,725 | 1-3, 5, 6, 8, 12, 13 | |
| | IPR2021-00856 | 8,500,724 | 17-23 | 1-15 |
| | IPR2021-00858 | 8,425,497 | 1-19 | |
| | IPR2021-00862 | 8,709,001 | 1-24 | |
| **Culbertson** | IPR2021-00843 | 9,233,023 | | 1-17 |
| | IPR2021-00845 | 9,233,024 | | 1-17, 20-26 |
| | IPR2021-00846 | 10,376,356 | | 1-12 |
| | IPR2021-00849 | 10,109,548 | | 1-14 |
| **Alcon** | IPR2021-001053 | 9,427,356 | | 1, 2 |

# EXHIBIT 2

# Rico, Colleen (LA)

| | |
|---|---|
| **From:** | Frank, Noah S. <noah.frank@kirkland.com> |
| **Sent:** | Thursday, November 11, 2021 1:49 PM |
| **To:** | Cohen, Rachel Weiner (DC); #Alcon-JNJ; SKAlcon@shawkeller.com |
| **Cc:** | #C-M JOHNSON & JOHNSON - ALCON - LW TEAM; JBlumenfeld@morrisnichols.com; began@morrisnichols.com; araucci@morrisnichols.com |
| **Subject:** | RE: J&J Vision/Alcon: Stipulation for Partial Stay |
| **Attachments:** | Draft Stipulation for Partial Stay (LW edits)_KE edits.docx |

Rachel,

We have one additional minor edit in the attached.

We agree it would be inefficient to renegotiate search terms and custodians in the midst of reviewing documents. To the extent you are proposing that the parties continue to review and produce documents as if the patent claims were not stayed, we agree. To be clear, however, we do not agree that it would be appropriate to serve additional RFPs related to patent issues or to engage in discovery disputes related only to patent issues.

As to your proposal regarding third-party witnesses, we do not agree that it would be appropriate to ask patent-related questions at this point. While there is a chance that third parties may have to reappear for a second deposition, given the issues currently in the case (and that both J&J and Alcon will likely have questions for third parties), a more focused deposition now is ultimately more efficient. I'd also note that J&J previously suggested that Alcon should take its own deposition of Mr. Goldstein, so it would appear to be more efficient for both parties to ask any copyright questions on a single day, and to the extent necessary, take a second deposition related to patent issues.

We do not think that it makes sense to accelerate any of the interim dates in the schedule given the state of discovery to date, but we are of course willing to review J&J's suggestions.

Regards,

**Noah Frank**

───────────────────────────────

**KIRKLAND & ELLIS LLP**
1301 Pennsylvania Avenue, N.W., Washington, D.C. 20004
**T** +1 202 389 5235
**F** +1 202 389 5200

───────────────────────────────

noah.frank@kirkland.com


**From:** Rachel.Cohen@lw.com <Rachel.Cohen@lw.com>
**Sent:** Thursday, November 11, 2021 1:43 PM
**To:** Frank, Noah S. <noah.frank@kirkland.com>; #Alcon-JNJ <Alcon_JNJ@kirkland.com>; SKAlcon@shawkeller.com
**Cc:** johnson&johnson.alcon.lwteam@lw.com; JBlumenfeld@morrisnichols.com; began@morrisnichols.com; araucci@morrisnichols.com
**Subject:** RE: J&J Vision/Alcon: Stipulation for Partial Stay

Noah,

Please see minor edits attached, let us know if it's ok from your end.

1

Notwithstanding that we are agreeing to stay the patent issues, we propose that the parties substantially complete document discovery on all issues (not just copyright issues) on December 10 – at this point, trying to determine and reach agreement on which custodians and search terms are patent only and strip them out would be counterproductive and inefficient.  Let us know your thoughts on this.

In addition, we propose asking third party deposition witnesses in advance whether they would agree to reappear for a separate patent deposition later, when and if the stay is lifted.  If not, the questioning party(ies) will have the right to ask them patent-related questions, notwithstanding the stay.  Let us know your thoughts on this and, if you agree, we can reach out to Mr. Goldstein's counsel today.

Finally, while we don't think they need to be addressed in today's stipulation, we should discuss the interim dates in the schedule, e.g., it might make sense to revise some of the dates or activities given the narrowing of the case.  We can send some suggestions under separate cover.

Regards,
Rachel

**Rachel Weiner Cohen**

**LATHAM & WATKINS LLP**
555 Eleventh Street, NW | Suite 1000 | Washington, D.C. 20004-1304
D: +1.202.637.1035 | Bio

---

**From:** Frank, Noah S. <noah.frank@kirkland.com>
**Sent:** Wednesday, November 10, 2021 10:09 PM
**To:** Cohen, Rachel Weiner (DC) <Rachel.Cohen@lw.com>; #Alcon-JNJ <Alcon_JNJ@kirkland.com>; SKAlcon@shawkeller.com
**Cc:** #C-M JOHNSON & JOHNSON - ALCON - LW TEAM <johnson&johnson.alcon.lwteam@lw.com>; JBlumenfeld@morrisnichols.com; began@morrisnichols.com; araucci@morrisnichols.com
**Subject:** RE: J&J Vision/Alcon: Stipulation for Partial Stay

Rachel,

Attached please find our edits in redline to the stipulation for a partial stay.

Regards,

**Noah Frank**

**KIRKLAND & ELLIS LLP**
1301 Pennsylvania Avenue, N.W., Washington, D.C. 20004
T +1 202 389 5235
F +1 202 389 5200

noah.frank@kirkland.com

---

**From:** Rachel.Cohen@lw.com <Rachel.Cohen@lw.com>
**Sent:** Tuesday, November 9, 2021 6:22 PM
**To:** #Alcon-JNJ <Alcon_JNJ@kirkland.com>; SKAlcon@shawkeller.com
**Cc:** johnson&johnson.alcon.lwteam@lw.com; JBlumenfeld@morrisnichols.com; began@morrisnichols.com; araucci@morrisnichols.com
**Subject:** J&J Vision/Alcon: Stipulation for Partial Stay

Counsel,

Attached is a draft stipulation for a partial stay.  Please let us know if you have any edits.

Regards,
Rachel


**Rachel Weiner Cohen**

**LATHAM & WATKINS LLP**
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004-1304
Direct: +1.202.637.1035
Fax: +1.202.637.2201
Email: rachel.cohen@lw.com
https://www.lw.com/people/rachel-cohen

_____

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.


The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.


The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMO DEVELOPMENT, LLC, AMO MANUFACTURING USA, LLC and AMO SALES AND SERVICE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ALCON LENSX, INC., ALCON VISION, LLC, ALCON LABORATORIES, INC. and ALCON RESEARCH, LLC, <br><br> Defendants. | C.A. No. 20-842 (CFC) |
| ALCON INC., ALCON LENSX, INC., ALCON RESEARCH, LLC, and ALCON VISION, LLC, <br><br> Counter-Plaintiffs, <br><br> v. <br><br> AMO DEVELOPMENT, LLC, AMO MANUFACTURING USA, LLC, AMO SALES AND SERVICE, INC., and JOHNSON & JOHNSON SURGICAL VISION, INC. <br><br> Counter-Defendants. | |

**PLAINTIFFS' RESPONSES TO DEFENDANTS'
FIRST SET OF INTERROGATORIES (NOS. 1-20)**

Rule of Civil Procedure 33(d), J&J Vision will produce non-privileged documents from which information responsive to the non-objectionable scope of this Interrogatory can be derived, including source code and other documentation.

Discovery is not yet complete, and J&J Vision's investigation is ongoing. J&J Vision expressly reserves all rights to supplement, revise, and/or amend its response to this Interrogatory as its investigation and discovery proceeds in accordance with the Federal Rules of Civil Procedure and the Scheduling Order.

**INTERROGATORY NO. 14:**

Identify the complete factual and legal bases for any allegation by J&J that it has suffered or will suffer harm related to Alcon's alleged patent infringement, including lost profits, price erosion, loss of market share, reputational harm, convoyed sales, or loss of goodwill, and the basis for any reasonable royalty, including the date You contend the hypothetical negotiation should have occurred with respect to the J&J Asserted Patents and any factual contentions related to the hypothetical negotiation, including the *Georgia-Pacific* factors, the time period for which J&J contends it is entitled to collect damages from Alcon due to any alleged infringement of the J&J Asserted Patents, whether the royalty base is based on the value of the entire product or a portion thereof (if so, identify the portion), whether You contend that the proper royalty base is on a per-use basis or a per-unit basis, any appropriate royalty rate, demand for the patented product, whether non-

infringing alternatives exist, including the acceptability and availability of any such alternatives, operational and marketing capability to exploit the demand, and the appropriate measure and amount of a reasonable royalty or lost profits.

**RESPONSE TO INTERROGATORY NO. 14:**

J&J Vision incorporates its General Objections as if fully asserted herein. J&J Vision objects to the Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, work product immunity, or any other applicable privilege or protection. J&J Vision further objects to this Interrogatory as seeking information not in J&J Vision's possession, custody or control. J&J Vision objects to this Interrogatory as prematurely seeking contentions, expert discovery, and claim construction positions.

Subject to and without waiving its General and Specific Objections, J&J Vision responds as follows: J&J Vision has and will continue to suffer damages from Alcon's continuing willful infringement in an amount to be proven at trial in the form of lost profits due to lost sales and/or price erosion, and in no event less than a reasonable royalty. 35 U.S.C. § 284 (the "court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer"); *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1544-45 (Fed. Cir. 1995). For each J&J Vision Asserted Patent, J&J Vision is entitled to damages for the period starting on the later

36

of the patent's issuance date or the date of Alcon's first infringement. Because Alcon has not yet responded to discovery, J&J Vision is unable to determine whether Alcon's first infringement precedes the issuance date of each J&J Vision Asserted Patent. Based on information presently available to J&J Vision, J&J Vision understands that Alcon's infringement began at least as early as the dates of issuance of the J&J Vision Asserted Patents. J&J Vision is further entitled to damages through the end of the full enforceable term of each of the J&J Vision Asserted Patents.

With respect to lost profits, Alcon's infringement has caused lost sales of J&J Vision's Catalys® Precision Laser System and the revenue and profits associated with sales of Catalys® Precision Laser System, including those associated with per procedure fees and accessories for the Catalys® Precision Laser System. For example, the Catalys® Precision Laser System and the infringing LenSx Laser System are directly competing femtosecond laser-assisted cataract surgery products. *See Rite-Hite Corp.*, 56 F.3d at 1545, 1548-49; *see also Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, 702 F.3d 1351, 1360 (Fed. Cir. 2012) ("[T]he demand in question in the first Panduit factor is not limited to demand for the patented products. Rather, demand may also arise from a product that 'directly competes with the infringing device.'" (quoting *DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*, 567 F.3d 1314, 1330 (Fed. Cir. 2009))). J&J Vision has thus suffered legally

37

compensable lost profits caused by Alcon's sales of its competing infringing product, the LenSx Laser System.

To the extent J&J Vision does not receive lost profits on the Catalys® Precision Laser System, it is entitled to a reasonable royalty on the LenSx Laser System and any per procedure fees and accessories for the LenSx Laser System. *Rite-Hite Corp.*, 56 F.3d at 1545. A reasonable royalty would be determined based a number of factors, including the fact that J&J Vision's Asserted Patents were the groundbreaking, original femtosecond laser-assisted cataract surgery patents in the field. Further, J&J Vision would have had to forego a large profit by granting Alcon licenses because the Catalys® Precision Laser System and LenSx Laser System are directly competing products, and J&J Vision anticipated selling a large amount of its own Catalys® Precision Laser System. Also, given the competitive relationship between the parties, J&J Vision would have demanded a high royalty for any licenses of its intellectual property to Alcon. And "[t]he fact that an infringer had to be ordered by a court to pay damages, rather than agreeing to a reasonable royalty, is also relevant." *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1109-10 (Fed. Cir. 1996); *see also ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 872 (Fed. Cir. 2010); *TWM Mfg. Co. v. Dura Corp.*, 789 F.2d 895, 900 (Fed. Cir. 1986). Thus, any reasonable royalty would be high, would account for potential lost profits, and would not be limited by (and likely would exceed) Alcon's expected profits. *See, e.g.*, *Rite-Hite*

38

*Corp.*, 56 F.3d at 1554-55; *Powell v. Home Depot U.S.A., Inc.*, 663 F.3d 1221, 1240-41 (Fed. Cir. 2011); *State Indus., Inc. v. Mor-Flo Indus., Inc.*, 883 F.2d 1573, 1580 (Fed. Cir. 1989).

Further, to the extent Alcon's infringing LenSx Laser System has caused or will cause J&J Vision to lose collateral sales, J&J Vision will seek damages on such sales. In addition, J&J Vision will serve an expert report regarding the damages it has suffered and will continue to suffer due to Alcon's infringement of the J&J Vision Asserted Patents, which will explain the basis for its damages along with describing the amount of damages suffered, in accordance with the Court's scheduling order. Additionally, and pursuant to Federal Rule of Civil Procedure 33(d), J&J Vision will produce non-privileged documents from which information responsive to the non-objectionable scope of this Interrogatory can be derived.

Discovery is not yet complete, and J&J Vision's investigation is ongoing. J&J Vision will disclose its contentions, which J&J Vision incorporates by reference as if fully detailed herein, in accordance with the Court's Scheduling Order. J&J Vision expressly reserves all rights to supplement, revise, and/or amend its response to this Interrogatory as its investigation and discovery proceeds in accordance with the Federal Rules of Civil Procedure and the Scheduling Order.

*Corp.*, 56 F.3d at 1554-55; *Powell v. Home Depot U.S.A., Inc.*, 663 F.3d 1221, 1240-41 (Fed. Cir. 2011); *State Indus., Inc. v. Mor-Flo Indus., Inc.*, 883 F.2d 1573, 1580 (Fed. Cir. 1989).

Further, to the extent Alcon's infringing LenSx Laser System has caused or will cause J&J Vision to lose collateral sales, J&J Vision will seek damages on such sales. In addition, J&J Vision will serve an expert report regarding the damages it has suffered and will continue to suffer due to Alcon's infringement of the J&J Vision Asserted Patents, which will explain the basis for its damages along with describing the amount of damages suffered, in accordance with the Court's scheduling order. Additionally, and pursuant to Federal Rule of Civil Procedure 33(d), J&J Vision will produce non-privileged documents from which information responsive to the non-objectionable scope of this Interrogatory can be derived.

Discovery is not yet complete, and J&J Vision's investigation is ongoing. J&J Vision will disclose its contentions, which J&J Vision incorporates by reference as if fully detailed herein, in accordance with the Court's Scheduling Order. J&J Vision expressly reserves all rights to supplement, revise, and/or amend its response to this Interrogatory as its investigation and discovery proceeds in accordance with the Federal Rules of Civil Procedure and the Scheduling Order.

OF COUNSEL:

Michael A. Morin
Matthew J. Moore
Sarang V. Damle
Rachel Weiner Cohen
Carolyn M. Homer
Krupa Parikh
Holly K. Victorson
Ashley Finger
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
(202) 637-2200

Roger J. Chin
Joseph R. Wetzel
Kristine W. Hanson
Allison Harms
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 491-0600

S. Giri Pathmanaban
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
(650) 328-4600

February 10, 2021

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jennifer A. Ward*
_____
Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
Jennifer A. Ward (#6476)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com
jward@morrisnichols.com

*Attorneys for Plaintiffs and
Counterclaim Defendants
AMO Development, LLC,
AMO Manufacturing USA, LLC,
AMO Sales and Service, Inc., and
Johnson & Johnson Surgical Vision, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 10, 2021, copies of the foregoing were caused to be served upon the following in the manner indicated:

| | |
|---|---|
| John W. Shaw, Esquire<br>Karen E. Keller, Esquire<br>David M. Fry, Esquire<br>SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE  19801<br>*Attorneys for Defendants and Counterclaim Plaintiffs* | *VIA ELECTRONIC MAIL* |
| Jeannie Heffernan, Esquire<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, NY  10022<br>*Attorneys for Defendants and Counterclaim Plaintiffs* | *VIA ELECTRONIC MAIL* |
| Caroline Lourgos, Esquire<br>KIRKLAND & ELLIS LLP<br>300 North LaSalle<br>Chicago, IL  60654<br>*Attorneys for Defendants and Counterclaim Plaintiffs* | *VIA ELECTRONIC MAIL* |
| Kristen P.L. Reichenbach, Esquire<br>KIRKLAND & ELLIS LLP<br>555 California Street<br>San Francisco, CA  94104<br>*Attorneys for Defendants and Counterclaim Plaintiffs* | *VIA ELECTRONIC MAIL* |

2

Noah S. Frank, Esquire  
Gregg LoCascio, Esquire  
Sean M. McEldowney, Esquire  
KIRKLAND & ELLIS LLP  
1301 Pennsylvania Avenue, NW  
Washington, DC  20004  
*Attorneys for Defendants and Counterclaim Plaintiffs*

*VIA ELECTRONIC MAIL*

*/s/ Jennifer A. Ward*

Jennifer A. Ward (#6476)