IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMO DEVELOPMENT, LLC,<br>AMO MANUFACTURING USA, LLC<br>and AMO SALES AND SERVICE,<br>INC.,<br><br>      Plaintiffs,<br><br>    v.<br><br>ALCON VISION, LLC,<br>ALCON LABORATORIES, INC. and<br>ALCON RESEARCH, LLC,<br><br>      Defendants. | C.A. No. 20-842 (CFC) (JLH)<br><br>**PUBLIC VERSION - REDACTED**<br><br>**Original Filing Date: January 13, 2023**<br>**Redacted Filing Date: January 20, 2023** |
| ALCON INC., ALCON RESEARCH,<br>LLC, and ALCON VISION, LLC,<br><br>      Counterclaim Plaintiffs,<br><br>    v.<br><br>AMO DEVELOPMENT, LLC,<br>AMO MANUFACTURING USA,<br>LLC, AMO SALES AND SERVICE,<br>INC. and JOHNSON & JOHNSON<br>SURGICAL VISION, INC.,<br><br>      Counterclaim Defendants. | |

**J&J'S REPLY BRIEF IN SUPPORT OF ITS**
**MOTION TO AMEND TO REALIGN THE PARTIES**

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................1

II. ARGUMENT.........................................................................................................2

    A. Amendment To Realign Is Appropriate Under The Local Rules .........2
    B. There Is Good Cause For Leave To Amend .........................................3
    C. Alcon Will Not Be Prejudiced ...............................................................6
    D. J&J's Amendment Is Not Futile.............................................................8
        1. JJSV Has Standing.......................................................................8
        2. Alcon Inc. Is A Proper Defendant .............................................10

III. CONCLUSION...................................................................................................11

# **TABLE OF AUTHORITIES**

## **CASES**

*Apex Clearing Corp. v. Axos Financial Inc.*,
  C.A. No. 19-2066 (MN), 2022 WL 3153857 (D. Del. Aug. 8, 2022) ................. 5, 6

*Fraunhofer-Gesellschaft Zur Forderung der angewandten Forschung e.V.
  v. Sirius XM Radio Inc.*,
  C.A. No. 17-184-JFB-SRF, 2022 WL 608143 (D. Del. Jan. 27, 2022) ................. 6

*Great W. Mining & Min. Co. v. Fox Rothschild LLP*,
  615 F.3d 159 (3d Cir. 2010) ................................................................................ 8

*ICU Med., Inc. v. RyMed Techs., Inc.*,
  674 F. Supp. 2d 574 (D. Del. 2009) .................................................................... 1

*In re Allergan ERISA Litig.*,
  975 F.3d 348 (3d Cir. 2020) ................................................................................ 3

*Peter Pan Fabrics, Inc. v. Acadia Co.*,
  173 F. Supp. 292 (S.D.N.Y. 1959), *aff'd*, 274 F.2d 487 (2d Cir. 1960) ................. 9

*Roberts v. Michaels*,
  219 F.3d 775 (8th Cir. 2000) ............................................................................... 4

*SBK Catalogue P'ship v. Orion Pictures Corp.*,
  723 F. Supp. 1053 (D.N.J. 1989) ....................................................................... 10

*Wright & Elton Corp.*,
  C.A. No. 17-286-JFB, 2020 WL 7870875 (D. Del. Dec. 31, 2020) ..................... 3

## **STATUTES**

17 U.S.C. § 501(b) ..................................................................................................... 9

## **RULES**

Fed. R. Civ. P. 17(a)(3) ............................................................................................... 4

Fed. R. Civ. P. 21 ........................................................................................................ 3

## OTHER AUTHORITIES

4 Moore's Federal Practice - Civil § 21.02[3]..........................................................3

Note: emphasis added throughout unless otherwise indicated.

I.      **INTRODUCTION**

To avoid full responsibility for its copyright infringement, Alcon's recent filings revealed a strategy to limit its damages based on the technical alignment of certain J&J and Alcon parties—seeking to keep Johnson & Johnson Surgical Vision, Inc. ("JJSV") and Alcon Inc. ("Alcon Inc.") out of bounds even though those entities have been named parties for over two years, and fully participated in this copyright litigation, including by taking and responding to copyright discovery. Although J&J believes Alcon's technical arguments are meritless, it reasonably sought to moot any controversy by realigning the caption "to ensure that [its] claims are decided on the merits rather than on technicalities." *ICU Med., Inc. v. RyMed Techs., Inc.*, 674 F. Supp. 2d 574, 577 (D. Del. 2009).

Alcon is eager to avoid that result. So rather than accede to what should have been an uncontroversial proposal, it attacks J&J's motion as untimely and prejudicial. But Alcon does not seriously contest that J&J's request to amend the caption results from events that long post-date the scheduling order's June 16, 2021 deadline to amend the pleadings, nor deny the role its own misdirection played in the timing of J&J's motion. J&J should not be penalized for moving to amend only once Alcon's arguments made doing so appropriate.

Alcon's insistence that JJSV and Alcon Inc. have not participated in copyright-related discovery (D.I. 510 at 4-7), meanwhile, is simply wrong. When

1

Alcon sought to add three additional copyright defenses to "***J&J's[3] copyright claim***" (footnote in original), it defined "J&J" to include JJSV. D.I. 246 at 1 n.3. And when Alcon served copyright discovery (after the patent claims stay, D.I. 205), Alcon Inc. was a propounding party. Ex. 2 at 1; Ex. 16 at 1; Ex. 17 at 1. Alcon Inc.'s requests demanded that "AMO Development, LLC, AMO Manufacturing USA, LLC, AMO Sales and Service, Inc., and Johnson & Johnson Surgical Vision, Inc." provide discovery. Ex. 2 at 2; Ex. 16 at 2; Ex. 17 at 2. Not only did Alcon Inc. and JJSV participate in copyright discovery, ***Alcon Inc. itself took discovery from JJSV on the copyright claims*** and characterized JJSV as one of the "Plaintiffs." *See id.* Having done so, there is no basis for Alcon's present resistance to amending the caption to reflect that state of affairs.

This Court should not permit Alcon to utilize procedural technicalities and corporate formalities to obtain strategic advantage. Where, as here, the justification for amendment post-dates the deadline set forth in the scheduling order, and amendment will neither delay proceedings nor unduly prejudice the opposing party, leave to amend should be freely given. The motion should be granted.

## II.  ARGUMENT

### A.  Amendment To Realign Is Appropriate Under The Local Rules

Alcon asserts that Local Rule 15.1 bars realignment without an attached proposed pleading. D.I. 510 at 7-8. But J&J's proposed amendment simply calls

for realigning the party status of two existing parties. And J&J attached its proposed amended caption with its proposed order. D.I. 500-1. To require more would elevate form over substance. Notably, Alcon's own prior motion to alter parties to the litigation (which the Court granted, D.I. 136) likewise only attached a proposed order with a new caption.[1] D.I. 135-1.

Alcon's overzealous reading of Local Rule 15.1 ignores that realignment of the parties changes the pleading's caption, not the body of the pleading. That is why none of Alcon's cited authority concerned Rule 21 realignment. In fact, Alcon's strict application of Local Rule 15.1 conflicts with the liberal approach of Rule 21, which permits realignment of the parties on motion or at the Court's own initiative "at any time," Fed. R. Civ. P. 21, even following trial or pending appeal—after the pleadings are long closed. 4 Moore's Federal Practice - Civil § 21.02[3]; *see also Wright & Elton Corp.*, C.A. No. 17-286-JFB, 2020 WL 7870875, at *4 (D. Del. Dec. 31, 2020) (permitting party realignment but otherwise denying leave to amend).

### B. There Is Good Cause For Leave To Amend

The scheduling order set a deadline of June 16, 2021 to amend. D.I. 61 ¶ 11. Alcon cannot credibly argue that the issues prompting party realignment were

---

[1] Even if a full amended pleading were required, that does not mandate denial of the motion. *In re Allergan ERISA Litig.*, 975 F.3d 348, 358 n.16 (3d Cir. 2020) ("[W]e do not mean to imply that a court necessarily abuses its discretion by allowing a party to amend without having submitted a proposed amendment.").

3

crystallized at that early date, before substantial completion of document production or expert discovery. *Id.* ¶ 12(b); D.I. 318. There is good cause to modify the June 16, 2021 deadline.

Alcon raised JJSV's party status on August 19, 2022, in its pending motion for summary judgment. D.I. 361 at 7. That recent development provides sound basis to amend. *See Roberts v. Michaels*, 219 F.3d 775, 779 (8th Cir. 2000) (allowing motion "to add the proper corporate defendant after Michaels disclosed the problem by moving for summary judgment").

J&J also diligently identified its position weeks later in its answering summary judgment brief, pointing out that although it disagreed with Alcon's position, the Court could realign JJSV as Plaintiff if necessary. D.I. 422 at 10 n.8. Normally, the court should not dismiss a claim before allowing "reasonable time" to join a real party-in-interest. Fed. R. Civ. P. 17(a)(3). Here, J&J timely moved to amend to realign the parties **before** the Court rules on Alcon's summary judgment motion.

As for Alcon Inc., J&J reasonably relied on Alcon's Rule 30(b)(6) designee, who testified that ███████████████████████████████ ███. D.I. 501 at 2-3. Alcon's damages expert drew the same conclusion in her original (later corrected) rebuttal expert report, where she stated that █████████ ████████████████████████

4

███████████████████████████████████████████████████████████

██████ Ex. 18 at 29. She listed a more specific ████████████████

*id.*, which confirms that Alcon did not provide a full accounting of Alcon Inc.'s role until well after the close of fact discovery, despite J&J's repeated requests. D.I. 501 at 3 n.1. At her deposition, Alcon's expert was pressed to explain the discrepancy with her later (corrected) calculations. She agreed that ██████████████ ████████████ and was unable to explain why. Ex. 19 at 78:22-79:6. J&J had a right to examine Alcon's expert about these issues before proposing its amendment.

The issues were crystallized only through expert discovery and summary judgment. Alcon nevertheless asserts delay based on the short time that the parties briefed summary judgment and negotiated the final pretrial order. D.I. 510 at 11 n.1. That short delay does not undermine good cause. For example, in *Apex Clearing Corp. v. Axos Financial Inc.*, the Court found good cause to amend to add a party seven months after intellectual property rights were transferred. C.A. No. 19-2066 (MN), 2022 WL 3153857, at *2 (D. Del. Aug. 8, 2022). As here, the plaintiff was diligent because it sought "leave to amend once [Defendant] raised the issue of standing." *Id.* And waiting to amend while standing remained unresolved "does not

5

evidence a lack of diligence." *Id.* To find otherwise "would be to penalize [movant] for not asserting a fact that it reasonably believed was legally irrelevant."[2] *Id.*

Alcon has been on full notice of J&J's position. *See, e.g.*, D.I. 422 at 10 n.8. Yet it identifies nothing it would have done differently had J&J's motion been filed earlier in expert discovery or summary judgment briefing. The importance of the information, absence of gamesmanship, lack of prejudice, and nonexistent disruption to the case schedule all support good cause. *See Fraunhofer-Gesellschaft Zur Forderung der angewandten Forschung e.V. v. Sirius XM Radio Inc.*, C.A. No. 17-184-JFB-SRF, 2022 WL 608143, at *2 (D. Del. Jan. 27, 2022).

### C. Alcon Will Not Be Prejudiced

As explained in J&J's opening brief, Alcon took full discovery from JJSV. D.I. 501 at 7-8. And Alcon has no need for discovery of its own parent company, Alcon Inc., an existing party represented by the same counsel. *Id.* at 8. Alcon's damages expert acknowledged that Alcon Inc. operates "through its subsidiaries," *id.*, so those subsidiaries (co-parties to the litigation) can hardly plead ignorance of its parent's role.

---

[2] Similarly, J&J believes it may recover full damages even without realignment of the parties. D.I. 422 at 1-2. Arguably, the ideal time to resolve party status is after resolution of summary judgment and related disputes. But with submission of the proposed final pretrial order, J&J recognizes that resolution of the issue would help to fully frame the trial issues. D.I. 494 ¶¶ 8-9.

Alcon's hypothetical discovery is mere make-weight. For example, Alcon claims that it needs discovery from JJSV employee Rick Duff. D.I. 510 at 14. But J&J disclosed Duff's role in authoring the copyrighted software in connection with preliminary injunction proceedings and during fact discovery. D.I. 46 ¶ 63; Ex. 20 at 6. Yet Alcon has never complained of any inability to obtain his testimony. And when J&J raised Mr. Duff's role in its answering brief on summary judgment, D.I. 422 at 4, Alcon did not even mention him on reply. D.I. 458.[3]

Alcon's purported need for discovery from Alcon Inc. is even more tenuous. *See* D.I. 510 at 13 (referencing "fact discovery as to Alcon Inc.'s conduct"). The ESI Stipulation and Order required Alcon Inc., as a party to the litigation, to identify relevant custodians and search its electronic non-custodial data repositories. D.I. 73 ¶ 2(b). Alcon cannot deny that it has full access to Alcon Inc.'s documents and witnesses.

Finally, as explained in J&J's opening brief, both parties have broadly included both JJSV and Alcon Inc. in copyright discovery. D.I. 501 at 2. For example, Alcon served a Rule 30(b)(6) deposition notice that included dozens of topics about ***JJSV's*** finances. D.I. 501 at 7. Alcon then repeatedly asked J&J's

---

[3] Alcon also raises Mr. Pang's testimony on the issue of copyright ownership. The cited testimony arose from Alcon's improper questioning about legal conclusions that was outside the scope of the corporate designation. Ex. 21 at 220:16-19; Ex. 22 at 18. J&J identified JJSV as an owner in an interrogatory response, which was available at Mr. Pang's deposition. *See* Ex. 21 at 217:3-12; Ex. 23 at 3-4.

witness (JJSV's CFO) about "all of the entities that sort of made up the J&J surgical entities," including JJSV. *Id.* at 8.

Alcon tries to downplay the scope of discovery by dismissing it as a byproduct of a "self-created, overbroad definition" in discovery instructions. D.I. 510. But Alcon's own actions refute that characterization. Far from an "overbroad definition," **Alcon Inc.**—as one of four parties—repeatedly sought and received discovery from JJSV on copyright issues. Ex. 2 at 1-2; Ex. 16 at 1-2; Ex. 17 at 1-2; Ex. 24 at 2; Ex. 25 at 2; *see also* Ex. 4 at 1-2 (J&J discovery to Alcon Inc.); Ex. 26 at 1-2 (Alcon Inc. discovery responses).

### D. J&J's Amendment Is Not Futile

To determine futility, the Court must take "all pleaded allegations as true and view[] them in a light most favorable to the plaintiff." *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 175 (3d Cir. 2010). J&J's proposed realignment is not futile.

#### 1. JJSV Has Standing

Alcon mistakenly assumes that J&J's position is solely based on the "parent-subsidiary relationship" between JJSV and AMO Development. D.I. 510 at 16. As J&J made clear in opposition to summary judgment, that is not its position. D.I. 422 at 7.

8

JJSV's interest in the copyrights extends well beyond a mere corporate relationship. First, JJSV was an original legal owner of the copyrights through the work of its employee.[4] *Id.* at 4. Second, even today, JJSV continues to have economic interests in the copyrights because it shares management, sales, and marketing functions for the copyrighted products. *Id.* at 6. Third, AMO Development owes a fiduciary duty to JJSV to enforce the copyrights for JJSV's benefit. *Id.* at 5. These facts, taken together, provide more than sufficient basis for the jury to conclude that JJSV is a beneficial owner with standing to sue as co-plaintiff.

Under copyright law, an equitable owner like JJSV may be joined as a party plaintiff based on an "equitable interest" in the copyright. *Peter Pan Fabrics, Inc. v. Acadia Co.*, 173 F. Supp. 292, 297 (S.D.N.Y. 1959), *aff'd*, 274 F.2d 487 (2d Cir. 1960). Congress codified this principle by granting standing to sue for copyright infringement to a beneficial owner alongside the legal owner. 17 U.S.C. § 501(b). A beneficial owner includes a former legal owner, like JJSV, that retains an

---

[4] JJSV transferred its rights, including the right to bring infringement claims, to AMO Development just before bringing copyright claims. D.I. 422 at 3. Alcon's position is that this transfer was ineffective. D.I. 458 at 3-4. But Alcon cannot argue that and also argue against JJSV's standing to participate as a copyright owner.

9

economic interest in the copyright. *SBK Catalogue P'ship v. Orion Pictures Corp.*, 723 F. Supp. 1053, 1062 (D.N.J. 1989).[5]

### 2. Alcon Inc. Is A Proper Defendant

Alcon's damages expert conceded that Alcon Inc. shares responsibility for infringement, by acting "through its subsidiaries" to market infringing products. Ex. 15 at 8 ("Alcon Inc., through its subsidiaries, is in the business of researching, developing, manufacturing, distributing, and selling eye care products"). Alcon Inc.'s Form 20-F, filed with the Securities and Exchange Commission, states: "We also sell the LenSx laser system."[6]

Alcon Inc.'s CEO, David Endicott,[7] was on notice of the copying when the copyright complaint was filed. D.I. 246 at 3 (citing letter to Endicott). And Alcon Inc.'s lawyers attended the hearing when this Court stated that "the evidence is overwhelming that it was intentionally copied." D.I. 132, Ex. B at 1:13, 346:19-20. Even after learning of intentional copying, Alcon Inc. continued its infringing

---

[5] Alcon tries to distinguish *SBK* by arguing that the beneficial owners in that case acquired a "percentage fee or royalties" from use of the copyrights. D.I. 510 at 18. But *SBK* is not so limited. It explains that a "'beneficial owner' ***includes***" a former legal title holder owed royalties. 723 F. Supp. at 1062. But nothing in *SBK* suggests that a beneficial owner is ***limited*** to a royalty recipient. Rather, *SBK* explains that the relevant test is whether the former legal owner "retains an economic interest in the copyright" from its exploitation. *Id.* JJSV easily meets that test.

[6] *See* Alcon Inc.'s Form 20-F at 37, cited by Alcon's damages expert and available at the cited embedded link. Ex. 15 at 8 n.10 (linked document).

[7] *Id.* at 125.

activities. Ex. 15 at 8 & n.10 (dated Dec. 31, 2021). A jury could reasonably conclude that Alcon Inc. is jointly liable for Alcon's infringement.

### III.   CONCLUSION

J&J requests that the Court grant its motion to amend to realign the parties for purposes of the copyright case.

| | |
|---|---|
| OF COUNSEL: | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| | */s/ Anthony D. Raucci* |
| Michael A. Morin | _____ |
| Matthew J. Moore | Jack B. Blumenfeld (#1014) |
| Sarang V. Damle | Brian P. Egan (#6227) |
| Rachel Weiner Cohen | Anthony D. Raucci (#5948) |
| Susan Y. Tull | 1201 North Market Street |
| Carolyn M. Homer | P.O. Box 1347 |
| Holly K. Victorson | Wilmington, DE  19899 |
| LATHAM & WATKINS LLP | (302) 658-9200 |
| 555 Eleventh Street, NW, Suite 1000 | jblumenfeld@morrisnichols.com |
| Washington, DC  20004 | began@morrisnichols.com |
| (202) 637-2200 | araucci@morrisnichols.com |
| | |
| Roger J. Chin | *Attorneys for Plaintiffs and* |
| Joseph R. Wetzel | *Counterclaim-Defendants* |
| Allison Harms | *AMO Development, LLC,* |
| LATHAM & WATKINS LLP | *AMO Manufacturing USA, LLC,* |
| 505 Montgomery Street, Suite 2000 | *AMO Sales and Service, Inc. and* |
| San Francisco, CA  94111 | *Johnson & Johnson Surgical Vision, Inc.* |
| (415) 491-0600 | |
| S. Giri Pathmanaban | |
| LATHAM & WATKINS LLP | |
| 140 Scott Drive | |
| Menlo Park, CA  94025 | |
| (650) 328-4600 | Aaron Macris |
| | LATHAM & WATKINS LLP |
| P. Anthony Sammi | 200 Clarendon Street |
| Rachel Renee Blitzer | Boston, MA 02116 |
| LATHAM & WATKINS LLP | (617) 948-6000 |
| 1271 Avenue of the Americas | |
| New York, NY  10020 | |
| (212) 906-1200 | |
| | |
| January 13, 2023 | |

## CERTIFICATION

The undersigned counsel hereby certifies that the foregoing document contains 2,499 words, which were counted using the word count feature in Microsoft Word, in 14-point Times New Roman font. The word count includes only the body of the brief. The word count does not include the cover page, tables of contents and authorities, or the counsel blocks.

/s/ Anthony D. Raucci
_____
Anthony D. Raucci (#5948)

## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on January 13, 2023, upon the following in the manner indicated:

| | |
|---|---|
| John W. Shaw, Esquire<br>Karen E. Keller, Esquire<br>Andrew E. Russell, Esquire<br>David M. Fry, Esquire<br>SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE  19801<br>*Attorneys for Defendants*<br>*and Counterclaim-Plaintiffs* | *VIA ELECTRONIC MAIL* |
| Joshua L. Simmons, Esquire<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, NY  10022<br>*Attorneys for Defendants*<br>*and Counterclaim-Plaintiffs* | *VIA ELECTRONIC MAIL* |
| Jeanne M. Heffernan, Esquire<br>James John Lomeo, Esquire<br>Ryan James Melde, Esquire<br>KIRKLAND & ELLIS LLP<br>401 Congress Avenue, Suite 2500<br>Austin, TX  78701<br>*Attorneys for Defendants*<br>*and Counterclaim-Plaintiffs* | *VIA ELECTRONIC MAIL* |

Caroline Lourgos, Esquire     *VIA ELECTRONIC MAIL*
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL  60654
*Attorneys for Defendants*
*and Counterclaim-Plaintiffs*

Kristen P.L. Reichenbach, Esquire     *VIA ELECTRONIC MAIL*
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA  94104
*Attorneys for Defendants*
*and Counterclaim-Plaintiffs*

Noah S. Frank, Esquire     *VIA ELECTRONIC MAIL*
Gregg LoCascio, Esquire
Sean M. McEldowney, Esquire
Kelly Tripathi, Esquire
Elizabeth Hedges, Esquire
Mary Elizabeth Miller, Esquire
Nicholas Teleky, Esquire
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, NW
Washington, DC  20004
*Attorneys for Defendants*
*and Counterclaim-Plaintiffs*

/s/ *Anthony D. Raucci*
_____
Anthony D. Raucci (#5948)