IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMO DEVELOPMENT, LLC, AMO MANUFACTURING USA, LLC and AMO SALES AND SERVICE, INC., | |
| Plaintiffs, | Civil Action No. 20-842-CFC |
| v. | |
| ALCON VISION, LLC, ALCON LABORATORIES, INC. and ALCON RESEARCH, LLC | |
| Defendants. | |

Jack B. Blumenfeld, Anthony D. Raucci, Brian P. Egan, MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Wilmington, Delaware; Michael A. Morin, Matthew J. Moore, Rachel W. Cohen, Sarang V. Damle, Holly K. Victorson, Carolyn M. Homer, Susan Y. Tull, Michael E. Bern, LATHAM & WATKINS LLP, Washington, DC; Roger J. Chin, Allison Harms, Joseph R. Wetzel, LATHAM & WATKINS LLP, San Francisco, California; S. Giri Pathmanaban, LATHAM & WATKINS LLP, Menlo Park, California; P. Anthony Sammi, Rachel R. Blitzer, LATHAM & WATKINS LLP, New York, New York; Aaron Macris, LATHAM & WATKINS LLP, Boston, Massachusetts

*Counsel for Plaintiffs*

John W. Shaw, Nathan R. Hoeschen, Andrew Russell, Karen E. Keller, David Fry, SHAW KELLER LLP, Wilmington, Delaware; Jeanne M. Heffernan, James J. Lomeo, Ryan J. Melde, KIRKLAND & ELLIS LLP, Austin, Texas; Gregg F. LoCascio, Sean M. McEldowney, Noah S. Frank, Kelly Tripathi, Elizabeth Hedges, Mary E. Miller, Nicholas Teleky, KIRKLAND & ELLIS LLP, Washington, DC; Joshua L. Simmons, KIRKLAND & ELLIS LLP, New York,

New York; Caroline Lourgos, KIRKLAND & ELLIS LLP, Chicago, Illinois;
Kristen P.L. Reichenbach, KIRKLAND & ELLIS LLP, San Francisco, California

*Counsel for Defendants*

## <u>MEMORANDUM OPINION</u>

January 23, 2023
Wilmington, Delaware

_____

COLM F. CONNOLLY

CHIEF JUDGE

Plaintiffs AMO Development, LLC, AMO Manufacturing USA, LLC, and AMO Sales and Service, Inc. have sued Defendants Alcon Vision, LLC, Alcon Laboratories, Inc., and Alcon Research, LLC (collectively, Alcon) for copyright infringement.  Pending before me is a motion titled "Alcon's Motion for Summary Judgment (No. 2) That Only AMO Development, LLC Is Entitled to Actual Damages."  D.I. 360.  Alcon seeks by the motion two declarations.  First, notwithstanding the title of the motion, it asks for a declaratory judgment that "AMO Development, LLC is *not* entitled to lost profits prior to December 30, 2019, or for any sales of intraocular lenses."  D.I. 360-1 at 2 (emphasis added). Plaintiffs did not oppose this request in their briefing, *see* D.I. 422, and therefore I will grant the motion in this respect.  Second, Alcon seeks a declaratory judgment that "Johnson & Johnson Surgical Vision, Inc., AMO Manufacturing USA, LLC, AMO Sales and Service, Inc., and AMO Ireland are not entitled to claim lost profits."  D.I. 360-1 at 1.  This request is very much challenged by Plaintiffs, *see* D.I. 422; but for the reasons explained below, I will issue this declaratory judgment.

I.

A court shall grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that no genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 n.10 (1986). "Facts that could alter the outcome are 'material,' and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct." *Horowitz v. Fed. Kemper Life Assurance Co.,* 57 F.3d 300, 302 n.1 (3d Cir. 1995) (citations omitted). If the moving party has demonstrated an absence of material fact, the nonmoving party then "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita,* 475 U.S. at 587 (emphasis omitted) (quoting Fed. R. Civ. P. 56(e)). The court will "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." *Pa. Coal Ass'n v. Babbitt,* 63 F.3d 231, 236 (3d Cir. 1995). The mere existence of some evidence in support of the nonmoving party, however, will not be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury reasonably to find for

2

the nonmoving party on that issue. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242,

249 (1986). If the nonmoving party fails to make a sufficient showing on an

essential element of its case with respect to which it has the burden of proof, the

moving party is entitled to judgment as a matter of law. *Celotex Corp. v.*

*Catrett,* 477 U.S. 317 (1986).

## II.

Plaintiffs accuse Alcon of infringing certain copyrights (the Asserted

Copyrights) based on Alcon's incorporation of certain computer programs in its

LenSx® Laser System, a femtosecond laser assisted cataract surgery (FLACS)

system approved by the FDA in 2009 and commercially launched in 2011. D.I.

141 ¶¶ 84, 101. Cataract surgery is performed by removing the patient's natural,

opacified crystalline lens and replacing it with an artificial intraocular lens (IOL).

Plaintiffs seek damages in part based on the theory that Alcon's sales of the

LenSx and IOLs caused Counter-Defendant Johnson & Johnson Surgical Vision,

Inc. (JJSV) to lose sales of the Catalys® Precision Laser System, which competes

directly with the LenSx, and IOLs. D.I. 422 at 8–9. Plaintiffs also seek profits

allegedly lost by three of JJSV's subsidiaries—Plaintiffs AMO Manufacturing

USA, LLC and AMO Sales and Service, Inc., and nonparty AMO Ireland—based

on their share of JJSV's revenue stream for Catalys sales. D.I. 422 at 8–9. Alcon

argues that neither JJSV nor any of the three subsidiaries had an ownership interest

3

in the Asserted Copyrights at the time of the alleged infringement and that

therefore a declaration that none of these entities can recover for lost profits is

warranted. D.I. 361 at 1–2. Plaintiffs counter that JJSV is entitled to the lost

profits they seek because "JJSV was a legal owner of the [A]sserted [C]opyrights

until it transferred both its copyright ownership and its right to seek past damages

for infringement to AMO Development" and because "at all [relevant] times, . . . it

has been a beneficial owner" of the Asserted Copyrights. D.I. 422 at 7. Plaintiffs

argue that JJSV's three subsidiaries are entitled to lost profits because they "are

involved in the manufacturing, sale, and/or service of Catalys systems throughout

the world" and "[a]s such, they directly profit from the sale of Catalys, and have

lost revenue due to Alcon's infringement." D.I. 422 at 8–9 (citations omitted).

### III.

Section 501(b) of the Copyright Act provides in relevant part that "[t]he

legal or beneficial owner of an exclusive right under a copyright is entitled . . . to

institute an action for any infringement of that particular right committed while he

or she is the owner of it." 17 U.S.C. § 501(b). *See also Bandai Am. Inc. v. Bally

Midway Mfg. Co.*, 775 F.2d 70, 73–74 (3d Cir. 1985) ("[B]oth the legal and the

beneficial owners of copyrights have standing to sue infringers."). Section 106 of

the Act sets forth the six "exclusive rights" that a copyright confers. Five of those

rights apply to computer programs, which Congress made copyrightable in 1980—

4

namely, the rights to reproduce, display, perform, distribute to the public copies of, and make derivative works based upon the copyrighted work.  17 U.S.C. § 106(1)–(6).

Legal ownership of a copyrighted work "vests initially in the author or authors of the work."  § 201(a).  "In the case of a work made for hire, the employer or other person for whom the work was prepared is considered the author . . . unless the parties have expressly agreed otherwise . . . ."  § 201(b).  Plaintiffs contend that JJSV was the legal owner of the Asserted Copyrights by virtue of work performed in and around 2008 by one of its employees.  D.I. 422 at 4; D.I. 424 ¶ 7; D.I. 427, Ex. 2, ¶ 103 n.79.  But it is undisputed that in a written transfer agreement executed by JJSV and AMO Development on August 21, 2020, JJSV transferred to AMO Development "effective April 2, 2007" "any and all of its rights, titles and interests in, to and under the [Asserted] Copyright[s]."  D.I. 427-1 at 554–55.  Thus, by the clear and unambiguous terms of the agreement, JJSV relinquished all of its legal rights "in, to, and under" the Asserted Copyrights as of April 2, 2007.[1]  Accordingly, as a matter of law, JJSV is not a legal owner of the Asserted Copyrights.  *Cf. Intell. Ventures I LLC v. T-Mobile USA, Inc.*, 2017 WL

---

[1] The transfer agreement is governed by Delaware law.  "When interpreting a contract, Delaware courts read the agreement as a whole and enforce the plain meaning of clear and unambiguous language."  *Manti Holdings, LLC v. Authentix Acquisition Co., Inc.*, 261 A.3d 1199, 1208 (Del. 2021).

3723934, at *3 (D. Del. Aug. 29, 2017) (granting summary judgment that retroactive sublicense exhausted plaintiff's patent rights).

Plaintiffs argue that JJSV is a beneficial owner of the Asserted Copyrights "based on its corporate relationship with AMO Development and economic interest in the copyrights." D.I. 422 at 5 n.3. But as Plaintiffs concede, *see* D.I. 422 at 7, a parent–subsidiary relationship does not by itself confer a parent company with beneficial ownership of the subsidiaries' copyrights. *Cf. Hologic, Inc. v. Minerva Surgical, Inc.*, 163 F. Supp. 3d 118, 122 (D. Del. 2016) ("The fact that a corporate parent's subsidiary owns a patent is not enough to establish that the parent has a legal ownership interest in the subsidiary's patent." (emphasis and citation omitted)). And Plaintiffs do not assert, let alone identify any record evidence that shows, that JJSV had an economic interest in "an exclusive right under" the Asserted Copyrights. § 501(b).

JJSV states only (and without citing any record evidence) that it has an "economic interest *in the [Asserted ][C]opyrights*." D.I. 422 at 5 n.3 (emphasis added). But even if that were true, it would not make JJSV a beneficial owner of "an exclusive right under" the Asserted Copyrights. As the Second Circuit explained in *John Wiley & Sons, Inc. v. DRK Photo*, 882 F.3d 394 (2d Cir. 2018):

> It is . . . not enough that a putative beneficial owner
> obtains a mere interest in a copyright, even if that interest
> is valuable. The interest must be one that derives its
> value directly from another person's use of an exclusive

6

> right, such that the interest is necessarily "diluted" by
> infringement.

*Id.* at 415 (citation omitted).  Thus, the paradigmatic example of a beneficial owner

is the author who transfers her legal title in a copyrighted work to another person in

exchange for royalties based on future sales or licensing of the copyrighted work.

*See* H.R. Rep. No. 94-1476, at 159 ("A 'beneficial owner' for th[e] purpose[s] [of

§ 501(b)] would include, for example, an author who had parted with legal title to

the copyright in exchange for percentage royalties based on sales or license fees.").

In this case, however, there is no allegation, let alone record evidence that

suggests, that JJSV earns royalty payments or derives any other economic benefit

directly from another person's exercise of one of the five applicable exclusive

rights set forth in § 106.

Plaintiffs quote in their briefing part of a sentence from *SBK Catalogue*

*Partnership v. Orion Pictures Corp.*, 723 F. Supp. 1053 (D.N.J. 1989), for the

proposition that "[b]eneficial owners include parties that 'retain[] an economic

interest in the copyright' *related to* revenue 'derived from its exploitation.'"  D.I.

422 at 5–6 (second alteration in original) (emphasis added) (quoting *SBK*

*Catalogue*, 723 F. Supp. at 1062).  But the entirety of that sentence and the

immediately preceding sentence in *SBK Catalogue* make clear that the court in

*SBK Catalogue* did not hold that an economic interest "related to revenue derived

7

from [the copyright's] exploitation," is sufficient to make a party a beneficial owner of the copyright:

> "[B]eneficial owners" are individuals who have given up the exclusive § 106 rights in exchange for a percentage fee or royalties derived from use or sale of the copyright and, consequently, do not have an independent right to use or license others to use the copyright. *Id.* A "beneficial owner" retains an economic interest in the copyright, *which only extends to the proceeds derived from its exploitation.*

723 F. Supp. At 1062 (emphasis added).

As noted above, Plaintiffs have not asserted here that JJSV is entitled to royalty payments or any other share of proceeds derived from another party's exercise of an exclusive right under the Asserted Copyrights. Accordingly, as a matter of law, JJSV is not a beneficial owner of the Asserted Copyrights. And because JJSV is neither a legal nor beneficial owner of the Asserted Copyrights, it lacks standing to bring an action for infringement of the Asserted Copyrights under § 501(b) and cannot recover damages for infringement of the Asserted Copyrights. *See* § 504(b) ("The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement . . . .").

Plaintiffs do not contend that AMO Manufacturing USA, LLC, AMO Sales and Service, Inc., or AMO Ireland are legal owners of the Asserted Copyrights. They imply that these subsidiaries are beneficial owners of the Asserted Copyrights because they "directly profit from [JJSV's] sale of Catalys." D.I. 422

8

at 8. But since JJSV is not a beneficial owner of the Asserted Copyrights, the subsidiaries' sharing in JJSV's revenues cannot make them beneficial owners of the Asserted Copyrights.

IV.

For the reasons discussed above, I will grant Alcon's Motion for Summary Judgment (No. 2) That Only AMO Development, LLC Is Entitled to Actual Damages (D.I. 360). Plaintiffs having failed to show a genuine dispute of material fact about whether JJSV, AMO Manufacturing USA, LLC, AMO Sales and Service, Inc., and AMO Ireland lack legal and beneficial ownership of the Asserted Copyrights, I will grant Alcon's request for a declaratory judgment that those four entities are not entitled to claim lost profits. I will also grant Alcon's unopposed request for a declaratory judgment that "AMO Development, LLC is not entitled to lost profits prior to December 30, 2019, or for any sales of intraocular lenses." D.I. 360-1 at 2.

The Court will enter an Order consistent with this Memorandum Opinion.