IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMO DEVELOPMENT, LLC, <br> AMO MANUFACTURING USA, LLC, <br> and AMO SALES AND SERVICE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ALCON VISION, LLC, ALCON LABORATORIES, INC., and ALCON RESEARCH, LLC, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. No. 20-842-CFC-JLH <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## ORDER

Plaintiffs have moved *in limine* to "preclude [Defendants] from offering evidence or presenting argument [at trial] relating to [their] defenses of failure to mitigate (twelfth defense), acquiescence (thirteenth defense), or laches/delay (eleventh defense, as to Counts XIX and XX)." D.I. 494-1 at 276.

Mitigation Defense

Plaintiffs argue first that the Supreme Court held in *Petrella v. Metro-GoldwynMayer, Inc.*, 572 U.S. 663 (2014) that "laches is unavailable" "[i]n the copyright context," and that "[b]ecause Alcon's mitigation defense is simply an improper attempt to advance a laches argument that the Supreme Court already has rejected, this Court should exclude it." D.I. 494-1 at 277. This argument fails

because its premise is false. The Supreme Court held in *Petrella* that "[l]aches . . . cannot be invoked to preclude adjudication of a claim for damages brought within the three-year window" but that "laches may bar at the very threshold the particular relief requested by the plaintiff" and further that "a plaintiff's delay *can always be brought to bear at the remedial stage*, in determining appropriate injunctive relief, and in assessing the "profits of the infringer . . . attributable to the infringement." 572 U.S. at 667–68 (emphasis added) (quoting 17 U.S.C. § 504(b)).

Plaintiffs also cite *Interscope Records v. Time Warner, Inc.*, 2010 WL 11505708, at *15-16 (C.D. Cal. June 28, 2010) for the proposition that "a delay-based mitigation defense does not exist in copyright law[.]" D.I. 494-1 at 293. But the court in *Interscope* did not hold that a delay-based mitigation defense cannot be asserted in a copyright infringement case. Rather, the court noted that "Defendants have not cited, and the Court has not found, any analogous cases in which the plaintiff's acquiescence to defendant's infringement or its failure to object to such infringement served as a basis to limit or reduce damages (other than cases in which a valid statute of limitations or laches defense existed)," and the court held that it "agreed[] with Plaintiffs that Defendants' [mitigation] defense is duplicative and redundant of the statute of limitations defenses and the laches defense

2

[asserted by Defendant]" and "[t]hus, even assuming the mitigation defense has some validity, it is unnecessary and redundant." 2010 WL 11505708, at *16.

Accordingly, I will deny the motion insofar as it seeks to preclude Defendants from asserting their mitigation defense. *Accord Interplan Architects v. C.L. Thomas*, 2010 WL 4366990, at *47–48 (S.D. Tex. Oct. 27, 2010) (rejecting plaintiff's argument that "courts have never recognized a failure to mitigate as a defense in a copyright infringement case" and denying plaintiff's motion for summary judgment on defendant's affirmative defense that plaintiff failed to mitigate its damages); *Malibu Media, LLC v. Zumbo*, 2014 WL 2742830, at *3 (M.D. Fla. June 17, 2014) (denying motion to strike defense that plaintiff failed to mitigate damages by purposefully avoiding taking sufficient steps to protect the copyrighted material).

Acquiesence Defense

Defendants allege in paragraph 511 of their operative answer that "Plaintiffs' claims based on the Asserted Copyrights are barred, in whole or in part, under the doctrine of estoppel by acquiescence." D.I. 340 ¶ 511. Plaintiffs make two arguments in support of their motion to preclude Defendants from asserting this defense at trial. First, citing *Petrella*, they say that "estoppel requires a showing that the defendant relies on the plaintiff's 'intentionally misleading

3

representations[]' . . . and Alcon does not plead and cannot identify any such representations." D.I. 494-1 at 277. Second, citing *Steinberg v. Columbia Pictures Indus., Inc.*, 663 F. Supp. 706, 716 (S.D.N.Y. 1987), and *Meyers v. Brooks Shoe Inc.*, 912 F.2d 1459, 1464 (Fed. Cir. 1990), they argue that "in a copyright action, mere silence does *not* constitute acquiescence." D.I. 494-1 at 277–78 (emphasis in the original).

Defendants did not dispute in their briefing that their "estoppel by acquiescence" defense is not based on misleading representations. Nor did they challenge Plaintiffs' legal argument that mere silence does not constitute acquiescence in a copyright action or mention, let alone distinguish, the *Steinberg* and *Meyers* cases. Accordingly, I will grant the motion insofar as it seeks to preclude Defendants from offering evidence or presenting argument at trial relating to their defense of acquiescence.

Laches/Delay

Finally, Plaintiffs argue that "Alcon has not pled and cannot show that [Plaintiffs] delayed enforcement of [their] copyright with respect to [their] FDA submissions and technical documents." D.I. 494-1 at 278. I have already ruled, however, that "there appears to be a genuine dispute of material fact concerning when exactly [Plaintiffs'] reasonably could have discovered the copying of its

FDA submissions, internal technical documentation, and iFS operator's manual."

D.I. 490 at 16. Accordingly, I will deny the motion in this regard.

<div style="display: flex; justify-content: space-between;">

1·26·23  
Date

*Colm F. Connolly*  
Chief Judge

</div>